1 | KIMBERLY K. CHEMERINSKY (State Bar No. 277637)
**ALSTON & BIRD LLP**
2 | 333 S. Hope Street, 16ᵗʰ Floor
Los Angeles, CA 90071
3 | Telephone: 213-576-1000
Facsimile: 213-576-1100
4 | Email: kim.chemerinsky@alston.com

5 | SEAN R. CRAIN (State Bar No. 291515)
**ALSTON & BIRD LLP**
6 | 2200 Ross Avenue, Suite 2300
Dallas, TX 75201
7 | Telephone: 214-922-3400
Facsimile: 214-922-3899
8 | E-mail: sean.crain@alston.com

9 | Attorneys for Defendants
**STANFORD HEALTH CARE, STANFORD**
10 | **HEALTH CARE ADVANTAGE, THE LELAND**
**STANFORD JUNIOR UNIVERSITY, and DEBRA**
11 | **ZUMWALT**

**UNITED STATES DISTRICT COURT**
12 | **CENTRAL DISTRICT OF CALIFORNIA**

13 | UNITED STATES OF AMERICA | Case No. 2:17-cv-08726-DSF-AFM
14 |     and | Assigned to the Honorable Dale S. Fischer, [Courtroom 7D]
15 | THE STATE OF CALIFORNIA | **MEMORANDUM OF POINTS AND**
16 | *Ex. Relator* Emily Roe., an individual; | **AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST**
17 | Plaintiffs, | **AMENDED COMPLAINT**
18 |     v. | [Filed concurrently with Notice of Motion to Dismiss First Amended Complaint and
19 | STANFORD HEALTHCARE BILLING DEPARTMENT, STANFORD HEALTH | [Proposed] Order Granting Defendant's Motion Dismiss First Amended
20 | CARE (FORMERLY KNOWN AS STANFORD HOSPITALS AND | Complaint]
21 | CLINICS), DR. FREDERICK DIRBAS, DEBRA ZUMWALT, THE BOARD OF | Hearing
22 | DIRECTORS OF THE STANFORD HEALTH CARE, THE BOARD OF | Date: February 10, 2020
23 | DIRECTORS OF THE LUCILE SALTER PACKARD CHILDREN'S HOSPITAL | Time: 1:30 p.m.
Ctrm: First Street Courthouse
24 | AT STANFORD, THE LELAND JUNIOR UNIVERSITY, THE BOARD |     Courtroom 7D
    350 West 1st Street
25 | OF TRUSTEES OF STANFORD UNIVERSITY, STANFORD HEALTH |     Los Angeles, CA 90012
26 | CARE ADVANTAGE and DOES 1-10, inclusive. | Complaint Filed: December 4, 2017
First Amended Complaint: June 22, 2018
27 |     Defendants. |
28 | |

# **TABLE OF CONTENTS**

I.    Introduction ........................................................................1

II.   Procedural History and Background ....................................2

III.  Legal Standard.....................................................................3

A.   Federal Rules of Civil Procedure ("Rule") 8(a) and 12(b)(6).............................................................................3

B.   Rule 9(b)..............................................................................3

IV.  Argument .............................................................................4

A.   Relator's FCA and CFCA Claims (Counts I & III) Must be Dismissed Under the Public Disclosure Bar. .........................4

      1.   Relator's allegations are "substantially the same" as "allegations or transactions" previously disclosed through public sources. ................................................................5

      2.   Relator is not an "original source" of any information upon which a FCA or CFCA claim may be based. ...................8

B.   The FAC Does Not State Any Claim for Relief Under the FCA or CFCA (Counts I & III)............................................11

      1.   Relator does not allege any false statement to the government. ......................................................................12

      2.   Relator does not allege knowledge of any false or fraudulent statement to the government. .........................16

      3.   Relator does not plausibly allege the materiality of any allegedly false statement.................................................18

C.   The FAC Falls Far Short of What is Required to Plead FCA or CFCA Claims (Counts I & III) Under Rule 9(b)...........................19

      1.   The FAC does not identify any specific Defendant's role in Relator's imagined schemes. ...........................................19

      2.   The FAC never reveals which of the FCA's or CFCA's many causes of action Relator is attempting to allege. ...20

3.     The FAC has no allegations about the majority of Defendants. ...................................................................21

4.     Relator does not allege one fact that could support liability against SHCA. ...............................................................22

5.     The FAC alleges nothing more than an impermissible nuisance suit against Ms. Zumwalt. ...............................22

6.     The FAC is replete with impermissible speculation. .......23

D.     Relator's Remaining State Law Claims (Count IV) Must be Dismissed. ............................................................................24

E.     The Court Should Dismiss the FAC with Prejudice. ...........................25

V.     Conclusion...........................................................................................25

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*A-1 Ambulance Serv., Inc. v. California,*
    202 F.3d 1238 (9th Cir. 2000) ................................................................ 8, 9, 10

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ........................................................... 3, 14, 21, 24

*Azar v. Allina Health Servs.,*
    --- U.S. ---, 139 S. Ct. 1804, 204 L. Ed. 2d 139 (2019) ..................................... 15

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ................................................................................. 24

*Bly-Magee v. California,*
    236 F.3d (9th Cir. 2001) .......................................................................... 23

*Cafasso v. Gen. Dynamics C4 Sys., Inc.,*
    637 F.3d 1047 (9th Cir. 2011) ........................................................... passim

*California v. Altus Fin., S.A.,*
    116 P.3d 1175 (Cal. 2005) .......................................................................... 4

*Dingle v. Bioport Corp.,*
    388 F.3d 209 (6th Cir. 2004) ................................................................... 11

*Ebeid ex rel. United States v. Lungwitz,*
    616 F.3d 993 (9th Cir. 2010) ............................................................ 12, 19, 24

*Gerritsen v. Warner Bros. Entm't Inc.,*
    112 F. Supp. 3d 1011 (C.D. Cal. 2015) ..................................................... 7

*Gonzalez v. Planned Parenthood of L.A.,*
    No. cv-05-8818-AHM-FMOx, 2012 WL 2412080 (C.D. Cal. June 26, 2012) ............................................................................................ 16

*Graham Cty. Soil & Water Conservation Dist. v. United States ex rel. Wilson,*
    559 U.S. 280 (2010) ................................................................................. 5

*Hagood v. Sonoma Cty. Water Agency,*
    81 F.3d 1465 (9th Cir. 1996) ............................................................ 9, 17

*Hooper v. Lockheed Martin Corp.,*
    688 F.3d 1037 (9th Cir. 2012) ............................................................ 11

*In re Century Aluminum Co. Sec. Litig.,*
    729 F.3d 1104 (9th Cir. 2013) ............................................................ 14

*In re NVIDIA Corp. Sec. Litig.,*
    768 F.3d 1046 (9th Cir. 2014) .............................................................. 7

*Kubin v. Abode Servs. Agency,*
    No. 18-cv-00658-MEJ, 2018 WL 776355 (N.D. Cal. Feb. 8, 2018) ................. 21

*Neubronner v. Milken,*
    6 F.3d 666 (9th Cir. 1993) ................................................................ 24

*Polansky v. Exec. Health Res., Inc.,*
    No. 12-CV-4239, 2019 WL 5790061 (E.D. Pa. Nov. 5, 2019) ...................... 15

*Schindler Elevator Corp. v. United States ex rel. Kirk,*
    563 U.S. 401 (2011) ......................................................................... 6

*Seal 1 v. Seal A,*
    255 F.3d 1154 (9th Cir. 2001) .............................................................. 6

*Steckman v. Hart Brewing, Inc.,*
    143 F.3d 1293 (9th Cir. 1998) ............................................................ 25

*Swartz v. KPMG LLP,*
    476 F.3d 756 (9th Cir. 2007) ............................................................... 4

*Todd v. Fid. Nat'l Fin., Inc.,*
    No. 12-cv-00666-REB-CBS, 2014 U.S. Dist. LEXIS 130256 (D.
    Colo. Aug. 19, 2014) ....................................................................... 13

*U.S. ex rel. Joseph v. Brattleboro Retreat,*
    No. 2:13-CV-55, 2014 WL 3908432 (D. Vt. Aug. 10, 2014) ......................... 5

*U.S. ex rel. Solis v. Millennium Pharm., Inc.,*
    885 F.3d 623 (9th Cir. 2018) ..................................................... 8, 11, 16

*United States ex rel. Aflatooni v. Kitsap Physicians Serv.*,
    314 F.3d 995 (9th Cir. 2002) ................................................................ 12, 13, 14

*United States ex rel. Beauchamp v. Academi Training Ctr.*,
    816 F.3d 37 (4th Cir. 2016) ............................................................................. 7

*United States ex rel. California v. City of L.A.*,
    No. cv-02-02278-SJO, 2009 WL 10672350 (C.D. Cal. June 5,
    2009), *aff'd sub nom. United States ex rel. Mosler v. City of Los
    Angeles*, 414 F. App'x 10 (9th Cir. 2010) ............................................... 8, 11

*United States ex rel. Calva v. Impac Secured Assets Corp.*,
    No. SACV-16-1983-JVS, 2018 WL 6016152 (C.D. Cal. June 12,
    2018) ................................................................................................................ 10

*United States ex rel. Cook v. Providence Health & Servs.*,
    No. C13-1312RAJ, 2014 WL 4094116 (W.D. Wash. Aug. 18,
    2014) ................................................................................................................ 16

*United States ex rel. Crennen v. Dell Mktg. L.P.*,
    711 F. Supp. 2d 157 (D. Mass. 2010) .............................................................. 14

*United States ex rel. Dan Abrams Co. v. Medtronic, Inc.*,
    No. LA-cv-15-01212 JAK, 2017 WL 4023092 (C.D. Cal. Sept. 11,
    2017) ................................................................................................................ 19

*United States ex rel. Findley v. FPC-Boron Employees' Club*,
    105 F.3d 675 (D.C. Cir. 1997) *overruled on other grounds by
    United States ex rel. Davis v. District of Columbia*, 679 F.3d 832
    (D.C. Cir. 2012) ................................................................................................. 8

*United States ex rel. Fine v. Sandia Corp.*,
    70 F.3d 568 (10th Cir. 1995) ............................................................................ 8

*United States ex rel. Folliard v. Comstor Corp.*,
    308 F. Supp. 3d 56 (D.D.C. 2018) ................................................................. 19

*United States ex rel. Frazier v. IASIS Healthcare Corp.*,
    812 F. Supp. 2d 1008 (D. Ariz. 2011) .............................................................. 5

*United States ex rel. Gross v. AIDS Research All.-Chicago*,
    415 F.3d 601 (7th Cir. 2005) ......................................................................... 16

*United States ex rel. Grubbs v. Kanneganti*,
    565 F.3d 180 (5th Cir. 2009) ............................................................. 23

*United States ex rel. Hartpence v. Kinetic Concepts, Inc.*,
    792 F.3d 1121 (9th Cir. 2015) ............................................................. 8

*United States ex rel. Hartpence v. Kinetic Concepts, Inc.*,
    No. 208-cv-01885CASAGR, 2019 WL 3291582 (C.D. Cal. June
    14, 2019) ............................................................................................ 19

*United States ex rel. Hastings v. Wells Fargo Bank, NA Inc.*,
    656 F. App'x 328 (9th Cir. 2016) ....................................................... 10

*United States ex rel. Hendow v. Univ. of Phoenix*,
    461 F.3d 1166 (9th Cir. 2006) ............................................................ 14

*United States ex rel. Hopper v. Anton*,
    91 F.3d 1261 (9th Cir. 1996) ......................................................... 15, 16

*United States ex rel. Integra Med Analytics LLC v. Providence Health
    & Servs.*,
    No. cv-17-1694 PSG, 2019 WL 3282619 (C.D. Cal. July 16, 2019) ................... 7

*United States ex rel. JDJ & Assocs. LLP v. Natixis*,
    No. 15-cv-5427 (PKC), 2017 WL 4357797 (S.D.N.Y. Sept. 29,
    2017) .................................................................................................. 10

*United States ex rel. Karvelas v. Melrose-Wakefield Hosp.*,
    360 F.3d 220 (1st Cir. 2004) .............................................................. 14

*United States ex rel. Kraxberger v. Kansas City Power & Light Co.*,
    756 F.3d 1075 (8th Cir. 2014) .............................................................. 9

*United States ex rel. Lee and Mshuja v. Corinthian Colls.*,
    655 F.3d 984 (9th Cir. 2011) ................................................... 17, 20, 21

*United States ex rel. Lee v. Corinthian Colls.*,
    No. cv-07-1984 PSG, 2013 WL 12114015 (C.D. Cal. Mar. 15,
    2013) .................................................................................................. 11

*United States ex rel. Longstaffe v. Litton Indus., Inc.*,
    296 F. Supp. 2d 1187 (C.D. Cal. 2003) ............................................... 11

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

*United States ex rel. Martinez v. Orange Cty. Glob. Med. Ctr., Inc.*,
   No. 8:15-cv-01521JLSDFM, 2017 WL 9482462 (C.D. Cal. Sept.
   14, 2017) ................................................................................ 18, 19

*United States ex rel. Mateski v. Raytheon Co.*,
   816 F.3d 565 (9th Cir. 2016) ......................................................... 7

*United States ex rel. Meyer v. Horizon Health Corp.*,
   565 F.3d 1195 (9th Cir. 2009), *overruled on other grounds by*
   *Kinetic Concepts, Inc.*, 792 F.3d 1121 .......................................... 9

*United States ex rel. Modglin v. DJO Glob. Inc.*,
   114 F. Supp. 3d 993 (C.D. Cal. 2015), *aff'd sub nom. United States*
   *v. DJO Glob., Inc.*, 678 F. App'x 594 (9th Cir. 2017) ..................... 17, 20, 25

*United States ex rel. Osheroff v. Humana, Inc.*,
   776 F.3d 805 (11th Cir. 2015) ..................................................... 7, 9

*United States ex rel. Petratos v. Genentech Inc.*,
   855 F.3d 481 (3rd Cir. 2017) ....................................................... 13

*United States ex rel. Rosales v. San Francisco Hous. Auth.*,
   173 F. Supp. 2d 987 (N.D. Cal. 2001) ........................................... 9

*United States ex rel. Ruhe v. Masimo Corp.*,
   977 F. Supp. 2d 981 (C.D. Cal. 2013), *aff'd*, 640 F. App'x 666 (9th
   Cir. 2016) ................................................................................. 15

*United States ex rel. Swoben v. Scan Health Plan*,
   No. cv-09-5013-JFW, 2017 WL 4564722 (C.D. Cal Oct. 5, 2017) ............. 18, 20

*United States ex rel. Winkelman v. CVS Caremark Corp.*,
   827 F.3d 201 (1st Cir. 2016) ......................................................... 10

*United States ex rel. Zizic v.Q2Adm'rs., LLC*,
   728 F.3d 228 (3d Cir. 2013) ......................................................... 10

*United States v. CalPortland Constr.*,
   No. cv-16-04479-JFW, 2018 WL 6262877 (C.D. Cal. Mar. 9, 2018) .......... 22, 23

*United States v. Catholic Healthcare W.*,
   445 F.3d 1147 (9th Cir. 2006), *abrogated on other grounds by*
   *Schindler Elevator Corp.*, 563 U.S. 401 ........................................ 8

*United States v. Chapman Univ.*,
   No. SACV-04-1256 JVS, 2006 U.S. Dist. LEXIS 53686 (C.D. Cal.
   May 23, 2006).................................................................................... 23

*United States v. Ctr. for Diagnostic Imaging, Inc.*,
   787 F. Supp. 2d 1213 (W.D. Wash. 2011) ......................................... 24

*United States v. Honeywell Int'l, Inc.*,
   No CV-12-2214 JAK (JCG), 2013 WL 12122693 (C.D. Cal. Nov.
   8, 2013) ............................................................................................... 7

*United States v. Johnson Controls, Inc.*,
   457 F.3d 1009 (9th Cir. 2006) ............................................................ 4

*United States v. Kiewit Pac. Co.*,
   41 F. Supp. 3d 796 (N.D. Cal. 2014)............................................. 4, 20

*United States v. North Am. Health Care, Inc.*,
   173 F. Supp. 3d 943 (N.D. Cal. 2016)........................................... 9, 13

*United States v. Sequel Contractors, Inc.*,
   402 F. Supp. 2d 1142 (C.D. Cal. 2005)............................................... 4

*United States v. Todd Spencer M.D. Med. Grp.*,
   No. 1:11-CV-1776-LJO-SMS, 2016 WL 7229135 (E.D. Cal. Dec.
   14, 2016).............................................................................................. 3

*United States v. United Healthcare Ins. Co.*,
   848 F.3d 1161 (9th Cir. 2016)....................................... 13, 15, 19, 20

*Universal Health Servs., Inc. v. United States ex rel. Escobar*,
   136 S. Ct. 1989 (2016) ................................................................ 17, 18

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003)........................................................... 21

*Wade v. Regional Credit Ass'n*,
   87 F.3d 1098 (9th Cir. 1996) ............................................................ 25

**FEDERAL RULES OF CIVIL PROCEDURE**

Rule 8(a) ..................................................................................... 3, 4, 17

Rule 9(b) ..................................................................................... passim

Rule 12(b)(6)...............................................................................................3, 4

**FEDERAL RULES OF EVIDENCE**

Federal Rule of Evidence 201 ................................................................................7

**STATUTES**

31 U.S.C. § 3729(a)(1) ...............................................................12, 20, 21

31 U.S.C. § 3729(b)(1)(A)................................................................17

31 U.S.C. § 3730(e)(4) ................................................................5, 8, 9

Cal. Gov't Code § 12650(b) ................................................................16, 17

Cal. Gov't Code § 12651(a) ................................................................12, 20

Cal. Gov't Code § 12652(d)(3)................................................................5

Cal. Penal Code § 550(a), (b) ................................................................20

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

## I. __INTRODUCTION__

The federal False Claims Act ("FCA") and California False Claims Act ("CFCA") impose liability for *false* statements to *government* health care programs. The "public disclosure bar" in these statutes precludes actions based on publicly available information, such as data acquired through the Freedom of Information Act ("FOIA") and news articles. Additionally, the statutes do not apply to billing mistakes, regulatory violations, non-compliance with billing guidance, or claims involving *private* insurance companies.

Although Relator attempts to make sweeping assertions of wide spread Medicare and Medi-Cal fraud under the FCA and CFCA, the First Amended Complaint ("FAC") does not contain any non-public information about a single claim to the government. Instead, she combines (1) irrelevant details about her own 2012 surgery involving her *private* insurance company (not a government program) with (2) public Medicare claims information she obtained from the government through a FOIA request, to arrive at a single, faulty premise—a *corrected mistake* in *one* 2012 case with a *private* insurance company amounts to *fraud* in *all* cases involving state and federal *government* programs. Courts around the country have rejected this flawed logic.

Relator's FAC is not only barred by statute; it also fails to plead any cognizable claim for relief. The 123-page FAC does not allege any specific cause of action under the FCA or CFCA, supply the "who, what, when, where, and how" of Relator's specious theories, identify a single false statement to the government, or reference a solitary claim to Medi-Cal or any other government program. Three state and federal agencies—the real parties in interest here—have investigated Relator's baseless allegations and justifiably declined to intervene five separate times. Accordingly, for multiple independent reasons outlined below, Stanford Health Care ("SHC"), Stanford Health Care Advantage ("SHCA"), The Leland Stanford Junior University (misnamed by Relator), and Debra Zumwalt ("Ms. Zumwalt") (collectively,

"Moving Defendants") move to dismiss the FAC with prejudice.

## II.   PROCEDURAL HISTORY AND BACKGROUND

Relator filed her Complaint under seal on December 4, 2017, and attempted to allege causes of action against multiple defendants under the FCA and California Insurance Frauds Prevention Act ("IFPA"). ECF No. 1. After months of investigation, the United States, the State of California, and the Los Angeles County District Attorney's Office all declined to intervene. ECF Nos. 10, 12-14.

Undeterred by the government's disinterest in her allegations or her inexorable inability to state a claim, Relator filed her FAC on June 22, 2018, adding two defendants, a claim under the CFCA, and 92 additional pages of disordered speculation. *See* ECF Nos. 15-16. She contends that "Stanford," which she defines as all 9 named Defendants and 10 "Doe" defendants, engaged in "billing schemes and habitual submission of false, fraudulent and/or misleading bills" to government health care programs.[1] FAC ¶¶ 2-3, 51, 92. Relator brings nothing original to her FAC, instead relying on public information and generalizations about her 2012 surgery as a patient with private insurance.[2] The government entities again declined to intervene. ECF Nos. 30-31.

Even with the data she admittedly received from the government through a FOIA request, Relator cannot identify a single false statement associated with any of the 21 Medicare cases referenced in the FAC. *See* FAC ¶¶ 2, 3, 31-33, 40, 42, 47-48, 52, 59-62, 115, 121, 128, 188-90, 208-10, 245-305, 332, 350. Relator also

---

[1] Relator lists "schemes" like: (1) billing for pre- and post-surgical care in violation of the "global surgical fee rule," FAC ¶¶ 3, 59-62, 115, 188-90, 245-305, 332, 350-355; (2) overbilling surgical supplies, *id.* ¶¶ 3, 34, 66-69, 323; (3) overbilling tissue pathology codes, *id.* ¶¶ 3, 34, 66-69, 323; (4) upcoding physician office visits, *id.* ¶¶ 3, 70, 115, 248, 251, 306-11; (5) upcoding mid-level provider services, *id.* ¶¶ 3, 63-65, 191-207, 312-17, 318-321; (6) billing for unsupervised personnel, *id.* ¶¶ 3, 70, 321-22, 324-326; and (7) always billing for maximum fees, *id.* ¶¶ 3, 46, 70, 103, 168, 322, 324-25, 327.
[2] On December 6, 2019, Relator voluntarily dismissed her IFPA claims (Count II), her sole cause of action related to her 2012 surgery and allegations about claims to private, non-government insurance companies. ECF No. 35.

fails to: (1) identify any particular cause of action under the FCA or CFCA; (2) offer non-public information about any Medicare claim; (3) reference even a single claim submitted to the Medi-Cal program or any other government program; (4) identify any false statement or misrepresentation to the government; or (5) include the particularized pleadings required to notify any Defendant of what is being alleged specifically against it. *See, e.g.*, *id.*¶¶ 1, 78, 91-92, 106, 117, 124, 133, 151-52, 336-44, 357-64. Ignoring these fatal and incurable deficiencies, Relator instead offers rambling and redundant conjecture about "Stanford's" business operations, repeats publicly available information, and makes unsupported generalizations about her 2012 surgery (which did not involve a single claim to a government entity).[3]

## III.   LEGAL STANDARD

### A. Federal Rules of Civil Procedure ("Rule") 8(a) and 12(b)(6)

Consistent with Rule 8(a), a relator must "plead plausible allegations" to survive dismissal under Rule 12(b)(6). *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To meet this standard, there must be "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. As here, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### B. Rule 9(b)

Allegations under the FCA and CFCA must also satisfy the heightened standards of Rule 9(b). *See Cafasso*, 637 F.3d at 1054; *United States v. Todd Spencer M.D. Med. Grp.*, No. 1:11-CV-1776-LJO-SMS, 2016 WL 7229135, at *5 (E.D. Cal. Dec. 14, 2016). Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud or mistake," *Cafasso*, 637 F.3d at 1054-55 (citation

---

[3] The vast majority of "allegations" in the FAC involve mere speculation about these topics. S*ee* FAC ¶¶ 2-4, 9, 12, 15-18, 21-24, 26-36, 38-39, 43, 46-47, 48-49, 53-55, 66, 68-69, 70-72, 77-90, 96, 100-02, 108, 110-14, 118-20, 130, 139-40, 144-46, 177, 181-90, 197-203, 219-26, 249-51, 297, 315.

omitted), and "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations," *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (internal quotation marks and citation omitted).

## IV.   ARGUMENT

Relator's FAC must be dismissed for numerous independent and equally dispositive reasons. *First*, the "public disclosure bar" compels dismissal of Relator's FCA and CFCA claims (Counts I & III) because they are expressly based upon public sources, including data the government provided in response to Relator's FOIA requests, news articles, and other widely disseminated information. *Second*, Relator's entirely speculative FAC does not contain plausible allegations about a single false statement to the government as required to survive dismissal under Rules 8(a) and 12(b)(6). *Third*, the FAC does not contain the particularized pleadings of fraud (the "who, what, when, where, and how") necessary to withstand dismissal under Rule 9(b). *Finally*, having voluntarily dismissed her IFPA claims (Count II), Relator cannot state any claim for relief on her residual state law claims for equitable and declaratory relief under that same statute (Count IV). Accordingly, the FAC should be dismissed with prejudice.[4]

### A.   Relator's FCA and CFCA Claims (Counts I & III) Must be Dismissed Under the Public Disclosure Bar.

Relator's entirely unoriginal claims must be dismissed under the "public disclosure bar" because her allegations are "substantially the same" as information that was already "publicly disclosed" through the government's responses to Relator's

---

[4] The CFCA is modeled on the FCA, and courts use the same standards and analyses to dismiss both FCA and CFCA claims. *See, e.g.*, *United States v. Johnson Controls, Inc.*, 457 F.3d 1009, 1021 (9th Cir. 2006); *United States v. Kiewit Pac. Co.*, 41 F. Supp. 3d 796 (N.D. Cal. 2014); *United States v. Sequel Contractors, Inc.*, 402 F. Supp. 2d 1142, 1152 (C.D. Cal. 2005); *California v. Altus Fin., S.A.*, 116 P.3d 1175, 1184 (Cal. 2005). Accordingly, Relator's CFCA claims must be dismissed for the same reasons as her FCA claims.

FOIA requests, news articles, and other readily available sources. *See* 31 U.S.C. § 3730(e)(4)(A)(ii)-(iii); Cal. Gov't Code § 12652(d)(3). She can never be an "original source" of any of that public information, which is a prerequisite to maintaining a claim under the FCA or CFCA. *See Graham Cty. Soil & Water Conservation Dist. v. United States ex rel. Wilson*, 559 U.S. 280, 285 (2010) (the public disclosure bar requires dismissal of FCA claims where "the relevant information has already entered the public domain").

> 1. Relator's allegations are "substantially the same" as "allegations or transactions" previously disclosed through public sources.

Relator affirmatively admits that the FAC is based upon information available through public channels covered by the FCA's public disclosure bar. For example, she avers that she learned of Defendants' allegedly "fraudulent" claims to the *government* by analyzing Medicare claims data the government provided to her in response to a FOIA request. *See* FAC ¶¶ 208-10 (alleging she discovered "institution wide" billing "noncompliance issues" from Medicare claims information received from the federal government through FOIA request); FAC, Ex. M (admitting that her allegations are based upon "CMS online and open access information" and information "obtained through records act requests"). Relator expressly relies on that information, and parses out 21 line items from it, as the sole basis for her claim that Defendants submitted allegedly false claims to the Medicare program.[5] *See, e.g.*, FAC ¶ 2 (admitting that FAC is based upon "data mining of thousands of adjudicated Medicare claims"), ¶ 40 ("Medicare payment ledgers for

_____

[5] As demonstrated below, Relator's allegations about her 2012 surgery cannot support her FCA or CFCA claims because no claims were submitted to any government health care program for those services. *See, e.g.*, *U.S. ex rel. Joseph v. Brattleboro Retreat*, No. 2:13-CV-55, 2014 WL 3908432, at *11 (D. Vt. Aug. 10, 2014) ("[T]he Complaint makes it clear that these discussions always involved commercial insurance overpayments, which do not implicate the FCA."); *United States ex rel. Frazier v. IASIS Healthcare Corp.*, 812 F. Supp. 2d 1008, 1017-18 (D. Ariz. 2011) (recognizing that allegations about claims submitted to private insurance companies are "legally irrelevant" to FCA actions).

thousands of surgeries show . . . .”), ¶ 47 (“Itemized Medicare billing ledgers for tens of Stanford surgeons . . . demonstrate . . .”), ¶ 52 (citing attached “excel spreadsheets of Stanford billing codes per surgeon” from the government),  ¶ 121 (“Medicare overbillings by Stanford revealed in an audit certification conducted by Plaintiffs . . .”), ¶ 128 (“Stanford surgical providers’ reimbursement data was obtained and analyzed for representative ones below and attached hereto as exhibits.”), ¶¶ 288, 290 (acknowledging that the referenced Medicare claims come from “CMS production and payment records”); FAC, Exs. A, B, AA (incorporating FOIA claims information upon which FAC is based).

There is no question that the Medicare data Relator received through FOIA request, and upon which she bases her claims, are “public.” *See Schindler Elevator Corp. v. United States ex rel. Kirk*, 563 U.S. 401, 416-417 (2011); *see also Seal 1 v. Seal A*, 255 F.3d 1154, 1162 (9th Cir. 2001) (“Disclosure of information to one member of the public, when that person seeks to take advantage of that information by filing a FCA action, is public disclosure” because Congress did not intend for the FCA to be “used by people attempting to ‘free ride’ on information obtained from the government.”). But the FAC does not just rely on public information that invokes the public disclosure bar under binding Supreme Court precedent, *see Schindler*, 563 U.S. at 416-17, she also parrots allegations and “facts” from news articles, unrelated suits, and other publicly available sources.[6] *See* FAC ¶¶ 16, 26-27, 29, 42,

---

[6] Aside from Relator’s own legally irrelevant surgical records, every other Exhibit to the FAC is publicly available. *See* FAC, Exs. A, B, AA (FOIA response with Medicare claims data), Exs. C & EE (California Health Facility Financing Authority report available at *www.treasurer.ca.gov*), Ex. I (California Office of Statewide Health Planning and Development report available by request at *https://oshpd.ca.gov/data-and-reports/request-data/*), Ex. J (Medicare claims data available at *cms.gov*), Exs. P & Q (Medicare claims data available at *cms.gov* and published by *Wall Street Journal*), Ex. R (printout from *stanfordhealthcare.org*), Ex. S (government agency article available at *https://www.hcup-us.ahrq.gov*), Ex. T (selected pages from unrelated employment lawsuit), U (article from academic journal *Lab Medicine*), Ex. V (articles from *Modern Healthcare* and *Stanford Daily*), W (FAQs from *stanfordhealthcare.com*), Ex. Y (article from *San Francisco Times*), Ex. Z (government-published Medicare billing guidance), Ex. CC (information from *surgicalpathology.stanford.edu*), DD (materials from public

44, 58, 96, 168-70, 327. These sources also trigger the public disclosure bar.[7] *See, e.g.*, *United States ex rel. Beauchamp v. Academi Training Ctr.*, 816 F.3d 37, 43 n.6 (4th Cir. 2016) ("Courts have unanimously construed the term 'public disclosure' to include websites and online articles."); *United States ex rel. Osheroff v. Humana, Inc.*, 776 F.3d 805, 813 (11th Cir. 2015) (holding that websites are "news media"); *United States v. Honeywell Int'l, Inc.*, No CV-12-2214 JAK (JCG), 2013 WL 12122693, at *9 (C.D. Cal. Nov. 8, 2013) (same).

Relator's allegations are more than just "substantially similar to" publicly disclosed "transactions"—they are expressly based upon them. Relator readily admits that she infers fraud from public sources, relies exclusively upon those sources for allegations about claims submitted to the Medicare program, and even admits that those sources "speak for themselves." *See* FAC ¶¶ 2, 31-22, 40, 42, 47-48, 52, 121, 128, 208-09, 288 & 290; FAC, Exs. A, B, AA; Compl. ¶ 73. Thus, Relator's own allegations confirm that the public information upon which she bases her claims contains all the material elements from which she or anyone else may infer that "a set of misrepresented facts has been submitted to the government." *United States ex rel. Mateski v. Raytheon Co.*, 816 F.3d 565, 571 (9th Cir. 2016) (citation omitted).

Because the public sources upon which Relator relies "put the government on notice to investigate the alleged fraud before [the relator] filed [her] complaint,"

---

presentation by Stanford University professor), Ex. FF (article from *Modern Healthcare* magazine), Exs. GG & HH (Annual Disclosures available at *stanfordhealthcare.org*). These Exhibits are attached to and incorporated in the FAC and are thus properly before the Court on Moving Defendants' Motion. *See In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014). The sources from these Exhibits are either apparent from the face of the Exhibit or properly subject to Judicial Notice under Federal Rule of Evidence 201. *See Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015).

[7] Moreover, Relator was an "outsider" to the Medicare data and the other widely disseminated information upon which she expressly bases her FCA claim; she received it through means available to any member of the public, not through an "insider" relationship with Moving Defendants or the government. *See, e.g.*, *United States ex rel. Integra Med Analytics LLC v. Providence Health & Servs.*, No. cv-17-1694 PSG (SSx)) 2019 WL 3282619, at *7-8 (C.D. Cal. July 16, 2019) (holding that the government's disclosure of Medicare claims data to a relator via special agreement still constituted a public disclosure and did not make the recipient an "insider").

1    Relator's reliance on those data invokes the public disclosure bar. *U.S. ex rel. Solis v.*
2    *Millennium Pharm., Inc.*, 885 F.3d 623, 627 (9th Cir. 2018); *see, e.g.*, *United States*
3    *v. Catholic Healthcare W.*, 445 F.3d 1147, 1151 n.1 (9th Cir. 2006), *abrogated on*
4    *other grounds by Schindler Elevator Corp.*, 563 U.S. 401; *A-1 Ambulance Serv., Inc.*
5    *v. California*, 202 F.3d 1238, 1243 (9th Cir. 2000) ("[T]he substance of the disclosure
6    need not contain an explicit 'allegation' of fraud . . . so long as the material elements
7    of the allegedly fraudulent 'transaction' are disclosed in the public domain."); *United*
8    *States ex rel. Fine v. Sandia Corp.*, 70 F.3d 568, 572 (10th Cir. 1995) (noting that the
9    "'based upon' test [should be construed] broadly . . . even those *qui tam* complaints
10   which are based only *in part* upon public disclosures [are barred]" (internal citations
11   omitted) (emphasis in original)); *United States ex rel. Findley v. FPC-Boron*
12   *Employees' Club*, 105 F.3d 675, 687 (D.C. Cir. 1997) *overruled on other grounds by*
13   *United States ex rel. Davis v. District of Columbia*, 679 F.3d 832 (D.C. Cir. 2012).
14   The FAC is subject to dismissal for this reason alone.

15                   2.    Relator is not an "original source" of any information upon
16                         which a FCA or CFCA claim may be based.

17         To qualify as an "original source," a relator must show that she (1) "voluntarily
18   disclosed to the Government the information on which allegations or transactions in
19   a claim are based" prior to the public disclosure; or (2) "has knowledge that is
20   independent of and materially adds to the publicly disclosed allegations or
21   transactions." 31 U.S.C. § 3730(e)(4)(B); *see United States ex rel. Hartpence v.*
22   *Kinetic Concepts, Inc.*, 792 F.3d 1121, 1128 (9th Cir. 2015). Although Relator makes
23   a bare recital about her status as an "original source," FAC ¶ 154, she cannot be an
24   "original source" of any Medicare claims because the government gave all the
25   information to her, not the other way around. *See United States ex rel. California v.*
26   *City of L.A.*, No. cv-02-02278-SJO (RZx), 2009 WL 10672350, at *5 (C.D. Cal. June
27   5, 2009), *aff'd sub nom. United States ex rel. Mosler v. City of Los Angeles*, 414 F.
28   App'x 10 (9th Cir. 2010). Likewise, she cannot be an "original source" of Medicare

billing guidance, other FCA suits, news articles, public information about Defendants and their business activities, or anything else upon which she attempts to base her FCA claim. *See, e.g.*, *United States ex rel. Rosales v. San Francisco Hous. Auth.*, 173 F. Supp. 2d 987, 997 (N.D. Cal. 2001) (dismissing FCA suit based on allegations publicly disclosed in a prior lawsuit); *United States ex rel. Meyer v. Horizon Health Corp.*, 565 F.3d 1195, 1200 (9th Cir. 2009), *overruled on other grounds by Kinetic Concepts, Inc.*, 792 F.3d 1121 (noting statements made in prior civil complaints are public disclosures); *Hagood v. Sonoma Cty. Water Agency*, 81 F.3d 1465, 1473 n. 13 (9th Cir. 1996) (recognizing court filings constitute public disclosures). In short, the only original information Relator arguably supplies relates to her own surgery as a commercially insured patient, which cannot support a claim under the FCA or CFCA.[8] *See United States v. North Am. Health Care, Inc.*, 173 F. Supp. 3d 943, 951-52 (N.D. Cal. 2016) (finding that relator could not be an original source where he did not provide any material information that was not already public).

Although Relator claims that she is a "certified professional medical coder and biller" who discovered alleged fraud through "data mining of thousands of adjudicated Medicare claims," this does not change the result. FAC ¶¶ 2, 179. The Ninth Circuit has held that a relator must do more than apply expertise to publicly disclosed data. In *A-1 Ambulance Serv.*, the relator argued that the public disclosure bar should not apply because the disclosed transactions did not reveal the conclusion of fraud. 202 F.3d at 1238. The Court rejected this argument, holding that the "mere

---

[8] Relator is also not an "original source" of the publicly disclosed information upon which she relies because her FAC does not "materially add[] to the publicly disclosed allegations or transactions." *See* 31 U.S.C. § 3730(e)(4)(B). The dispositive question is whether publicly disclosed information was "already sufficient to give rise to an inference" that Defendants were engaging in the wrongdoing Relator alleges. *See Humana Inc.*, 776 F.3d at 805; *see also United States ex rel. Kraxberger v. Kansas City Power & Light Co.*, 756 F.3d 1075, 1080 (8th Cir. 2014) (relator does not "materially add" to publicly disclosed allegations when the publicly disclosed allegations themselves are sufficient to "raise a reasonable inference of fraud" (citation omitted)). As shown above, the material facts upon which Relator bases her FCA allegations were already disclosed to the public, and she herself made inferences from the information, just as the government or any other individual could have done.

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

fact that [relator's] own expertise . . . may have enabled it to formulate its novel legal theory of fraud is irrelevant to the question of whether the material transactions giving rise to the alleged fraud were already disclosed in the public domain in the first place." *Id.* at 1245. Accordingly, the Ninth Circuit affirmed dismissal pursuant to the FCA's public disclosure bar. *Id.*; *see also United States ex rel. Zizic v.Q2Adm'rs., LLC*, 728 F.3d 228, 240 (3d Cir. 2013) ("[W]e have repeatedly rejected the argument that a [relator's] knowledge is independent when it is gained through the application of expertise to information publicly disclosed."); *see also United States ex rel. JDJ & Assocs. LLP v. Natixis*, No. 15-cv-5427 (PKC), 2017 WL 4357797, at *11 (S.D.N.Y. Sept. 29, 2017) ("Just as combining publicly available information with specialized expertise is not sufficient to overcome the first step of the public disclosure bar, neither does conducting an analysis based on such expertise qualify a relator as an original source.").

Furthermore, although the FAC may outline some data about Defendants' business operations, the mere addition of background information is insufficient to qualify Relator as an original source. *See United States ex rel. Hastings v. Wells Fargo Bank, NA Inc.*, 656 F. App'x 328, 331-32 (9th Cir. 2016) ("Allegations do not materially add to public disclosures when they provide only background information and details relating to the alleged fraud."); *United States ex rel. Calva v. Impac Secured Assets Corp.*, No. SACV-16-1983-JVS (JCGx), 2018 WL 6016152, at *8 (C.D. Cal. June 12, 2018) ("[A]dd[ing] detail about the precise methodology [defendants] used . . . that made the [statements] . . . false" "does not materially add to the public disclosures"); *see also United States ex rel. Winkelman v. CVS Caremark Corp.*, 827 F.3d 201, 213 (1st Cir. 2016) ("[A] relator who merely adds detail or color to previously disclosed elements of an alleged scheme is not materially adding to the public disclosures."). At most, Relator's allegations identify some Medicare billing guidance she claims to be applicable to the publicly available Medicare claims data. *See* Ex. Z (incorporating publicly available Medicare billing guidance). But, again,

this does not materially add to the previous public disclosures and cannot make Relator an "original source." *U.S. ex rel. Solis v. Millennium Pharm., Inc.*, 885 F.3d 623, 627 (9th Cir. 2018); *United States ex rel. Longstaffe v. Litton Indus., Inc.*, 296 F. Supp. 2d 1187, 1194 (C.D. Cal. 2003) ("While [relator] may have identified specific regulations that were allegedly violated, that detail adds little where . . . [the public disclosure] was more than enough to put the Government on the track of [the defendant], and that track would have inevitably led to categorization of the misdeeds by alleged regulation or statute.").

Allowing Relator's suit to proceed "would allow potential *qui tam* plaintiff[s] to avoid the public disclosure bar by pleading their complaints with more and more detailed factual allegations slightly different from more general allegations already publicly disclosed." *See Dingle v. Bioport Corp.*, 388 F.3d 209, 215 (6th Cir. 2004). And "[g]iven that the purpose of the *qui tam* action is to prosecute fraud of which the government is unaware, such a result would not advance Congress' purpose, and would only multiply the number of parasitic *qui tam* actions pursued by plaintiffs." *Id.*; *see United States ex rel. Lee v. Corinthian Colls.*, No. cv-07-1984 PSG (MANx), 2013 WL 12114015, at *3 (C.D. Cal. Mar. 15, 2013). The "public disclosure bar" mandates dismissal of Relator's FCA and CFCA claims. *See Mosler*, 414 F. App'x at 11 (affirming dismissal of CFCA claim under FCA's public disclosure standards).

## B. The FAC Does Not State Any Claim for Relief Under the FCA or CFCA (Counts I & III).

In addition to being subject to dismissal under the public disclosure bar, the FAC does not contain the elements of any claim under the FCA or CFCA. To state a claim under the FCA for the submission of a false claim, a relator must allege "(1) a false or fraudulent claim (2) that was material to the decision-making process (3) which defendant presented, or caused to be presented, to the United States for payment or approval (4) with knowledge that the claim was false or fraudulent." *Hooper v. Lockheed Martin Corp.*, 688 F.3d 1037, 1047 (9th Cir. 2012). The FAC

1   does none of this, and that is fatal to any claim Relator may attempt to bring under
2   the FCA or CFCA. *See* 31 U.S.C. § 3729(a)(1); Cal. Gov't Code § 12651(a)(1).

3                    1.   Relator does not allege any false statement to the government.

4           The actual submission of a false claim to the government is the *sine qua non*
5   of a FCA action. *See Cafasso*, 637 F.3d at 1055. "It is not enough . . . 'to describe a
6   private scheme in detail but then to allege simply and without any stated reason . . .
7   that claims requesting illegal payments must have been submitted.'" *United States ex*
8   *rel. Aflatooni v. Kitsap Physicians Serv.*, 314 F.3d 995, 1002 (9th Cir. 2002) (citation
9   omitted). A relator must (1) identify specific false claims submitted to the
10  government or (2) allege "reliable indicia that lead to a strong inference that [false]
11  claims were actually submitted." *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d
12  993, 998-99 (9th Cir. 2010). Relator does neither.

13          Relator groups all 19 Defendants, which she collectively calls "Stanford," and
14  asserts that they engaged in "billing schemes and habitual submission of false,
15  fraudulent and/or misleading bills" to government health care programs. FAC ¶ 3.
16  Despite having received voluminous Medicare claim information from the
17  government through FOIA request, Relator cannot cite even one allegedly "false"
18  claim in support of six of her seven imagined "schemes."[9] Instead, she unsuccessfully
19  attempts to support those theories with speculative allegations and "calculations"
20  premised on claims submitted to her own *private* insurance company. FAC ¶¶ 34,
21  53-55, 69, 297. She references her surgery extensively and extrapolates liberally to
22  invent issues where none exist by employing the following faulty logic: a corrected
23  mistake in one 2012 case with a commercial insurance company equals fraud in all
24  cases involving government programs. *See e.g.*, *id.* ¶¶ 2, 315 (all medical records are
25  bad), ¶¶ 53-55, 66 (mistake in one case means mistakes in all others). But Relator's
26  surgery cannot support a claim under the FCA or CFCA because it did not, in fact,

27  _____
28  [9] Relator does not cite a single government claim for "schemes" (2) though (7)
    outlined in FAC ¶ 3 and Footnote 1 to this Memorandum.

                                              12

involve a *single* claim to a government program. *See United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1173 (9th Cir. 2016) (to state a claim, the alleged conduct must have caused "the Government to pay out money or forfeit moneys due" (citation omitted)); *United States ex rel. Petratos v. Genentech Inc.*, 855 F.3d 481, 492 (3rd Cir. 2017) ("[T]he alleged fraud must affect the United States' payment decision to be actionable"); *Aflatooni*, 314 F.3d at 1002 (recognizing a FCA claim must be based on a "call" on the "fisc" of the federal government (citation omitted)); *Cafasso*, 637 F.3d at 1056 ("[T]o commit conduct actionable under the FCA, one must, in some way, falsely assert entitlement to obtain or retain government money or property."); *see also United States v. N. Am. Health Care, Inc.*, 173 F. Supp. 3d 943, 951-52 (N.D. Cal. 2016) (allegations of false billing to commercial payors cannot support a FCA claim); *Todd v. Fid. Nat'l Fin., Inc.*, No. 12-cv-00666-REB-CBS, 2014 U.S. Dist. LEXIS 130256, at *29, 40 (D. Colo. Aug. 19, 2014) (recommending dismissal of claims based on failure to sufficiently allege nexus with federal funds).

The only "scheme" for which Relator alleges even a single government claim is her theory that "Stanford" submitted claims to Medicare "in violation of global surgery fee rules." *See* FAC ¶¶ 2, 3, 59-62, 115, 188-90, 245-305, 332, 350-355. She lists 21 Medicare cases supposedly supporting this theory. *See id.* ¶¶ 277-296 (16 cases for Dr. Dirbas), 298-305 (5 cases for Dr. Wheeler); *see also id.* ¶¶ 56 & 332 (repeating Dr. Dirbas case number 11). Relator alleges that the Medicare cases she extracted from government-supplied data show pre- or post-operative visits that might not have complied with Medicare billing rules because the services were performed too close in time to the surgery. *See id.* Based on the *timing* of these claims alone, Relator concludes that they must be "false claims" and that "Stanford" must have submitted "false claims" to other government programs too. *Id.* ¶¶ 315, 331.

Relator's "global surgery fee rules" theory, however, is critically flawed because none of her allegations provides reliable indicia to infer that even one of the

Medicare cases she extracted was "false" (as required by the FCA and CFCA). Relator acknowledges exceptions to the "global surgery fee rules" that undermine her position but attempts improperly to shift her pleading burden to Defendants by assuming that "[t]here is no evidence here that any exceptions applied to any cases." *See* FAC ¶ 269. But none of that is sufficient to plead a "false" claim—it is well established that merely pleading a methodology by which a defendant *could* violate the FCA does not meet the particularity requirement of Rule 9(b). *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013) ("When faced with two possible explanations, only one of which can be true and only one of which results in liability, plaintiffs cannot offer allegations that are 'merely consistent with' their favored explanation but are also consistent with the alternative explanation." (citing *Iqbal*, 556 U.S. at 678)); *Aflatooni*, 314 F.3d at 1002 ("It is not enough [] 'to describe a [fraudulent] scheme in detail but then to allege simply and without any stated reason . . . that claims requesting illegal payment must have been submitted.'" (citation omitted)); *United States ex rel. Crennen v. Dell Mktg. L.P.*, 711 F. Supp. 2d 157, 162 (D. Mass. 2010) ("Articulating a theory as to how a company could violate subsection (a)(1), without more, is insufficient to comply with the requirements of Rule 9(b).") (citing *United States ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 234-35 (1st Cir. 2004) (emphasis in original)); *see also Cafasso*, 637 F.3d at 1057 ("In light of [relator's] failure to identify any particular false claims or their attendant circumstances, as well as the 'obvious alternative explanation' that no false claims occurred, we will not draw the unwarranted and implausible inference that discovery will reveal evidence of such false claims."). The FAC should be dismissed for this reason alone.

Further, even if Relator could credibly allege that a "global surgery fee rule" exception did not apply to the claims (which she cannot), that would still not be enough. To allege falsity under the FCA, a relator must allege "a palpably false statement, known to be a lie when it is made." *United States ex rel. Hendow v. Univ.*

*of Phoenix*, 461 F.3d 1166, 1172 (9th Cir. 2006); *see United States ex rel. Ruhe v. Masimo Corp.*, 977 F. Supp. 2d 981, 991 (C.D. Cal. 2013), *aff'd*, 640 F. App'x 666 (9th Cir. 2016) (recognizing that "false" claims are "intentional, palpable lie[s]").Yet, Relator never once explains what is false about any of the cases she pulled from government-supplied data. FAC ¶¶ 227-305. She merely asserts that the claims were not separately reimbursable under the "global surgical fee rule" and therefore must have been false. *See, e.g.*, ¶¶ 11, 59. This, however, does nothing to show "what is false or misleading about a statement and why it is false" as is required to state a FCA claim. *United Healthcare Ins. Co.*, 848 F.3d at 1180.

Relator's entire theory hinges on her flawed assumption that every claim that is not reimbursable under a Medicare billing rule must also be a "false claim." *See id.* ¶¶ 33 (equating "wrongfully billed" with "subject to FCA"), ¶ 53 (asserting that mistakes render claims "fraudulent"), ¶¶ 277-305 (resting analysis of all referenced Medicare cases on the assumption that non-compliance equals FCA liability); *see also id.* ¶¶ 14 & 32-33 (basing speculative financial estimates on same assumption), ¶¶ 35-36 (same), ¶¶ 40-41 (same), ¶ 61 (same), ¶ 69 (same). But merely failing to comply with a Medicare billing manual—which falls far below the weight given to a law or regulation—does not mean that the claim was "false" for purposes of the FCA or CFCA.[10] *See, e.g.*, *United States ex rel. Hopper v. Anton*, 91 F.3d 1261, 1266 (9th Cir. 1996) ("Violations of laws, rules, or regulations alone do not create a cause of action under the FCA."); *Masimo Corp.*, 977 F. Supp. 2d at 991, *aff'd*, 640 F. App'x 666 (9th Cir. 2016) ("[m]ere regulatory violations, standing alone, do not give rise to False Claims Act liability"). As the Ninth Circuit has made clear, "[i]t is not the case

---

[10] Medicare billing rules alone cannot be the basis of a FCA enforcement action. *See also Azar v. Allina Health Servs.*, --- U.S. ---, 139 S. Ct. 1804, 1808, 204 L. Ed. 2d 139, 144 (2019) (overturning attempted enforcement of Medicare reimbursement guidance not subject to formal rulemaking process); *Polansky v. Exec. Health Res., Inc.*, No. 12-CV-4239, 2019 WL 5790061, at *12-17 (E.D. Pa. Nov. 5, 2019) (granting summary judgment on relator's claims because they rested on Medicare billing manuals and billing rules that were not subject to the formal rulemaking process).

that any breach of contract, or violation of regulations or law, or receipt of money from the government where one is not entitled to receive the money, automatically gives rise to a claim under the FCA." *Anton*, 91 F.3d at 1265-66.

Relator's faulty logic, "possible billing mistake = false claim," is not only legally incorrect, it is also wholly insufficient.[11] *Cafasso*, 637 F.3d at 1057 ("This type of allegation, which identifies a general sort of fraudulent conduct but specifies no particular circumstances of any discrete fraudulent statement, is precisely what Rule 9(b) aims to preclude."); *United States ex rel. Gross v. AIDS Research All.-Chicago*, 415 F.3d 601, 603 (7th Cir. 2005) ("The second amended complaint fails under Rule 9(b) because it does not allege to the required degree of particularity the false statement or statements made by the defendants, with knowledge of their falsity, for the purpose of obtaining payment from the government."). Relator's FCA and CFCA claims thus fail because the FAC does not identify any *false* statement submitted to the government nor does it contain "particular details" of any scheme to submit false claims to the government. *U.S. ex rel. Solis v. Millennium Pharm., Inc.*, 885 F.3d 623, 629 (9th Cir. 2018) (citation omitted). Moreover, Relator's CFCA claims fail for the additional reason that Relator never identifies a single claim submitted to Medi-Cal or any other California government program. *See* Cal. Gov't Code § 12650(b)(1) (recognizing that the CFCA is limited to claims involving the state or its political subdivisions).

2.   Relator does not allege knowledge of any false or fraudulent statement to the government.

To plead a FCA or CFCA claim, a relator must allege facts sufficient to

---

[11] Likewise, Relator's bare assertion that Medicare providers generally "agree to abide by the rules, regulations, policies and procedures governing reimbursement" is not sufficient, FAC ¶ 240, and courts have rejected that such "general sweeping language" can satisfy falsity requirements under the FCA, *see, e.g., Gonzalez v. Planned Parenthood of L.A.*, No. cv-05-8818-AHM-FMOx, 2012 WL 2412080, at *7 (C.D. Cal. June 26, 2012); *United States ex rel. Cook v. Providence Health & Servs.*, No. C13-1312RAJ, 2014 WL 4094116, at *5 (W.D. Wash. Aug. 18, 2014).

establish that the defendant acted with "actual knowledge," "in deliberate ignorance," or "in reckless disregard of the truth or falsity" of the information in the claims it submitted to the government. 31 U.S.C. § 3729(b)(1)(A); Cal. Gov't Code § 12650(b)(3). As the Supreme Court has recently reaffirmed, this is a "rigorous" requirement that demands a showing that "the defendant [1] knowingly violated a requirement [2] that the defendant knows is material to the Government's payment decision." *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 136 S. Ct. 1989, 1996 (2016). The FAC alleges neither.

The FAC not does not identify even one *false* claim for payment, much less contain detailed factual allegations that could support a finding of scienter—whether based on actual knowledge, deliberate ignorance, or reckless disregard. Relator simply asserts without support that Defendants acted "knowingly." *See, e.g.*, FAC ¶¶ 52, 93, 273. This bare allegation is insufficient to plead knowledge with sufficiency to make "entitlement to relief plausible." *United States ex rel. Modglin v. DJO Glob. Inc.*, 114 F. Supp. 3d 993, 1012 (C.D. Cal. 2015), *aff'd sub nom. United States v. DJO Glob., Inc.*, 678 F. App'x 594 (9th Cir. 2017) (finding that "[n]o facts alleged by relators give rise to a reasonable inference that defendants were on notice they were filing false claims" because relators failed to establish that defendants' alleged behavior violated any laws, and assertions of scienter were thus "too conclusory to plead a plausible claim for relief, even under the relaxed standard of Rule 8(a)"). Furthermore, the FAC does not distinguish between any of the 19 listed Defendants and thus cannot support a plausible inference that any particular Defendant acted with scienter. *See, e.g.*, *United States ex rel. Lee and Mshuja v. Corinthian Colls.*, 655 F.3d 984, 996 (9th Cir. 2011) (dismissing relator's FCA allegations because the complaint did not "clearly allege sufficient facts to support an inference or render plausible" the suggestion that defendant acted knowingly); *see also Sonoma Cty. Water Agency*, 929 F.2d at 1421 (recognizing that allegations must show more than "[i]nnocent mistake" or "mere negligence"). Thus, in addition to the reasons outlined

1  above, Relator's FCA and CFCA claims must be dismissed because the FAC does
2  not contain factual allegations to support an inference that any Defendant, of the
3  many listed and lumped together, acted with knowledge of any false or fraudulent
4  claim.

5          3.      Relator does not plausibly allege the materiality of any allegedly
6                  false statement.

7          As the Supreme Court confirmed in *Escobar*, the FCA's materiality standard
8  is "demanding," and must be supported by particularized allegations in the complaint.
9  136 S. Ct. at 2003, 2004 n.6. It is not sufficient that the government "would have the
10 option to decline to pay if it knew of the defendant's noncompliance." *Id.* at 2003.
11 Instead, to satisfy the FCA's materiality standard, a complaint must allege with
12 particularity that the defendant's supposed violations "are so central . . . that the
13 [Government] would not have paid these claims had it known of these violations."
14 *United States ex rel. Swoben v. Scan Health Plan*, No. cv-09-5013-JFW, 2017 WL
15 4564722, at *6 (C.D. Cal Oct. 5, 2017) (quoting *Escobar*, 136 S. Ct. at 2004).

16         Even if Relator had alleged a false statement connected with the Medicare
17 cases she references (which she has not), she has not pled any facts to suggest that
18 such statements were material to the government's decision to pay the claims. *United*
19 *States ex rel. Martinez v. Orange Cty. Glob. Med. Ctr., Inc.*, No. 8:15-cv-
20 01521JLSDFM, 2017 WL 9482462, at *2 (C.D. Cal. Sept. 14, 2017) ("Although a
21 false claim need not be submitted directly to the United States to trigger liability under
22 the False Claims Act, it must be material to the Government's payment decision."
23 (internal citations omitted)). It is clear from the FAC that: (1) if the government paid
24 the claims, it did so with at least as much information about them as Relator has here
25 (because she received all of her information from the government); (2) the
26 government continued to pay with full awareness of the "global surgical fee rules"
27 upon which Relator bases her suit; and (3) the government has declined to take any
28 action on Relator's allegations. *See* FAC ¶¶ 208-09, 226, 272-76. Relator cannot

credibly allege materiality under these circumstances, and, again, the FAC fails. *See Orange Cty. Glob. Med. Ctr.*, 2017 WL 9482462, at *2 (dismissing claims when claimant failed to demonstrate materiality because the allegedly false certification did not have an impact on the Government's payment decision); *United States ex rel. Folliard v. Comstor Corp.*, 308 F. Supp. 3d 56, 86 (D.D.C. 2018) (noting that government's decision not to intervene cuts against inference that any false statements were material); *United States ex rel. Hartpence v. Kinetic Concepts, Inc.*, No. 208-cv-01885CASAGR, 2019 WL 3291582, at *13 (C.D. Cal. June 14, 2019) ("[W]here the Government regularly pays a particular type of claim in full despite actual knowledge that certain requirements were violated, and has signaled no change in position . . . the government's payment of the claim would be strong evidence that the requirements are not material." (quotations and citations omitted)).

### C. The FAC Falls Far Short of What is Required to Plead FCA or CFCA Claims (Counts I & III) Under Rule 9(b).

In addition to the many fatal defects discussed above, Relator's FCA and CFCA claims must also be dismissed because her sweeping allegations fail to "allege 'the who, what, when, where, and how of the misconduct charged,' including what is false or misleading about a statement and why it is false." *United Healthcare Ins. Co.*, 848 F.3d at 1180 (quoting *Ebeid*, 616 F.3d at 998). Relator's FAC does not comply with that standard in multiple ways, each of which independently compels dismissal. *See, e.g.*, *United States ex rel. Dan Abrams Co. v. Medtronic, Inc.*, No. LA-cv-15-01212 JAK, 2017 WL 4023092, at *9 (C.D. Cal. Sept. 11, 2017) (granting motion to dismiss for insufficient allegations under Rule 9(b)).

#### 1. The FAC does not identify any specific Defendant's role in Relator's imagined schemes.

Relator expressly defines all 19 listed Defendants as "Stanford" and then attempts to make fraud allegations against the entire group without ever attempting to plead particularized facts about any Defendant. FAC ¶ 1 (referring to Defendants

---

19

as "Stanford et. al"), ¶ 51 (defining Defendants collectively as "Stanford"), ¶ 92 (same), ¶ 172 (same); *see generally id.* (alleging facts and causes of action against "Stanford"). But as the Ninth Circuit has made clear, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swoben*, 848 F.3d at 1184 (quoting *Corinthian Colls.*, 655 F.3d at 997-98). Here, there is no doubt that Relator lumps all Defendants together, including 10 unnamed Doe Defendants, such that no one Defendant can be on notice of what he, she, or it allegedly did. There is absolutely no "who" required by Rule 9(b) and this alone compels dismissal. *See Kiewit Pac. Co.*, 41 F. Supp. 3d at 810-11.

2.   The FAC never reveals which of the FCA's or CFCA's many causes of action Relator is attempting to allege.

While Relator mentions the FCA and CFCA generally, she never once identifies any specific provision of either statute that Defendants allegedly violated. *See* FAC ¶¶ 1, 91, 160, 336-44, 357-64. This deficiency is particularly acute here because each subsection identifies a distinct cause of action with unique elements, none of which Relator ever identifies or pleads in the FAC. *See* 31 U.S.C. § 3729(a)(1)(A)-(G); Cal. Gov't Code § 12651(a). Relator's vague reference to two broad and multifaceted statutes, each containing multiple causes of action, cannot satisfy liberal "notice pleading" standards, much less the heightened standards applicable to her claims. *See, e.g., DJO Global Inc.*, 114 F. Supp. 3d at 1011, *aff'd sub nom. United States v. DJO Glob., Inc.*, 678 F. App'x 594 (9th Cir. 2017) (collecting cases showing heightened pleading standard applicable to FCA actions).

Instead of identifying any specific cause of action under the FCA or CFCA, Relator injects further confusion by quoting an unrelated section of the California Penal Code as the sole basis of her FCA claim. *See* FAC ¶¶ 338-39 (quoting from Cal. Penal Code § 550(a), (b) and incorrectly stating that the FCA imposes liability

for violating "this code section"). Even a cursory review shows that the FCA does not impose civil liability for alleged violations of the California Penal Code. *See* 31 U.S.C. § 3729(a)(1)(A)-(G). Thus, Relator completely disregards her obligation to "plead[] factual content that allows the [C]ourt to draw the reasonable inference that . . . [each Defendant is] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Instead, each Defendant is left to guess what claims Relator is asserting against it, providing none of the "what" required under Rule 9(b) and supplying yet another reason for dismissal. *See, e.g.*, *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (noting that a relator's FCA claims must "be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong"); *Corinthian Colls.*, 655 F.3d at 997-98 (holding that Rule 9(b) requires more than vague and ambiguous allegations against defendants); *Kubin v. Abode Servs. Agency*, No. 18-cv-00658-MEJ, 2018 WL 776355, at *2-3, n.2 (N.D. Cal. Feb. 8, 2018) (noting that fraud-based claims must pled the "who, what, when, where, and how of the misconduct charged").

      3.      <u>The FAC has no allegations about the majority of Defendants.</u>

The FAC lacks any substantive reference to most Defendants. In fact, aside from the case caption and a list of who she is trying to sue, Relator never mentions: Stanford Healthcare Billing Office; The Board of Directors of the Stanford Healthcare; The Board of Directors of the Lucile Packard Children's Hospital at Stanford; The Leland Stanford Junior University; or The Board of Trustees of Stanford University. *See* FAC ¶¶ 92, 124, 133. These Defendants have absolutely no notice of what Relator is attempting to allege against them. *See Vess*, 317 F.3d at 1106 (recognizing FCA allegations must "be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong") (internal quotation marks and citation omitted). This is yet another reason for dismissal of these Defendants. *See Corinthian Colls.*, 655 F.3d at 997-98 (affirming dismissal of complaint that failed to

plead with specificity required by Rule 9(b)).

### 4.   Relator does not allege one fact that could support liability against SHCA.

The FAC does not allege one fact that could support FCA or CFCA liability against SHCA, which Relator states is a Medicare plan that *receives claims* and does not perform medical services or submit claims. *See* FAC ¶ 117. Taken in the light most favorable to Relator, the FAC at most alleges that SHCA *received* claims submitted to it by the unspecified, collective "Stanford," a definition which impossibly includes SHCA itself. *See id.* However, neither the FCA nor the CFCA impose liability for *receiving* allegedly false claims. Otherwise, the government would be both a plaintiff and defendant in every case. *See United States v. CalPortland Constr.*, No. cv-16-04479-JFW (SSx), 2018 WL 6262877, at *5 (C.D. Cal. Mar. 9, 2018) ("The Complaint fails to identify *any* false claim submitted by Defendants, merely alleging they have received payments." (internal quotations omitted) (emphasis in original)). In addition to all the reasons above, Relator's claims against SHCA must be dismissed because the FAC does not allege any facts under which SHCA could be liable under the FCA or the CFCA.

### 5.   The FAC alleges nothing more than an impermissible nuisance suit against Ms. Zumwalt.

Nothing alleged in the FAC comes even close to stating a FCA or CFCA claim against Ms. Zumwalt, Stanford University's General Counsel. Without any supporting allegations, Relator summarily asserts that Ms. Zumwalt and others were "accomplices" in "billing frauds" and that she "failed to act ethically or properly, or to ensure that Stanford complied with its correct coding obligations." FAC ¶¶ 106, 178. This conclusion is not supported by any factual assertions in the FAC.[12] The

---

[12] The only other allegations in the FAC that even reference Ms. Zumwalt simply suggest: (1) Relator contacted Ms. Zumwalt in 2017 and 2018 under yet a different alias, FAC ¶¶ 37-39, 104-08, 211-13, 216; (2) Relator related billing concerns under the guise of settlement in connection with Relator's previous lawsuit, *id.* ¶¶ 104-08,

FAC does not allege that Ms. Zumwalt had any involvement in submitting even one claim to the government. *See generally* FAC; *CalPortland Constr.*, 2018 WL 6262877, at *5. Nor does it allege that she treated any patients, created any charts, performed any coding, or received any reimbursement from the government. *See generally* FAC. The "allegations" against Ms. Zumwalt are based on nothing more than Relator's generalized dissatisfaction with her failed state court medical malpractice action, and that is nowhere near enough to state a claim. *See, e.g.,* FAC ¶¶ 181-87, 214-16.

Courts are especially skeptical of FCA suits against individual defendants in cases like this, where there are simply no allegations that could support a viable claim. *See Bly-Magee v. California*, 236 F.3d at 1014, 1018 (9th Cir. 2001) ("Rule 9(b) serves . . . also to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." (internal quotations and citations omitted)). Relator cannot in good faith assert that the General Counsel of a university submitted false claims for medical services to the government, nor will she ever be able to do so, and her allegations against Ms. Zumwalt should be dismissed. *See United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 191 (5th Cir. 2009); *United States v. Chapman Univ.*, No. SACV-04-1256 JVS, 2006 U.S. Dist. LEXIS 53686, at *4 (C.D. Cal. May 23, 2006) ("In fraud cases, the who, what, when, where must be laid out *before* access to the discovery process is granted." (emphasis in original) (internal quotations and citations omitted)).

        6.      The FAC is replete with impermissible speculation.

---

211-13; (3) Ms. Zumwalt acknowledged receipt of Relator's communications but never personally reached back out to Relator, *id.* ¶¶ 107, 213, 216; and (4) counsel for SHC asked Relator to direct all future communications through counsel and not to Ms. Zumwalt, *id.* ¶ 109.

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

The FAC relies on speculation about "Stanford's" business operations and Relator's own unhinged, back-of-the-conspiratorial-napkin "calculations." *See* FAC ¶¶ 4 ("Stanford Healthcare" is "very expensive"), ¶ 12 ("Stanford" has high revenues), ¶¶ 22-23 ("Stanford" is profitable), ¶ 24 ("Stanford" is expanding), ¶ 32 ("estimated" overbillings by "Stanford" of 11-15% through application of speculative and undisclosed methods derived from a single, unrelated case). Relator also impermissibly bases several allegations "upon information and belief" without sufficiently stating "a factual basis for that belief." *See, e.g.*, *id*. ¶¶ 170, 204, 199, 334-35. She even outright contends that "Stanford" *must* have committed fraud simply because Relator refuses to believe otherwise. *See, e.g.*, FAC ¶¶ 23 (assuming fraud because "Stanford's" financials "simply defies belief"), ¶ 42 (same), ¶ 196 (assuming "Stanford habitually refuses to properly bill" because Relator's own guesses about mid-level work requirements "simply defy belief"), ¶¶ 205-06 (same).

Such speculation falls well short of what the Rules require for pleading FCA claims and does not establish "more than a sheer possibility that [some unspecified Defendant] has acted unlawfully." *Iqbal*, 556 U.S. at 678; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007); *see Ebeid*, 616 F.3d at 1000 (recognizing that a "global indictment" of a defendant's business does not satisfy Rule 9(b)); *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) (recognizing that generally "allegations of fraud based on information and belief do not satisfy Rule 9(b)"); *United States v. Ctr. for Diagnostic Imaging, Inc.*, 787 F. Supp. 2d 1213, 1221 (W.D. Wash. 2011) (dismissing FCA claims based upon allegations made on "information and belief" without identifying the factual basis for the belief.). This is yet another independent reason for dismissal.

## D. Relator's Remaining State Law Claims (Count IV) Must be Dismissed.

Relator cannot succeed on her request for declaratory and injunctive relief under IFPA (Count IV) because she has already dismissed her substantive IFPA

claims (Count II) and the allegations upon which her request was based. *See* ECF No. 35. Accordingly, the Court should dismiss Count IV.[13]

### E.    The Court Should Dismiss the FAC with Prejudice.

Allowing a third amendment of Relator's complaint would be futile because, as shown above, the "public disclosure bar" prevents her from proceeding and her allegations are based on fundamentally flawed premises. Since filing this lawsuit, Relator has had over two years to investigate the facts necessary to support her claims and has already amended her complaint. Multiple state and federal agencies have also investigated her allegations, and each has declined to intervene. Yet, despite the time, resources, and opportunities afforded to Relator, she cannot state any viable claim for relief or plead any claim with particularity. Because there is no likelihood that additional amendment could overcome the public disclosure bar or cure the fatal deficiencies outlined above, and thus any further amendments would be futile, the FAC should be dismissed with prejudice. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998).

## V.    <u>CONCLUSION</u>

For the foregoing reasons, Moving Defendants respectfully request that the Court grant their Motion to Dismiss and dismiss Relator's First Amended Complaint with prejudice.

Dated:  January 7, 2020

**ALSTON & BIRD LLP**

By:  /s/ Kimberly K. Chemerinsky

Attorneys for Moving Defendants
**STANFORD HEALTH CARE, STANFORD HEALTH CARE ADVANTAGE, THE LELAND STANFORD JUNIOR UNIVERSITY, DEBRA ZUMWALT**

---

[13] Furthermore, even if Relator could state a claim for relief under Count IV, which she cannot, those claims should still be dismissed for lack of supplemental jurisdiction. *See Wade v. Regional Credit Ass'n*, 87 F.3d 1098, 1101 (9th Cir. 1996); *see also DJO Glob. Inc.*, 48 F. Supp. 3d at 1410 (declining to exercise supplemental jurisdiction over state law claims when granting motion to dismiss FCA claim), *aff'd sub nom. United States v. DJO Glob., Inc.*, 678 F. App'x 594 (9th Cir. 2017).

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

**CERTIFICATE OF SERVICE**

I hereby certify that on January 7, 2020, I caused a copy of the **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT** to be served upon the following counsel and parties in interest via the Court's CM/ECF system and UPS overnight delivery:

Gloria Juarez, Esq.
Law Offices of Gloria Juarez
26081 Merit Circle, Suite 112
Laguna Hills, CA 92653

**Counsel for Relator**

Frank D. Kortum
Assistant United States Attorney
Room 7516, Federal Building
300 N. Los Angeles St.
Los Angeles, CA 90012

**Counsel for the United States of America**

 /s/   *Sean Crain*
Counsel for Moving Defendants

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT