1  NICOLA T. HANNA
   United States Attorney
2  DAVID M. HARRIS
   Assistant United States Attorney
3  Chief, Civil Division
   DAVID K. BARRETT
4  Assistant United States Attorney
   Chief, Civil Fraud Section
5  FRANK D. KORTUM
   Assistant United States Attorney
6  California State Bar No. 110984
        Room 7516, Federal Building
7       300 N. Los Angeles Street
        Los Angeles, California 90012
8       Tel: (213) 894-6841
        Fax: (213) 894-7819
9       Email: frank.kortum@usdoj.gov
   Attorneys for the
10 United States of America

11                UNITED STATES DISTRICT COURT

12             FOR THE CENTRAL DISTRICT OF CALIFORNIA

13                        WESTERN DIVISION

| | |
|---|---|
| 14 UNITED STATES OF AMERICA AND STATE OF CALIFORNIA *ex rel.* 15 EMILY ROE, 16    Plaintiffs, 17       v. 18 STANFORD HEALTHCARE BILLING OFFICE, *et al.*, 19    Defendants. | No. CV 17-08726-DSF-AFMx  STATEMENT OF INTEREST OF THE UNITED STATES REGARDING DEFENDANTS' MOTION TO DISMISS  Date: February 10, 2020 Time: 1:30 p.m. Ctrm.: 7D (350 W. 1st Street) |

## I. INTRODUCTION

The United States of America (the "government" or the "United States") files this Statement of Interest ("SOI") pursuant to 28 U.S.C. § 517[1] for the purpose of responding to certain arguments made by the defendants in their "Memorandum of Points and Authorities in Support of Motion to Dismiss First Amended Complaint" (Dkt. 42-1 (the "Motion")). The Motion seeks the dismissal of relator's First Amended Complaint ("FAC"), which she filed pursuant to the *qui tam* provisions of the False Claims Act ("FCA"), 31 U.S.C. § 3730. As explained below,

1. The Court should not interpret the government's declination to intervene in this action as a comment on the merits of relator's allegations; and
2. To the extent the Court determines that dismissal of the FAC is appropriate, the dismissal should be without prejudice to the United States.

## II. THE COURT SHOULD NOT INTERPRET THE GOVERNMENT'S DECLINATION AS A COMMENT ON THE MERITS OF RELATOR'S ALLEGATIONS

Defendants suggest incorrectly that non-intervention by the government somehow indicates a lack of merit to relator's allegations (or is otherwise relevant to the issues before the Court). *See* Motion at 1:23-25 (United States has "investigated Relator's baseless allegations and justifiably declined to intervene . . . ."); *see also, e.g., id.* at 2:8-9 (suggesting that relator filed her FAC in the face of "the government's disinterest in her allegations . . . .").

---

[1] 28 U.S.C. § 517 provides in relevant part that

> . . . any officer of the Department of Justice[] may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States, or in a court of a State, or to attend to any other interest of the United States.

Section 517 provides "sufficient authority" for the United States to file an SOI in a case filed under the *qui tam* provisions of the FCA, "despite not intervening . . . ." *United States ex rel. Calilung v. Ormat Industries, Inc.*, No. 3:14-cv-00325-RCJ-VPC, 2015 WL 1321029 at *6 n.9 (D. Nev. March 24, 2015).

2

Courts "do not assume that in each instance in which the government declines intervention in an FCA case, it does so because it considers the evidence of wrongdoing insufficient or the *qui tam* relator's allegations [of] fraud to be without merit. In any given case, the government may have a host of reasons for not pursuing a claim . . . ." *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350. 1360 n.17 (11th Cir. 2006). The government's "absence from the fray" thus does not mean that the relator's claims lack merit. *See id.*; *see also United States ex rel. DeCarlo v. Kiewit/AFC Enterprises*, 937 F.Supp. 1039, 1047 (S.D.N.Y. 1996) (noting government's potential interest in declined action). Declination thus signals no more (and no less) than that the United States is not intervening.

There is accordingly "no reason to presume that a decision by the Justice Department not to assume control of the suit is a commentary on its merits. The Justice Department may have myriad reasons for permitting the private suit to go forward . . . ." *United States ex rel. Chandler v. Cook County*, 277 F.3d 969, 974 n.5 (7th Cir. 2002). *aff'd on other grounds*, 538 U.S. 119 (2003). "Indeed, assuming [that] the government looked unfavorably upon each qui tam action in which it did not intervene would seem antithetical to the purpose of the qui tam provision--to encourage private parties to litigate on behalf of the government." *United States ex rel. El-Amin v. George Washington University*, 533 F. Supp. 2d 12 (D.D.C. 2008); *see also id.* at 22 (government's investigation and/or inaction could not be used "as evidence of how the government appraised the merits of the relator's case" because absent "evidence tending to show the actual reason the government elected not to intervene . . . the simple fact that the government did not intervene has no probative value and is not relevant"); *Anderson v. McTish, Kunkle & Associates*, No. 4:CV-04-754, 2006 WL 1985762 at *1 n.1 (M.D. Pa. July 13, 2006) (the court is "not permitted to draw any inference from the decision of the United States not to intervene in this case").

//

3

## III. ANY DISMISSAL SHOULD BE WITHOUT PREJUDICE TO THE GOVERNMENT

Defendants assert that the Court "should dismiss the FAC with prejudice." Motion at 25:3. To the extent defendants attempt to support this assertion with an argument that the government has "declined to intervene" (*id.* at 25:8-9), their assertion is without merit because, as discussed above, the Court should not interpret the government's declination as a comment on the merits of the FAC.

To the extent the Court determines that other grounds set forth in the Motion justify dismissal, the government requests that dismissal be without prejudice to the United States to avoid harming the government's interests in this matter. Pursuant to the FCA, a relator files his or her complaint on behalf of the United States and, once the United States has notified the Court that it declines to pursue relator's allegations, relator is free to pursue them on her own. 31 U.S.C. § 3730. Under such circumstances, the United States neither files the complaint that initiated the action nor does it serve the complaint on defendants. Because the United States has no part in preparing such complaints, it should not be prejudiced if a relator has failed to plead his or her allegations sufficiently to meet the requirements of Rule 9(b) of the Federal Rules of Civil Procedure. Accordingly, where a court grants a defendant's motion to dismiss claims in a *qui tam* action in which, as in this case, the United States has declined to intervene, such dismissals are routinely without prejudice to the United States. *See, e.g., U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 967 (9th Cir. 1999) (reporting that dismissal of relator's complaint on defendant's motion to dismiss was with prejudice to relator and without prejudice to the United States).[2] Indeed,

---

[2] *See also Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1063 (11th Cir. 2015) ("modify[ing] the judgment of dismissal to be without prejudice with respect to the government"); *U.S. ex rel. Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 454-56 (5th Cir. 2005) ("[D]ismissal with prejudice as to the United States was unwarranted where . . . the relator's claims were dismissed on a Rule 12(b)(6) motion based on a lack of specificity in the complaint as required by Rule 9(b)"); *U.S. ex rel. Pilon v. Martin Marietta Corp.*, 60 F.3d 995, 1000 & n.6 (2d Cir. 1995) (affirming dismissal of relator's

4

dismissing any part of relator's complaint with prejudice to the United States would harm the government, as it would provide grounds for a defendant to argue, albeit incorrectly, that such a dismissal precludes future actions by the United States against the defendant. Such a dismissal would therefore fail to accord with the purpose of the federal FCA *qui tam* provisions, which exist to assist the United States in pursuing fraud (and not to hinder it).

The preclusive effect of a dismissal with prejudice to the United States is of particular concern where, as here, there has been no adjudication of the merits. A decision by the United States not to intervene in a matter does not amount to an admission by the United States that it has suffered no injury. *U.S. ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 455 (5th Cir. 2005). Rather, the FCA allows the United States to decline to intervene for a variety of reasons, and therefore expressly provides the United States with the opportunity to intervene later in a previously declined matter for "good cause." 31 U.S.C. § 3730(c)(3). Accordingly, in the event that this Court dismisses the FAC, the United States requests that such dismissal be without prejudice to the United States.

## IV. CONCLUSION

For the foregoing reasons, the United States respectfully suggests that (1) the Court should not interpret the government's declination as a comment on the merits of

---

complaint for failure to comply with the federal FCA's requirement that *qui tam* complaints be filed under seal but noting that the Government could proceed with the claims against the defendants if it so chose); *U.S. ex rel. Barrett v. Columbia/HCA Healthcare Corp.*, 251 F.Supp.2d 28, 40 (D.D.C. 2003) (granting defendant's motion to dismiss in part with prejudice to the relator but without prejudice to the United States).

relator's allegations; and (2) any dismissal should be without prejudice to the United States.

Dated: January 21, 2020

Respectfully submitted,

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DAVID K. BARRETT
Assistant United States Attorney
Chief, Civil Fraud Section


/s/ *Frank D. Kortum*
FRANK D. KORTUM
Assistant United States Attorney

Attorneys for the
United States of America