Gloria Juarez, California State Bar No. 109115
**LAW OFFICES OF GLORIA JUAREZ**
P.O. Box 4591
Montebello, CA  90640-9310
Tel: 213-598-4439
Fax: 714-919-0254
Email: gloria@thegjlaw.com
	tootsieglo@sbcglobal.net
ATTORNEYS FOR RELATOR EMILY ROE

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA; and THE STATE OF CALIFORNIA; *ex. Relator* Emily Roe., an individual; Plaintiffs, <br><br> vs. <br><br> STANFORD HEALTHCARE BILLING DEPARTMENT, STANFORD HEALTH CARE (FORMERLY KNOWN AS STANFORD HOSPITALS AND CLINICS), DR. FREDERICK DIRBAS, DEBRA ZUMWALT, THE BOARD OF DIRECTORS OF THE STANFORD HEALTH CARE, THE BOARD OF DIRECTORS OF THE LUCILE SALTER PACKARD CHILDREN'S HOSPITAL AT STANFORD, THE LELAND JUNIOR UNIVERSITY, THE BOARD OF TRUSTEES OF STANFORD UNIVERSITY, STANFORD HEALTH CARE ADVANTAGE, and DOES 1-10, inclusive, <br><br>                        Defendants. | **Case No.: CV17-08726-DSF(AFMx)** <br> JUDGE:  Hon. Dale S. Fischer <br><br> **RELATOR'S EVIDENTIARY OBJECTIONS TO DEFENDANTS' REPLY TO MOTION TO DISMISS AND DECLARATION OF PRO HAC VICE NON-RESIDENT ATTORNEY FRANK SHEEDER** <br><br><br> HEARING DATE: February 10, 2020 <br> TIME:             1:30 p.m. <br> CTRM:     7D (First Street Courthouse) <br>            350 West 1st Street <br>            Los Angeles, CA 90012 <br><br> Complaint Filed:          Dec. 4, 2017 <br> First Amended Complaint: June 22, 2018 <br> FAC *Unsealed*:             July 30, 2019 |

1

COMES NOW Relator Emily Roe and respectfully submits the herewith Evidentiary Objections to the supplemental Declaration of *pro hac vice* Defense counsel Frank Sheeder and Exhibits thereto as proffered in the Reply to Defendants' Motion to Dismiss.

| No. | Defendants' Evidence or Statement | Objections |
|---|---|---|
| 1 | Declaration of Non-Resident *Pro Hac Vice* Defense Counsel Frank Sheeder dated Jan. 27, 2020 (Docket No. 52, #1) ¶¶1-25 and Exhibits thereto. | **Grounds for Objection:** Fed. R. Evid. 401, 402, 403, and 611.<br>**RELATOR OBJECTS TO THE DECLARATION OF FRANK SHEEDER AND NEW EVIDENCE PROFFERED IN DEFENDANTS' REPLY WHICH ARE AKIN TO A LATE REPLY AND THE COURT MAY DISREGARD THE "SUPPLEMENTAL" AFFIDAVIT AND EVIDENCE.**<br>Defendants appear to have at best, misused the reply affidavit and brief. Notably, in their haste to file their 11th hour furtive Motion to Dismiss on January 7, 2020, Defendants failed to submit *not a single* declaration with their moving papers. (*See* Motion, Dkt No. 42)<br> Defendants also have failed to make "good cause shown" as to an untimely filing of their new 45-page Declaration.<br> In arguably having squandered the last word (on filing the Motion), Defendants' *pro hac vice* counsel Mr. Sheeder has newly now proffered a no |

| | | | |
|---|---|---|---|
| | | | less than 45-page declaration and exhibits thereto in his Reply brief. (*See* Dkt No. 52) |
| | | | Defendants failed to properly request leave of this court to file supplemental evidence in Reply. It is commonly held by courts that it is inappropriate for a party to provide additional "facts" in reply papers, as courts want to give each party an opportunity to properly respond to the facts alleged in the original papers. It would otherwise be unfair to the parties, as done here to Relator. |
| | | | Moreover, Defendants did not seek leave of court to file their supplemental affidavit which was apparently either omitted or overlooked entirely from their moving papers. |
| | | | Thus, the Court is respectfully asked to sustain Objection No. 1, and strike or disregard Defendants' Jan. 27, 2020 Declaration. |
| | 2 | Defendants' Jan. 27, 2020 Brief (Reply 2:9-15) argues the following which has never been part of the Motion to Dismiss or Opposition thereto:<br><br>*"The United States has filed a Statement of Interest pointing out only that there should be no inference from its declinations and that any dismissal should be without prejudice to the government. Moving* | **Grounds for Objection:** Fed. R. Evid. 401, 402, 403, and 611.<br>**RELATOR OBJECTS TO DEFENDANTS' REPLY BRIEF IN PORTIONS OF DIRECT REFERENCE TO THE GOVERNMENT'S "STATEMENT OF INTEREST" FILED ON JANUARY 21, 2020, THREE DAYS AFTER RELATOR'S OPPOSITION** |

3
RELATOR'S EVIDENTIARY OBJECTIONS TO DEFENDANTS' REPLY AND
SUPPLEMENTAL AFFIDAVIT TO MOTION TO DISMISS

| | | |
|---|---|---|
| | *Defendants agree, and request that the Court dismiss the FAC with prejudice to Relator and without prejudice to the United States or State of California. Importantly, the Statement of Interest does not take issue with any other aspect of the Motion."* | WAS FILED. (*SEE* DOCKET NO. 50) <br><br> Moreover, Defendants' pleading substantially violates the rules of pleadings in a Rule 12(b)(6) motion with willful introduction of extrinsic evidence not relevant to moving party's position on the Motion to Dismiss. <br>  Thus, the Court is respectfully asked to sustain Objection NO. 2, and strike or disregard Defendants' Jan. 27, 2020 Reply Brief in its entirety, or the aforementioned improper portions. |
| 3 | Defendants' Jan. 27, 2020 Brief (Reply 9:16-28 and 10:1-7) argues the following new argument based on the U.S.'s new filing of a "Statement of Interest", which has never been part of the Motion to Dismiss or Opposition thereto. <br> "V. MOVING DEFENDANTS AGREE WITH THE STATEMENT OF INTEREST FILED BY THE UNITED STATES. <br> Moving Defendants agree with both points outlined in the Statement of Interest Regarding Defendants' Motion to Dismiss filed by United States in this matter on January 21, 2020 ("Statement of Interest"). *See* ECF No. 50. First, the United States suggests that the Court "should not | **Grounds for Objection:** Fed. R. Evid. 401, 402, 403, and 611. **RELATOR OBJECTS TO THE REPLY BRIEF BECAUSE DEFENDANTS EXCEEDED FAR BEYOND THE SCOPE OF A MOTION TO DISMISS WITH THEIR PLEADING CHOCKED FULL OF RHETORIC ABOUT NON-GOVERNMENT INTERVENTION WHICH ARGUABLY HAS NOTHING TO DO WITH THE "FOUR WALLS OF THE COMPLAINT".** <br>  Defendants surreptitiously injected new straw man arguments into their Reply Brief, which are at best, untimely *and* irrelevant. On point here, is the chronology: |

| | |
|---|---|
| interpret the government's declination to intervene in this action as a comment on the merits of relator's allegations." Statement of Interest 2:9-10. Moving Defendants agree." | On Jan. 7, 2020 Defendants filed their Motion to Dismiss. (*See* Dkt No. 42) On Jan. 18, 2020 Relator filed her Opposition to the Motion. (*See* Dkt No. 49) On Jan. 21, 2020 (three days later) the U.S. filed its "Statement of Interest" in this case. (*See* Dkt No. 50) On Jan. 27, 2020 Defendants filed their Motion to Dismiss. (*See* Dkt No. 52) |
| | First, At no time in Relator's pleading or the Complaint, has Relator mentioned or intimated in any manner about the government's "Statement of Interest" (hereinafter "SOI") Second, as a practical matter, the U.S.'s SOI was filed days *after* Relator's Opposition, hence there was absolutely no possibility that Relator's Opposition relied in any manner on the SOI. Thus, there is no basis for Defendants to introduce this new argument and "evidence" into a Reply Brief. Finally, for the foregoing reasons Defendants' statements are improper speculation that should not be considered by the Court. |
| | The Court should entirely disregard Defendants' attempts to bolster their litany of impermissible arguments and procedural missteps as to "government intervention". Defendants' improper attempts do not satisfy either exception to the general rule prohibiting courts from considering extrinsic material and argument when evaluating |

| | | |
|---|---|---|
| | | a motion to dismiss under 12(b)(6). Notably, the government's intervention or lack thereof has no bearing on Stanford et al.'s healthcare fraud as alleged in the First Amended Complaint (herein "FAC"). |
| | | Moreover, Defendants' Motion to Dismiss fails to comply with Rule 12(b)(6) which should be based substantially if not entirely on the allegations in the FAC. |
| | | Courts in the Ninth Circuit regularly sustain objections to evidentiary objections to improper extrinsic evidence as injected here by Defendants, when ruling on Rule 12(b)(6) motions. ("Inadmissible material contained in any document offered into evidence by either party will be and has been disregarded by the court."); *SolarCity Corp. v. Doria*, No. 16CV3085-JAH (RBB), 2018 WL. |
| | | Thus, the Court is respectfully asked to sustain Objection No. 3, and strike or disregard Defendants' Jan. 27, 2020 Reply in entirety, or portions thereof. |
| 4 | Defendants' Jan. 27, 2020 Brief (Reply 10:27-28, 11:1-28, and 12:1-10) relies on the new Declaration of Frank Sheeder offered in the Reply Brief, and which was never a part of the filed Motion to Dismiss. | **Grounds for Objection:** Fed. R. Evid. 401, 402, 403, and 611. **RELATOR OBJECTS TO THE DECLARATION OF FRANK SHEEDER AND NEW EVIDENCE PROFFERED IN DEFENDANTS' REPLY WHICH ARE AKIN TO A** |

| | |
|---|---|
| *Defendant's Reply:* "As demonstrated in the Sheeder Declaration, Moving Defendants' counsel proactively reached out to Relator's counsel before she attempted service on any Defendant and discussed the various bases for dismissal under Rules 8(a), 9(b), and 12(b)(6) by telephone on December 11, 2019, and again on December 16, 2019. *See id.* ¶¶ 2-11. Moving Defendants' counsel also confirmed the conferences multiple times in writing after Relator claimed to have served Moving Defendants. *See id.* ¶¶ 15-17. Relator's counsel did not raise any concerns or questions about the conferences on the Motion or object to any of the multiple written confirmations of those conferences. *See id.* ¶ 18." | **LATE REPLY AND THE COURT MAY DISREGARD THE "SUPPLEMENTAL" AFFIDAVIT AND EVIDENCE.**<br><br>Defendants appear to have at best, misused the reply affidavit and brief. Notably, in their haste to file their 11th hour furtive Motion to Dismiss on January 7, 2020, Defendants failed to submit *not a single* declaration with their moving papers. (*See* Motion, Dkt No. 42)<br><br>However, in arguably having squandered the last word, Defendants' *pro hac vice* counsel Mr. Sheeder has newly proffered a no less than 45page declaration and exhibits thereto in his Reply brief. (*See* Dkt No. 52)<br><br>It is commonly held by courts that it is inappropriate for either party to provide additional "facts" in reply papers, as courts want to give each party an opportunity to properly respond to the facts alleged in the original papers. It would otherwise be unfair to the parties, as done here to Relator.<br><br>Moreover, Defendants did not seek leave of court to file their supplemental affidavit which was apparently either omitted or overlooked entirely from their moving papers.<br><br>Thus, the Court is respectfully asked to sustain Objection No. 4, and strike or |

| | | | |
|---|---|---|---|
| | | | disregard Defendants' Jan. 27, 2020 Declaration. |
| | 5 | Declaration of Non-Resident *Pro Hac Vice* Defense Counsel Frank Sheeder dated Jan. 27, 2020 (Docket No. 52, #1) ¶25 and Exhibit thereto.<br><br>*"Most recently, on January 22, 2020, Ms. Juarez sent an email to me indicating that she is "preparing to imminently file a Rule 11(b) motion for sanctions based on our prior correspondence as to basis." Attached hereto as* **Exhibit L** *is a true and correct copy of this communication."* | **Grounds for Objection:** Fed. R. Evid. 401, 402, and 403.<br>**RELATOR OBJECTS TO ¶25 OF THE DECLARATION OF FRANK SHEEDER AS IRRELEVANT TO THE INSTANT MOTION.**<br>    Defendants appear to have at best, misused the reply affidavit and brief. Notably, in their haste to file their 11th hour furtive Motion to Dismiss on January 7, 2020, Defendants failed to submit *not a single* declaration with their moving papers. (*See* Motion, Dkt No. 42)<br>    However, in arguably having squandered the last word, Defendants' *pro hac vice* counsel Mr. Sheeder has newly proffered a no less than 45page declaration and exhibits thereto in his Reply brief. (*See* Dkt No. 52)<br>    In particular, ¶ 25 of Mr. Sheeder's declaration is as to a Jan. 22, 2020 dated email which is neither relevant nor timely as related to a Jan. 7, 2020 filed Motion to Dismiss.<br>    It is commonly held by courts that it is inappropriate for either party to provide additional "facts" in reply papers, as courts want to give each party an opportunity to properly respond to the facts alleged in the original papers. |

| | |
|---|---|
| | It would otherwise be unfair to the parties, as is done here to Relator.<br>Moreover, Defendants did not seek leave of court to file their supplemental affidavit which was apparently either omitted or overlooked entirely from their moving papers.<br>Thus, the Court is respectfully asked to sustain Objection No. 5, and strike or disregard ¶25 of Defendants' Jan. 27, 2020 dated Declaration. |

In the alternative if the Court is otherwise inclined to deny Relator's Objections as lodged herein, it is requested that the court continue this hearing date for 3 weeks to March 2, 2020 and grant leave for Relator to file a "sur-reply" to address the procedural defects and mischaracterization in Defendants' Reply Brief and Declaration to their Motion to Dismiss.

RESPECTFULLY SUBMITTED on this 31st day of January 2020.

                s/ Gloria Juarez
          _____

          GLORIA JUAREZ
          **LAW OFFICE OF GLORIA JUAREZ**
          Attorneys for Relator, Emily Roe

9
RELATOR'S EVIDENTIARY OBJECTIONS TO DEFENDANTS' REPLY AND SUPPLEMENTAL AFFIDAVIT TO MOTION TO DISMISS