# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES ex rel, EMILY DOE, et al.<br>    Plaintiffs,<br><br>        v.<br><br>STANFORD HEALTHCARE BILLING DEPARTMENT, et al.,<br>    Defendants. | CV 17-8726 DSF (AFMx)<br><br>Order GRANTING Motion to Dismiss (Dkt. No. 42) |

    On behalf of the United States and the State of California, Relator Emily Doe has brought this action under the federal False Claims Act and the California False Claims Act against Stanford Health Care and a variety of other Stanford-related entities and individuals. Defendants now move to dismiss the first amended complaint (FAC). The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for February 10, 2020 is removed from the Court's calendar.

    The details of the FAC's fraud allegations are almost exclusively supported by Relator's personal experience with Stanford Health Care when she underwent surgery at Stanford Hospital. However, Relator's surgery was covered by private insurance, not Medicare, so there was no claim made to any government agency for the surgery. To overcome this deficiency, Relator relies on extensive evidence obtained from Medicare via a FOIA request. However, information acquired via a FOIA request qualifies as public disclosure under 31 U.S.C. § 3730(e)(4)(A). Schindler Elevator Corp. v. U.S. ex rel. Kirk, 563 U.S. 401 (2011). Because the only connections between Relator's private

insurance experience and Medicare are based on previously publicly disclosed information, Relator must demonstrate that she is an "original source." An original source is:

> an individual who either (1) prior to a public disclosure under subsection (e)(4)(a), has voluntarily disclosed to the Government the information on which allegations or transactions in a claim are based, or (2) who has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions, and who has voluntarily provided the information to the Government before filing an action under this section.

31 U.S.C.A. § 3730(e)(4)(B).

Only the second original source definition could apply to Relator because she did not disclose any of the Medicare information at issue to the government. Relator has independent information relevant to the allegations – she has personal experience with Stanford that gives her the context for understanding the (alleged) falsity of the various claims made to the government. In other words, while the Medicare claim information came from the government and is essential to Relator's claims, the independent information held by Relator helps show the falsity of the claims.

The question then is whether the independent information "materially adds" to the information acquired from the government. This analysis varies with the particular alleged "scheme." Relator's experiences do not appear to add anything to the allegations of improper added billing for office visits that should have been bundled with the surgical cost. These allegations appear to be entirely based on a review of Medicare records. Relator's independent information adds something to the allegations relating to provider upcharging – i.e., charging M.D. rates for PA services – and overcharging pathology services, but the Court finds that the allegations in the FAC are not sufficient to show that the independent information "materially adds" to the public information. The only independent evidence alleged in the complaint appears to be Relator's single surgery experience at

Stanford. Based on the current allegations in the FAC, the Court cannot say that this "materially adds" to the government information because little can be inferred from a single instance of incorrect billing.

In addition to the public disclosure bar, the FAC falls short in its allegations in other ways. It is not clear why most of the Defendants are named in the case. Stanford Health Care, Dr. Frederick Dirbas, and Debra Zumwalt are the only Defendants that are directly discussed in the FAC. Dirbas is alleged to be directly connected to the providing of services at Stanford, but there are inadequate allegations that he was personally making false Medicare billing decisions. Zumwalt is alleged to be a compliance officer, but the FAC provides no detail of Zumwalt's connection to making false claims. The other entities appear to be thrown into the complaint for no particular reason; there should either be allegations against them or they should be dismissed.

The FAC is also generally poorly organized and extremely repetitive. Some things are extensively discussed in the FAC but it is not clear that they form the basis for any of the claims, e.g., alleged overcharging for pathology services. Plaintiff would be well-served by more attention to making her allegations more coherent and better organized if she chooses to amend.

The motion to dismiss is GRANTED. The FAC is dismissed without prejudice and with leave to amend consistent with this Order. An amended complaint must be filed and served no later than March 2, 2020. Failure to file and serve by that date will waive the right to do so. The Court does not grant leave to add new defendants or new claims. Leave to add defendants or new claims must be sought by a separate, properly noticed motion. Defendant's response will be due March 30, 2020.

IT IS SO ORDERED.

Date: 2-4-2020

_____
Dale S. Fischer
United States District Judge