KIMBERLY K. CHEMERINSKY (State Bar No. 277637)
**ALSTON & BIRD LLP**
333 S. Hope Street, 16th Floor
Los Angeles, CA  90071
Telephone:  213-576-1000
Facsimile:   213-576-1100
Email:       kim.chemerinsky@alston.com

FRANK E. SHEEDER III (Admitted *Pro Hac Vice*)
**ALSTON & BIRD LLP**
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
Telephone:  214-922-3400
Facsimile:   214-922-3899
E-mail:       frank.sheeder@alston.com

Attorneys for Moving Defendants
**STANFORD HEALTH CARE, STANFORD HEALTH CARE ADVANTAGE, THE LELAND STANFORD JUNIOR UNIVERSITY (A/K/A THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY), and DEBRA ZUMWALT, and FREDERICK DIRBAS**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>and<br><br>THE STATE OF CALIFORNIA<br>*Ex. Relator* Emily Roe., an individual;<br><br>Plaintiffs,<br><br>v.<br><br>STANFORD HEALTHCARE BILLING DEPARTMENT, STANFORD HEALTH CARE (FORMERLY KNOWN AS STANFORD HOSPITALS AND CLINICS), DR. FREDERICK DIRBAS, DEBRA ZUMWALT, THE BOARD OF DIRECTORS OF THE STANFORD HEALTH CARE, THE BOARD OF DIRECTORS OF THE LUCILE SALTER PACKARD CHILDREN'S HOSPITAL AT STANFORD, THE LELAND STANFORD JUNIOR UNIVERSITY, THE BOARD OF TRUSTEES OF STANFORD UNIVERSITY, STANFORD HEALTH CARE ADVANTAGE and DOES 1-10, inclusive.<br><br>Defendants. | Case No. 2:17-cv-08726-DSF-AFM<br>Assigned to the Honorable Dale S. Fischer, [Courtroom 7D]<br><br>**DECLARATION OF FRANK E. SHEEDER III IN SUPPORT OF MOVING DEFENDANTS' OPPOSITION TO RELATOR'S MOTION FOR COSTS PURSUANT TO FED. R. CIV. P. RULE 4(D)(2)**<br><br>[Filed concurrently with Moving Defendants' Opposition to Relator's Motion for Costs Pursuant to Fed. Civ. P. Rule 4(d)(2)]<br><br>Hearing<br>Date: July 13, 2020<br>Time: 1:30 p.m.<br>Ctrm: First Street Courthouse<br>    Courtroom 7D<br>    350 West 1st Street<br>    Los Angeles, CA 90012<br><br>Complaint Filed:  December 4, 2017<br>First Am. Complaint:  June 22, 2018<br>Second Am. Complaint:  March 2, 2020 |

I, Frank E. Sheeder III, declare under penalty of perjury as follows:

1.      I am an attorney licensed to practice law in Texas since 1987, admitted *pro hac vice* before this Court, and counsel of record in this matter for Defendants Stanford Health Care ("SHC"), Stanford Health Care Advantage ("SHCA"), The Leland Stanford Junior University (a/k/a The Board of Trustees of the Leland Stanford Junior University) (the "University"), Debra Zumwalt ("Ms. Zumwalt"), and Frederick Dirbas ("Dr. Dirbas") (collectively "Moving Defendants"). I submit this declaration in support of Moving Defendants' Opposition to Relator's Motion for Costs Pursuant to Fed. R. Civ. P. Rule 4(d)(2).  The facts set forth herein are based on my personal knowledge and, if called upon to do so, I would competently testify thereto.

2.      On December 26, 2019, Ms. Juarez, counsel for Relator in this matter, wrote to me asserting that Relator properly completed service of process on SHC, SHCA, the University, and Ms. Zumwalt effective December 17, 2019.  A true and correct copy of this email is attached as **Exhibit A,** but the attachment to that email is intentionally omitted for brevity as it is already available as ECF No. 16.

3.      On numerous occasions before receiving her December 26, 2019, communication, I had proposed that Ms. Juarez issue Rule 4(d) requests for waiver of service of summons to SHC, SHCA, the University, and Ms. Zumwalt, as demonstrated in my January 27, 2020, Declaration of Frank E. Sheeder III, in Support of Moving Defendants' Reply in Support of Motion to Dismiss First Amended Complaint (ECF No. 52-1), which is incorporated herein.

4.      At no time before or after Ms. Juarez's December 26, 2019, communication did Relator or Ms. Juarez send me a Waiver of Service of Summons, any of the forms or language required under Rule 4(d), or any communication that contained the information outlined in Rule 4(d)(1).  I am not aware of Relator or Ms. Juarez ever sending that information to any Defendant in this matter, nor have they

DECLARATION OF FRANK E. SHEEDER III IN SUPPORT OF MOVING DEFENDANTS' OPPOSITION TO RELATOR'S MOTION FOR COSTS PURSUANT TO FED. CIV. P. RULE 4(D)(2)

attached any such proof to Relator's Motion for Costs Pursuant to Fed. R. Civ. P. Rule 4(d)(2) (ECF No. 69) (the "Motion").

5.     Ms. Juarez filed the Motion without ever having conferred with me about the Motion or its anticipated substance.  Ms. Juarez had never suggested that her client was entitled to service costs under Rule 4(d) or even mentioned her intent to file such a motion.  I first learned that Relator intended to file the Motion when I received ECF notification that it had been filed.

6.     On June 12, 2020, I wrote to Ms. Juarez to remind her that she had failed to confer prior to filing the Motion, explain why her client had no good faith legal basis to seek costs under Rule 4(d), to warn her that the Motion and her supporting declaration contained many objective misstatements that could be the basis for sanctions against her and her client, and demand that she withdraw the Motion.  A true and correct copy of this communication is attached as **Exhibit B**.

7.     On June 18, 2020, I wrote Ms. Juarez and again demanded that she withdraw the Motion.  A true and correct copy of this communication is attached as **Exhibit C**.

8.     Ms. Juarez has not withdrawn the Motion or corrected her declaration.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 22nd day of June 2020, in Dallas, Texas.


_/s/Frank E. Sheeder III_
                                    Frank E. Sheeder III

DECLARATION OF FRANK E. SHEEDER III IN SUPPORT OF MOVING DEFENDANTS' OPPOSITION TO RELATOR'S MOTION FOR COSTS PURSUANT TO FED. R. CIV. P. RULE 4(D)(2)

# Exhibit A

| From: | GLORIA JUAREZ, ESQ. <gloria@thegjlaw.com> |
|---|---|
| Sent: | Thursday, December 26, 2019 5:36 PM |
| To: | Sheeder, Frank |
| Cc: | Gloria Juarez; Smyer, Brad; jd 121212 |
| Subject: | STANFORD Fw: service of process United States of America, et al. vs. Stanford |
| Attachments: | 18-6-22 conformed FAC stanford &EXH  561 pages MASTER (2).pdf |

**EXTERNAL SENDER – Proceed with caution**

December 26, 2019

Mr. Frank Sheeder
Attorney for Stanford Defendants


Dear Frank,

In follow up to my office's earlier correspondence addressed to you and Brad which is incorporated by reference herein, we did not receive or review any further dispositive written correspondence from you. We thus *intended* to email you on December 20, 2019 (*inset below for transparency*) as to the service matter. I apologize for any inadvertence in light of the holidays and limited end of year staffing in forwarding this correspondence as intended last week.

As you recall,  Judge Hon. Fisher had an OSC set in this matter for December 6, 2019 for Plaintiffs to proceed with prosecuting the case. We were therefore under court order by Dec. 6th.
Therefore,  Stanford service of process was ordered before you contacted our office.

As you may know, our third party service process emailed us only late on December 19, 2019 moments before the close of business that certain Stanford Defendants were successfully served on 12/17/19.
We therefore drafted an email to you shortly thereafter on December 20th to meet and confer on the service issue. Our intended discussion was in the spirit of cooperation that Plaintiffs could agree to *not* file the proof of service in anticipation of discussion with your office as to the proposed waiver. However, we had not at that time received written correspondence from you on that issue.

Accordingly, in good faith, we have not yet filed the 12/17/2019 proof of service of the First Amended Complaint with the court, and have the opportunity to withhold the same pending furtherance of the meet and confer. Although we incurred significant costs and fees in effectuating service, and there were additional costs incurred because of lack of cooperation by several of your clients, we would have no obligation to file those effectuated  POS with the court.

Please find attached hereto a *courtesy* electronic copy of the FAC and Exhibits thereto.  While we can certainly stipulate to procedurally unseal the exhibits publicly now, we humbly propose that it may be in your clients' favor to not unseal the Exhibits should parties effectively reach a favorable case settlement before active litigation begins.  Accordingly, as set forth in our December 6, 2019 Statement to the Court, we had proposed seeking leave of court to re-seal the FAC should the action be dismissed by all parties.   As we proposed previously and you've agreed for the week of January 6th, we would agree to thrust meaningful discussion as to the allegations in the FAC, as well as your clients' past and future billing compliance obligations. Unless we receive timely written communication from you stating otherwise, we will need to file the 12/17/2019 POS with the court before the end of the year.

4

Please let us know how we should proceed.  Thank you in advance for your anticipated cooperation.

Best Wishes and Happy Holidays!



**Gloria Juarez**
**LAW OFFICES OF GLORIA JUAREZ**

ORANGE COUNTY OFFICE
26081 Merit Circle , Suite 112
Laguna Hills, CA 92653
Tel. 213-598-4439
Facsimile 714-919-0254

---------- Forwarded message ---------
From:
Date: Fri, Dec 20, 2019 at 2:02 PM

We just received this email from Onelegal that personal service was successfully effectuated on the  Stanford Defendants.
Thank you

----- Forwarded Message -----
**From:** noreply@
**Sent:** Thursday, December 19, 2019, 04:45:27 PM PST
**Subject:** Successful service of process The United States of America, et al. vs. Stanford Healthcare

We have successfully served your documents for          The United States of America, et al. vs. Stanford Healthcare Billing          :
Department, et al.

| Attempt Date | Attempt Time | Address | Status | Manner of Service | Desc |
|---|---|---|---|---|---|
| 12/17/2019 | 12:14 PM | Bldg. 170, 3rd Floor | | Individual Substitute Service | |

**What happens next**
We are processing your proof of service. When it's available, you'll receive it by email. This typically takes 3-5 business days.

If you have questions, please email us.

Thank you. We appreciate your business.

Sincerely,

----- Forwarded Message -----
 Status of Orders placed - 14171340, 14171360, 14166162, 14171432

Good morning,

I wanted to update you on the status of the above orders placed for service.   C
served.   The following orders below were not served as service was refused b
told the server the entities in these orders were not titled correctly.  No other
what the issue was.

 I have placed these four orders on hold at this point to allow you time to provi
these orders, if you decide to not move ahead with the orders below then plea
the non-service report to the agent, per your instructions.  I have also prepare
which were served – again, per your instructions.

Please let me know how you wish to proceed with the orders below by Thursd
non-served.  Thank you!

Orders #14171306, (Stanford Healthcare Billing Department),

#14171478, (The Board of Trustees of Stanford University),

#14171417 (The Board of Directors of the Lucile Salter Packard Children's Hosp

#14171388 (The Board of Directors of the Stanford Health Care)

--

# GJ

Gloria Juarez
LAW OFFICES OF GLORIA JUAREZ

**ORANGE COUNTY OFFICE**
**26081 Merit Circle , Suite 112**
**Laguna Hills, CA 92653**
**Tel. 213-598-4439**
Facsimile 714-919-0254

4

7

**Email Attachment (Already on File as ECF No. 16) Intentionally Omitted for Brevity**

# Exhibit B

**From:**            Sheeder, Frank
**Sent:**            Friday, June 12, 2020 5:12 PM
**To:**              Gloria Juarez; GLORIA JUAREZ, ESQ.
**Subject:**         US ex Rel Roe
**Attachments:**     20200612 Letter to G. Juarez.pdf

Gloria,

Please see the attached correspondence.

Best regards,
Frank

Frank Sheeder, Partner
**ALSTON & BIRD**
2200 Ross Ave., Suite 2300
Dallas, TX 75201

O (214) 922-3420
C (214) 208-9900

Frank.Sheeder@Alston.com

9

# ALSTON & BIRD

Chase Tower
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
214-922-3400 | Fax: 214-922-3899

June 12, 2020

Ms. Gloria Juarez, Esq.
Law Offices of Gloria Juarez
*VIA email to tootsieglo@sbcglobal.net and gloria@thegjlaw.com*

Re:     *U.S. ex rel. Roe, et al. v. Stanford Healthcare Billing Department, et al.*, 2:17-cv-08726-DSF-AFM

Dear Ms. Juarez,

As you know, we represent Stanford Health Care ("SHC"), Stanford Health Care Advantage ("SHCA"), The Leland Stanford Junior University (the "University"), Ms. Zumwalt, and, beginning after your filing of the Second Amended Complaint ("SAC"), Dr. Dirbas, in the above-referenced matter ("Moving Defendants").

On May 29, 2020, you filed an objectively frivolous "Motion for Costs of Service Pursuant to Fed. R. Civ. P. Rule [sic] 4(d)(2)" against Moving Defendants, ECF Nos. 69, 69-1, and 69-2 ("Motion for Costs").  On June 2, 2020, you emailed a copy of a draft motion for sanctions ("Motion for Sanctions") that you threatened to file if Moving Defendants did not "withdraw and seal the de-anonymized portions of [their] Motion (ECF 64) within 21 days of the date of this letter."

I write to caution you that these improper Motions are based on frivolous legal arguments and unfounded factual contentions that will establish grounds for sanctions against you and your client, as explained below, and to exhaust my clients' good faith efforts to resolve these issues before resorting to Court intervention.

**Motion for Costs**

Your client's Motion for Costs violates the Local Rules and the Court's applicable Standing Order, contains objectively false misrepresentations of fact, and ignores the plain language of Rule 4(d). Among other things:

- You have falsely certified compliance with Local Rule 7-3 despite knowing that you and I have never communicated about your intent to file such a motion.  This alone "will be grounds for sanctions" and will allow the Court to disregard your Motion under Local Rule 7-3 and paragraph 7.b. of the Court's applicable Standing Order.

- Had you conferred with me before filing the Motion for Costs, I would have reminded you that your client has no basis to make a claim for costs under Rule 4(d)(2).  As you know, Rule 4(d)(2) allows a Court to award costs that a plaintiff incurs *after* a defendant refuses to

Alston & Bird LLP                                                                                      www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

10

Ms. Gloria Juarez
June 12, 2020
Page 2

execute a waiver of service of summons that was requested in compliance with Rule 4(d)(1). Your client has no good faith claim for costs under Rule 4(d) for many reasons, including:

o *First*, as you know and as the communications attached to Motion for Costs confirm, you never "requested" that any defendant waive service of summons under Rule 4(d).  Instead, you rejected my many inquiries about a possible 4(d) waiver for SHC, Stanford Health Care Advantage, the University, and Ms. Zumwalt; initiated service of the First Amended Complaint; and then, only after you were convinced that "all Defendants have been served compliant with local rules," stated that you had "no objection" to *my* earlier inquiries about waiver of service of summons for the requested defendants.  *See* ECF No. 69-2, Ex. B, at 13 and 17.  You cannot truthfully characterize your post-service statement that you had "no objection" to my previous and then moot inquiries about waiver for these specific defendants as a request for waiver or as involving any other defendant, such as Dr. Dirbas.  You and your client's continued characterization of your communications as Rule 4(d)(1) requests to all defendants simply has no basis in fact and, as shown below, is demonstrably false based on your own filings.

o *Second*, even if your communications could be considered a "request" to waive service of summons, none of them complied with the very specific requirements you "must" follow to invoke Rule 4(d).  Among other things, your communications were not addressed to any specific defendant; were not accompanied by a copy of the complaint, 2 copies of the waiver form appended to Rule 4, and a prepaid means for returning the form; did not include the required language appended to Rule 4; did not give the defendant at least 30 days to respond before initiating service; and were not sent by U.S. mail or other reliable means.  There is no question that you never complied with Rule 4(d)(1), and the documents attached to your declaration confirm this fact.  Your client has absolutely no good faith basis for filing a motion for costs based on Rule 4(d)(2) when your own filings show that you never even attempted to comply with the plain and prerequisite language of Rule 4(d)(1).  This alone is fatal to the entire Motion for Costs and leads to the inescapable conclusion that it is simply an improper and pretextual attempt to harass my clients, cause unnecessary delay, and needlessly increase the cost of litigation.

o *Third*, not only does your client lack any arguable basis to seek costs under Rule 4(d)(2), your own declaration shows that none of the costs she seeks are even covered by that Rule.  Your client could never seek costs related to SHC, SHCA, the University, or Ms. Zumwalt because you claim to have served these defendants *before* you supposedly "requested" waiver through your "no objection" communication and because they entered appearances in this matter less than 30 days after your communication.  *See* Fed. R. Civ. P. 4(d)(1)(F) (requiring a plaintiff to wait to initiate service until at least 30 days after properly requesting waiver).  Your client also seeks cost related to service of Dr. Dirbas but, again, you initiated service before your "no objection" communications and you have yet to produce a single document showing that you ever requested that he waive service of summons, let alone a request that complies with Rule 4(d)(1).  Finally, your client is apparently

11

Ms. Gloria Juarez
June 12, 2020
Page 3

attempting to have Moving Defendants pay for service costs related to *other* defendants who are not even parties to the Motion for Costs, which is obviously improper and extends far beyond the reach of Rule 4(d)(2), which is defendant-specific.

- In addition to the complete lack of legal support for the Motion for Costs, it and the declaration you made in an effort to support it are based on other objective misrepresentations that will subject you and your client to sanctions if pursued.  For example, in paragraph 8 of your declaration you swear under oath that you wrote to me on September 13, 2019, about "a Rule 4(d) waiver for service of the Summons and Complaint." None of that is true.  Even a cursory review of the email you attach in support shows that the email is not from you, it is from someone named "JD" who purports to be your "apprentice," and the email is about "accepting service," and never mentions waiver or Rule 4(d).  You undoubtedly know that accepting service is not the same as waiving service under the specific requirements of Rule 4(d).  Even worse, the Motion for Costs and your declaration are based on the objective misrepresentation that you requested on multiple occasions that "Defendants" waive service under Rule 4(d), but, as discussed above, your own filings show otherwise.  All of your recent declarations contain numerous misstatements for which you have no good faith legal or factual basis, some of which are further elaborated below, and all of which would be the basis for sanctions against you.

**Motion for Sanctions**

Just as with your client's Motion for Costs, her proposed Motion for Sanctions does not comply with the Local Rules or the Court's applicable Standing Order, contains even more objective misrepresentations, and ignores the plain language of Rule 11.  Among other things:

- You have yet to serve your client's Motion for Sanctions as required by Rule 11(c)(2).  Rule 11(c)(2) prohibits you from *filing* a motion for sanctions until "21 days after service" of the draft motion upon the other parties in compliance with Rule 5.  I have never consented in writing to email service of non-ECF filed documents in this matter.  Thus, an email copy of your unfiled Motion for Costs does not comply with Rule 5, and the sworn statements to the contrary by you and "Arthur Long" are unquestionably false.  You cannot file your Motion for Sanctions until 21 days *after* service, which you have yet to accomplish.

- Your proposed hearing date disregards the Rules and the Court's Standing Order.  For example, in paragraph 8 of your declaration you state that your May 25, 2020, letter "gave defense more than 21 days before the hearing date of July 13, 2020 to mitigate their pleading conduct."  But Rule 11(c)(2) requires a movant to wait at least 21 days between serving and filing the draft motion; it has nothing to do with the proposed hearing date.  Furthermore, your proposed hearing date violates Local Rule 6-1 and paragraph 7.a of the Court's Standing Order, both of which require parties to file motions at least 28 days *before* the hearing date.  This means that the earliest you could set the Motion for Sanctions for hearing is 28 days after you file it, which, as explained above, is still at least 21 days out.

Alston & Bird LLP                                                                                    www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

12

Ms. Gloria Juarez
June 12, 2020
Page 4

- The Motion for Sanctions and your declaration are also based upon objective misrepresentations.  For example, in addition to the items outlined above:

  o There is no basis for your client's claim that Moving Defendants' wrongfully "de-anonymatized" her or anyone else.  First, Footnote 3 to the Rule 10 Motion included a partial name that appeared on your website and which is associated with various press releases about this matter.  This is nothing more than what you have disseminated publicly and does not supply any "de-anonymatizing" information.  Even if it did (which it does not), courts have rejected the argument that disclosure of partial names or potentially identifying information about the plaintiff eviscerates her ability to proceed anonymously.  Second, and importantly, that partial name you posted to your website does not match the name on the medical records attached to the SAC, nor do any of the names included in your client's SAC, associated with earlier correspondence we received from yet another person purporting to be your "apprentice," or listed on public FOIA records from the period in question.  I am frankly surprised that your client would attempt to ascribe wrongful intent to Moving Defendants for referencing non-privileged, non-identifying information that you have already disseminated publicly on your website and otherwise.

  o The Rule 10 motion is proper because your client has put her own identity at issue in this matter.  Your client cannot assert that she is an "original source," an expert, a fact witness, and, according to you, an advocate in this matter while simultaneously pretending that her identity is not central to her claims and credibility.

  o Your client cannot contend that her anonymity has already been determined in this matter.  The ability to proceed anonymously in federal court rests squarely within the discretion of the Court against the backdrop of Ninth Circuit authorities, not spectral references to a state court matter involving different allegations.  *See Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042-45 (9th Cir. 2010).

  o There is also absolutely no basis for your client's contention that the Rule 10 motion is barred by Rule 12(g)(2).  Rule 12(g)(2) plainly states that a "party that makes a motion *under this rule* must not make another motion *under this rule* raising a defense or objection that was available to the party but omitted from its earlier motion."  Moving Defendants' Rule 10 motion is not based on Rule 12, nor does it address issues covered by Rule 12.  Notably, the Motion for Sanctions does not cite *any* support for your client's position, nor can it.  The sole case your client cites in the context of anonymity was before the court on a motion to dismiss that was filed *after* discovery had commenced and that fact was apparently of no concern to the district court or court of appeals.  *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1064 (9th Cir. 2000); *see also, e.g.*, *Doe v. John F Kennedy Univ.*, No. C-13-01137, 2013 WL 4565061, at *1 (N.D. Cal. Aug. 27, 2013) (granting defendants' Rule 10(a) motion to dismiss that

Alston & Bird LLP                                                                                       www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

13

Ms. Gloria Juarez
June 12, 2020
Page 5

was filed in a separate document from their motion to dismiss under Rule 12(b)(6)).  Furthermore, the overwhelming weight of authorities cited in the Rule 10 motion—authorities which your client conveniently ignores in her Motion for Sanctions—establish that whether anonymity is challenged by a Rule 10 motion, a request for an order to show cause, or *sua sponte* by the court, it is a plaintiff's responsibility to satisfy the burden to proceed anonymously, not a defense or objection governed by Rule 12.  *See Kamehameha*, 596 F.3d at 1040; *Perez v. ECFC Holdings, Inc.*, No. 16-4000 DSF, 2016 WL 10988574, *1 & n.1 (C.D. Cal. Aug. 2, 2016); *Doe v. Coder*, No. C-10-4756, 2010 WL 4938282, at *1 (C.D. Cal. Nov. 30, 2010); *4 Exotic Dancers v. Spearmint Rhino*, No. CV-08-4038, 2009 WL 250054, at *1 (C.D. Cal. Jan. 29, 2009); *see also Doe ex rel. Doe v. Harris*, No. 14–cv–00802, 2014 WL 4207599, at *1 (W.D. La. Aug. 25, 2014); *Doe v. Penzato*, No. CV10-5154 MEJ, 2011 WL 1833007, at *1 (N.D. Cal. May 13, 2011); *Doe v. Texaco, Inc.*, No. C06-02820, 2006 WL 2850035, at *1-2 (N.D. Cal. Oct. 5, 2006); *Doe v. Rostker*, 89 F.R.D. 158, 163 (N.D. Cal. 1981).  Nor can your client feign surprise that Moving Defendants challenged her anonymity in response to her SAC, the first "pleading" in which she admitted that she was attempting to proceed anonymously.

o   Although not appropriate for a Motion for Sanctions, your client repeatedly asserts that Dr. Dirbas has been properly served in this matter, but the attachments to your declaration confirm just the opposite.  Exhibit H shows that Relator failed to complete personal service on Dr. Dirbas, and Exhibits I and J show exactly what is alleged in Moving Defendants' Motion to Dismiss—Relator attempted to accomplish service of the FAC through alternate means under California Code of Civil Procedure § 415.20(b) but did not complete such "service" by mail until after the FAC had already been dismissed.  This also proves that your client has no good faith basis to argue that Dr. Dirbas was ever timely served with the FAC or that he waived his arguments under Rule 12(b)(5).  No doubt recognizing that you had yet to serve Dr. Dirbas with a live pleading, you reached out to him by email with a copy of the SAC to seek an "agreement to electronic service for service in this case," which was nevertheless insufficient to effectuate service of process or comply with the Court's previous order.  *See* ECF No. 63-3, ¶¶ 2, 4, Exs. A and B.

o   The Motion for Sanctions is based, in part, on your client's assertion that Dr. Dirbas "denies any knowledge of this suit until March 2, 2020 when he claims Relator first contacted him."  Your client's statement purposefully misrepresents Dr. Dirbas's actual statement that the communication was the "first time I learned that Relator was trying to contact me about this matter."  If you have documentation that proves otherwise, please produce it immediately to clarify that your client's misrepresentation was not intentional.

• Your client's attempt to throw stones at Dr. Dirbas based upon her own misreading of his declaration is particularly striking because almost every paragraph of your sworn declaration in support of the Motion for Costs (which is almost identical to the other

Alston & Bird LLP                                                                www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

14

Ms. Gloria Juarez
June 12, 2020
Page 6

three you have recently filed) contains blatant and verifiable misrepresentations of fact. For example, just to name a few:

o  In paragraph 2, you swear that you served a copy of the Motion for Sanctions in accordance with Rule 5 through electronic means, but, as explained above, this is impossible because we have never agreed to accept service of non-ECF filed documents.

o  In paragraph 3 and on page 5 of the Motion for Sanctions, you and your client falsely suggest that I had tried to confer with you about dismissal of the FAC as to Dr. Dirbas under Rule 12(b)(5), but my January 3, 2020, letter to you about the issue made clear that I was attempting to confer on behalf of the clients I represented at the time, SHC, SHCA, the University, and Ms. Zumwalt.  You have absolutely no basis for your sworn misrepresentation.

o  In paragraph 4, you misrepresent that we communicated about a waiver of service for Dr. Dirbas, but as referenced above, my inquiries about waiver never included Dr. Dirbas.  The very communications you attached to your declaration confirm this and reiterate your understanding that my "office stated it does not represent all Defendants" and acknowledge that I had never communicated with you about Dr. Dirbas.

o  In paragraph 8, you misrepresent the requirements of Rule 11 and wrongfully claim that your client has been "de-anonymatized," as outlined above.

o  In paragraph 10, you swear under oath that you wrote to me on September 13, 2019, and requested that my office "agree to a Rule 4(d) waiver for service of the Summons and Complaint," and claim that you never received a response. None of that is true.  Even a cursory review of the email you attach in support shows that the email is not from you, it is from someone named "JD" who purports to be your "apprentice," and the email asks if my office would be "accepting service;" it never mentions waiver, Rule 4(d), or complies with the requirements of Rule 4(d)(1).  Furthermore, documents already on file with the Court show that I emailed you about the communication less than a week later and raised the question of possible waiver for SHC, but you never responded to me.  *See* ECF No. 52-1, Ex. A.

o  In paragraphs 11 and 18, you repeat the same misstatements from your client's Motion for Costs by suggesting that you requested a waiver from even a single defendant in compliance with Rule 4(d).  Your own communications show this to be false.

o  In paragraph 19 and footnote 1, you misconstrue our previous communications about service of ECF filed documents and wrongfully suggest that my office does and always has represented all "Defendants."  You have no good faith basis for

Alston & Bird LLP                                                                                                    www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

15

Ms. Gloria Juarez
June 12, 2020
Page 7

this claim, and the communications attached to your own declaration and the other filings in this matter conclusively show the opposite.

**Proposed Resolution and Demand**

As outlined above, you and your client simply do not have any legitimate good faith legal or factual basis to pursue the Motion for Costs or Motion for Sanctions.  However, in an attempt to resolve these issues before seeking Court intervention, Moving Defendants propose the following resolution, which is more than reasonable under the circumstances:

- Moving Defendants will: (1) draft and file an agreed stipulation that the Court replace ECF No. 64 with a copy that redacts footnote 3; (2) withdraw its objections to service of the SAC upon Dr. Dirbas and its motion to strike the SAC under Local Rule 5.2-1; and (3) agree not to seek sanctions or other relief based on the Motion for Costs, Motion for Sanctions, or your accompanying declarations.

- Relator will: (1) withdraw her Motion for Costs and agree not to refile it or any other document containing those arguments; (2) agree not to file the Motion for Sanctions or any future filing on the bases outlined therein; and (3) draft and file an agreed stipulation that the Court replace ECF No. 55 with a copy that redacts the Menlo Park addresses listed in paragraphs 18 and 19 and in the Certificate of Service.

If this is agreeable, please confirm your consent in writing by June 16, 2020.  Otherwise, you have been advised that your client has no legitimate legal or factual basis to pursue the Motions, your continued pursuit of them could only be for improper purposes, and Moving Defendants will have no choice but to pursue all rights and remedies against you and your client.

Sincerely,

Frank E. Sheeder

Alston & Bird LLP                                                                                                    www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

16

# Exhibit C

| | |
|---|---|
| **From:** | Sheeder, Frank |
| **Sent:** | Thursday, June 18, 2020 4:28 PM |
| **To:** | GLORIA JUAREZ, ESQ.; Gloria Juarez |
| **Subject:** | US ex rel. Roe |
| **Attachments:** | 20200618 Letter to G. Juarez.pdf |

Gloria, please see the attached correspondence.

Best regards,
Frank

17

# ALSTON & BIRD

Chase Tower
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
214-922-3400 | Fax: 214-922-3899

June 18, 2020

Ms. Gloria Juarez, Esq.
Law Offices of Gloria Juarez
*VIA email to tootsieglo@sbcglobal.net* and *gloria@thegjlaw.com*

Re:    *U.S. ex rel. Roe, et al. v. Stanford Healthcare Billing Department, et al.*, 2:17-cv-08726-DSF-AFM

Dear Ms. Juarez,

As you know, we represent Stanford Health Care, Stanford Health Care Advantage, The Leland Stanford Junior University, Ms. Zumwalt, and (beginning after your last failed attempt to serve him with process) Dr. Dirbas in the above-referenced matter ("Moving Defendants").

My June 12, 2020, correspondence addressed in detail your Motion for Costs, your proposed Motion for Sanctions, the objectively inaccurate declaration to which you swore in support of them, and the incomplete materials you submitted with them.  You originally threatened to file the Motion for Sanctions if Moving Defendants did not withdraw and seal footnote 3 to their Motion to Dismiss under Rule 10(a).  We endeavored to resolve the issue with you in good faith.  In your June 16, 2020, letter, however, you added a new demand that we withdraw the Motion entirely.  Please be advised as follows.

1. We will be taking steps to redact footnote 3 of our Motion to Dismiss under Rule 10(a). This is what you requested, and it resolves your unfounded threat to seek sanctions.  Even though we disagree completely with your contentions on this point, we will do this in order to avoid continued distraction from the real issues in this case.

2. We again urge you to take the steps necessary to redact the individual addresses in your Second Amended Complaint.  We remind you that it is the filer's responsibility to comply with L.R. 5.2-1.  You have refused to do this despite our numerous requests.  If you persist in your refusal, the Moving Defendants reserve all appropriate remedies against you and your client.

3. You have absolutely no good faith basis for your Motion for Costs, your sworn declaration in support contains many objective misstatements, and you have not properly accomplished service of process on Dr. Dirbas.  We request that you withdraw this Motion.  Your continued pursuit of the Motion could only be for improper purposes and if you do not withdraw it, Moving Defendants will have no choice but to oppose it and pursue all appropriate remedies against you and your client.

4. We will not be withdrawing our Motion to Dismiss under Rule 10(a).

Alston & Bird LLP                                                                                                    www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

18

Ms. Gloria Juarez
June 18, 2020
Page 2


Please let me know if you need us to review any draft filings so you can represent to the Court that we do not oppose your redaction of the SAC and your withdrawal of the Motion for Costs.


Sincerely,

Frank E. Sheeder

Alston & Bird LLP                                                                                                      www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

19

**CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2020, I caused a copy of the **DECLARATION OF FRANK E. SHEEDER III IN SUPPORT OF MOVING DEFENDANTS' OPPOSITION TO RELATOR'S MOTION FOR COSTS PURSUANT TO FED. R. CIV. P. RULE 4(D)(2)** to be served upon the following counsel and parties in interest via the Court's CM/ECF system:

Gloria Juarez, Esq.
Law Offices of Gloria Juarez
26081 Merit Circle, Suite 112
Laguna Hills, California 92653

**Counsel for Relator**

Frank D. Kortum
Assistant United States Attorney
Room 7516, Federal Building
300 N. Los Angeles St.
Los Angeles, CA 90012

**Counsel for the United States of America**

/s/  *Frank E. Sheeder III*
Counsel for Moving Defendants