Gloria M. Juarez, California State Bar No. 109115
**LAW OFFICES OF GLORIA JUAREZ**
26081 Merit Circle, Suite 112
Laguna Hills, CA 92653
Tel: 213-598-4439
Fax: 714-919-0254
Email: gloria@thegjlaw.com
        tootsieglo@sbcglobal.net
ATTORNEYS FOR RELATOR EMILY ROE

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA; *ex. Relator* Emily Roe., an individual; Plaintiff, <br><br> vs. <br><br> STANFORD HEALTHCARE BILLING DEPARTMENT, STANFORD HEALTH CARE (FORMERLY KNOWN AS STANFORD HOSPITALS AND CLINICS), DR. FREDERICK DIRBAS, DEBRA ZUMWALT, THE BOARD OF DIRECTORS OF THE STANFORD HEALTH CARE, THE BOARD OF DIRECTORS OF THE LUCILE SALTER PACKARD CHILDREN'S HOSPITAL AT STANFORD, THE LELAND JUNIOR UNIVERSITY, THE BOARD OF TRUSTEES OF STANFORD UNIVERSITY, STANFORD HEALTH CARE ADVANTAGE, and DOES 1-10, inclusive, <br><br> Defendants. | **Case No.: CV17-08726-DSF(AFMx)** <br> JUDGE: The Hon. Dale S. Fischer <br><br> **DECLARATION OF GLORIA JUAREZ, AND EXHIBITS IN SUPPORT THEREOF TO RELATOR'S MOTION FOR SANCTIONS PURSUANT TO RULE 11(c)(2)** <br><br> HEARING DATE: July 13, 2020 <br> TIME:              1:30 p.m. <br> CTRM:       7D (First Street Courthouse) <br>              350 West 1st Street <br>              Los Angeles, CA 90012 <br><br> Complaint Filed:        Dec. 4, 2017 |

1

**DECLARATION OF GLORIA JUAREZ IN SUPPORT**

1. I am an attorney duly admitted to practice law before all courts in the State of California, and the Federal Courts. I have personal knowledge of the facts set forth in this Declaration and if necessary, could competently testify thereto under oath.

2. On June 2, 2020, my office served Defendants and counsel Mr. Sheeder and Ms. Chemerinsky with a copy of Relator's Motion for Sanctions pursuant to Rule 11(c), as well as the letter in the attached Declaration of Service pursuant to Rule 5 stating the following:

   *"In follow up to our telephonic meeting on May 26, 2020, and the prior written correspondence dated May 25, 2020, please find the following for your review and time sensitive response. Pursuant to Fed. R. Civ. P. 11(c) (2), attached is a service copy of the Fed. R. Civ. P. 11 Motion for Sanctions ("Motion for Sanctions") which we are providing to you. We demand that you withdraw and seal the de-anonymized portions of your Motion (ECF 64) within 21 days of the date of this letter. If you refuse to comply with this demand to mitigate your pleading conduct in ECF 64 (having preemptively publicly de-anonymized Relator without authority or order of the court) then we will be forced to file the attached Motion for Sanctions with the Court."*

3. On December 30, 2019 I received an email from lead defense counsel Mr. Sheeder representing that he was asserting in his Motion to Dismiss (MTD) basis including Rule10(a), and Rules 12(b)(5) and 12(b)(6)). On January 3, 2020 I received a second letter from Mr. Sheeder reiterating his same basis for filing the MTD. However, his MTD which he then filed on or about Jan. 7, 2020 failed to raise Rule 10(a) or 12(b)(5), thereby I assumed those claims waived from any subsequent MTD.

DECLARATION OF GLORIA JUAREZ AND EXHIBITS IN SUPPORT THEREOF
TO RELATOR'S RULE 11 MOTION FOR SANCTIONS

UNITED STATES vs. STANFORD                                    17-CV08726-DSF

Attached hereto as Exhibit "A" are the true and correct copies of Mr. Sheeder's communications representing that he would raise in his MTD all arguments cited including Rule 10(a).

4.  On December 31, 2019 I responded to defense counsel Mr. Sheeder[1], also requesting that he reply as to representation status of Dr. Dirbas as well as executing a Rule 4(d) waiver for service. Having received no reply, then on January 2, 2020 I emailed a second request for defense's response as to Rule 4(d) waiving service for Defendants including Dr. Dirbas. On January 4, 2020 I again electronically transmitted a response letter to Mr. Sheeder as to waiving service for Defendants (including Dr. Dirbas) and *objecting to his office's urge to de-anonymize Relator and explained the exceptional circumstance basis.* Attached hereto as Exhibit "B" are the true and correct copies of my correspondences. I did not receive any response.

5.  I reasonably believed that the pseudonym issue had been resolved because Defendants' Motion to Dismiss which defense counsel Mr. Sheeder filed on January 7, 2020 did not raise "name" or Rule 10(a) or for that matter Rule 12(b)(5) (service) at all despite Mr. Sheeder's  earlier representation stating otherwise.  Therefore, I believed him to have waived both of those issues on his MTD, and thus conceded on those issues.

6.  On March 2, 2020 my office filed and served the Second Amended Complaint (SAC). On or about March 10, 2020 I received a communication from defense counsel Mr. Sheeder that the addresses for two Defendants (one being Dr. Dirbas) were in the SAC. He asked that they be redacted, and I agreed to do so, and

---

[1] It was obvious to all that Mr. Sheeder was representing *all* Stanford Defendants in this case because of his communications with Relator's counsel in this FCA, as well as his prior representation of Stanford  Defendants in the last Stanford Children's Hospital false anesthesia claims and upcoding FCA which Stanford settled with the State.

DECLARATION OF GLORIA JUAREZ  AND EXHIBITS IN SUPPORT THEREOF
TO RELATOR'S RULE 11 MOTION FOR SANCTIONS

UNITED STATES vs. STANFORD                                    17-CV08726-DSF

requested his office prepare a stipulation that we would sign to that effect. Mr. Sheeder never responded to my offer. Attached hereto as Exhibit "M" is a true and correct copy of my correspondence with defense counsel offering to enter into stipulation to redact the addresses. I also sent an additional communication thereafter offering in good faith to execute a stipulation for the requested redactions.

7. Defendants filed their second and third Motions to Dismiss (ECF 63 and 64) on March 30, 2020. Due to the national COVID-19 crisis and lockdown, on or about March 23, 2020 I notified defense counsel by phone and email that due to a personal and family emergency I would be precluded from performing work in this case. As a result of the COVID-19 lockdown, all parties agreed to Mr. Sheeder's stipulation to calendar the MTD (ECF 63 and 64) for July 13, 2020 and agreed on briefing to set for May 29, 2020 to allow everyone time to recover from the crisis. The Court endorsed that stipulation into Order.

8. On May 25, 2020 while reviewing Defendants' Motion to Dismiss (ECF 64) for the first time, I learned that defense counsel had preemptively de-anonymized Relator on page 3 of their motion, without an order from the court allowing the same. I immediately thereafter corresponded with Defendants' counsel and demanded that he rectify his filing conduct and withdraw his pleading. This notice gave defense more than 21 days before the hearing date of July 13, 2020 to mitigate their pleading conduct. Attached hereto as Exhibit "C" is a true and correct copy of my communication.

On the morning of May 26, 2020, I also then *called* defense counsel Mr. Sheeder and telephonically met and conferred as to this sensitive issue. Mr. Sheeder declined my request and represented that he would not agree to redact or withdraw his de-anonymized pleading. (ECF 64) I do not believe that Mr. Sheeder's office intended to act in good faith when they placed the footnote on page 3 of his motion (ECF

DECLARATION OF GLORIA JUAREZ AND EXHIBITS IN SUPPORT THEREOF
TO RELATOR'S RULE 11 MOTION FOR SANCTIONS

UNITED STATES vs. STANFORD                                    17-CV08726-DSF

64) *de-anonymizing Relator* without authority of the court, and there was no reasonable basis for him to do so and then patently decline to redact that improper footnote other than to vex, harass, and threaten Relator.

9.   In relevant history, on August 15, 2019, 2 weeks after this case was unsealed on July 30, 2019, Stanford counsel was sent a courtesy electronic and conformed copy of the First Amended Complaint (FAC) and requested to contact my office. I did not receive a response to that request. Attached hereto as Exhibit "D" is a true and correct copy of that email from the State (California Department of Insurance) to defense counsel Mr. Sheeder explaining that  the State  believed that the Complaint contained "serious allegations worthy of analysis by Stanford". Accordingly, I am aware that Relator's allegations and filed FCA has brought Defendants under undesired and extensive scrutiny by the government including the United States and the State. (EFC 50, 70, and 71) Hence, without otherwise violating attorney-client privilege, I am personally informed and believe that Defendants have ample reason for their actualized threats to my client which have been made both personally and professionally as a result of litigation with Defendants.

10. On September 13, 2019 I had written to defense counsel Mr. Sheeder and requested that his office agree to a Rule 4(d) waiver for service of the Summons and Complaint. I did not receive a response to my request. Attached hereto as Exhibit "E" is a true and correct copy of my correspondence.

11. On December 31, 2019 I had again written to Stanford counsel and requested that they execute a Rule 4(d) waiver for service of the Summons and Complaint. I did not receive a response to my request. Attached hereto as Exhibit "F" is a true and correct copy of my letter.

12. As a result of Defendants' intransigence in either admitting to representation of Dr. Dirbas or agreeing to Rule 4(d) for him alone, Relator incurred out-of-pocket costs

DECLARATION OF GLORIA JUAREZ  AND EXHIBITS IN SUPPORT THEREOF
TO RELATOR'S RULE 11 MOTION FOR SANCTIONS

of $291.50 to OneLegal for process service at his Menlo Park address. These third-party service costs spanned a total of 28 attempts at personal service and were significantly higher because Dr. Dirbas was reported to me to be evading service. Attached hereto as Exhibit "G" is a true and correct copy of that paid remittance.

13. Relator further incurred out-of-pocket costs of $121.10 to CPS to another vendor for personal process service to Dr. Dirbas at the Menlo Park address. Attached hereto as Exhibit "H" is a true and correct copy of that paid remittance.

14. Relator incurred additional out-of-pocket costs of $291.50 to OneLegal for substitute mail process service to Dr. Dirbas at his Stanford address. Attached hereto as Exhibit "I" is a true and correct copy of that paid remittance.

15. Attached hereto as Exhibit "J" is a true and correct copy of the date of substitute personal service of the Summons and Complaint on Dr. Dirbas's receptionist Veronica at his Stanford clinic on Jan. 27, 2020, of which he denies receipt.

16. Attached hereto as Exhibit "K" is a true and correct copy of the date of mail service of the Summons and Complaint on Dr. Dirbas's Stanford address on February 20, 2020, of which he also denies timely receipt until "March 3, 2020".

17. Relator incurred further out-of-pocket costs due to Defendants' declination to execute a simple Rule 4(d) waiver, which otherwise was very appropriate in this case and would have avoided unnecessary litigation costs and delay in particular for personal service on Dr. Dirbas. Had a number of these closely related Defendants also not evaded service, process service costs to the remaining Stanford Defendants were largely unnecessary. Attached hereto as Exhibit "L" are true and correct copies of those paid remittances including amounts of $131.25, $115.00, $115.00, $80.00, $131.25, and $131.25. In any event, in my opinion Defendants' tactics have resulted in largely avoidable and unnecessary case costs and fees.

DECLARATION OF GLORIA JUAREZ  AND EXHIBITS IN SUPPORT THEREOF
TO RELATOR'S RULE 11 MOTION FOR SANCTIONS

UNITED STATES vs. STANFORD                                                    17-CV08726-DSF

18. On no less than four dates I wrote to defense counsel Mr. Sheeder and his associates and inquired as to Dr. Dirbas's representation including on Dec 31, 2019, January 2, 2020, January 14, 2020, and again on March 13, 2020. On at least three separate dates I also offered Mr. Sheeder in writing to execute Rule 4(d) service waivers with Defendants. At no time did defense counsel respond to me or confirm that they represented Dr. Dirbas. The first time I learned that defense counsel was admitting to representing Dr. Dirbas was their March 30, 2020 motions (ECF 63 and 64).

19. On or about mid December 2019, Mr. Sheeder counsel for *Defendants* had agreed by email to accept electronic service as to this entire action, and the SAC and Exhibits thereto was electronically served on Mr. Sheeder per counsel agreement.

20. Attached hereto as Exhibit "N" is a true and correct copy of the online yellow pages directory for Dr. Frederick Dirbas at "Software for Surgeons" which my office downloaded from https://business-open.com/directory/software-for-surgeons-los-altos/. Dr. Dirbas's company profile confirms his publicly published business address for "Software for Surgeons" at the Menlo Park address.

21. I spent 10.4 hours researching, preparing, and drafting this pleading. I anticipate expending an additional 7.25 hours reviewing Defendant's opposition, drafting a response, and appearing at hearing, if one is permitted on this matter.

22. I have been a California licensed attorney in good standing since 1983. I have more than 35 years of experience in law. A fair hourly fee for an attorney of my experience and training in this type of complex litigation is $550/hour. Accordingly, I respectfully request a court award of fees of $9707.50 for this motion plus costs, or an amount deemed appropriate and awarded by the court.

I declare under the penalty of perjury of the State of California that the foregoing is true and correct.  EXECUTED in Los Angeles, California on this 1st Day of June 2020.

7

DECLARATION OF GLORIA JUAREZ  AND EXHIBITS IN SUPPORT THEREOF
TO RELATOR'S RULE 11 MOTION FOR SANCTIONS

1

s/ Gloria Juarez
GLORIA M. JUAREZ

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF GLORIA JUAREZ  AND EXHIBITS IN SUPPORT THEREOF
TO RELATOR'S RULE 11 MOTION FOR SANCTIONS

UNITED STATES vs. STANFORD                                    17-CV08726-DSF

Exhibit  A

### United States of America, et al. vs. Stanford

Sheeder, Frank <Frank.Sheeder@alston.com>

Mon 12/30/2019 4:26 PM

**To:** gloria <gloria@thegjlaw.com>
**Cc:** Gloria Juarez <tootsieglo@sbcglobal.net>; Smyer, Brad <Brad.Smyer@alston.com>; jd 121212 <jd121212@hotmail.com>

Gloria,

I am following up on my attempts to reach you today by telephone.

We have already conferred at length about the various reasons for dismissal of this matter under Rules 8(a), 9(b), and 12(b)(6), including by telephone on December 11 and 16, 2019, and you were not able to agree to our dismissal requests. However, you have not yet responded to my December 26th request for a call to confer about dismissal for insufficient service of process under Rule 12(b)(5).  We also need to discuss the grounds for dismissal for failure to comply with Ninth Circuit standards governing litigation of cases under a pseudonym, including Rule 10(a).

We are both obligated by L.R. 7-3 to confer about these matters today or tomorrow.  Please let me know when you can make yourself available.

Thanks,

Frank

_____

NOTICE: This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you are hereby notified that you may not read, copy, distribute or otherwise use this message or its attachments. If you have received this message in error, please notify the sender by email and delete all copies of the message immediately.

# ALSTON & BIRD

Chase Tower
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
214-922-3400 | Fax: 214-922-3899

January 3, 2020

Ms. Gloria Juarez, Esq.
Law Offices of Gloria Juarez
*VIA email to tootsieglo@sbcglobal.net and gloria@thegjlaw.com*

Re:     *U.S. ex rel. Roe, et al. v. Stanford Healthcare Billing Department, et al.*, 2:17-cv-08726-DSF-
        AFM

Dear Ms. Juarez,

As you know from our previous communications, we represent Stanford Health Care, Stanford
Health Care Advantage, The Leland Stanford Junior University, and Ms. Debra Zumwalt (collectively,
the "Moving Defendants").

We request to meet and confer with you about a motion we intend to file on behalf of the Moving
Defendants. The basis for the motion is that the case should be dismissed under Rule 10(a) because
the Relator is not identified and is attempting instead to proceed improperly under a pseudonym.

We have availability for a telephonic conference on Monday, January 6, 2020, from 9:00 a.m. to
noon, and from 1:30 p.m. to 4:00 p.m., PST.  Please let us know a time that works best for you and
we will give you a call.

We will look forward to hearing from you as to when you are available on Monday and to conferring
on this motion.

Sincerely,

Frank E. Sheeder

Alston & Bird LLP                                                                                    www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

Exhibit  B

# GJ

**Gloria Juarez, Esq.**
**LAW OFFICES OF GLORIA JUAREZ**
**26081 Merit Circle, Suite 112**
**Laguna Hills, CA 92653**
**Telephone (213) 598-4439**
**Fax 714-919-0254**
**Gloria@theGJLaw.com**


Mr. Frank Sheeder
Counsel for Defendants


       RE: UNITED STATES et. al *ex. relator* Roe  vs. STANFORD *et. al.*       CV 17-08726-DSF


December 31, 2019

                                        **Delivery by Email**

Dear Counsel,

       We are following up on my office's telephonic outreach attempt to you last evening.

       We respectfully request your review of our prior meet and confer correspondence dated
December 16, 2019. It is our belief that we have yet to receive responses to substantial portions
of our communication, which were requested.

       As you stated, Defendants were personally served on December 17, 2019, other than
several of your defendant clients who appeared to be evading service not in good faith. A copy of
the First Amended Complaint was sent to you on August 15, 2019 by the California Department
of Insurance. In response to your representation that your office represents the Defendants, our
office also subsequently transmitted courtesy electronic copies of the FAC *and* Exhibits.
Nonetheless, we contend  that the FAC has been properly served.

       Any perceived deficiency your office contends in naming defendant "The Leland
[*Stanford]* Junior University" is at best a simple procedural amendment "erroneously named",
and not a reasonable basis for evading service. There is no ambiguity as to the named
Defendants. Thus, we assert that all Defendants have been served compliant with local rules.

       Notwithstanding the foregoing, we have no objection to Defendants' proposed request for
Waivers of Service of Summons pursuant to Rule 12 (for 60 days), conditioned on
straightforward agreement for a stipulation of parties to file a Second Amended Complaint on or

_____

about our conference the week of January 6th, 2020.  ((Rule 12(b), (e) or (f), whichever is earlier. Fed. R. Civ. P. 15(a))  While we are amenable to all discussions prior to the commencement of litigation, the basis for a possible SAC are  two-fold, one to more narrowly tailor the U.S.C. 3279 claims (as the 1871 State Claims were dismissed *without prejudice*), and two,  to better streamline the allegations.

Please forward the proposed request for waivers to us for review, and indicate your agreement to the stipulation. Thank you in advance for your anticipated cooperation and assistance.

Happy holidays to you both, and happy New Year's.

Very Truly Yours,

 GJ



GLORIA JUAREZ, ESQ. <gloria@thegjlaw.com>

---

## [ Action Requested] Stanford M&C UNITED STATES et. al ex. relator Roe vs. STANFORD et. al. CV 17-08726-DSF

1 message

**GLORIA JUAREZ, ESQ.** <gloria@thegjlaw.com>                                     Thu, Jan 2, 2020 at 11:49 AM
To: Frank.Sheeder@alston.com, Brad.Smyer@alston.com
Cc: Gloria Juarez <tootsieglo@sbcglobal.net>, jd 121212 <jd121212@hotmail.com>

2nd Request

Counsel,
Please find attached hereto for your review and response.
Also kindly notify as to representation of Dr. Fred Dirbas as
he appears to have been left out of your earlier email.
Thank you

---------- Forwarded message ---------
From: **GLORIA JUAREZ, ESQ.** <gloria@thegjlaw.com>
Date: Tue, Dec 31, 2019 at 12:23 PM
Subject: Stanford M&C UNITED STATES et. al ex. relator Roe vs. STANFORD et. al. CV 17-08726-DSF
To: <Frank.Sheeder@alston.com>, <Brad.Smyer@alston.com>
Cc: jd 121212 <jd121212@hotmail.com>, Gloria Juarez <tootsieglo@sbcglobal.net>

Counsel,
Please see correspondence attached hereto.
Thank you
--
GJ
Gloria Juarez
LAW OFFICES OF GLORIA JUAREZ
ORANGE COUNTY OFFICE
26081 Merit Circle , Suite 112
Laguna Hills, CA 92653
Tel. 213-598-4439
Facsimile 714-919-0254

--



# GJ
### Gloria Juarez
## LAW OFFICES OF GLORIA JUAREZ
## ORANGE COUNTY OFFICE
### 26081 Merit Circle , Suite 112
### Laguna Hills, CA 92653
### Tel. 213-598-4439
Facsimile 714 919 0254

---

📄 **19-12-31 lttr to Stanford Waiver Summons.pdf**
185K

# GJ

**Gloria Juarez, Esq.**
**LAW OFFICES OF GLORIA JUAREZ**
**26081 Merit Circle, Suite 112**
**Laguna Hills, CA 92653**
**Telephone (213) 598-4439**
**Fax 714-919-0254**

Mr. Frank Sheeder
Mr. Brad Smyer
Alston & Bird
Counsel for Defendants
Email: Frank.Sheeder@alston.com
Email: Brad.Smyer@alston.com

RE: UNITED STATES et. al *ex. relator* Roe vs. STANFORD *et. al.*  CV 17-08726-DSF

January 4, 2020

**Expedited Delivery by Email**

Dear Mr. Sheeder,

We are following up on my office's telephonic outreach attempts and multiple written communications[1], which are incorporated by reference herein. Our prior correspondence dated 12/31/2019 requested a *timely* response, however we did not receive any communication from you until 4 days subsequent.

Counsel, your *two* correspondences dated January 3, 2020 contain voluminous misstatements and misguided representations, a few of which we have timely addressed herein.

Regrettably, your December 12, 2019 email also substantially misconstrued our telephonic conversation through a "follow-up" surreptitious email which blatantly misrepresented that Relator had agreed to dismiss all Defendants *except* Stanford Healthcare, which was *untrue*.

Moreover, as you are aware we have requested your review of our prior meet and confer correspondence dated December 16, 2019. It is our belief that we have yet to receive substantive responses to large portions of our communications which have been requested. (*See* Dirbas below). In light of the circumstances, we must respectfully request that all substantive communications be

---

[1] Relator counsel written correspondences to defendants include and are not limited to December 31, 2019, December 16, 2019, email on or about August 15, 2019, and multiple telephone calls including September 13, 2019, December 11, 2019. All correspondences have been addressed to Frank.Sheeder@alston.com, and 214-922-3420 or 214-208-9900.

Page | 1

UNITED STATES et. al *ex. relator* Roe  vs. STANFORD *et. al.*      CV 17-08726-DSF

LAW OFFICES OF GLORIA JUAREZ

in writing in order to facilitate transparency and memorialize mutual understanding of certain matters.

### Service of Summons and First Amended Complaint

In relevant history, please allow me to delineate the statement of facts.  On August 15, 2019 California Department of Insurance ("CDI") emailed you the First Amended Complaint ("FAC"), with our office's contact information for pre-litigation mediation. You neither responded to CDI, nor contacted us. On or about September 17, 2019 we again initiated both telephonic and email communication with your office as to waiver of service of the FAC and discussions thereto.

In early December 2019,  Relator acting under court order (Docket Entry No. 33), timely ordered  FRCP Rule 4 personal service of the Summons and Complaint to all Defendants (Relator Statement to OSC 4:3-4). As you are aware, several Defendants then evaded personal service, requiring expanded and significantly more costly service efforts by third party process servers to comply with the order reflected by Docket No. 33.

In response to your mid December 2019 representation that your office represents "Defendants", Relator counsel's office also subsequently transmitted courtesy electronic copies of the FAC *and* Exhibits, while engaging in further discussion as to service of process.

In mid-late December 2019, Relator also transparently emailed Defendants the service of process dated notifications from the third-party processor.  The proof of service showed effectuated personal service on December 17, 2019, other than several of the defendants who appeared to be tactically evading service *not* in good faith.

Through at least December 31, 2019, Relator in writing accepted a proposed party stipulation to *proceed in an alternate Rule 4 "Notice of Waivers" and withheld filing the effectuated proofs of service with the court,* conditioned on a straightforward request. You did not respond to our time sensitive request to confirm the same. Your assertion of  "non-cooperation" and proceeding with service despite your consideration of a "waiver" appears rather misleading, especially in light of the court's order, Docket No. 33.

Similar to your January 3, 2020 correspondence, you have in prior email (on or about December 17, 2019) fully acknowledged your awareness of when and the manner in which your Defendant clients were served. The former intimates that your office is apparently highly offended that the service of process by the 3rd party server as to all Defendants had not immediately ceased, despite the fact that your office stated it does not represent all Defendants. It is thus further *unintelligible* why you now dispute your office's prior acknowledgements of service of summons and complaint having been effectuated on December 17, 2019 as to *some* Defendants.

Notwithstanding the foregoing, we will re-state that we had no objection to Defendants' proposed request for Waivers of Service of Summons pursuant to Rule 4 conditioned on straightforward agreement for a stipulation of parties to file a SAC.

### Defendant Dr. Fred Dirbas

There is certain ambiguity in your firm's inferred election to exclude this one defendant, Dr. Dirbas. Your communications never address this named party ,and have  failed to address our

Page | 2

UNITED STATES et. al *ex. relator* Roe  vs. STANFORD *et. al.*      CV 17-08726-DSF

LAW OFFICES OF GLORIA JUAREZ

question.   Therefore, please clarify if your firm contends it is *not* representing Defendant (Stanford employed doctor) Dr. Dirbas, then your knowledge of his current representation. As you know, if Dr. Dirbas was served, and you maintain your assertion that you don't represent this Stanford employee, then the 21-day answer deadline was triggered and litigation has commenced.

### All Stanford Defendants

As we stated, we believe that any perceived deficiency your office contends in naming defendant "The Leland [*Stanford*] Junior University" is at best a simple procedural amendment "erroneously named", and not a reasonable basis for evading service or calling these "non-legal entities". There is no ambiguity as to the named Defendants or their "legal standing" and no basis for your assertion that "they do not exist". As you know, the FAC pleads that several named Defendants are  "alter egos", as there is substantial co-mingling of their assets, revenues,  and funds.[2]

### Defendants' Threat to File a Meritless "Motion to Dismiss"

Defendants' January 3, 2020 letter states "*The basis for the motion is that the case should be dismissed under Rule 10(a) because the Relator is not identified and is attempting to proceed improperly under a pseudonym."* We believe that your reliance on Rule 10(a) as to an anonymized Relator is not supported by statute. Furthermore, this new "basis" for a dismissal appears at best frivolous within the meaning of Rule 11(b)(1) and Rule 11(b)(3).

Moreover, upon your initiated request for an in person "mediation" this coming week of January 6th, 2020 in Los Angeles, we had made preparations for such a  meeting in good faith, only to learn at the 11th hour that you have unilaterally canceled the same without justification or reason.

### Rule 11 Sanctions

In light of Defendants' bad faith conduct and attempt to mislead the court with patently false allegations of Rule 10(a) issues, Relator intends to seek sanctions (and if required file a separate motion) pursuant to Rule 11 for Defendants' frivolous and fabricated basis for a motion to dismiss. (Rule 11(b)(1)).

Based on the fact that Defendants have threatened to file a knowingly frivolous  motion to dismiss for Rule 10(a) an anonymized Plaintiff, it should not  take substantial detective work for the court to see that Defendants are intending to misuse the court's processes simply as delay tactics in this litigation.

Relator has filed this action anonymously, under the pseudonym "Emily Roe," for at least three separate and legally sufficient reasons. Importantly, Relator has a constitutional right to protect her and her minor children's medical privacy, which are neither the thrust of this U.S. 3279 case or directly raised therein.  Next, Relator has proceeded anonymously under good cause court

---

[2] Arturo Devesa vs Stanford et al.

UNITED STATES et. al *ex. relator* Roe  vs. STANFORD *et. al.*     CV 17-08726-DSF

orders which are well known to Defendants.    Moreover, as a practicing physician and expert consultant for the Department of Consumer Affairs, Relator relies on referrals from other medical professionals and expert case review referrals from the State. Stanford healthcare and Stanford University have become a dominant force in healthcare and medical academics in California. Accordingly, if Relator's identity were to become publicly known, Relator's assistance in a  false claims action against Stanford and an entire cadre of its referring physicians and consultants could substantially adversely impact both Relator's health (physical harm) and medical care at Stanford, and her career and family's finances.

**First,** defense counsel Mr. Sheeder conceded telephonically with Ms. Juarez on or about December 16,  2019 that "*I know all about the [underlying Doe] malpractice action*". Therefore, it is reasonable to infer that Mr. Sheeder knew of the multiple court orders in effect as to and ordering the Plaintiff's anonymity, as well as knew Plaintiff's true name.

**Second**, the *Doe* court flat rejected Stanford's argument in their motion to dismiss that parties could not proceed in litigation given Plaintiff was among some million Stanford patients. That court in rejecting Stanford's motion to dismiss cited in fact that the anonymity was justified and would remain based on just cause and good showing.[3]

Here, this action is brough by two Plaintiffs the United States and the State of California, the real parties in interest. Fed. Rule 10 states that *"the title of the complaint must name all the parties"*, which this Complaint as a written instrument in  fact conforms. There is no stated preclusion in Rule 10 for an anonymized party who is named accordingly, and this rule does not support  Defendant's contention.    Even assuming *arguendo* that Defendant's alternate interpretation of the statute was well founded, Defendants are aware of Relator's true name, thereby there is no prejudice or ambiguity in the proceeding. (We intend to reflect the same with the Declarations of Gloria Juarez and Relator.)

 **Third**, as Defendants know or should know, Relator and her minor children are  *active Stanford patients* with *current accounts*, hence publicly disclosing Relator's name would potentially place Relator  and her family at substantial risk for prejudice and physical  harm through likely loss of access to their Stanford doctors. Moreover, Defendants are well aware that Relator has had substantial apprehension about Stanford publicly disseminating her name and private medical history, and has of late required medical treatment from physical effects of this threatened harm.

**Fourth,** even though Relator has asserted her claims anonymously, there is nothing ambiguous or uncertain about the Complaint. Moreover, the 31 U.S.C.  3279 Complaint filed for Plaintiff the United States is thrust at allegations of institutional and widespread Medicare billing upcoding and unbundling (healthcare fraud) by Defendants, and arguably has no bearing on Relator's anonymity.   Relator is neither a direct plaintiff nor defendant here.

Defendants are also fully aware of the identity of Relator as documented, and provided by Relator in the underlying malpractice case and California Code of Civil Procedure §364 notice.

---

[3] Sept, 9, 2014 Court Order denied Stanford's demurrer and granted that Plaintiff could proceed anonymously.

UNITED STATES et. al *ex. relator* Roe  vs. STANFORD *et. al.*      CV 17-08726-DSF

LAW OFFICES OF GLORIA JUAREZ

Therefore, should Defendants assume such a blatantly frivolous position in litigation, as to seek a Federal Rule 12 and Rule 10(a) based "dismissal" alleging anonymity, then Relator will seek Rule 11 sanctions against Defendants and their counsel.

**In closing**, if your office  decides to proceed with the frivolous "motion to dismiss" (and one arguably where you are well aware there is no legally sufficient basis to do so) based on "Rule 10(a)" "anonymized Relator",  please (1) inform the Court that Relator  opposes your motion; (2) inform the Court that the Relator has stated intent to seek sanctions against you pursuant to Rule 11 ; and (3) attach a copy of this correspondence (under seal if required by Rule 5.2), and the prior to your motion.

In the interests of providing a prompt response to your demand for a personal meet and confer, we have not addressed every issue raised therein, but will do so at another time to the extent it becomes necessary to do so.  Nor have we cited all of the applicable authorities and case law that support Relator's position.  Again, we will cite additional authorities to the Court should that become necessary.

Unless we receive written communication  from you before the close of business on Monday January 6, 2020 stating otherwise, it will be assumed that you are filing the Rule 10(a) based motion to dismiss, and we will begin preparing our Rule 11 motion for sanctions.

Very Truly Yours,

/S/ GJuarez
Gloria Juarez, Esq.

LAW OFFICES OF GLORIA JUAREZ
ATTORNEYS FOR RELATOR

Page | 5

UNITED STATES et. al *ex. relator* Roe  vs. STANFORD *et. al.*      CV 17-08726-DSF

LAW OFFICES OF GLORIA JUAREZ

Exhibit  C



GLORIA JUAREZ, ESQ. <gloria@thegjlaw.com>

---

## ECF 64 United States vs. Stanford et al.

**GLORIA JUAREZ, ESQ.** <gloria@thegjlaw.com>                                      Tue, May 26, 2020 at 12:10 AM
To: "Sheeder, Frank" <Frank.Sheeder@alston.com>, "Chemerinsky, Kim" <kim.chemerinsky@alston.com>
Cc: "GLORIA JUAREZ, ESQ." <gloria@thegjlaw.com>
Bcc: Gloria Juarez <tootsieglo@sbcglobal.net>

Frank and Kimberly,

I am uncertain if there is any more tactful way to state this.

There is no justification for the manner in which you and your office apparently filed, and willfully de-anonymized Relator in your Motion (ECF 64, Mot. 3, n3 inset below) *without authority of the court*. It appears that your conduct was not only purposeful and unequivocally intended to materially prejudice Relator and this FCA case, but also to harass and vex Relator.



Defendants are well aware that this action has been accepted by this court, and maintained in an anonymized manner since case inception. There has been no order of this court controverting that, or permitting you to proceed with de-anonymizing Relator in your pleading. You are also aware that your threats and conduct of de-anonmyzing this case have placed Relator under undue physical strain and harm.

Further, as likely relevant to this issue, you were and remain fully aware that Relator's anonymity as to her medical and surgical records and condition are subject to prior protective court order, and that it was court ordered as warranted because of "exceptional circumstance" by the medical matter court. You have already represented to me personally that you are in possession of the medical matter case documents and presumably had the Court Protective Order, as well as the further basis for the anonymized proceedings.

Hence, there was reasonable basis for your office to *not* have de-anonymized Relator in your current pleading without an order of this court, as you did on March 30th, *no less* during the COVID national crisis and lockdown knowing we would be precluded from reviewing these.

Therefore, in the interim should it be perceived (as we humbly expect it to be) and reasonable inferences be drawn that you and your office are conducting litigation unintelligibly in a vexatious and harassing manner (1) adverse to the court's acceptance of this anonymized filing, and further (2) no court order allowing you to de-anonymize Relator as you have done in your motion ( Mot. 3, n3), you will force our hand to bring your and your office's "unorthodox" conduct before the court in a Rule 11 Motion for Sanctions.

In the interests of providing a timely response to your motion and conduct, and for a personal meet and confer, we have not addressed every issue raised therein, but will do so at another time to the extent it becomes necessary to do so. Nor have we cited all of the applicable authorities and case law that support Relator's position. Again, we will cite additional authorities to the Court should that become necessary.

In closing, if your office decides to not immediately withdraw its ECF 64 filing, a pleading where you are well aware there is no legally sufficient basis to do so based on "Rule 10(a)" "anonymized Relator", we will inform the Court that Relator notified you of this issue today, and represent in our Rule 11 motion to the Court that Relator has stated the intent to seek sanctions against you for this conduct by you and your firm ; and attach a copy of this correspondence (under seal or redacted as to page 3 of your motion as required by Rule 5.2), and our prior January 5, 2020 letter on this issue, to our motion.

Unless we receive written confirmation from you by the close of business on Tuesday May 26, 2020 staying otherwise, we will assume that you decline to redact and/or withdraw your pleading and take further corrective steps.

Exhibit  D

**From:** Campins, Nicholas
**Sent:** Thursday, August 15, 2019 11:41 AM
**To:** Sheeder, Frank <Frank.Sheeder@alston.com>
**Cc:** Neumeister, Mitch <Mitch.Neumeister@insurance.ca.gov>
**Subject:** Roe v. Stanford Case No. 2:17-cv-08726 (CD Cal)

Hi Frank:

I hope you are doing well.  A Complaint filed against Stanford in the Central District of California was recently unsealed.  The case number is 2:17-cv-08726.   Attached is a copy of the Complaint (which is also available publicly on PACER and which I just downloaded from that site).

As Docket entry 30 reflects, the State of California, by and through, the Insurance Commissioner has previously declined intervention in this matter without prejudice in 2018.   The United States has also declined intervention as that entry notes.
Nevertheless, in my opinion, there are certain elements of the Complaint which are worthy of serious analysis by Stanford.

In that vein, I humbly suggest that you reach out to Relator's counsel and discuss this matter with her before the litigation becomes active.  Here is her information:

Gloria Juarez
LAW OFFICES OF GLORIA JUAREZ
26081 Merit Circle , Suite 112
Laguna Hills, CA 92653
Telephone (213)598-4439
Gloria Juarez tootsieglo@sbcglobal.net; and gloria@thegjlaw.com

I broached this issue with her only moments ago and she said she would welcome such a dialogue.  I am also more than happy to participate in some of the calls if it would facilitate the dialogue.

Thank you.

Nick Campins
Senior False Claims Trial Attorney
California Department of Insurance
Fraud Liaison Bureau
45 Fremont Street, 21st Floor
San Francisco, CA  94105

Exhibit  E

**Gmail** by Google                                GLORIA JUAREZ, ESQ. <gloria@thegjlaw.com>

---

# U.S. ex. rel. Roe v. Stanford Healthcare et. al Case No. 2:17-cv-08726 (CD Cal)

**GLORIA JUAREZ, ESQ.** <gloria@thegjlaw.com>                    Fri, Sep 13, 2019 at 1:09 PM
To: Frank.Sheeder@alston.com
Cc: "GLORIA JUAREZ, ESQ." <gloria@thegjlaw.com>

---

**Dear Mr. Sheeder,**

    **In light of Mr. Campin's earlier outreach as to the referenced Stanford matter, we had calendared to circle back with you this week.**

    **Should the earlier invitation to a telephonic meeting with our office *and* CDI as to the Complaint be of interest (prior to service of the suit) please let us know.**

**Also if possible, kindly advise if your office will be accepting service of the Complaint for defendants.**

**Very Truly Yours,**
**JD**
**Apprentice to Ms. Juarez**

## GJ
Gloria Juarez, Esq.
LAW OFFICES OF GLORIA JUAREZ
26081 Merit Circle , Suite 112
Laguna Hills, CA 92653
Telephone (213) 598-4439
Gloria@theGJLaw.com

Exhibit  F

# GJ

**Gloria Juarez**
**LAW OFFICES OF GLORIA JUAREZ**

**ORANGE COUNTY OFFICE**
**26081 Merit Circle , Suite 112**
**Laguna Hills, California 92653**
**Tel. 213-598-4439**
**Fax 714-919-0254**

**LOS ANGELES OFFICE**
**P.O. Box 4591**
**Montebello, California**
**90640-9997**
**Tel. 213-598-4439**
**Fax 714-919-0254**

December 16, 2019

Mr. Frank Sheeder, Partner
Alston & Bird
2200 Ross Ave., Suite 2300
Dallas, TX 75201
Tel.  (214) 922-3420/ Cell.   (214) 208-9900
Email: Frank.Sheeder@Alston.com
Email: Brad.Smyer@alston.com
FOR DEFENDANTS STANFORD ET AL.

**RE: 2:17-cv-08726-DSF-AFM United States of America et al v. Stanford Healthcare et al.**

Dear Mr. Sheeder,

We are in receipt of your email correspondence dated December 12, 2019. This communication follows my December 13, 2019 email.

We discussed last week that my office represents the Relator in this action which was brought on behalf of the real parties in interest who are the United States, the State of California, and the California Insurance Commissioner.

1

# GJ

**LAW OFFICES OF GLORIA JUAREZ**
**2:17-cv-08726-DSF-AFM United States of America et al v. Stanford Healthcare et al.**

As you are aware from your prior work with Stanford defendants and the earlier IFPA false claims[1] settlement with CDI, the Department's consent is required prior to any dismissal. We believe that similar to the IFPA statues[2], Federal U.S.C. 3279 codes have a strong provision for consent as to dismissal of parties. Pursuant to 31 U.S.C. 3230 (b)(1) my office even if authorized by the relator arguably lacks standing to dismiss parties as you have requested without consent of the "real party(ies) in interest"[3].   Accordingly, any request would need to be run through the proper parties for stipulation. If your interpretation of the statute is different as to consent, please let us know your thoughts.

With all due respect to your office, our preference is that we proceed in discussions of certain allegations in the Complaint in advance of the *proposed* dismissal of the 5 defendants.

As I noted previously, my office has not entered into any agreement with your office as to any party dismissals and has no authority to do so without relator's express consent. In the interim, please do not make any representations to others or the Court regarding the status of any agreement or "memorializing" any agreement. Although the Department of Justice has expressly entered a declination to intervene *without prejudice* (See Docket No. 30), Relator also lacks standing to stipulate to unilateral dismissal decisions without coordination with their office.

Thus, we're not convinced that we even have standing to stipulate to your request for the party dismissals considering applicable statute. Should you believe that our understanding of the procedural standing is incorrect in anyway, please notify.

**Early Communications**

As to CDI and Mr. Nick Campin's August 2019 outreach to your office, and my office's earlier email and telephonic correspondences to you in September 2019, we had anticipated meaningful preliminary discussions as to the allegations in the Complaint.

*Sans* a timely response from your office to those communications, we ultimately proceeded under the understanding that that either your office did not represent the Stanford defendants, or in the alternative you had not received the email correspondences since moving to your firm. We remained under that *impression*, until your office's outreach last week. I thus must apologize that in hindsight, your apparent September 19, 2019 email had gone entirely unnoticed during a period of counsel unavailability. Had I been aware of your email, I would have timely responded.

---

[1] California IFPA- Insurance Frauds Prevention Act, Insurance Code Section 1871 et. Seq.

[2] California Insurance Code 1871 (e)(1) "Any interested persons, including an insurer, may bring a civil action for a violation of this section for the person and for the State of California.   The action shall be brought in the name of the state.   The action may be dismissed only if the court and the district attorney or the commissioner, whichever is participating, give written consent to the dismissal and their reasons for consenting."

[3] Your office contends that Stanford HealthCare is the only "real party" and 5 of the 6 defendants are not parties.

**Service of Summons and Complaint**

Please disregard our early September 13, 2019 correspondence and subsequent telephonic contact with your office as to preliminary discussion of acceptance of service and as to possible Rule 4(d)(1) waiver.

As you know, our office proceeded under mistaken assumption that you no longer represented defendants, and thus had ordered personal process service to Defendants *prior* to receiving your December 12, 2019 communication.

Accordingly, we anticipate the process server effectuating service no later than the end of this month. Should service fail, or your office otherwise provide alternate direction we would be amendable.

**Docket No. 36**

On Dec. 6, 2019 docket number 36 reflects Relator's Statement. A *courtesy* electronic copy of the conformed filing is attached hereto.

In relevant part, the last paragraph summarizes my office's intention as to seeking leave to seal the action, pending informal mediation and mutually favorable resolution of disputes in this FCA. We are informed and believe that the DOJ would not oppose such a procedural request.

> *"Defendant(s) have not filed an appearance, an answer, or a motion for summary judgment.   In the interest of expeditious resolution of all of the   claims by Defendants in this action, Relator respectfully seeks leave of court herein that should a resolution of the claims in this action be reached by all parties prior to the litigation commencing or substantially proceeding, that upon signed stipulation of all parties, the court grant in its order leave to seal this action, the Complaint, and First Amended Complaint.   31 U.S.C. § 3730(c)(3) Therefore, it would also be requested that the Court at the court's calendar preference, may consider a case management conference set for all parties on or about mid-March 2020 to allow Defendants to make their first appearance, and parties time to meet and confer on the pending two causes of action."*

**Docket No. 38**

On Dec. 9, 2019 docket number 38 reflects the Court's Order *adopting* Relator's aforementioned pleading for a status conference calendared for March 16, 2020.

GJ

**LAW OFFICES OF GLORIA JUAREZ**

**2:17-cv-08726-DSF-AFM United States of America et al v. Stanford Healthcare et al.**

**<u>Week of January 6, 2020 Meeting</u>**

We are fully agreeable to your proposed collaborative meeting in the first full week of January 2020.   In light of Mr. Campin's offer to mediate discussions in this matter, would it be acceptable that we request coordination with his office to join our telephonic conference?

We sincerely look forward to working with you, and your response. Please note the preferred email addresses for all further communications are Gloria@theGjLaw.com *and* toosieglo@sbcglobal.net.   Thank you in advance for your anticipated courtesy and cooperation.

Very Truly Yours,

/S/ GJ

Gloria Juarez

4

**GJ**

**LAW OFFICES OF GLORIA JUAREZ**

**2:17-cv-08726-DSF-AFM United States of America et al v. Stanford Healthcare et al.**

Exhibit  G

  (/Dashboard)  



# Order #14166163: Process Serve

Submitted: 12/13/2019 3:02 PM PT    |    Attorney: none    |

 **Served: Individual Substitute Service**
1/23/2020 8:43 AM

**Service Level: Three Day**
Last day to serve: 12/24/2019

**MESSAGE FROM ONE LEGAL:** Your documents have been successfully served.

## Documents

### Returned (1)

Confirmation Report

### Your Files (3)

| Document Title | Document Type | Pages | Status |
|---|---|---|---|
| First Amended Complaint | Amended Complaint | 124 | Uploaded |
| Summons in a Civil Action | Summons | 10 | Uploaded |
| | | 0 | Uploaded |

## Service Attempts

Attempt #11    |    1/23/2020 8:43 AM    |    900 Blake Wilbur Drive (Business)
**Not Available** - Unavailable per Cancer Center Staff

Attempt #10    |    1/20/2020 11:45 AM    |    900 Blake Wilbur Drive (Business)
**Closed** - no access / building 900 closed for MLK holiday

Attempt #9    |    1/17/2020 4:50 PM    |    900 Blake Wilbur Drive (Business)
**Not In** - Defendant not in per Stanford Cancer Center Staff / he is located at 900 Blake Wilbur Drive (right next door
to address # 2) in the Breast Oncology Department

Order Status Details | One Legal

---

Attempt #8  |  1/7/2020 8:45 PM  |  1285 Middle Avenue (Home)

**No Answer** - No answer. Exterior light on.

---

Attempt #7  |  1/7/2020 8:45 PM  |  1285 Middle Avenue (Home)

**No Answer** - Garage and window blinds closed on all attempts, never any vehicles in driveway

---

Attempt #6  |  1/4/2020 8:22 PM  |  1285 Middle Avenue (Home)

**No Answer** - No answer. Can see light coming through closed blinds. Exterior light on. Mail from 12/31 has been collected

---

Attempt #5  |  12/31/2019 5:30 PM  |  1285 Middle Avenue (Home)

**No Answer** - No answer, no activity. Address confirmed per neighbors at 1275 Middle Ave.

---

Attempt #4  |  12/28/2019 10:45 AM  |  1285 Middle Avenue (Home)

**No Answer** - No answer, no activity.

---

Attempt #3  |  12/24/2019 2:45 PM  |  1285 Middle Avenue (Home)

**No Answer** - No answer. Exterior light still on.

---

Attempt #2  |  12/23/2019 6:45 PM  |  1285 Middle Avenue (Home)

**No Answer** - 1285 Middle Ave. is a residence w/ no access issues. House dark except exterior light next to front door. No answer.

---

Attempt #1  |  12/23/2019 6:35 PM  |  285 Middle Ave. (Home)

**Not Found** - Bad address. No such street number. There is no 200 block on Middle Ave. in Menlo Park, CA. Searched internet & shows the servee at 1285 Middle Ave.

---

## Case Information

**Court**
United States District Court, Central District of California (Central District of California - District - Los Angeles - 312 N. Spring St)

**Number**
CV-17-08726

**Plaintiff**
United States et al.

**Client Billing Code**
STANFORD qui tam

## Party to Serve

**Name**

Dr. Fred Dirbas

**Address 1 (Home)**

1285 Middle Avenue

Menlo Park, CA 94025

Source: Customer

**Address 2 ()**

Stanfor Cancer Center

875 Blake Wilbur Drive

RM CC2236

Stanford, CA 94305

Source: Customer

**Address 3 (Home)**

285 Middle Ave. Menlo

Park, CA 94025

**Address 4 (Business)**

Stanford Cancer Center

900 Blake Wilbur Drive

1st Floor

Stanford, CA 94304

## Your Instructions

Please serve papers on or before 12/24/2019. Thank you.

Confirmation Receipt #23391216

© One Legal LLC
Version: 7.0.16968.8-1370

Accessibility statement (https://www.onelegal.com/accessibility/)   |   Privacy policy

(https://www.onelegal.com/privacy/)   |   Terms of service (https://www.onelegal.com/terms/)

Exhibit  H

## RETURN OF NON-SERVICE

### UNITED STATES DISTRICT COURT
Central District of California

Case Number: CV 17 08726 DSF
AFX

Plaintiff:
**The United States of America, et. al.**

vs.

Defendant:
**Stanford Healthcare Billing Department, et. al.**

Received by County Process Service, Inc. on the 24th day of December, 2019 at 9:44 am to be served on **Dr. Frederick Dirbas,** **1285 Middle Ave, Menlo Park, CA 94025.**

I, Kenny Alfaro, do hereby affirm that on the **23rd day of February, 2020** at **9:11 am,** I:

**NON-SERVED** the **Summons in a Civil Action as to the First Amended Complaint; First Amended Complaint**. After due search, careful inquiry and diligent attempts was unable to serve on **Dr. Frederick Dirbas** for the reasons detailed in the comments below.

**Additional Information pertaining to this Service:**
12/24/2019  8:05 pm  Attempted Service. No answer.
12/26/2019  6:05 pm  Attempted Service. No answer.
12/28/2019  4:05 pm  Attempted Service. No answer. no cars
1/3/2020  2:55 pm  Attempted Service. No answer.no cars,,quiets
1/7/2020  7:40 pm  Attempted Service. No answer. porch light on
1/9/2020  1:43 pm  Attempted Service. No answer.
1/20/2020  12:35 pm  Attempted Service. No answer.
1/22/2020  2:35 pm  Attempted Service. No answer.
1/28/2020  6:01 pm  Attempted Service. No answer. lights on
1/30/2020  5:32 pm  Attempted Service. No answer.
2/4/2020  12:10 pm  Attempted Service. No answer. no cars
2/7/2020  10:32 am  Attempted Service. No answer. no cars no movement
2/11/2020  4:32 pm  Attempted Service. No answer.
2/12/2020  7:30 pm  Attempted Service. No answer.
2/16/2020  2:20 pm  Attempted Service. No answer.
2/20/2020  4:20 pm  Attempted Service. No answer.
2/23/2020  9:11 am  Attempted Service. No answer. mail box in front is for defendant

## RETURN OF NON-SERVICE For CV 17 08726 DSF AFX

Under penalty of perjury I certify that I am over the age of 18, have no interest in the above action, and am a Registered Process Server, in good standing, in the State of California, County of Santa Clara.

**Kenny Alfaro**
PS1675

**County Process Service, Inc.**
**31 E. Julian Street**
**San Jose, CA 95112**
**(408) 297-6070**

Our Job Serial Number: COP-2019014664

Copyright © 1992 2020 Database Services Inc - Process Server's Toolbox V7 2g

County Process Service, Inc.
31 E. Julian Street
San Jose, CA 95112
Phone: (408) 297-6070
Fax: (408) 516-9890
Tax Id 72-1593294

## INVOICE

Invoice #COP-2019014664
3/17/2020

**Case Number: Central CV 17 08726 DSF AFX**

Plaintiff:
**The United States of America, et. al.**

Defendant:
**Stanford Healthcare Billing Department, et. al.**

Received: 12/24/2019   Non-Served: 2/23/2020  NON-SERVE - DILIGENT
To be served on: Dr. Frederick Dirbas

### ITEMIZED LISTING

| Line Item | Quantity | Price | Amount |
|---|---|---|---|
| Rush Attempts | 1.00 | 100.00 | 100.00 |
| Copies @ $.15/page | 134.00 | 0.15 | 20.10 |
| TOTAL CHARGED: | | | $120.10 |

**BALANCE DUE:** **$120.10**

County Process Service, Inc., -  Serving You Since 1980, Thank You for Your Business
Please Pay from This Invoice

Copyright © 1992-2020 Database Services, Inc - Process Server's Toolbox V7.2g

Exhibit  I

1  '

2

3

4  Representing: Emily Roe                    File No. STANFORD qui tam

5

6

7

8                United States District Court, Central District of California

9          Central District of California - District - Los Angeles - 312 N. Spring St

10

11

12  United States et al.

13                                            Case No. CV-17-08726

14          Plaintiff/Petitioner              Proof of Service of:

15                vs.                             First Amended Complaint, Summons in a Civil
                                                  Action
16  Stanford et al.

17          Defendant/Respondent

18

19                                            Service on:

20                                               Dr. Frederick Dirbas, M.D.

21

22                                            Hearing Date:

23                                            Hearing Time:

24                                            Div/Dept:

25

26

27

28

                              PROOF OF SERVICE

OL#14166163

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| ATTORNEY FOR (Name): In Pro Per | Ref. No. or File No.<br>STANFORD qui tam | |

Insert name of court, judicial district or branch court, if any:

United States District Court, Central District of California

312 N. Spring St. #G-8

Los Angeles, CA 90012

PLAINTIFF

United States et al.

DEFENDANT:

Stanford et al.

| **PROOF OF SERVICE** | DATE: | TIME: | DEPT/DIV: | CASE NUMBER:<br>CV-17 08726 |
|---|---|---|---|---|

BY FAX

1. At the time of service I was a citizen of the United States, over 18 years of age and not a party to this action, and I served copies of:

First Amended Complaint, Summons in a Civil Action

2. Party Served:            FREDERICK DIRBAS, M.D.

3. Person Served:       party in item 2

  a. Left with:          VERONICA ROCHA  - RECEPTIONIST    Person in Charge of Office

4. Date & Time of Delivery:    01/27/2020         4:32PM

5. Address, City and State:    900 Blake Wilbur Drive, 1st Floor

                             Stanford, CA 94304

6. Manner of Service:      By leaving the copies with or in the presence of Veronica Rocha - Receptionist , (business) a person at least 18 years of age apparently in charge of the office or usual place of business of the person served. I informed him/her of the general nature of the papers. I caused the copies to be mailed (if applicable). A declaration of mailing is attached.

Fee for Service: $ 291.50

| | I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on 02/20/2020 at Petaluma, California. |
|---|---|
| Registered California process server.<br>County:  San Francisco<br>Registration No.: 2016-0001247<br>Todd Christian Brenneck<br>One Legal - 194-Marin<br>1400 North McDowell Blvd. Ste 300<br>Petaluma, CA 94954<br>415-491-0606 | Signature: _Todd Christian Brenneck_<br>Todd Christian Brenneck<br>OL#:  14166163 |

Exhibit  J

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|---|
| ATTORNEY FOR (Name): In Pro Per | Ref. No. or File No.<br>STANFORD qui tam | | |

Insert name of court, judicial district or branch court, if any:

United States District Court, Central District of California

312 N. Spring St. #G-8

Los Angeles, CA 90012

PLAINTIFF:

United States et al.

DEFENDANT:

Stanford et al.

| PROOF OF SERVICE BY MAIL | DATE: | TIME: | DEPT/DIV: | CASE NUMBER:<br>CV-17-08726 |
|---|---|---|---|---|

**BY FAX**

I am a citizen of the United States, over the age of 18 and not a party to the within action. My business address is 1400 N. McDowell Blvd, Petaluma, CA 94954.

On 02/20/2020, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made (if applicable), I mailed copies of the:

First Amended Complaint, Summons in a Civil Action

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Petaluma, California, addressed as follows:

DR. FREDERICK DIRBAS, M.D.

900 Blake Wilbur Drive. 1st Floor

Stanford, CA 94304

I am readily familiar with the firm's practice for collection and processing of documents for mailing. Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

Fee for Service: $ 291.50

| Jason Arnette<br>One Legal - 194-Marin<br>1400 North McDowell Blvd. Ste 300<br>Petaluma, CA 94954 | I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on 02/20/2020 at Petaluma, California.<br><br>Jason Arnette |
|---|---|

OL#:   14166163

Dr. Frederick Dirbas

Exhibit  K

1   ,

2

3

4   Representing: Emily Roe                    File No. STANFORD qui tam

5

6

7

8                   United States District Court, Central District of California

9          Central District of California - District - Los Angeles - 312 N. Spring St

10

11

12   United States et al.                      Case No. CV-17-08726

13                                        )
                                          )
14          Plaintiff/Petitioner          )   Proof of Service of:
                                          )
15                  vs.                   )   First Amended Complaint, Summons in a Civil
                                          )   Action
16   Stanford et al.                      )
                                          )
17          Defendant/Respondent          )
                                          )
18   _____  )
                                              Service on:
19                                            Ms. Debra Zumwalt, J.D.

20

21

22                                            Hearing Date:

23                                            Hearing Time:

24                                            Div/Dept:

25

26

27

28

                              PROOF OF SERVICE

## RETURN OF SERVICE

### UNITED STATES DISTRICT COURT
### Central District of California

Case Number: CV 17 08726 DSF
AFX

Plaintiff:
**The United States of America, et. al.**

vs.

Defendant:
**Stanford Healthcare Billing Department, et. al.**

Received by County Process Service, Inc. on the 24th day of December, 2019 at 9:44 am to be served on **Debra Zumwalt, 1751 Valparaiso Ave, Menlo Park, CA 94025**.

I, Kenny Alfaro, do hereby affirm that on the **20th day of January, 2020** at **12:27 pm, I:**

I served the following documents **Summons in a Civil Action as to the First Amended Complaint; First Amended Complaint**

 I personally served the following person at the address, date and time stated: **Debra Zumwalt,  1751 Valparaiso Ave, Menlo Park, CA 94025,**

Under penalty of perjury I certify that I am over the age of 18, have no interest in the above action, and am a Registered Process Server, in good standing, in the State of California, County of Santa Clara.

**Kenny Alfaro**
PS1675

**County Process Service, Inc.**
**31 E. Julian Street**
**San Jose, CA 95112**
**(408) 297-6070**

Our Job Serial Number: COP-2019014665

Exhibit  L

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| Emily Roe | |
| TELEPHONE NO.: | |
| ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

United States District Court, Central District of California
312 N. Spring St. #G-8
Los Angeles, CA 90012

| PLAINTIFF/PETITIONER: The United States of America, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Stanford Healthcare Billing Department, et al. | CV-17-08726 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: STANFORD qui tam |
|---|---|

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action. **BY FAX**

2. I served copies of: First Amended Complaint, Summons in a Civil Action

3. a. Party served: The Board of Directors of the Stanford Health Care

   b. Person Served: Debra Zumwalt - Person Authorized to Accept Service of Process

4. Address where the party was served: Bldg. 170, 3rd Floor, Main Quad
   Stanford, CA 94305

5. I served the party
   b. **by substituted service.** On (date): 01/06/2020     at (time): 12:42PM   I left the documents listed in item 2 with or
   in the presence of:   Kabao Moua - Person In Charge Of Office
      (1) (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the
      person to be served. I informed him or her of the general nature of the papers.

      (4) A declaration of mailing is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   d. on behalf of:
   The Board of Directors of the Stanford Health Care

   under:

7. **Person who served papers**
   a. Name:       Thomas J. Bowman, Jr
   b. Address:    One Legal - 194-Marin
                  1400 North McDowell Blvd, Ste 300
                  Petaluma, CA 94954
   c. Telephone number: 415-491-0606
   d. The fee for service was: $    131.25
   e. I am:
      (3) registered California process server.
         (i)  Employee or independent contractor.
         (ii) Registration No. 25
         (iii) County SANTA CLARA

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date:  01/09/2020

_____
Thomas J. Bowman, Jr
(NAME OF PERSON WHO SERVED PAPERS)                    (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

OL# 14171388

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: | | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|---|
| Emily Roe | | | |
| ATTORNEY FOR *(Name)*: | Ref. No. or File No.<br>STANFORD qui tam | | |

Insert name of court, judicial district or branch court, if any:

Central District of California - District - Los Angeles - 312 N. Spring St
312 N. Spring St. #G-8
Los Angeles, CA 90012

**PLAINTIFF:**
The United States of America, et al.

**DEFENDANT:**
Stanford Healthcare Billing Department, et al.

| **PROOF OF SERVICE BY MAIL** | | | | CASE NUMBER:<br>CV-17-08726 |
|---|---|---|---|---|

**BY FAX**

I am a citizen of the United States, over the age of 18 and not a party to the within action. My business address is 1400 N. McDowell Blvd, Petaluma, CA 94954.

On 01/09/2020, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made (if applicable), I mailed copies of the:

First Amended Complaint, Summons in a Civil Action

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Petaluma, California, addressed as follows:

The Board of Directors of the Stanford Health Care

Debra Zumwalt

Bldg. 170, 3rd Floor, Main Quad

Stanford, CA 94305

I am readily familiar with the firm's practice for collection and processing of documents for mailing. Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

Fee for Service: $ 131.25

One Legal - 194-Marin
1400 North McDowell Blvd, Ste 300
Petaluma, CA 94954

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on 01/09/2020 at Petaluma, California.

Travis Carpenter

OL# 14171388

1

2

3    Emily Roe

4    Representing: In Pro Per                              File No.

5

6

7

8              United States District Court, Central District of California

9           Central District of California - District - Los Angeles - 312 N. Spring St

10

11

12   United States et al.

13                                          )    Case No. CV-17-08726
                                            )
14           Plaintiff/Petitioner           )    Proof of Service of:
                                            )
15               vs.                        )      First Amended Complaint, Summons in a Civil
                                            )      Action
16   Stanford et al.                        )
                                            )
17                                          )
             Defendant/Respondent           )
18   _____    )

19                                               Service on:

20                                                 Stanford Health Care

21

22                                               Hearing Date:

23                                               Hearing Time:

24                                               Div/Dept:

25

26

27

28

PROOF OF SERVICE

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Emily Roe<br><br>TELEPHONE NO.:<br>ATTORNEY FOR *(Name)*: In Pro Per | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
United States District Court, Central District of California
312 N. Spring St. #G-8
Los Angeles, CA 90012

| PLAINTIFF/PETITIONER: United States et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Stanford et al. | CV-17-08726 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |
|---|---|

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action. **BY FAX**
2. I served copies of:

First Amended Complaint, Summons in a Civil Action

3. a. Party served:  Stanford Health Care

   b. Person Served: Kabao Moua - Person Authorized to Accept Service of Process

4. Address where the party was served: Bldg. 170, 3rd Floor, Main Quad
           Stanford, CA 94305
5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 12/17/2019   (2) at  (time): 12:14PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   Stanford Health Care
   under:

7. **Person who served papers**
   a. Name:     Thomas J. Bowman, Jr
   b. Address:  One Legal - 194-Marin
              1400 North McDowell Blvd, Ste 300
              Petaluma, CA 94954

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 115.00
   e I am:
      (3) registered California process server.
         (i)  Employee or independent contractor.
         (ii)  Registration No.:25
         (iii) County: SANTA CLARA
8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date:  12/19/2019

Thomas J. Bowman, Jr
(NAME OF PERSON WHO SERVED PAPERS)              (SIGNATURE)

| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br><br>OL# 14171360 |
|---|---|---|

Exhibit  M

# GJ

**Gloria Juarez, Esq.**
**LAW OFFICES OF GLORIA JUAREZ**
**26081 Merit Circle, Suite 112**
**Laguna Hills, CA 92653**
**Telephone (213) 598-4439**
**Fax 714-919-0254**

Mr. Frank Sheeder
Mr. Brad Smyer
Alston & Bird
Counsel for Defendants
Email: Frank.Sheeder@alston.com

RE: UNITED STATES et. al *ex. relator* Roe vs. STANFORD *et. al.*  CV 17-08726-DSF

March 13, 2020

Expedited Delivery by Email

Dear Frank,
    It is my understanding and belief that the home address rule seems to apply to criminal cases only.  I believe that the DA and DOJ classify the FCA case in a civil department, according to our sources.

    But as I already offered, in a spirit of good faith compromise, we are willing to redaction of the address(es). That's not a problem.   I've asked you to simply prepare the stipulation and redacted document *you* wish to have timely filed, and we will timely review and get back to you.

    That seems reasonable given that you specified the redaction expedited. Therefore, we agreed to let your firm prepare the documents.  If my

_____

Page | 1

UNITED STATES et. al *ex. relator* Roe  vs. STANFORD *et. al.*        CV 17-08726-DSF

LAW OFFICES OF GLORIA JUAREZ

understanding of your representation of your "large firm" and "hundreds of
attorneys and support staff" is incorrect, please let me know.

   As a matter of housekeeping, we are deeply troubled by your apparent
refusal to answer a simple question about your client, and to be candid if you
are representing Dr. Dirbas.  However, you are apparently taking a position
on his behalf that his address be redacted from the SAC. Your and your
client's conduct here could be construed by the court as gamesmanship.

   As you know, we have written you no less than 4-5 emails with a
simple question as to "Dr. Dirbas" and you have yet to reply in any manner,
either confirming or denying his representation.

   Moreover, I explained to you yesterday by phone that it cost our office
more than $500 just to serve one of your clients because of bad faith
service evasion, and you have not replied. I also remain troubled by the
prejudicial treatment whereby you deny my office to have my staff on our
joint call, and you only allow your staff. I don't believe such conduct appears
in good faith, or shows me that you are being earnest in our communications.

   With the COVID crisis and closures that unfolded yesterday, our
office is impacted and we request your cooperation in that regard.

Sincerely,

/S/  Gloria
Gloria Juarez, Esq.

---

UNITED STATES et. al *ex. relator* Roe  vs. STANFORD *et. al.*      CV 17-08726-DSF

Exhibit  N

# business-open.com
## Yellow-Pages

# Software For Surgeons | Los Altos

/ Software For Surgeons | Los Altos

## COMPANY INFORMATION

**Company:** Software for Surgeons

**Description:** SOCIAL SERVICES

**SIC-Code:** 8300-00

**Address:** 94024

LOS ALTOS

1285 Middle Ave. - Menlo Park

## CONTACT INFORMATION

**Name:** Frederick Dirbas

**Position:** President

Pinterest               Facebook               Twitter               LinkedIn