KIMBERLY K. CHEMERINSKY (State Bar No. 277637)
**ALSTON & BIRD LLP**
333 S. Hope Street, 16th Floor
Los Angeles, CA  90071
Telephone:  213-576-1000
Facsimile:   213-576-1100
Email:        kim.chemerinsky@alston.com

FRANK E. SHEEDER III (Admitted *Pro Hac Vice*)
**ALSTON & BIRD LLP**
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
Telephone:  214-922-3400
Facsimile:   214-922-3899
E-mail:        frank.sheeder@alston.com

Attorneys for Moving Defendants
**STANFORD HEALTH CARE, STANFORD
HEALTH CARE ADVANTAGE, THE LELAND
STANFORD JUNIOR UNIVERSITY (A/K/A THE
BOARD OF TRUSTEES OF THE LELAND
STANFORD JUNIOR UNIVERSITY), DEBRA
ZUMWALT, and FREDERICK DIRBAS**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>and<br><br>THE STATE OF CALIFORNIA<br>*Ex. Relator* Emily Roe., an individual;<br><br>Plaintiffs,<br><br>v.<br><br>STANFORD HEALTHCARE BILLING DEPARTMENT, STANFORD HEALTH CARE (FORMERLY KNOWN AS STANFORD HOSPITALS AND CLINICS), DR. FREDERICK DIRBAS, DEBRA ZUMWALT, THE BOARD OF DIRECTORS OF THE STANFORD HEALTH CARE, THE BOARD OF DIRECTORS OF THE LUCILE SALTER PACKARD CHILDREN'S HOSPITAL AT STANFORD, THE LELAND JUNIOR UNIVERSITY, THE BOARD OF TRUSTEES OF STANFORD UNIVERSITY, STANFORD HEALTH CARE ADVANTAGE and DOES 1-10, inclusive.<br><br>Defendants. | Case No. 2:17-cv-08726-DSF-AFM<br>Assigned to the Honorable Dale S. Fischer, [Courtroom 7D]<br><br>**MOVING DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 10(A)**<br><br>[Filed concurrently with Declaration of Frank E. Sheeder III in Support of Moving Defendants' Reply in Support of Motion to Dismiss Second Amended Complaint Pursuant to Federal Rule of Civil Procedure 10(a)]<br><br>Hearing<br><br>Date: July 13, 2020<br>Time:      1:30 p.m.<br>Ctrm:      7D<br><br>Second Am. Complaint:  March 2, 2020 |

# TABLE OF CONTENTS

Page(s)

I.     INTRODUCTION ........................................................................................ 1

II.    THE   OPPOSITION   RELIES   ON   IRRELEVANT
       DIVERSIONS ............................................................................................ 2

       A.     The motion is not barred or governed by Rule 12. .............................. 2

       B.     Relator cannot distinguish Moving Defendants' cases......................... 3

       C.     Relator's cases do not support her position. ......................................... 4

       D.     Moving   Defendants   have   not   "de-anonymized"
              anyone. ................................................................................................. 4

       E.     Relator's "status quo" arguments have no merit. ................................. 6

III.   RELATOR   CANNOT   OVERCOME   THE   STRONG
       PRESUMPTION   AGAINST   ANONYMOUS   CIVIL
       LITIGATION ............................................................................................. 7

IV.    ALLOWING   RELATOR   TO   PROCEED
       ANONYMOUSLY   WILL   HARM   MOVING
       DEFENDANTS AND THE PUBLIC ......................................................... 9

       A.     Relator has put her own identity at issue in this case. ......................... 9

       B.     Relator has attempted to increase public interest in this
              case....................................................................................................... 10

       C.     The public's interest in this matter is stronger than in
              most cases because Relator is purporting to represent
              the public's interests........................................................................... 11

V.     CONCLUSION ....................................................................................... 12

REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 10(A)

1

2

# <u>TABLE OF AUTHORITIES</u>

3

**CASES**                                                                        **PAGE(S)**

4

5
*4 Exotic Dancers v. Spearmint Rhino*,
   No. CV-08-4038, 2009 WL 250054 (C.D. Cal. Jan. 29, 2009) ........................ 3, 9

6

7
*Does I Thru XXIII v. Advanced Textile Corp.*,
   214 F.3d 1058 (9th Cir. 2000) ................................................................................. 3

8

9
*Albany Ins. Co. v. Almacenadora Somex*, S.A.,
   5 F.3d 907 (5th Cir. 1993) ....................................................................................... 3

10

11
*Doe ex rel. Doe v. Harris*,
   No. 14–cv–00802, 2014 WL 4207599 (W.D. La. Aug. 25, 2014) ....................... 3

12

13
*Doe v. Apstra, Inc.*,
   No. C 18-04190 WHA, 2018 WL 4028679 (N.D. Cal. Aug. 23,
   2018) ......................................................................................................................... 9

14

15
*Doe v. Coder*,
   No. C-10-4756, 2010 WL 4938282 (C.D. Cal. Nov. 30, 2010) ............................ 3

16

17
*Doe v. Ind. Black Expo., Inc.*,
   923 F. Supp. 137 (S.D. Ind. 1996) ...................................................................... 11

18

19
*Doe v. John F Kennedy Univ.*,
   No. C-13-01137, 2013 WL 4565061 (N.D. Cal. Aug. 27, 2013) ........................ 3

20

21
*Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*,
   596 F.3d 1036 (9th Cir. 2010) ........................................................................... 3, 9

22
*Doe v. Rostker*,
   89 F.R.D. 158 (N.D. Cal. 1981) ............................................................................. 3

23

24
*Doe v. Texaco, Inc.*,
   No. C06-02820, 2006 WL 2850035 (N.D. Cal. Oct. 5, 2006) ............................. 3

25

26
*Doe v. Village of Deerfield*,
   819 F.3d 372, 376-77 (7th Cir. 2016) .................................................................... 4

27

28
*Friedman v. Sebelius*,
   672 F. Supp. 2d 54 (D.D.C. 2009) ......................................................................... 4

ii

*Perez v. ECFC Holdings, Inc.*,
    No. 16-4000 DSF, 2016 WL 10988574 (C.D. Cal. Aug. 2, 2016) ....................... 3

*R.P. v. Bd. of Trs. of Vista Unified Sch. Dist.*,
    No. 08CV1657, 2008 WL 4753743 (S.D. Cal. Oct. 29, 2008) ............................ 9

*Sealed Plaintiff v. Sealed Defendant #1*,
    537 F.3d 185 (2d Cir. 2008) ................................................................. 1, 4

*United States ex rel. Grover v. Related Cos., LP*,
    4 F. Supp. 3d 21 (D.D.C. 2013) ......................................................... 12

**RULES**

Fed. R. Civ. P. 10(a) ................................................................ 1, 3, 4, 7, 12

Fed. R. Civ. P. 12............................................................................ 1, 2, 3

L.R. 5.2-1 ......................................................................................... 10

Stanford Health Care ("SHC"), Stanford Health Care Advantage ("SHCA"), The Leland Stanford Junior University (a/k/a The Board of Trustees of the Leland Stanford Junior University) (the "University"), Debra Zumwalt ("Ms. Zumwalt"), and Frederick Dirbas ("Dr. Dirbas") (collectively, "Moving Defendants") file this Reply in Support of their Motion to Dismiss Second Amended Complaint Pursuant to Federal Rule of Civil Procedure 10(a) (the "Motion").

## I.   <u>INTRODUCTION</u>

Relator has not satisfied her burden to show compelling reasons why her desire for anonymity should vitiate the strong presumption against anonymous civil litigation. Her Opposition simply restates the same insufficient "justifications" from the SAC—speculation about possible economic harm, conjecture about prospective medical treatments unrelated to the SAC, and a nebulous concern about privacy of medical records—even though courts regularly reject requests for anonymity on those bases. The only "evidence" she offers in support is a declaration from her own counsel that is virtually identical to two others she has filed in this case and is based on objective misstatements about the documents she attached in support.

Relator's legal arguments are even flimsier. Although Moving Defendants cite nearly 40 cases in the Motion, she takes issue with only two of them, and does so on irrelevant grounds. Furthermore, even a cursory reading of Relator's primary case on anonymity, *Sealed Plaintiff*, shows that she has misread both its procedural posture and holding. She does not cite a single case justifying her continued concealment or supporting her flawed arguments that this issue is either governed by Federal Rule of Civil Procedure ("Rule") 12 or was determined in an unrelated state court case. Nor can she credibly claim that using her real name will allow Moving Defendants to "disseminate [her] non-anonymized medical records" or that they have "de-anonymized" her by referencing information from *her* counsel's website.

The public's right to know Relator's identity is stronger here than in the typical case. Unlike a plaintiff in a case where anonymity might be justified, Relator is not

1   trying to enforce *any* of her own rights—she is representing the public's interests, in

2   exchange for a bounty from the government, while simultaneously seeking to prevent

3   members of the public from knowing who is using their courts, representing their

4   interests, and seeking a share of any recovery.

5       Relator's have-her-cake-and-eat-it-too approach falls particularly flat because

6   she has repeatedly placed her own identity and credibility at the center of this case.

7   She never once denies that she is attempting to proceed as a party, a witness, and an

8   advocate, or that she and her counsel have gone to great lengths to generate public

9   interest in this case. The latest of Ms. Juarez's many press releases about this matter

10  even falsely suggests that damages are the only remaining "triable issues" before this

11  Court. Relator should not be permitted to deprive the public of its right to know who

12  is acting on its behalf, let alone while she is simultaneously attacking Moving

13  Defendants in the press and attempting to engender publicity.

14  ## II.  THE OPPOSITION RELIES ON IRRELEVANT DIVERSIONS

15      Unable to contend with the many authorities in the Motion or introduce

16  anything but her own counsel's accounts in support of her faulty position (as

17  discussed below), Relator uses her Opposition to present a series of misstatements

18  and sideshows. None of these change the outcome of the Motion, but they do reveal

19  that she is not entitled to continue to hide her identity.

20      **A.   The motion is not barred or governed by Rule 12.**

21      Relator attempts to avoid *her* burden to demonstrate a compelling need for

22  anonymity by asserting that the Motion: (1) should be analyzed under the permissive

23  standards of Rule 12(b)(6); and (2) is barred by Rule 12(g) because Moving

24  Defendants failed to raise it in their Rule 12 motion. *See* Opp'n 3:17-18, 4:7-16, 10:3-

25  19, 14:14-17:7, 18:13-25. Neither contention is true.

26      Relator does not cite to a single case that has applied Rule 12 standards to the

27  question of a plaintiff's anonymity or held that the question was barred under Rule

28  12(g). She simply refers to a breach of contract case where the defendants were

barred from asserting a venue challenge under Rule 12(b)(3) that they had not raised in their first Rule 12 motion. *See Albany Ins. Co. v. Almacenadora Somex, S.A.*, 5 F.3d 907, 909-10 (5th Cir. 1993). Challenging a plaintiff's ability to proceed anonymously is simply not a defense or objection covered by Rule 12, and it is not subject to waiver under Rule 12(g).[1] *See, e.g., Doe v. John F Kennedy Univ.*, No. C-13-01137, 2013 WL 4565061, at *1 (N.D. Cal. Aug. 27, 2013) (granting Rule 10(a) motion to dismiss filed separately from defendants' motion under Rule 12(b)(6)).

The authorities cited in the Motion show that whether anonymity is challenged by a motion under Rule 10, an objection to a request for leave to proceed anonymously, or *sua sponte* by the court, the plaintiff must satisfy the burden to proceed anonymously. *See Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1040 (9th Cir. 2010); *Perez v. ECFC Holdings, Inc.*, No. 16-4000 DSF, 2016 WL 10988574, *1 n.1, 3 (C.D. Cal. Aug. 2, 2016); *Doe v. Coder*, No. C-10-4756, 2010 WL 4938282, at *1 (C.D. Cal. Nov. 30, 2010); *4 Exotic Dancers v. Spearmint Rhino*, No. CV-08-4038, 2009 WL 250054, at *1 (C.D. Cal. Jan. 29, 2009).[2] Relator has not attempted to distinguish these authorities, nor can she. She plainly cannot avoid her burden by recasting the Motion under Rule 12.

**B.    Relator cannot distinguish Moving Defendants' authorities.**

Although Moving Defendants cite nearly 40 cases in support of their Motion, Relator takes issue with just two of them, saying they are "inapposite" because they dealt with relators' requests to seal or redact their names from FCA pleadings. *See* Opp'n 5:22-6:5; 18:26-19:16. As the Motion makes clear, they are relevant because they confirm that courts routinely reject the argument that an FCA whistleblower

---

[1] Ironically, the only Ninth Circuit anonymity case Relator cites, *Advanced Textile*, also disproves her unfounded waiver argument—the plaintiffs' anonymity was before the court on a motion to dismiss filed *after* discovery had commenced and that was apparently of no concern to the parties, the district court, or the Ninth Circuit. *See* 214 F.3d 1058, 1064 (9th Cir. 2000).
[2] *See also, e.g., Doe ex rel. Doe v. Harris*, No. 14–cv–00802, 2014 WL 4207599, at *1 (W.D. La. Aug. 25, 2014); *Doe v. Texaco, Inc.*, No. C06-02820, 2006 WL 2850035, at *1 (N.D. Cal. Oct. 5, 2006); *Doe v. Rostker*, 89 F.R.D. 158, 163 (N.D. Cal. 1981).

should be allowed to proceed incognito based on allegations of possible economic harm, whether the proposed anonymity involves sealing, redaction, or a pseudonym.[3] *See* Mot. 8:5-20.

### C.   Relator's cases do not support her position.

Relator's own cases do not support her position. Opp'n 25:5-7. She cites *Sealed Plaintiff* throughout the Opposition, claims it involved dismissal on "a similar motion," and says the Second Circuit reversed after determining "the plaintiff's interest in keeping her name anonymous was more important than the public interest in knowing her identity." Opp'n 2:18-24, 20:18-20; *see id.* 5:11-15, 10:18-28, 13:1-3, 19:19-20:20. But *Sealed Plaintiff* did not involve a motion to dismiss, nor did the court assess any of the plaintiff's arguments for anonymity. 537 F.3d 185, 186-92 (2d Cir. 2008). Relator also cites *Doe v. Village of Deerfield*, but that decision affirmed a district court's dismissal based on anonymity. 819 F.3d 372, 376-77 (7th Cir. 2016). None of Relator's cases justify her attempted anonymity.[4]

### D.   Moving Defendants have not "de-anonymized" anyone.

Relator repeatedly maintains that Moving Defendants "willfully de-anonymized Relator in their Motion" by referencing information from *her* counsel's website. *See* Opp'n 3:18-22, 3:26-4:2, 5:16-21, 11:22-28, 12:26-28, 17:8-13, 21:11-17; Decl. of Gloria Juarez, and Exs. in Support Thereof to Relator's Opp'n to Defs.' Mot. to Dismiss the Second Am. Compl. Pursuant to Rule 10(a), ECF No. 68-1 ("Juarez Decl.") ¶ 7. When Moving Defendants filed the Motion, Ms. Juarez's website listed a phone number and partial name for someone she described as her

---

[3] Relator's attempt to distinguish these two cases is particularly ironic because she cites to a separate case that involved a defendant's motion to unseal a civil matter, and that court also rejected the plaintiff's attempt to proceed anonymously. *See* Opp'n 22:12-16; *Friedman v. Sebelius*, 672 F. Supp. 2d 54, 57-61 (D.D.C. 2009).
[4] To the extent Relator relies on *Deerfield* to suggest that any dismissal should be without prejudice, her reliance is still misplaced. The SAC should be dismissed *with prejudice* to Relator for the reasons outlined in Moving Defendants' Motion to Dismiss and Strike Second Amended Complaint. *See* ECF Nos. 63, 63-1. Even if the SAC was not dismissed with prejudice to Relator (which it should be), it should still be dismissed for the reasons in the Motion, and Relator should be ordered to appear under her true name. Either way, Relator's cases cannot save the SAC from dismissal.

"Apprentice." *See* Decl. of Frank E. Sheeder III in Support of Moving Defs.' Reply in Support of Mot. to Dismiss Second Am. Compl. Pursuant to Fed. R. Civ. P. 10(a) ("Sheeder Decl.") ¶¶ 2-5. That number is associated with Ms. Juarez's many press releases about this case, and Moving Defendants referenced it to show that Ms. Juarez has repeatedly sought publicity of this matter. *See id.*; Mot. 3:5-4:25.

The Motion does not include any information beyond what Ms. Juarez has either said or published on her website. *See* Mot. 3:5-4:25; Sheeder Decl. ¶ 4. The first name and initial on her website is not sufficient to identify anyone or foreclose a determination of anonymity, nor does it identify every "Apprentice" who has acted on Ms. Juarez's behalf in this matter. *See* Juarez Decl. Ex. E (attaching email from another person, "JD", purporting to be her "Apprentice"). Furthermore, Relator's "de-anonymized" argument shows that her identity is at the center of this case—the first name and initial do not match any name in the SAC, the medical records Relator attached to the SAC, or public FOIA logs from when Relator says she received the public Medicare information on which she bases her case. *See* Sheeder Decl. ¶ 6.

Although Relator's argument that she has been "de-anonymized" is meritless, Moving Defendants filed a stipulated request to seal the Motion and refile a version with footnote 3 redacted as she requested to avoid her continued attempts to divert attention from the real issues presented in the Motion. *See* ECF No. 72. The Court denied the request, noting that nothing about it showed the "compelling reasons" necessary to seal a document. *See* ECF No. 74. Apparently dissatisfied with the Court's order, Relator has now filed a preposterous motion for sanctions against Moving Defendants. *See, e.g.*, ECF No. 75-3, at 2:1-3 (requesting the same relief under the guise of Rule 11). Moving Defendants agree with the Court and reiterate that nothing in their Motion or Relator's allegations justify sealing a single filing, let alone the extreme relief of allowing Relator to proceed anonymously.[5]

---

[5] Ironically, even if Relator had been "de-anonymized," she would have done it herself by taking this bizarre position about a partial name on her counsel's website.

REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 10(A)

1

**E.     Relator's "status quo" arguments have no merit.**

2    Relator also tries to shirk her burden by asserting that the issue of her

3 anonymity has already been determined in this case. First, Relator claims that she

4 proceeded anonymously in an unrelated state court "medical matter" and that Moving

5 Defendants "are seeking to essentially overturn the prior court's protective order, and

6 to wholesale disseminate non-anonymized medical records of Relator in reprisal."

7 Opp'n 11:6-14; *see id.* 11:28-12:12, 21:18-22:1. This argument strains credibility and

8 is flatly wrong.[6] A ruling in a state court matter does not determine a person's ability

9 to proceed anonymously in a later unrelated federal court action. Requiring Relator

10 to proceed under her true name would never allow Moving Defendants or anyone

11 else to violate a protective order or "disseminate non-anonymized medical records."

12 Second, Relator claims that this Court has already determined the issue of her

13 anonymity because it "accepted" her pseudonymous Complaint and the United States

14 "never objected." Opp'n 6:5-11, 13:9-16; *see also id.* 2:24-3:4, 18:2-14, 20:22-21:17.

15 This presumptuous position is equally misguided. Relator's case was under seal until

16 July 2019; she did not mention her anonymity in a pleading until March 2020, when

17 she filed the SAC; Moving Defendants filed the Motion less than 30 days later; and

18 the United States has not opposed the Motion or any argument in it. Relator cites

19 nothing in support of her attempts to stay undercover.

20

21    ─────────────
[6] Relator's argument is based on objective mischaracterizations of Ms. Juarez's
22 declaration and the documents attached to it. For example, Relator cites to paragraph
6 of Ms. Juarez's declaration and claims that "Defendants are well aware that no less
23 than 3 court orders ruled against them on anonymity as to Relator," but that paragraph
has nothing to do with anonymity and no such orders are attached to the declaration.
24 *See* Opp'n 21:23-25. Relator also claims that she has "amply presented to Defendants
through multiple meet and confer communications the anonymity pleadings,
25 evidence, key applicable court orders, and authoritative case law that asserts that this
case should proceed with the anonymized relator *status quo*," but the attachments to
26 Ms. Juarez's declaration show she has never presented any "evidence" or cited a
single case in support of her client's baseless position. *See id.* 21:8-12. Relator also
27 cites to Ms. Juarez's declaration for other statements that do not appear anywhere in
it or its attachments. *Compare, e.g., id.* 17:10-14 (citing paragraph 3 of Ms. Juarez's
28 declaration in support of claim that Moving Defendants' counsel stated "oh, we know
exactly who she is [Relator identity] and about her Stanford case") *with* Juarez Decl.
¶ 3 & Ex. B (nowhere referencing this "quotation").

## III.   RELATOR CANNOT OVERCOME THE STRONG PRESUMPTION AGAINST ANONYMOUS CIVIL LITIGATION

Despite Relator's burden to show she is entitled to hide her identity, her Opposition rests primarily on inapposite cases and inapplicable legal doctrines (as shown above). The only "support" she provides is a restatement of the same speculative allegations from the SAC, her counsel's declaration, and statements she says are in the declaration, but are not. *See* Opp'n 4 n.4, 10:28-11:22, 13:4-10, 13:24-14:2, 22:2-22. In spite of a mountain of case law, Relator rejects her burden outright and avers that "[n]othing more is required at the pleading stage." *See* Opp'n 5:2-11. Relator's unilateral choice to disregard Rule 10(a) and flout her burden justifies the Court's denial of Relator's continued attempts to proceed anonymously. *See* Mot. 6:8-22.

The Opposition also confirms that Relator cannot overcome the strong presumption against anonymous litigation. She merely repeats the same two inadequate allegations from her SAC. *See* SAC ¶ 39. First, she contends that requiring her to comply with Rule 10(a) could somehow impair her and her family's medical privacy and future medical care at SHC for issues unrelated to the allegations in this case. *See* Opp'n 10:28-11:6, 13:24-14:2. Second, Relator posits that if her "identity were to become publicly known in this case," she could be "*potentially* black-listed and miss referral sources" which "*could* likely adversely and directly impact Relator's finances, and her medical and consulting career." *Id.* 11:14-22, 22:16-28, 23:1-10 (emphasis added). These arguments are based on nothing but the shaky statements of her counsel, and courts routinely deny requests for anonymity in FCA cases based on these same "fears." *See* Mot. 13:3-26.

Relator's speculative and unreasonable arguments about the privacy of her and her family's medical records or that she may not be able to obtain some future medical care are insufficient to overcome the strong presumption against anonymous civil litigation. *See id.* 9:5-10:8. Courts regularly address similar concerns through

protective orders or other less drastic measures. *See id.* 9:24-10:8. Relator's argument is also premised on the unreasonable assumption that if she is required to use her real name, health care providers *affiliated* with Moving Defendants will be free to refuse medical treatment and "publicly disseminat[e] her name and private medical history."[7] *See* Juarez Decl. Ex. B, at 19.[8] There is absolutely no rational basis for this concern—none of Relator's medical records are relevant to this matter, the SAC does not contain a single allegation or exhibit about anyone in her family, and medical providers are bound by state and federal laws not to disseminate "private medical history" or discriminate against patients.

Relator's notional concerns about possible future harm to her reputation or income are not even close to the "unusual" circumstances necessary to justify anonymity. *See* Mot. 7:25-9:4. Nor can she credibly allege that she is more vulnerable than any other plaintiff.[9] FCA lawsuits frequently involve whistleblowers whose reputations and careers are potentially placed at risk; indeed, such lawsuits usually involve employees of the organization at which fraud is alleged, who therefore operate at much greater risk than Relator. *See, e.g., id.* 10:9-11:28. Even if Relator could conjure up more than just the conflicted statements of her own counsel in support of her assertions about *possible* future harm to her career and finances or unreasonable speculation about medical privacy or other harm, she cannot show this

---

[7] Relator also asserts that Moving Defendants believe her unredacted medical records are "publicly available," but Moving Defendants have never said that, and this is not the first time she has made this same misstatement. *Compare* Mot. 1:12-16 *with* Opp'n 17:18-22; *see* ECF No. 52, 4:8-12.

[8] Because Relator has failed to paginate the Exhibits to Ms. Juarez's Declaration as required by the Local Rules, Moving Defendants cite to the ECF page numbers on the top of her respective Exhibits.

[9] Relator also makes shockingly false and unsupported claims that Moving Defendants or their counsel: (1) have "filed retaliatory grievances about Relator to the licensing agencies under whom either Relator is professionally credentialed, or for whom Relator performs consulting works"; (2) have engaged in other unspecified "conduct [which] has resulted in enormous [and ongoing] personal and physical detriment to Relator"; and (3) "seek retribution" for Relator's filings. *See* Opp'n 11:22-27, 12:13-26, 21:26-22:1. None of this ever happened, and Relator does not attach a single document or shred of information in support of these assertions. As discussed below, Relator's public comments about this case reveal her true intent.

is one of the "unusual" cases that justifies anonymity, particularly where she seeks a substantial percentage of any recovery. *See* Mot. 7:24-9:4, 13:-14:20.

## IV.   ALLOWING RELATOR TO PROCEED ANONYMOUSLY WILL HARM MOVING DEFENDANTS AND THE PUBLIC

Although the Ninth Circuit has repeatedly emphasized the "paramount importance of open courts" and reaffirmed that "the common law rights of access to the courts and judicial records are not taken lightly," Relator's Opposition ignores this and does nothing to contend with the compelling authorities in the Motion. *Kamehameha*, 596 F.3d at 1042, 1046; *see* Mot. 12:1-14:20. Likewise, other than her paradoxical assertion that Moving Defendants "cannot claim prejudice" because they "knew and currently know Relator's identity," she ignores the harms Moving Defendants and the public will suffer if she is allowed to proceed anonymously. Opp'n 17:10-15. These factors weigh heavily against Relator.

### A.   Relator has put her own identity at issue in this case.

Relator has placed her own identity and credibility at the center of this case. She claims she is the "original source" of the allegations in the SAC and admits she has no "choice but to plead with specificity as to *how* she became the original source" of those allegations. Opp'n 14:9-12; SAC ¶¶ 4-9. Relator also references her education, training, and credentials; claims that her "special knowledge" is "relevant to this action"; and describes herself as an "expert." SAC ¶¶ 6, 8, 35-36, 78. She never denies that she is also attempting to act as an advocate in this matter. Relator cannot credibly contend that she is entitled to proceed in secret when she has put her own identity at issue through her allegations and multiple roles in this case, or that none of it matters because the government and Moving Defendants already know who she is. *See Doe v. Apstra, Inc.*, No. C 18-04190 WHA, 2018 WL 4028679, at *1 (N.D. Cal. Aug. 23, 2018); *Spearmint Rhino*, 2009 WL 250054, at *3; *R.P. v. Bd. of Trs. of Vista Unified Sch. Dist.*, No. 08CV1657, 2008 WL 4753743, at *2 (S.D. Cal. Oct. 29, 2008).

1    Even if the SAC were somehow sufficient to survive dismissal with prejudice
2    to Relator as outlined in Moving Defendants' Motion to Dismiss and Strike Second
3    Amended Complaint (which it should not), Relator's identity would become even
4    more significant. For example, Relator claims she is an "original source" of the
5    allegations in the SAC and relies extensively on Medicare data she says she requested
6    about Dr. Dirbas from the Centers for Medicare and Medicaid Services ("CMS") in
7    March 2017. *See* SAC, Ex. Q, at 218, ECF No. 55-1 (attaching CMS response to
8    FOIA request dated March 6, 2017, but redacting requester's name). However, CMS
9    logs from March 2017 do not list any requestors with the name "Emily Roe," the
10   name printed on the medical records attached to the Second Amended Complaint, or
11   anything that resembles the partial name for the "Apprentice" formerly included on
12   Ms. Juarez's Website. *See* Sheeder Decl. ¶ 6. If the case were to go forward, Relator's
13   identity would be an important factor.

14        **B.    Relator has attempted to generate public interest in this case.**

15        Although Relator bafflingly accuses Moving Defendants of using her
16   "anonymity as a sword," Relator and her counsel have done all they can to publicize
17   this case and to try it in the court of public opinion. *See* Opp'n 17:9. Ms. Juarez has
18   published the SAC and other filings on her website and has urged people with
19   negative information about Moving Defendants reach out to her. *See, e.g.*, Sheeder
20   Decl. Ex. B, at 19-20; Ex. F, at 30. Ms. Juarez has also disseminated numerous press
21   releases discussing the allegations in this case and unrelated and false details about
22   Moving Defendants. *See, e.g.*, Sheeder Decl. Ex. ¶ 5; Mot. 4:1-21, 11:11-12:21. She
23   even attached the SAC to a press release after being notified that it violated Local
24   Rule 5.2-1. *See, e.g.*, Mot. 3:19-23, 13:27-14:7.

25        Ms. Juarez's latest press release, issued just weeks ago, confirms that Relator
26   is still desperately trying to generate publicity in this case, which Ms. Juarez admits
27   was "filed on behalf of taxpayers." Sheeder Decl. Ex. H, at 34. The press release

28

incorrectly identifies Ms. Zumwalt as the "Healthcare Billing Compliance Officer"[10] and falsely states that she is "concurrently" a defendant in an unrelated "fraud" suit "pending" in state court.[11] *Id.* at 34-35. The release also mischaracterizes the United States' recent Statement of Interest as "urging the Federal Court to rule against Stanford Health Care." *Id.* at 34. But, as the Court is aware, it was filed for the "limited purpose" of clarifying some policy points, does not oppose dismissal of the SAC, and expressly states that "the United States takes no position on the overall merits of Defendants' Motion or the sufficiency of the allegations in Relator's Second Amended Complaint." *See* ECF No. 70, 1:18-16. Even worse, the press release unashamedly misrepresents that liability has already been determined so damages are the only remaining "triable issues" before this Court. Sheeder Decl. Ex. H, at 35.

Relator's only excuse for this behavior—that none of the press releases disclose her identity and she cannot be responsible if the news media further disseminate those releases—not only strains credulity, but it also completely misses the point. *See* Opp'n 6:14-23. Relator cannot claim that her purported need for anonymity outweighs the public's already strong right to open court proceedings when she is doing all she can to generate even more public interest in this case. *See e.g.*, *Doe v. Ind. Black Expo., Inc.*, 923 F. Supp. 137, 141 (S.D. Ind. 1996).

## C.    The public's interest here is stronger than in most cases because Relator is purporting to represent the public's interests.

As Ms. Juarez acknowledged in her latest press release, FCA actions are "filed on behalf of taxpayers." Courts recognize that the public's "right to know who is

---

[10] Ms. Zumwalt is the Vice President and General Counsel for the University (https://ogc.stanford.edu/people/debra-zumwalt).

[11] Ms. Juarez fails to mention: (1) the case she references was brought by an affiliate of the University *against* someone who had defrauded it; (2) the case had concluded in the affiliate's favor months before Ms. Juarez's press release; and (3) the defendant's cross-complaints against the University and its employees, including Ms. Zumwalt, had been dismissed with prejudice much earlier. *See Stanford-StartX Fund LLC, et al. v. Medwhat.com, Inc. et al.*, Cause No. CGC-19-565596 (Super. Ct. of Cal., Cnty. of S.F.), docket entries dated May 9, 2018; Aug. 2, 2019; Oct. 15, 2019; and Mar. 24, 2020.

---

11

1  using their courts" is even stronger in FCA cases because the public is the real party

2  in interest. *See* Mot. 12:19-13:26. Unlike plaintiffs in other cases where anonymity

3  could have been justified, Relator is not seeking to enforce *any* of her own rights—

4  she is purporting to represent the public in exchange for a bounty from the

5  government.

6          Under these circumstances, Relator cannot possibly show that she is entitled to

7  deprive the public of its right to know who is acting on its behalf (as a party, an

8  "original source," a witness, and an advocate) and who stands to take a share of any

9  recovery (likely both as a relator *and* as an advocate) while simultaneously attacking

10  Moving Defendants in the press and attempting to increase public interest in this case.

11  *See, e.g.*, *United States ex rel. Grover v. Related Cos., LP*, 4 F. Supp 3d 21, 25-26

12  (D.D.C. 2013)). The public's interest in knowing who is using its courts and litigating

13  on its behalf weighs strongly against Relator's unsupported desire to proceed

14  anonymously.[12]

15  **V.     CONCLUSION**

16          For these reasons and those outlined in the Motion, the Court should dismiss

17  the SAC.  In the unlikely event the SAC is not dismissed with prejudice to Relator as

18  demonstrated in Moving Defendants' other filings, Relator should be ordered to

19  reveal her true identity in compliance with Rule 10(a) and Ninth Circuit authorities.

20  Dated:  June 29, 2020                **ALSTON & BIRD LLP**

21

22                                         By: */s/ Frank E. Sheeder III*
                                          Attorneys for Moving Defendants
23                                        **STANFORD HEALTH CARE, STANFORD**
                                          **HEALTH CARE ADVANTAGE, THE**
24                                        **LELAND STANFORD JUNIOR UNIVERSITY**
                                          **(A/K/A/ THE BOARD OF TRUSTEES OF**
25                                        **THE LELAND STANFORD JUNIOR**
                                          **UNIVERSITY), DEBRA ZUMWALT, and**
26                                        **FREDERICK DIRBAS**

27

28  ---
[12] The Court should also deny Relator's legally unsupported, duplicative, and factually deficient claim for Ms. Juarez's legal fees. *See* Opp'n 25:19-24.

1

## CERTIFICATE OF SERVICE

2    I hereby certify that on June 29, 2020, I caused a copy of the **REPLY IN**

3    **SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**

4    **PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 10(A)** to be served

5    upon the following counsel and parties in interest via the Court's CM/ECF system:

6
7    Gloria Juarez, Esq.                Frank D. Kortum
     Law Offices of Gloria Juarez       Assistant United States Attorney
7    26081 Merit Circle, Suite 112      Room 7516, Federal Building
     Laguna Hills, CA 92653             300 N. Los Angeles St.
8                                       Los Angeles, CA 90012
9
     **Counsel for Relator**            **Counsel for the United States of**
10                                       **America**

11

12   <u>/s/    *Frank E. Sheeder III*    </u>
     Counsel for Moving Defendants

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28