KIMBERLY K. CHEMERINSKY (State Bar No. 277637)
**ALSTON & BIRD LLP**
333 S. Hope Street, 16th Floor
Los Angeles, CA  90071
Telephone:  213-576-1000
Facsimile:  213-576-1100
Email:      kim.chemerinsky@alston.com

FRANK E. SHEEDER III (Admitted *Pro Hac Vice*)
**ALSTON & BIRD LLP**
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
Telephone:  214-922-3400
Facsimile:  214-922-3899
E-mail:     frank.sheeder@alston.com

Attorneys for Moving Defendants
**STANFORD HEALTH CARE, STANFORD
HEALTH CARE ADVANTAGE, THE LELAND
STANFORD JUNIOR UNIVERSITY (A/K/A THE
BOARD OF TRUSTEES OF THE LELAND
STANFORD JUNIOR UNIVERSITY), DEBRA
ZUMWALT, and FREDERICK DIRBAS**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*Ex. Relator* Emily Roe., an individual;<br><br>Plaintiffs,<br><br>v.<br><br>STANFORD HEALTHCARE BILLING DEPARTMENT, STANFORD HEALTH CARE (FORMERLY KNOWN AS STANFORD HOSPITALS AND CLINICS), DR. FREDERICK DIRBAS, DEBRA ZUMWALT, THE BOARD OF DIRECTORS OF THE STANFORD HEALTH CARE, THE BOARD OF DIRECTORS OF THE LUCILE SALTER PACKARD CHILDREN'S HOSPITAL AT STANFORD, THE LELAND JUNIOR UNIVERSITY, THE BOARD OF TRUSTEES OF STANFORD UNIVERSITY, STANFORD HEALTH CARE ADVANTAGE and DOES 1-10, inclusive.<br><br>Defendants. | Case No. 2:17-cv-08726-DSF-AFM<br>Assigned to the Honorable Dale S. Fischer, [Courtroom 7D]<br><br>**MOVING DEFENDANTS' OPPOSITION TO RELATOR'S AMENDED MOTION FOR SANCTIONS, COSTS, AND ATTORNEY'S FEES PURSUANT TO FED. R. CIV. P. RULE 11**<br><br>[Filed concurrently with Declaration of Frank E. Sheeder III in Support of Moving Defendants' Opposition to Relator's Amended Motion for Sanctions, Costs, and Attorney's Fees Pursuant to Fed. R. Civ. P. Rule 11]<br><br>Hearing<br><br>Date:    July 27, 2020<br>Time:    1:30 p.m.<br>Ctrm:    7D<br><br>Second Am. Complaint:  March 2, 2020 |

# **TABLE OF CONTENTS**

**Page(s)**

I.    INTRODUCTION .......................................................................... 1

II.   BACKGROUND ........................................................................... 2

    A.    Before filing the Motion, Relator and Ms. Juarez repeatedly abused the judicial process, disregarded the Rules and Local Rules, made clearly frivolous legal arguments in multiple filings, and presented objectively false factual contentions to the Court. ........ 2

    B.    Relator and Ms. Juarez refused to comply with Rule 11(c)(2) before filing the Motion. ................................................................. 5

    C.    The Motion reargues the same points from Relator's other filings, does not show any entitlement to relief, and seeks to overturn an order of this Court ............................................................. 6

    D.    The Motion is based on many objective misstatements and mischaracterizations ............................................................... 6

III.  THE MOTION MUST BE DENIED BECAUSE RELATOR HAS REFUSED TO COMPLY WITH RULE 11 ........................................................................ 9

IV.   THE MOTION MUST BE DENIED BECAUSE RELATOR CANNOT SHOW SHE IS ENTITLED TO ANY RELIEF UNDER RULE 11 .............................................. 12

    A.    Moving Defendants' Rule 10 Motion is proper and supported by the overwhelming weight of authorities. ........................................... 13

        1.    The Rule 10 Motion is not barred by Rule 12(g). ................... 13

        2.    The Rule 10 Motion does not present issues that have already been determined in this matter ............................................ 14

        3.    The Rule 10 Motion was not presented to "harm" Relator. ...... 14

        4.    The Rule 10 Motion did not "de-anonymize" anyone. ............ 15

B.    Dr. Dirbas's declaration is proper, and Relator's filings confirm it......................................................................................................17

    1.    Dr. Dirbas's challenge to service is not barred by Rule 12(g). 18

    2.    Relator never requested that Dr. Dirbas waive service of process under Rule 4(d)............................................................19

    3.    Relator's filings show she has never served Dr. Dirbas...........20

    4.    Dr. Dirbas never said he "had no idea" about Relator's suit, and Relator admits it.......................................................................22

V.    RELATOR IS NOT ENTITLED TO ANY RELIEF UNDER THE COURT'S INHERENT POWERS, 28 U.S.C. § 1927, OR ANY OTHER AUTHORITY ...................................23

VI.    CONCLUSION ............................................................................24

1

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

FEDERAL CASES

*Blumberg v. Gates*,
  152 F. App'x 652 (9th Cir. 2005)..........................................................................11

*Cervantes v. Ardagh Grp.*,
  No. 16 C 11080, 2019 WL 1923395 (N.D. Ill. Apr. 30, 2019)...........................11

*Doe v. John F Kennedy Univ.*,
  No. C-13-01137, 2013 WL 4565061 (N.D. Cal. Aug. 27, 2013) .......................13

*Does I Thru XXIII v. Advanced Textile Corp.*,
  214 F.3d 1058 (9th Cir. 2000)..............................................................................15

*Fink v. Gomez*,
  239 F.3d 989 (9th Cir. 2001).................................................................................23

*GMAC Bank v. HTFC Corp.*,
  No. CIV.A. 09-106, 2013 WL 4482419 (E.D. Pa. Aug. 21, 2013)....................11

*Golden Eagle Distrib. Corp. v. Burroughs Corp.*,
  801 F.2d 1531 (9th Cir. 1986)..............................................................................12

*Hadsell v. Baskin*,
  790 F. App'x 97 (9th Cir. 2020)..............................................................................9

*Holgate v. Baldwin*,
  425 F.3d 671 (9th Cir. 2005)...................................................................................9

*Lee v. POW! Entm't, Inc.*,
  No. 219CV08353ODWFFMX, 2020 WL 1288481 (C.D. Cal. Mar.
  18, 2020)................................................................................................................10

*MetLife Bank, N.A. v. Riley*,
  No. 3:10-CV-00122-ECR, 2010 WL 4024898 (D. Nev. Oct. 13,
  2010)......................................................................................................................10

*Olivares v. Hall*,
  No. 13-CV-12982, 2014 WL 2883420 (E.D. Mich. June 25, 2014)...................11

*Operating Eng'rs Pension Tr. v. A-C Co.*,
   859 F.2d 1336 (9th Cir. 1988) ............................................................. 12

*Roadway Express, Inc. v. Piper*,
   447 U.S. 752 100 S. Ct. 2455, 65 L. Ed. 2d 488 (1980) ...................... 23

*Thomas v. Merch. Credit Ass'n*,
   No. C19-1173RSL, 2020 WL 1445772 (W.D. Wash. Mar. 25,
   2020) ....................................................................................................... 10

**FEDERAL STATUTES**

28 U.S.C. § 1927 ........................................................................................ 23

**RULES**

Fed. R. Civ. P. 4 ............................................. 1, 2, 3, 4, 5, 6, 8, 13, 17, 19, 20, 21, 22

Fed. R. Civ. P. 5 ............................................................................. 5, 9, 10, 11

Fed. R. Civ. P. 10 .............................................. 4, 5, 6, 7,12, 13, 14, 15, 16, 17, 20

Fed. R. Civ. P. 11 ........................................ 1, 3, 4, 6, 5, 9, 10, 11, 12, 13, 17, 23, 24

Fed. R. Civ. P. 12 ............................... 3, 4, 5, 6, 8, 9, 10, 12, 13, 14, 17, 18, 19, 20, 21

Local Rule 5-3.1.1 ................................................................................... 10

Local Rule 5.2-1 ....................................................................................... 3

Local Rule 7-3 .................................................................................... 2, 4, 7

Local Rule 11-9 .................................................................................. 1, 24

OPPOSITION TO AMENDED MOTION FOR SANCTIONS  PURSUANT TO FED. R. CIV. P. RULE 11

Stanford Health Care ("SHC"), Stanford Health Care Advantage ("SHCA"), The Leland Stanford Junior University (a/k/a The Board of Trustees of the Leland Stanford Junior University) (the "University"), Debra Zumwalt ("Ms. Zumwalt"), and Frederick Dirbas ("Dr. Dirbas") (collectively, "Moving Defendants") file their Opposition to Relator's Amended Motion for Sanctions, Costs, and Attorney's Fees Pursuant to Fed. R. Civ. P. Rule 11 (the "Motion" or "Motion for Sanctions") and, for the reasons discussed below, respectfully request that the Court deny the Motion and consider appropriate action against Relator and her counsel, Ms. Juarez, under Federal Rule of Civil Procedure ("Rule") 11(c)(3) and Local Rule 11-9.

## I.   <u>INTRODUCTION</u>

The Motion is Relator's latest of many attempts to harass Moving Defendants and purposefully drive up their litigation costs.  In the short time this case has been unsealed, Relator and Ms. Juarez have abused the judicial process, disregarded the Rules and Local Rules, made frivolous legal arguments in multiple filings, and repeatedly presented objectively false factual contentions to the Court.  It is against this backdrop that Relator now has the audacity to seek Rule 11 sanctions.

Far from demonstrating that Relator is entitled to any relief, the Motion further confirms that she and Ms. Juarez should be held accountable for their heedless behavior.  They filed the Motion after refusing to comply with Rule 11(c)(2).  The Motion itself is nothing more than Relator's improper attempt to overturn this Court's prior order denying the sealing of ECF No. 64-1, to file additional oppositions to Moving Defendants' live motions and a second reply in support of her motion under Rule 4, and to purposefully multiply Moving Defendants' litigation costs—all under the guise of Rule 11.  Even worse, the Motion repeats many of the same objective misstatements in Relator and Ms. Juarez's previous filings, along with a few new ones, despite having been warned about them by counsel repeatedly.

The Motion is unjustifiable and must be denied.  Moving Defendants respectfully suggest that the Court consider appropriate action against Relator and

1  Ms. Juarez for their serial misrepresentations and continual attempts to increase
2  litigation costs in this case.  Enough is enough.

3  **II.    BACKGROUND**

4         **A.    Before filing the Motion, Relator and Ms. Juarez repeatedly abused**
5             **the judicial process, disregarded the Rules and Local Rules, made**
6             **clearly frivolous legal arguments in multiple filings, and presented**
7             **objectively false factual contentions to the Court.**

8        In the short time this case has been unsealed, Relator and Ms. Juarez have
9  abused the judicial process, disregarded the Rules and Local Rules, made clearly
10 frivolous legal arguments in multiple filings, and repeatedly presented objectively
11 false factual contentions to the Court.  Here are just a few examples:

12     •  Relator did not initiate timely service as required by Rule 4(m) and then
13 attempted to justify her failure by representing to the Court that "*the parties* have
14 been in substantial" settlement discussions, even though none of the Moving
15 Defendants were ever involved in any such discussions.  *See* Opp'n to Mot. for Costs
16 of Service Pursuant to Rule 4(d)(2), ECF No. 73 ("Opp'n to Rule 4(d) Mot."), 4:22-
17 5:3 (emphasis added).

18     •  Relator deployed a process server to harass Ms. Zumwalt at her home by
19 attempting to serve her with the First Amended Complaint ("FAC") over a month
20 *after* Relator claims to have *first* served Ms. Zumwalt with the same document and
21 weeks *after* Ms. Zumwalt had already filed a motion to dismiss it.  *See id.* 11:3-11.

22     •  Relator claimed that counsel had "surreptitiously" filed the motion to dismiss
23 the FAC without ever conferring about it under Local Rule 7-3, but the attachments
24 to Ms. Juarez's declaration "in support" showed that counsel had actually conferred
25 about the motion on *many* occasions before filing it.  *Compare* Opp'n to Mot. to
26 Dismiss FAC 3:9-5:10, ECF No. 49, *with* Reply in Supp. of Mot. to Dismiss FAC
27 10:27-12:10, 12:23-26, ECF No. 52.

28

- Relator claimed that Dr. Dirbas and others "evaded" service and caused unnecessary service costs, but her own filings show she paid to attempt service of the FAC on Dr. Dirbas *ten* times after the date she claims to have first served him with it, and seven of those attempts occurred *after* the FAC had already been dismissed. *Compare* Mot. for Costs of Service Pursuant to Rule 4(d)(2), ECF No. 69-1 ("Rule 4(d) Mot."), 9:11-18, *with* Opp'n to Rule 4(d) Mot. 11:3-11, *and* Decl. of Gloria Juarez, and Exs. in Supp. Thereof to Relator's Mot. for Sanctions Pursuant to Rule 11(c)(2), ECF No. 75-2 ("Juarez Decl. in Supp. of Mot. for Sanctions"), Ex. H, at 38, Ex. J.[1]

- Relator ignored this Court's order not to include any new parties or claims in the Second Amended Complaint ("SAC") and has tried to excuse this as merely "clerical oversight."  *See* Reply in Supp. of Mot. to Dismiss and Strike SAC, ECF No. 76 ("Reply in Supp. of Rule 12 Mot."), 8:22-9:22.

- Relator included the full street address for Ms. Zumwalt's "personal place of residence" in the SAC in violation of the plain language of Local Rule 5.2-1, and, when questioned about it by counsel, Ms. Juarez claimed this section of the Court's "Local Civil Rules" did not apply to civil matters and then broadcast a copy of the offending SAC online in a press release the same day.  *See* SAC ¶ 19; Reply in Supp. of Rule 12 Mot. 11:24-12:7, 12:21-28.

- Relator never requested that any of the Moving Defendants waive service of process as set forth in Rule 4(d)(1), but she and Ms. Juarez have now falsely sworn in *nine* filings that they did and have even moved for costs on that basis, all without ever producing a copy of a Rule 4(d)(1) request to a single Defendant.  *See* Mot. for Sanctions 2:1-9, 8:8-17, 22:6-11; Juarez Decl. in Supp. of Mot. for Sanctions ¶¶ 4, 10-12, 17-18; Opp'n to Dismiss and Strike SAC ("Opp'n to Rule 12 Mot.") 4:2-4, 25:2-5, ECF No. 67; Decl. of Gloria Juarez, and Exs. in Supp. Thereof to Relator's

---

[1] Because the Exhibits to Ms. Juarez's Declaration are not paginated as required by the Local Rules, Moving Defendants cite to the ECF page numbers on the top of her respective Exhibits.

Opp'n to Mot. to Dismiss and Strike SAC, ECF No. 67-1 ("Juarez Decl. in Opp'n to Rule 12 Mot."), ¶¶ 3, 9-11, 16-17; Opp'n to Mot. to Dismiss SAC Pursuant to Rule 10(a), ECF No. 68 ("Opp'n to Rule 10 Mot."), 16:12-16, 24:26-28; Decl. of Gloria Juarez, and Exs. in Supp. Thereof to Relator's Opp'n to Mot. to Dismiss SAC Pursuant to Rule 10(a), ECF NO. 68-1 ("Juarez Decl. in Opp'n to Rule 10 Mot."), ¶¶ 3, 9-11, 16-17; Rule 4(d) Mot. 9:10-10:11; Decl. of Gloria Juarez, and Exs. in Supp. Thereof to Relator's Mot. Pursuant to Rule 4(d)(2) for Costs and Fees for Service of Summons for Sanctions Pursuant to Rule 11(c)(2), ECF NO. 69-2 ("Juarez Decl. in Supp. of Rule 4(d) Mot."), ¶¶ 3, 8-10, 15-16; Reply in Supp. of Mot. for Costs of Service Pursuant to Rule 4(d)(2), ECF No. 78 ("Reply in Supp. of Rule 4(d) Mot."), 2:16-6:18.

- Relator filed her Rule 4(d) Motion without ever attempting to discuss it, its substance, or her client's misguided belief that she was entitled to costs under Rule 4(d) with Moving Defendants' counsel in clear violation of Local Rule 7-3, and she has yet to produce a single document that shows otherwise. *See* Opp'n to Rule 4(d) Mot. 12:1-13:11.

- Relator has asserted in multiple filings that Dr. Dirbas has been served with process under Rule 4, but her own returns of service confirm that she still has not served him with process of any live pleading in this matter. *See, e.g.*, Reply in Supp. of Rule 12 Mot. 9:23-11:22.

- Relator and Ms. Juarez have objectively misrepresented in *eight* different filings, including four sworn declarations, that a September 2019 email asking that counsel "kindly advise if your office will be *accepting service* of the Complaint for Defendants" was actually a "request that counsel agree to a Rule 4(d) *waiver for service* of the Summons and Complaint," even though that email does not mention waiver, Rule 4(d), or contain the forms or language required to request a waiver under Rule 4(d)(1). *Compare* Mot. for Sanctions 2:1-9, 8:8-17, *and* Juarez Decl. in Supp. of Mot. for Sanctions ¶ 10, *with* Juarez Decl. in Supp. of Mot. for Sanctions Ex. E;

*see also* Rule 4(d) Mot. 1:16-18, 2:25-26, 8:2-5, 8:12-16, 18:9-12, 21:10-13; Juarez Decl. in Supp. of Rule 4(d) Mot. ¶ 8; Reply in Supp. of Rule 4(d) Motion 3:7-9, 8:16-18; Opp'n to Rule 10 Mot. 16:13-17, 24:28; Juarez Decl. in Opp'n to Rule 10 Mot. ¶ 9; Juarez Decl. in Opp'n to Rule 12 Mot. ¶ 9.

**B.     Relator and Ms. Juarez refused to comply with Rule 11(c)(2) before filing the Motion.**

Relator filed the Motion without serving a copy of it on Moving Defendants as required by Rule 11(c)(2).  Ms. Juarez claims that she "served" a "Motion for Sanctions Pursuant to Fed. R. Civ. P. 11" by sending it to counsel by email on June 2, 2020, but Relator did not file a "Motion for Sanctions," she filed an "Amended" version that she and Ms. Juarez never sent to counsel before filing, nor does Ms. Juarez certify that she did.  *See* Decl. of Service Rule 11(c)(2) Certificate, ECF No. 75-4 ("Certificate in Supp. of Mot."), 1:3-7; Juarez Decl. in Supp. of Mot. for Sanctions ¶ 2; Decl. of Frank E. Sheeder III in Supp. of Opp'n to Mot. for Sanctions ("Sheeder Decl. in Opp'n to Mot. for Sanctions") ¶¶ 2-3, 8-9.  Furthermore, even if Ms. Juarez had filed the same materials she emailed on June 2, 2020, they were never served under Rule 5 or Rule 11(c)(2) because counsel has never agreed to accept email service of non-ECF filed documents in this case.  *See* Sheeder Decl. in Opp'n to Mot. for Sanctions ¶¶ 2-4, 7; Decl. of Frank E. Sheeder III in Supp. of Reply in Supp. of Rule 12 Mot., ECF No. 76-1 ("Sheeder Decl. in Supp. of Reply in Supp. of Rule 12 Mot."), ¶¶ 2-3.  Counsel reminded Ms. Juarez that her attempted email service of the "Motion for Sanctions" was not effective and cautioned her not to file it because it contained several misrepresentations.  *See* Sheeder Decl. in Opp'n to Mot. for Sanctions ¶¶ 4, 6; Decl. of Frank E. Sheeder III in Supp. of Opp'n to Rule 4(d) Mot., ECF No. 73-1 ("Sheeder Decl. in Opp'n to Rule 4(d) Mot."), Ex. B, at 12-16.  Even then, she did not attempt to comply with the Rules.  Instead, she said she would "vehemently" litigate the service issue and then proceeded to file *different*

documents than what she had emailed to counsel.  Sheeder Decl. in Opp'n to Mot. for Sanctions ¶¶ 4-9.

C. **The Motion reargues the same points from Relator's other filings, does not show any entitlement to relief, and seeks to overturn an order of this Court.**

In addition to its glaring procedural failings, the Motion is based on the very same arguments Relator has presented in her previous filings.  For example, Relator argues that Moving Defendants' Motion to Dismiss SAC Pursuant to Federal Rule of Civil Procedure 10(a), ECF No. 64 ("Rule 10 Motion") is barred by Rule 12(g), had already been decided by this or another court, "de-anonymized" Relator, and could have no proper purpose, but she presented these same baseless arguments in her opposition to the Rule 10 Motion.  *See* Opp'n to Rule 10 Mot.  Relator also claims Dr. Dirbas's declaration lacks any evidentiary support because his challenge to service of process is barred by Rule 12(g), contradicts her returns of service, and ignores her previous requests that he execute a Rule 4(d) waiver, but she offered these same faulty positions in her opposition to the Motion to Dismiss and Strike SAC, ECF No. 63 ("Rule 12 Motion") and her Rule 4(d) Motion.  *See* Opp'n to Mot. Dismiss and Strike SAC; Rule 4(d) Motion; Reply in Supp. of Rule 4(d) Mot.  Finally, the Motion takes aim at this Court's previous denial of a request to seal the Rule 10 Motion, asking for the same relief again in her Proposed Order.  *See* Order Den. Stipulated Req. to Seal, ECF No. 74 (denying request to seal ECF No. 64-1); Proposed Order Granting Mot. for Sanctions Pursuant to Rule 11, ECF No. 75-3 ("Proposed Order"), 2:1-3 (again requesting sealing as relief on present Motion).

D. **The Motion is based on many objective misstatements and mischaracterizations.**

Even worse than not complying with Rule 11(c)(2) and failing to demonstrate any possible basis for relief, the Motion repeats many of the same misstatements from Relator and Ms. Juarez's previous filings, along with a few new ones, despite having

been warned about them by counsel several times. *See, e.g.*, Sheeder Decl. in Opp'n to Mot. for Sanctions ¶¶ 4, 6, Ex. C, Ex. E.  For example:

- Relator claims that Moving Defendants knew their "threats" of revealing her true identity were "causing her documented physical threat and harm," but a close reading shows that those "threats" were simply counsel's attempts to confer about a possible Rule 10 motion as required by Local Rule 7-3.  *See* Mot. for Sanctions 3:2-5, 3:15-19, 14:9-12.

- Relator tries to upbraid Moving Defendants by claiming they "willfully and preemptively de-anonymized Relator" in their Rule 10 Motion, but it did not "de-anonymize" anyone or reference anything other than Ms. Juarez's public statements. *Compare e.g.*, Mot. for Sanctions 1:11-13, *with* Reply in Supp. of Mot. to Dismiss SAC Pursuant to Rule 10(a), ECF No. 77 ("Reply in Supp. of Rule 10 Mot."), 4:15-5:15.

- Relator cites Ms. Juarez's Declaration as support for her contention that counsel said it was Moving Defendants' "right to have blatantly de-anonymized Relator," but counsel never said that and neither does Ms. Juarez's Declaration. *Compare* Mot. for Sanctions 12:1-3, *with* Juarez Decl. in Supp. of Mot. for Sanctions ¶¶ 2, 4.

- Relator repeats throughout the Motion that Dr. Dirbas's declaration is untrue because he said he "'had no idea' there was a lawsuit naming him," but that is not what he said, she knows it, and she even admits it later in the Motion, acknowledging that Dr. Dirbas "did not state that he was in any way unaware of this action" because "that would be untrue."  *Compare* Mot. for Sanctions 4:1-7, 16:9-11, *with id.* 22:21-22.

- Relator claims that "Dr. Dirbas and his employer co-Defendant Stanford were notified of the commencement of this instant action as early as August 15, 2019," but the email she cites in support does not show Dr. Dirbas as a recipient.  *Compare* Mot. for Sanctions 15:3-4, *with* Juarez Decl. in Supp. of Mot. for Sanctions Ex. D.

- Relator and Ms. Juarez again mischaracterize the September 2019 email discussed above and falsely represent that they requested that each of the Defendants waive service of process under Rule 4(d)(1), but, once again, cannot attach a single request they supposedly sent in accordance with that Rule. *See* Mot. for Sanctions 2:1-3, 8:8-12, 8:20-23, 19:25-20:2; 22:8-11; Juarez Decl. in Supp. of Mot. for Sanctions ¶¶ 4, 10-12, 17-18.

- Relator claims that she attempted personal service on Dr. Dirbas beginning on December 12, 2019, and "was forced to serially retain two independent processors to personally serve Dirbas" due to his "evasion," but her Exhibits show that the first process server did not attempt service until December 23, 2019, and she engaged the second server the very next day. *Compare* Mot. for Sanctions 8:17-28, 17:23-25, 22:6-8, *with* Juarez Decl. in Supp. of Mot. for Sanctions Ex. G, at  35, Ex. H, at 38.

- Relator and Ms. Juarez suggest that Dr. Dirbas waived his Rule 12(b)(5) argument because "Defendants" had conferred about possible dismissal under that Rule but then failed to raise it in the motion to dismiss the FAC, but Relator and Ms. Juarez neglect to inform the Court those conferences never involved Dr. Dirbas, he was not a party to that motion, and that motion was filed weeks *before* Relator claims to have served Dr. Dirbas. *Compare* Mot. for Sanctions 5:12-19, *and* Juarez Decl. in Supp. of Mot. for Sanctions ¶¶ 3, 5, *with* Sheeder Decl. in Supp. of Reply in Supp. of Mot. to Dismiss FAC ("Sheeder Decl. in Supp. of Reply in Supp. of Mot. to Dismiss FAC") Ex. J, at 39-40, ECF 52-1.

- Relator attempts to make Dr. Dirbas look bad by questioning "how it was that the separate package addressed to *his home* dated 'February 20, 2020' was 'lost' for 2 weeks and purportedly appeared at the front desk of his clinic," but her own process server swears under oath that the packet was mailed to the clinic. *Compare* Mot. for Sanctions 17:15-20, *with* Juarez Decl. in Supp. of Mot. for Sanctions Ex. J.

- Relator and Ms. Juarez aver that counsel for "*Defendants* had agreed by email to accept electronic service as to this entire action," but counsel has never represented

all purported Defendants, did not represent Dr. Dirbas until after the SAC had been filed, and specifically limited acceptance of electronic notice to ECF-generated notifications. *Compare* Mot. for Sanctions 21:24-26 n.6, *and* Juarez Decl. in Supp. of Mot. for Sanctions ¶ 19, *with* Reply in Supp. of Rule 12 Mot. 11:10-22.

## III.     THE MOTION MUST BE DENIED BECAUSE RELATOR HAS REFUSED TO COMPLY WITH RULE 11

A movant must comply with specific procedural steps, often referred to as the "safe harbor provisions," before filing a motion for sanctions under Rule 11(c)(2). Among other things, "[t]he motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."  Rule 11(c)(2).  The Ninth Circuit enforces these provisions "strictly" and has stated it "must reverse the award of sanctions when the challenging party [fails] to comply with the safe harbor provisions, *even when the underlying filing is frivolous*."  *Holgate v. Baldwin*, 425 F.3d 671, 678 (9th Cir. 2005) (emphasis added); *see also, e.g.*, *Hadsell v. Baskin*, 790 F. App'x 97, 98 (9th Cir. 2020) ("The district court did not abuse its discretion in denying Hadsell's motion for sanctions because Hadsell failed to comply with the procedural requirements of Rule 11.").

There is no question that Relator did not comply with these requirements before filing the Motion.  She and her counsel claim "under penalty of perjury" that they complied with Rule 11(c)(2) by emailing a copy of the "Notice of Motion and Motion for Sanctions Pursuant to Fed. R. Civ. P. 11" to Moving Defendants' counsel on June 2, 2020.  Certificate in Supp. of Mot. 1:3-6; *see also* Mot. for Sanctions 12:4-6; Am. Notice and Mot. for Sanctions, Costs, and Attorney's Fees Pursuant to Fed. R. Civ. P. Rule 11, ECF No. 75 ("Am. Notice of Mot. for Sanctions"), ii:8-10; Juarez Decl. in Supp. of Mot. for Sanctions ¶ 2.  But Relator did not file her "Motion for Sanctions," she filed an "Amended Motion for Sanctions," that she never provided to

Moving Defendants prior to filing and that relies on a declaration whose exhibits are not identical to the copy she had previously emailed to counsel. Sheeder Decl. in Opp'n to Mot. for Sanctions ¶¶ 2-9. This alone justifies denial of the Motion. *See* Rule 11(c)(2) (requiring that the "motion" to be filed must be served at least 21 days before filing); *MetLife Bank, N.A. v. Riley*, No. 3:10-CV-00122-ECR, 2010 WL 4024898, at *2–4 (D. Nev. Oct. 13, 2010) (failure to serve a copy of declaration later filed with motion prevented recovery of sanctions).

Furthermore, even if Relator had filed the same documents she emailed to counsel on June 2, 2020, her email cannot constitute service under Rule 5, as required by Rule 11(c)(2), because Moving Defendants have never consented to email service of non-ECF filed documents in this case. *See* Rule 5(b)(2)(E)-(F) (stating that service by email of non-ECF filed documents is valid only when "consented to in writing"); Sheeder Decl. in Opp'n to Mot. for Sanctions ¶ 4; Sheeder Decl. in Supp. of Reply in Supp. of Rule 12 Mot ¶ 3, Ex. A, at 4-5 (specifically limiting agreement to ECF notice of electronically filed documents). Although Relator characterizes this point as "frivolous," she has not produced a copy of any communication where counsel agreed to accept email service of non-ECF filed documents—nor can she, because no such communication exists.[2] Am. Notice of Mot. for Sanctions iii:7-10.

Courts routinely hold that a motion under Rule 11(c)(2) must be denied under these circumstances. *See, e.g.*, *Thomas v. Merch. Credit Ass'n*, No. C19-1173RSL, 2020 WL 1445772, at *6 (W.D. Wash. Mar. 25, 2020) ("Merchants' motion for sanctions under Rule 11 was procedurally improper insofar as it was emailed to plaintiff's counsel twenty-one days before filing rather than 'served under Rule 5' as required by subsection (c)(2) of the Rule."); *Lee v. POW! Entm't, Inc.*, No.

---

[2] Relator appears to misunderstand that ECF users are required to accept ECF notice of documents filed through that system but are not required to accept electronic service of unfiled documents, such as her "Motion for Sanctions," unless specifically "consented to in writing." *See* Rule 5(b)(2)(E)-(F) (requiring written consent to accept email service of *non-ECF* filed documents); L.R. 5-3.1.1 (requiring Rule 5 service of non-ECF filed documents).

OPPOSITION TO AMENDED MOTION FOR SANCTIONS  PURSUANT TO FED. R. CIV. P. RULE 11

219CV08353ODWFFMX, 2020 WL 1288481, at *2–3 (C.D. Cal. Mar. 18, 2020) (denying motion for sanctions where movant "offer[ed] no record that JC consented in writing to receive service via electronic means, such as e-mail"); *Cervantes v. Ardagh Grp.*, No. 16 C 11080, 2019 WL 1923395, at *2 (N.D. Ill. Apr. 30, 2019) (denying motion for sanctions that was sent only by email because failure to comply with Rule 5 "cannot be characterized as a minor technical violation"); *Olivares v. Hall*, No. 13-CV-12982, 2014 WL 2883420, at *2–3 (E.D. Mich. June 25, 2014) (denying motion for sanctions where movant failed "to present any evidence that Defendants agreed to service by e-mail"); *GMAC Bank v. HTFC Corp.*, No. CIV.A. 09-106, 2013 WL 4482419, at *3 (E.D. Pa. Aug. 21, 2013) (denying motion for sanctions because "e-mail is not an effective form of service unless the opposing party has consented in writing").

Relator's failure to comply with these mandatory procedural requirements is particularly inexcusable because counsel warned Ms. Juarez of the service failure weeks *before* she filed the Motion. *See* Sheeder Decl. in Opp'n to Mot. for Sanctions ¶ 4, Ex. C (informing Ms. Juarez of service issue on June 12, 2020). Even then, she did not correct her error. Instead, Ms. Juarez disregarded the plain language of the Rules, characterized the issue as "frivolous" because counsel had received her "email," and proceeded to file *amended* versions of the documents she had never served. *See* Am. Notice of Mot. for Sanctions iii:7-10. This does not comply with Rule 11 or the cases interpreting it.[3] *See, e.g.*, *Blumberg v. Gates*, 152 F. App'x 652,

---

[3] Relator's refusal to serve her original or "amended" documents under the Rules is even worse than it appears. Although Relator seems to suggest that she "amended" her Motion to reflect a new hearing date to address counsel's "frivolous" request for proper service under the Rules, that is not the case. Am. Notice of Mot. for Sanctions iii:4-10. She did not wait 21 days from counsel's June 12, 2020, communication to file the Motion. Instead, she changed the hearing date because counsel had informed her that, in addition to never having been served, the draft motion proposed a hearing date that did not comply with the Local Rules or the Court's Standing Order. *See* Sheeder Decl. in Opp'n to Mot. for Sanctions ¶ 4, Ex. C. In response, she changed the hearing date, made other changes to her documents, and then filed them, *but still never attempted service of any of them as required by the Rules*. Relator's determination to file the Motion but inexplicable unwillingness to put a single copy in the mail reveals her true intent—to drive up litigation costs, paint Moving

653 (9th Cir. 2005) (recognizing that the Ninth Circuit has rejected "litigants' attempts to cure violations of the mandatory safe harbor period by arguing that the non-movant had actual notice of the violation, or that the district court could have issued sanctions *sua sponte*").  Relator failed to comply with Rule 11(c)(2), refused to correct her errors after having been alerted to them, and then engaged in a sleight of hand by filing *amended* versions of *unserved* documents anyway.  Relator had no objectively good faith basis for her actions, which seem calculated instead to increase Moving Defendants' litigation costs.  *See* Rule 11(b)(1).  The Motion must be denied.

## IV.   THE MOTION MUST BE DENIED BECAUSE RELATOR CANNOT SHOW SHE IS ENTITLED TO ANY RELIEF UNDER RULE 11

The Ninth Circuit has warned that "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution."  *Operating Eng'rs Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988).  If any "reasonable basis for the position exists in both law and in fact at the time that the position is adopted, then sanctions should not be imposed."  *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1538 (9th Cir. 1986).  Rule 11 sanctions are reserved "for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose."  *Operating Eng'rs Pension Tr.*, 859 F.2d at 1344.

Even if Relator had complied with the procedural requirements of Rule 11(c)(2), she would still not be entitled to any relief under that Rule.  Relator contends that Moving Defendants should be subject to sanctions because they: (1) "willfully and preemptively de-anonymized Relator" in their Rule 10 Motion; and (2) "submitted a contrived and misleading Declaration" in support of their Rule 12 Motion.  Mot. for Sanctions 1:8-16.  Neither protestation is true, and Relator's Motion is yet another attempt to argue these same points in opposition to Moving

_____

Defendants in a negative light, and force counsel to work over more holidays (as Relator has done in the past).  *See* Sheeder Decl. in Supp. of Reply in Supp. of Mot. to Dismiss FAC Ex. J, at 39.

Defendants' pending Motions and in support of her baseless Rule 4(d) Motion.  *See* Opp'n to Rule 12 Mot.; Opp'n to Rule 10 Mot.; Rule 4(d) Mot.  Even now, Relator *still* cannot identify authorities in support of her positions, let alone demonstrate that this is the "rare and exceptional" case where Moving Defendants had no reasonable or proper basis for their filings under Rule 11.  Again, the Motion must be denied.

### A.   Moving Defendants' Rule 10 Motion is proper and supported by the overwhelming weight of authorities.

Although (and maybe because) Relator could not distinguish any of the nearly 40 cases cited in the Rule 10 Motion, she now argues that it *must* have been filed for an "improper purpose" and to "harass or vex" her.  Mot. for Sanctions 12:17-14:28.  In support, she repeats the same insupportable arguments from her previous briefing, claiming that the Rule 10 Motion: (1) is barred by Rule 12(g); (2) seeks to overturn an undisclosed order from an unrelated state court matter; (3) was only raised to "harm" Relator; and (4) "de-anonymized" Relator.  These arguments have lacked merit every other time she has presented them, and they still do.

### 1.   The Rule 10 Motion is not barred by Rule 12(g).

Relator reasserts that the Rule 10 Motion was frivolous because it is barred by Rule 12(g) but does not cite to any authority in support.  *See* Mot. for Sanctions 5:12-19, 19:1-13.  Her inability to cite a single case that has applied Rule 12 standards to the question of a plaintiff's anonymity or held that the question was barred under Rule 12(g) is striking because this is now the second time she has made this same argument without any support.  *See, e.g.*, Opp'n to Rule 10 Mot. 4:7-16, 14:14-17:7, 18:13-24 (making same argument in opposition to Rule 10 Motion).  Furthermore, as shown in the Rule 10 Motion, challenging a plaintiff's ability to proceed anonymously is simply not a defense or objection covered by Rule 12, it is not subject to waiver under Rule 12(g), and the only Ninth Circuit anonymity case Relator cites in the Motion undermines her own position.  *See* Reply in Supp. of Rule 10 Mot. 2:20-3:17; *see also, e.g.*, *Doe v. John F Kennedy Univ.*, No. C-13-01137, 2013 WL

4565061, at *1 (N.D. Cal. Aug. 27, 2013) (granting Rule 10(a) motion to dismiss filed separately from defendants' motion under Rule 12(b)(6)).  If anything, it is Relator's position that is "frivolous."

> 2.    The Rule 10 Motion does not present issues that have already been determined in this matter.

Just as she did in previous filings, Relator again tries to justify her failure to demonstrate a basis for anonymity by asserting that the issue has already been determined in her favor.  *See, e.g.*, Opp'n to Rule 10 Mot. 6:5-11, 11:28-12:12, 18:2-14, 20:22-22:1 (making same arguments in opposition to Rule 10 Motion).  She again claims that her ability to proceed anonymously was determined in an unrelated state court matter and characterizes the Rule 10 Motion as improper "second-guessing [of] the court's acceptance of the FCA filing as filed in the pseudonym."  *See* Mot. for Sanctions 5:20-22, 13:16-14:3.  But, as Moving Defendants have already shown, a ruling in a state court case does not determine a person's ability to proceed anonymously in a later unrelated federal court action, this Court (to which Relator has not identified herself) has the right to determine if she should be able to proceed under a pseudonym, and Relator's unsupported arguments to the contrary strain credibility.  *See* Reply in Supp. of Rule 10 Mot. 6:1-28.

> 3.    The Rule 10 Motion was not presented to "harm" Relator.

Relator claims that the Rule 10 Motion was presented simply to "vex and harass" her because it was filed after Ms. Juarez told counsel that Moving Defendants' attempts to confer on a potential Rule 10 motion, which Relator now recharacterizes as "threats to de-anonymize Relator," were causing her "documented physical threat and harm."[4]  Mot. for Sanctions 3:12-24, 14:3-14.  Relator then suggests that the physical "harm" she suffered at the thought of proceeding under her

---

[4] Relator also claims that the Rule 10 Motion could have no proper purpose because it contains "unfounded *ad hominem* attacks against Relator," but she fails to identify any "attack" or show how it was "unfounded."  *See* Mot. for Sanctions 12:20-21, 14:20-22.

true name would foreclose any legitimate purpose for the Rule 10 Motion under *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000), a case that she now claims involved "similar allegations."  *See* Mot. for Sanctions 3:16-24, 14:3-7.

Relator's argument shows that she misunderstands both her burden on the anonymity issue and the only case she cites in support.  In *Advanced Textile*, the Ninth Circuit concluded that foreign garment workers could proceed anonymously through the early stages of an action under the Fair Labor Standards Act.  214 F.3d at 1062-63.  The court did so because the plaintiffs had demonstrated through "evidence" an "objectively reasonable fear of extraordinarily severe retaliation," including multiple credible threats that they would be "fired from their jobs, deported from Saipan, and arrested and imprisoned by the People's Republic of China."  *Id.*

Relator's case is nothing like *Advanced Textile*, nor does it support her claim that a party's subjective fear of a Rule 10 motion (or any other motion for that matter) prohibits filing of the motion or justifies anonymity.  Many parties experience stress or adverse physical reactions to litigation, but that does not mean they are entitled to avoid the process they initiated or claim that any motion filed against them must be for improper purposes, as Relator has done here.  Additionally, as shown in Moving Defendants' other filings, there was ample reason for filing the Rule 10 Motion, courts regularly deny requests for anonymity in FCA cases based on the same "fears" Relator alleges in her SAC, and she presented nothing but the conflicted statements of her own counsel in support of her desire for anonymity.  *See* Reply in Supp. of Rule 10 Mot. 7:1-9:2.  Given the extensive backdrop outlined in the Rule 10 Motion and Reply, Relator cannot credibly claim that the Rule 10 Motion had no legitimate or proper purpose.

           4.    <u>The Rule 10 Motion did not "de-anonymize" anyone</u>.

Relator reasserts that Moving Defendants "knowingly preemptively de-anonymized Relator to vex and harass her" by referencing information from *her* counsel's website. *See* Mot. for Sanctions 2:15-18, 3:8-4:1, 5:19-22, 12:1-3, 12:18-

13:14; Juarez Decl. in Supp. of Mot. for Sanctions ¶¶ 2, 8. She has presented this same argument before. *See, e.g.*, Opp'n to Rule 10 Mot. 3:18-22, 3:26-4:2, 5:16-21, 11:22-28, 12:26-28, 17:8-13, 21:11-17 (making same arguments in opposition to Rule 10 Motion).

Moving Defendants have not "de-anonymized" Relator or anyone else. *See* Rule 10 Mot. 3:5-4:25; Decl. of Frank E. Sheeder III in Supp. of Reply in Supp. of Mot. to Dismiss SAC Pursuant to Rule 10(a), ECF No. 77-1 ("Sheeder Decl. in Supp. of Reply in Supp. of Rule 10 Mot."), ¶ 4. When Moving Defendants filed the Motion, Ms. Juarez's website listed a phone number and partial name for someone she described as her "Apprentice."[5] *See* Sheeder Decl. in Supp. of Reply in Supp. of Rule 10 Mot. ¶¶ 2-4. That number is associated with Ms. Juarez's many press releases about this case, and Moving Defendants referenced it to show that Ms. Juarez has repeatedly sought publicity for her cause. *Id.* ¶ 5; Reply in Supp. of Rule 10 Mot. 4:15-5:15. The Rule 10 Motion does not include any information beyond what Ms. Juarez has either said or published on her own website. If that "de-anonymized" Relator, it is not Moving Defendants' fault.

Relator's argument is inherently self-defeating. It seems Ms. Juarez would have to agree she has not disseminated any information sufficient to "de-anonymize" Relator, and so Moving Defendants could not have done so by referencing her own information. If, on the other hand, as Relator seems to argue, Ms. Juarez's information did "de-anonymize" anybody, then Relator should point the finger at her own counsel. Thus, ironically, if Relator had been "de-anonymized" (which she has not), it would only have occurred through Ms. Juarez's actions or through Relator's repeated arguments about a partial name on a public website. Either way, Relator's arguments fail."[6]

---

[5] This is not the only "Apprentice" who has purported to act on Ms. Juarez's behalf in this matter. *See* Juarez Decl. in Supp. of Mot. for Sanctions Ex. E.
[6] Relator's argument is as troubling as it is ironic—the first name and initial from Ms. Juarez's website do not match any name in the SAC, the medical records Relator attached to the SAC, or public FOIA logs from when Relator says she received the

Even though Relator's position that she has been "de-anonymized" is meritless, Moving Defendants filed a stipulated request to seal the Rule 10 Motion and refile a version with footnote 3 redacted as Relator requested to avoid her continued attempts to divert attention from the real issues and needlessly increase litigation costs. *See* Stipulated Req. to Seal ECF No. 64-1, ECF No. 72. The Court denied the request, noting that nothing about it showed the "compelling reasons" necessary to seal a document. *See* Order Den. Stipulated Req. to Seal, ECF No. 74. Apparently dissatisfied with the Court's order, Relator has now filed the Motion and tellingly seeks the same relief that this Court has already denied. *See, e.g.*, Proposed Order 2:1-3 (requesting the same relief under the guise of Rule 11). Moving Defendants agree with the Court and reiterate that nobody has been "de-anonymized" and nothing in their Rule 10 Motion justifies sealing a single filing, let alone the extreme relief of sanctions. Relator should not be permitted to relitigate this issue repeatedly, and seek to overturn the Court's order, this time under Rule 11.

**B.      Dr. Dirbas's declaration is proper, and Relator's filings confirm it.**

Although Relator's previous filings show that she has yet to serve Dr. Dirbas with process of any live pleadings in this matter, she presents her same faulty arguments here—this time in connection with her claim that Dr. Dirbas's declaration in support of his challenge to service under Rule 12(b)(4)-(5) was "contrived and misleading," "lacked evidentiary support," and "was presented for an improper purpose." *See* Mot. for Sanctions 1:13-16, 2:19-24, 3:2-5, 4:7-10, 9:7-11. In support, Relator mischaracterizes Dr. Dirbas's declaration and repeats the same objective falsehoods from her previous pleadings, claiming that Dr. Dirbas's service arguments are barred by Rule 12(g), that he failed to accept Relator's many requests that he waive service of process under Rule 4(d), that he evaded service, and that she has served him. Moving Defendants warned Relator that she had no good faith basis for

_____

public Medicare information on which she bases her case. *See* Sheeder Decl. in Supp. of Reply in Supp. of Rule 10 Motion ¶ 6.

these very misrepresentations and dispatched with them in three previous filings. Relator has no credible argument about Dr. Dirbas's declaration, and she has no excuse for needlessly increasing litigation costs through repeated filings based on the same objective untruths.

1. <u>Dr. Dirbas's challenge to service is not barred by Rule 12(g).</u>

Relator again claims Dr. Dirbas's declaration could have no proper purpose because he waived his ability to challenge service by not including that argument in the motion to dismiss the FAC filed on January 7, 2020. *See* Mot. 5:12-19. Relator has absolutely no good faith legal or factual basis for this claim—she admits that the motion to dismiss the FAC was not filed by Dr. Dirbas, and she does not even claim to have served him until weeks *after* that motion had been filed. *See* Mot. for Sanctions 8:16-19 n.3 (admitting that Dr. Dirbas did not file the January 7, 2020, motion to dismiss the FAC), 21:21-24 (claiming that Dr. Dirbas was first served weeks later, on January 27, 2020). A party does not waive a challenge to service of process by not including it in *another* party's motion filed *weeks before* the service of process allegedly occurred.[7] *See* Rule 12(g)(2). What is worse, Relator has made this same baseless argument in her other recent filings. *See, e.g.*, Opp'n to Rule 12 Mot. 4:7-10, 25:10-12 (making same argument in opposition to pending Rule 12 Motion).

Relator's argument not only ignores the language of Rule 12(g) and the history of this case, it is based on her disingenuous and deceptive description of counsel's previous communications. In an attempt to make her baseless waiver argument appear plausible, Relator asserts that "Defendants knew the application of this rule because they raised each of these arguments in their meet and confer correspondences before filing their [January 7, 2020] MTD," but Relator fails to mention that those communications never referenced Dr. Dirbas, occurred weeks before she claims to

---

[7] Nor would Dr. Dirbas have any obligation to file a motion to dismiss the FAC even if Relator had served him on January 27, 2020, as she claims, because the FAC was dismissed just eight days later. *See* Order Dismissing FAC at 3, ECF No. 54.

1   have served him, and she herself asserts that counsel never discussed Dr. Dirbas with

2   her in any way until *after* the FAC had been dismissed.  Mot. for Sanctions 5:12-19;

3   *see id.* 22:3-6 (claiming that counsel had never "uttered 'Dirbas' in any

4   communication to Relator, written or otherwise" until after she had filed her SAC);

5   *see* Sheeder Decl. in Supp. of Reply in Supp. of Mot. to Dismiss FAC Ex. J, at 39-

6   40 (conferring about insufficient service of FAC on other defendants, but not Dr.

7   Dirbas).  Relator has no excuse for her continued attempts to increase defense costs

8   by presenting the same legally and factually baseless allegations about Rule 12(g).

9            2.    Relator never requested that Dr. Dirbas waive service of process

10                 under Rule 4(d).

11          Relator claims Dr. Dirbas's declaration could have no proper purpose because

12   he refused her requests to waive service of process under Rule 4(d).  *See* Mot. for

13   Sanctions 2:19-22, 8:8-27, 19:17-25, 22:6-11.  As shown in Moving Defendants'

14   other filings and confirmed by the attachments to Ms. Juarez's declaration, Relator

15   has never *once* requested that Dr. Dirbas waive service of process as set forth in Rule

16   4(d)(1).  *See* Rule 4(d) Mot.  Despite having presented this argument in five filings

17   and four declarations, Relator has yet to introduce a single copy of her supposed Rule

18   4(d)(1) request—because it does not exist.

19          Even worse, Relator's argument relies on the same objective misstatements

20   that she and her counsel have presented in many other filings before this Court.  In

21   just one example, Relator claims that "[o]n September 13, 2019 Relator *requested*

22   *that Defendants execute Rule 4(d) waivers for the Summons and Complaint*."  Mot.

23   for Sanctions 2:1-3, 8:8-11 (emphasis added).  Ms. Juarez likewise swears in her

24   declaration that "On September 13, 2019 I had written to defense counsel Mr.

25   Sheeder and *requested that his office agree to a Rule 4(d) waiver for service of the*

26   *Summons and Complaint*."   Juarez Decl. in Supp. of Mot. for Sanctions ¶ 10

27   (emphasis added).  But the documents attached to Ms. Juarez's declaration clearly

28   show that none of this is true.  The September 13, 2019, email: (1) was not from Ms.

Juarez; (2) asked if counsel would be "accepting service"; (3) never mentioned waiver or Rule 4(d); and (4) did not include any of the forms or language required by Rule 4(d)(1).  *See* Juarez Decl. in Supp. of Mot. for Sanctions Ex. E.  As a 35-year lawyer who claims to "specialize" in the False Claims Act, Ms. Juarez must know that "accepting service" is not the same as waiving service of process under Rule 4(d)(1), and she has no good faith basis for claiming otherwise.  *See* Juarez Decl. in Supp. of Mot. for Sanctions ¶ 22; Sheeder Decl. in Supp. of Reply in Supp. of Rule 10 Motion Ex. C, at 21.  Nor did she or Relator have any good faith basis for making this same misstatement in six previous filings.  *See* Juarez Decl. in Opp'n to Rule 12 Mot. ¶ 9; Opp'n to Rule 10 Mot. 16:12-17, 24:28; Juarez Decl. in Opp'n to Rule 10 Mot. ¶ 9; Rule 4(d) Mot. 1:16-18, 2:25-26, 8:2-5, 8:12-16, 18:9-12, 21:10-13; Juarez Decl. in Supp. of Rule 4(d) Mot. ¶ 8; Reply in Supp. of Rule 4(d) Mot. 3:7-9, 8:16-18.  Moving Defendants have even cautioned Relator and Ms. Juarez about this and several other misstatements in their filings on multiple occasions, but they continued to propagate them in the Motion.[8]  *See, e.g.*, Opp'n to Rule 4(d) Mot. 16:8-17:28; Sheeder Decl. in Opp'n to Rule 4(d) Mot. Ex. B, at 12-16, Ex. C, at 18.  The Court should not allow Relator to continue with her trend of presenting the same frivolous waiver argument in multiple filings, and then asking that Moving Defendants pay for her misguided maneuvers, first in her Rule 4(d) Motion and now in her equally baseless Motion for Sanctions.

        3.     <u>Relator's filings show she has never served Dr. Dirbas.</u>

Relator claims that Dr. Dirbas's declaration "lacked evidentiary support" and "was presented for an improper purpose" because it "briskly contrasts with that of

---

[8] Relator and her counsel have now repeated these same objective misstatements about waiver in *five* briefs and *four* sworn declarations.  *See* Mot. for Sanctions 2:1-19, 8:8-27, 19:18-20, 22:6-11; Juarez Decl. in Supp. of Mot. for Sanctions ¶¶ 4, 10-12, 17-18; Opp'n to Rule 12 Mot. 4:2-4, 25:2-5; Juarez Decl. in Opp'n to Rule 12 Mot. ¶¶ 3, 9-11, 16-17; Opp'n to Rule 10 Mot. 16:12-17, 24:26-28; Juarez Decl. in Opp'n to Rule 10 Mot. ¶¶ 3, 9-11, 16-17; Rule 4(d) Mot. 9:10-10:11; Juarez Decl. in Supp. of Rule 4(d) Mot. ¶¶ 3, 8-10, 15-16; Reply in Supp. of Rule 4(d) Mot. 2:16-6:18.

the two neutral process servers," which can be overcome only by "strong and convincing evidence." *See* Mot. for Sanctions 4:10-21, 5:8-12, 17:25-28, 20:6-21:4. She also complains in general terms that Dr. Dirbas evaded service through "cat-and-mouse" games "for the better part of three months." *Id.* 16:2-15.

Relator's service of process positions reveal either a complete lack of understanding of the Rules and her own exhibits or purposeful misrepresentations to the Court, neither of which can support the Motion. For example, as shown in Moving Defendants' other filings, this is not a case where Dr. Dirbas is contesting the affidavits of "two neutral process servers," it is a case where those affidavits themselves show Relator has not served Dr. Dirbas with process of any live pleading under the Rules. *See* Reply in Supp. of Rule 12 Mot. 9:23-11:22.

Furthermore, Relator cannot credibly assert that Dr. Dirbas evaded service "for the better part of three months" when *she* claims to have served him on January 27, 2020, just over a month after she obtained a Summons and began efforts to serve him. *See* ECF No. 41, at 4 (issuing Summons for FAC on December 12, 2019); Juarez Decl. in Supp. of Mot. for Sanctions Ex. G, at 35 (showing first service attempt on December 23, 2019); Mot. for Sanctions 22:28-23:1 (claiming that Dr. Dirbas was served with process of the FAC on January 27, 2020). More concerning, Relator admits that she continued her service attempts on Dr. Dirbas after the date she claims to have served him. *See* Mot. for Sanctions 8:19-20 ("Service attempts on Dirbas continued from December 12, 2019 through February 20, 2020"), 17:23-25 ("attempts at personal service at Dirbas's 'Menlo Park' address were made between December 12, 2019 through February 20, 2020").[9] Indeed, Relator's documents show that she

---

[9] Relator also alleges that her attempts to serve Dr. Dirbas began on December 12, 2019, that she had to retain a second process server due to Dr. Dirbas's evasion, and that her February 20, 2020, post-dismissal attempt to serve the FAC on Dr. Dirbas by mail was sent to "his home." Mot. for Sanctions 8:17-28, 17:17-20, 22:6-7; Rule 4(d) Mot. 8:22-24. Her own attachments contradict each of these statements. *See* Juarez Decl. in Supp. of Mot. for Sanctions Ex. G, at 35 (showing that One Legal began service attempts on December 23, 2019), Ex. H, at 38 (showing that County Process Service, Inc. was both engaged and began service attempts on December 24,

attempted to serve Dr. Dirbas with the FAC at least ten times *after* January 27, 2020, and seven of those times occurred after the FAC had been dismissed.  *See* Juarez Decl. in Supp. of Mot. for Sanctions Ex. H, at 38 (attempting personal service nine times after January 27, 2020), Ex. J (attempting service by mail after January 27, 2020).  This is not the first time in this case that Relator has alleged completed service and then attempted to serve the same person multiple times, tried to justify her behavior based on "evasion of service," and then sought costs for her careless or abusive tactics.[10]  *See* Opp'n to Rule 4(d) Mot. 22:10-20.  Relator should not be permitted to force Moving Defendants to defend against these baseless service arguments over and over again.

> ### 4.   Dr. Dirbas never said he "had no idea" about Relator's suit, and Relator admits it.

Relator claims that Dr. Dirbas's declaration "lacked evidentiary support" and "was presented for an improper purpose" because in it he allegedly "denies *any knowledge of this suit* until March 2, 2020 when he claims Relator's counsel first contacted him" and claims "he *'had no idea'* there was a lawsuit naming him*."*  Mot. for Sanctions 4:2-4, 16:9-11 (emphasis added).  She repeats this same misstatement many times throughout the Motion.  *See id.* 5:3-5, 15:9-17, 16:3-5, 22:23-25, 23:1-6.  The problem is, Dr. Dirbas never said that, and Relator knows it.  *See* Decl. of Frederick Dirbas in Supp. of Mot. to Dismiss SAC ¶ 3, ECF No. 63-3.  Even worse, Relator reveals that she has no excuse for her fictional argument because she later admits in the Motion that Dr. Dirbas "did not state that he was in any way unaware of this action" because "that would be untrue."  Mot. for Sanctions 22:21-22.  Thus,

---

2019), Ex. J (swearing that post-dismissal attempt to serve FAC by mail was sent to a Stanford clinic, not a home address).

[10] Relator also transparently attempts to shift her burden to counsel by claiming that his failure to state that he did not represent Dr. Dirbas was "baseless stonewalling [that] resulted in unnecessary litigation delay," even though it did not prevent her from initiating service, would never have prevented her from seeking a waiver, and did not cause her to attempt to serve people after she had already claimed to have served them.  *See* Mot. for Sanctions 9:4-6, 21:13-17, 22:2-3.

1   Relator's own Motion defeats itself and shows she has absolutely no good faith basis

2   for her complaints about Dr. Dirbas's declaration.  Her *own* documents show she has

3   failed to serve Dr. Dirbas, and her refusal to believe Dr. Dirbas's declaration does

4   not alter that reality or justify her filing a motion under Rule 11 based on her repeated

5   misrepresentations about the facts.

6   **V.    RELATOR IS NOT ENTITLED TO ANY RELIEF UNDER THE**

7   **COURT'S INHERENT POWERS, 28 U.S.C. § 1927, OR ANY OTHER**

8   **AUTHORITY**

9            Relator is not entitled to any of the other relief she seeks.  In addition to relief

10   under Rule 11, Relator also claims that she is entitled to relief under the Court's

11   inherent powers and 28 U.S.C. § 1927.  *See* Mot. for Sanctions 10:22-11:10, 23:7-

12   28.  Under its inherent power, the Court may levy sanctions for "'willful disobedience

13   of a court order'" or when a party has "'acted in bad faith, vexatiously, wantonly, or

14   for oppressive reasons.'"  *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001) (quoting

15   *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 100 S. Ct. 2455, 65 L. Ed. 2d 488

16   (1980)).  Section 1927 authorizes courts to award costs and fees when an attorney

17   "multiplies the proceedings in any case unreasonably and vexatiously."  28 U.S.C. §

18   1927.

19            Relator cannot justify her requested relief under any standard.  As shown

20   above, she cannot support her arguments with any law, let alone show that Moving

21   Defendants' filings were "frivolous" or were filed for "improper" purposes.

22   Ironically, however, Relator bases the Motion itself on objective misstatements and

23   baseless arguments that Relator and Ms. Juarez have repeatedly presented in

24   numerous filings.  Also as shown above, Relator's filing of the Motion is just the last

25   in a long line of abusive tactics and baseless filings that themselves warrant action

26   against Relator and Ms. Juarez.  Relator's Motion should be denied, and the Court

27   should put an end to her and Ms. Juarez's abuses and machinations.

28

## VI.   <u>CONCLUSION</u>

For these reasons, the Court should deny Relator's Amended Motion for Sanctions, Costs, and Attorney's Fees Pursuant to Fed. R. Civ. P. Rule 11, consider appropriate action against Relator and Ms. Juarez under Rule 11(c)(3) and Local Rule 11-9, and grant Moving Defendants costs, fees, or any further relief to which they may be entitled.

Dated:  July 6, 2020                **ALSTON & BIRD LLP**

By:  /s/ Frank E. Sheeder III

Attorneys for Moving Defendants
**STANFORD HEALTH CARE, STANFORD HEALTH CARE ADVANTAGE, THE LELAND STANFORD JUNIOR UNIVERSITY (A/K/A/ THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY), DEBRA ZUMWALT, and FREDERICK DIRBAS**

**CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2020, I caused a copy of **MOVING DEFENDANTS' OPPOSITION TO RELATOR'S AMENDED MOTION FOR SANCTIONS, COSTS, AND ATTORNEY'S FEES PURSUANT TO PURSUANT TO FED. R. CIV. P. RULE 11** to be served upon the following counsel and parties in interest via the Court's CM/ECF system:

Gloria Juarez, Esq.
Law Offices of Gloria Juarez
26081 Merit Circle, Suite 112
Laguna Hills, CA 92653

**Counsel for Relator**

Frank D. Kortum
Assistant United States Attorney
Room 7516, Federal Building
300 N. Los Angeles St.
Los Angeles, CA 90012

**Counsel for the United States of America**


 /s/   *Frank E. Sheeder III*
Counsel for Moving Defendants