1  KIMBERLY K. CHEMERINSKY (State Bar No. 277637)
   **ALSTON & BIRD LLP**
2  333 S. Hope Street, 16th Floor
   Los Angeles, CA  90071
3  Telephone:  213-576-1000
   Facsimile:   213-576-1100
4  Email:      kim.chemerinsky@alston.com

5  FRANK E. SHEEDER III (Admitted *Pro Hac Vice*)
   **ALSTON & BIRD LLP**
6  2200 Ross Avenue, Suite 2300
   Dallas, TX 75201
7  Telephone:  214-922-3400
   Facsimile:   214-922-3899
8  E-mail:      frank.sheeder@alston.com

9  Attorneys for Moving Defendants
   **STANFORD HEALTH CARE, STANFORD**
10 **HEALTH CARE ADVANTAGE, THE LELAND STANFORD**
   **JUNIOR UNIVERSITY (A/K/A THE BOARD OF TRUSTEES**
11 **OF THE LELAND STANFORD JUNIOR UNIVERSITY),**
   **DEBRA ZUMWALT, and FREDERICK DIRBAS**
12          **UNITED STATES DISTRICT COURT**
13          **CENTRAL DISTRICT OF CALIFORNIA**

14 UNITED STATES OF AMERICA          | Case No. 2:17-cv-08726-DSF-AFM
   *Ex. Relator* Emily Roe., an individual; | Assigned to the Honorable Dale S.
15                                    | Fischer, [Courtroom 7D]

16       Plaintiffs,                  | **DECLARATION OF FRANK E.**
                                      | **SHEEDER III IN SUPPORT OF**
17       v.                           | **MOVING DEFENDANTS'**
                                      | **OPPOSITION TO RELATOR'S**
18 STANFORD HEALTHCARE BILLING       | **AMENDED MOTION FOR**
   DEPARTMENT, STANFORD HEALTH       | **SANCTIONS  PURSUANT TO FED.**
19 CARE (FORMERLY KNOWN AS           | **R. CIV. P. RULE 11**
   STANFORD HOSPITALS AND            |
20 CLINICS), DR. FREDERICK DIRBAS,   | [Filed concurrently with Moving
   DEBRA ZUMWALT, THE BOARD OF       | Defendants' Opposition to Relator's
21 DIRECTORS OF THE STANFORD         | Amended Motion for Sanctions, Costs,
   HEALTH CARE, THE BOARD OF         | and Attorney's Fees Pursuant to Fed. R.
22 DIRECTORS OF THE LUCILE SALTER    | Civ. P. Rule 11]
   PACKARD CHILDREN'S HOSPITAL       |
23 AT STANFORD, THE LELAND           | Hearing
   JUNIOR UNIVERSITY, THE BOARD      | Date: July 27, 2020
24 OF TRUSTEES OF STANFORD           | Time: 1:30 p.m.
   UNIVERSITY, STANFORD HEALTH       | Ctrm: First Street Courthouse
25 CARE ADVANTAGE and DOES 1-10,     |          Courtroom 7D
   inclusive.                        |          350 West 1st Street
26                                    |          Los Angeles, CA 90012
        Defendants.                   |
27                                    | Second Am. Complaint:  March 2, 2020

28

- 1 -
DECLARATION OF FRANK E. SHEEDER III IN SUPPORT OF MOVING DEFENDANTS' OPPOSITION TO
RELATOR'S AMENDED MOTION FOR SANCTIONS  PURSUANT TO FED. R. CIV. P. RULE 11

I, Frank E. Sheeder III, declare under penalty of perjury as follows:

1.      I am an attorney licensed to practice law in Texas since 1987, admitted *pro hac vice* before this Court, and counsel of record in this matter for Defendants Stanford Health Care ("SHC"), Stanford Health Care Advantage ("SHCA"), The Leland Stanford Junior University (a/k/a The Board of Trustees of the Leland Stanford Junior University) (the "University"), Debra Zumwalt ("Ms. Zumwalt"), and Frederick Dirbas ("Dr. Dirbas") (collectively "Moving Defendants"). I submit this declaration in support of Moving Defendants' Opposition to Amended Motion for Sanctions, Costs, and Attorney's Fees Pursuant to Fed. R. Civ. P. Rule 11.  The facts set forth herein are based on my personal knowledge and, if called upon to do so, I would competently testify thereto.

2.      On June 2, 2020, Ms. Juarez sent an email to me with what she described as "a service copy of the Fed. R. Civ. P. 11 Motion for Sanctions."  Attached to her email was a 32-page PDF document titled "Notice of Motion and Motion for Sanctions, Costs, and Attorney's Fees Pursuant to Fed. R. Civ. P. Rule 11."  A true and correct copy of this email and attachment are attached as **Exhibit A**.

3.      Less than an hour later, Ms. Juarez sent another email to me with two attachments she described as "further pleadings to the Notice and Motion."  Attached to her email was a 3-page PDF document titled "Declaration of Service Rule 11(c)(2) Certificate" and a 67-page PDF document titled "Declaration of Gloria Juarez, and Exhibits in Support Thereof to Relator's Motion for Sanctions Pursuant to Rule 11(c)(2)."  The "Declaration" had 59 pages of Exhibits, including Exhibit cover pages.  A true and correct copy of this email and attachments are attached as **Exhibit B**.

4.      On June 12, 2020, I wrote to Ms. Juarez and reminded her that her attempted email service of Relator's "Motion for Sanctions" was not effective under Rule 5 or Rule 11(c)(2) because I had "never consented in writing to email service of non-ECF filed documents in this matter."  I also: (1) outlined various other

procedural failures and objective mischaracterizations in the "Motion for Sanctions," Relator's Motion for Costs of Service Pursuant to Fed. R. Civ. P. Rule 4(d)(2) (ECF No. 69-1) ("Motion for Costs"), and Ms. Juarez's accompanying Declarations; (2) cautioned "that these improper Motions are based on frivolous legal arguments and unfounded factual contentions that will establish grounds for sanctions against you and your client"; (3) asked that she withdraw her Motion for Costs and not file her Motion for Sanctions; and (4) advised that her "client has no legitimate legal or factual basis to pursue the Motions, your continued pursuit of them could only be for improper purposes, and Moving Defendants will have no choice but to pursue all rights and remedies against you and your client."  A true and correct copy of this communication is attached as **Exhibit C**.

5.      On June 16, 2020, Ms. Juarez responded, claimed that my June 12, 2020, letter "misconstrues the pleadings and contains objective falsehoods," and said that she intended to "vehemently dispute [the email service issue] before the court."  A true and correct copy of this communication is attached as **Exhibit D**.

6.      On June 18, 2020, I wrote to Ms. Juarez, told her Moving Defendants would agree to her request to seek redaction of footnote 3 from ECF No. 64-1 in an attempt to avoid her "continued distraction from the real issues in this case," and reaffirmed Relator's Motion for Costs and proposed "Motion for Sanctions" were unfounded, as were Ms. Juarez's Declarations in support.  A true and correct copy of this communication is attached as **Exhibit E**.

7.      Other than Ms. Juarez's June 2, 2020, email, I am not aware of any other attempt to serve the "Motion for Sanctions" on me.

8.      On June 28, 2020, Relator filed her "Amended Motion for Sanctions, Costs, and Attorney's Fees Pursuant to Fed. R. Civ. P. Rule 11" and related documents (ECF Nos. 75, 75-1, 75-2, 75-3, 75-4).  The "Declaration of Gloria Juarez, and Exhibits in Support Thereof to Relator's Motion for Sanctions Pursuant to Rule 11(c)(2)," filed as ECF No. 75-2, has 50 pages of Exhibits, including Exhibit cover

1   pages.  These "Amended" filings are not identical to the documents she had emailed
2   to me on June 2, 2020.
3       9.    Ms. Juarez never emailed her client's "Amended Motion for Sanctions"
4   to me prior to filing, nor am I aware of any attempt to serve it on me under Federal
5   Rule of Civil Procedure 5.
6       I declare under penalty of perjury under the laws of the United States that the
7   foregoing is true and correct. Executed this 6th day of July 2020, in Dallas, Texas.
8
9                            */s/Frank E. Sheeder III*
10                             Frank E. Sheeder III
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DECLARATION OF FRANK E. SHEEDER III IN SUPPORT OF MOVING DEFENDANTS' OPPOSITION TO
RELATOR'S AMENDED MOTION FOR SANCTIONS  PURSUANT TO FED. R. CIV. P. RULE 11

# Exhibit A

| | |
|---|---|
| **From:** | GLORIA JUAREZ, ESQ. <gloria@thegjlaw.com> |
| **Sent:** | Tuesday, June 2, 2020 7:57 PM |
| **To:** | Sheeder, Frank; Chemerinsky, Kim |
| **Cc:** | Kortum, Frank (USACAC) |
| **Subject:** | Notice of Rule 11 Motion |
| **Attachments:** | 20-7-13  3.0  Roe MOT Sanctions (20-6-2).pdf |

**EXTERNAL SENDER – Proceed with caution**

Dear Mr. Sheeder and Ms. Chemerinsky,

In follow up to our telephonic meeting on May 26, 2020,  and the prior written correspondence dated May 25, 2020, please find the following for your review and time sensitive response. Pursuant to Fed. R. Civ. P. 11(c) (2), attached is a service copy of the Fed. R. Civ. P. 11 Motion for Sanctions ("Motion for Sanctions") which we are providing to you. We demand that you withdraw and seal the de-anonymized portions of your Motion (ECF 64) within 21 days of the date of this letter. If you refuse to comply with this demand to mitigate your pleading conduct in ECF 64 (having publicly de-anonymized Relator without order of the court) then we will be forced to file the attached Motion for Sanctions with the Court.


Very Truly Yours,
Gloria




**Gloria Juarez**
**LAW OFFICES OF GLORIA JUAREZ**

**ORANGE COUNTY OFFICE**
**26081 Merit Circle , Suite 112**
**Laguna Hills, CA 92653**
**Tel. 213-598-4439**

5

Facsimile 714-919-0254

Gloria M. Juarez, California State Bar No. 109115
**LAW OFFICES OF GLORIA JUAREZ**
26081 Merit Circle, Suite 112
Laguna Hills, CA 92653
Tel: 213-598-4439
Fax: 714-919-0254
Email: gloria@thegjlaw.com
      tootsieglo@sbcglobal.net
ATTORNEYS FOR RELATOR EMILY ROE

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA. *ex. Relator* Emily Roe., an individual. Plaintiff, | **Case No.: CV17-08726-DSF(AFMx)** JUDGE:  The Hon. Dale S. Fischer |
| vs. | **NOTICE OF MOTION AND MOTION FOR SANCTIONS, COSTS, AND ATTORNEY'S FEES PURSUANT TO FED. R. CIV. P. RULE 11** |
| STANFORD HEALTHCARE BILLING DEPARTMENT, STANFORD HEALTH CARE (FORMERLY KNOWN AS STANFORD HOSPITALS AND CLINICS), DR. FREDERICK DIRBAS, DEBRA ZUMWALT, THE BOARD OF DIRECTORS OF THE STANFORD HEALTH CARE, THE BOARD OF DIRECTORS OF THE LUCILE SALTER PACKARD CHILDREN'S HOSPITAL AT STANFORD, THE LELAND JUNIOR UNIVERSITY, THE BOARD OF TRUSTEES OF STANFORD UNIVERSITY, STANFORD HEALTH CARE ADVANTAGE,  and DOES 1-10, inclusive, Defendants. | HEARING DATE: July 13, 2020 TIME:                1:30 p.m. CTRM:        7D (First Street Courthouse)  350 West 1st Street  Los Angeles, CA 90012  Complaint Filed:        Dec. 4, 2017 Complaint unsealed:     July 30, 2019 |

i

7

TO DEFENDANTS, THE TRUE PARTIES IN INTEREST, AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that on July 13, 2020 at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 7D of the above-entitled Court, located at the United States District Court, First Street Courthouse, 350 West 1st Street, Los Angeles, California, Relator Emily Roe (herein after "Moving Party" or "Relator")  will, and hereby does, move this Court pursuant to Federal Rules of Civil Procedure (Fed. R. Civ. P.) Rule 11 for a court award of sanctions of $5,000 per Defendant, and attorney fees of $9707.50.  Pursuant to Rule 11 (c)(2), this Motion was first served on Defendants pursuant to Rule 5 on June 2, 2020, well advance of 21 days safe-harbor period. (*See* Decl. of Service)

Relator respectfully moves the court pursuant to Rule 11(c)(2)  and Rules11(b)(1) , (b)(3), and (b)(4)  as to Stanford Health Care, Dr. Frederick Dirbas, Ms. Debra Zumwalt, The Leland [Stanford] Junior University, and Stanford Healthcare Advantage ("SHCA") (collectively, "Stanford" or "Defendants").

Moving Party moves for an order based upon this Notice and Motion, the accompanying Memorandum of Points and Authorities, the complete records on file in this court herein, and on such other and further matters as may be presented to the Court at the time of the oral hearing or in supplemental briefing on this matter.

This Motion is made following the meet and confer efforts of counsel for Moving Relator and counsel for all Defendants pursuant to Local Rule 7-3, which took place on May 25, 2020 and May 26, 2020.  Despite conferring with Defendants' counsel, this Motion has become necessary because Defendants *and* their counsel willfully and preemptively de-anonymized Relator in their March 30, 2020 pleading (ECF 64:3) without authority or order of the court, and also submitted a Declaration to the Court  (ECF 63, Decl. Dirbas) which lacked evidentiary support and was presented for an improper purpose. Defense counsel  have  since declined to correct or withdraw their pleading, regardless of the fact that this court and the government (real-party in interest)  have

ii

8

sanctioned this anonymized case, and no controverting order has since been issued authorizing Defendants' conduct.

In accordance with the foregoing, Moving Party respectfully requests that the Court award sanctions in favor of Relator pursuant to Fed. R. Civ. P. Rule 11and grant such other and further relief, including an award of costs and reasonable costs and attorneys' fees, to which Moving Party may be entitled.

Dated:  June 1, 2020

**LAW OFFICES OF GLORIA JUAREZ**

By:  /s/ Gloria Juarez

GLORIA MORIN JUAREZ, SB# 100915
Attorneys for Relator Emily Roe

**MOTION FOR SANCTIONS, COSTS, AND ATTORNEY'S FEES PURSUANT TO RULE 11**
UNITED STATES VS. STANFORD                                    17-CV08726-DSF

# TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................................ 1

II.    BACKGROUND .................................................................................................. 6

III.   STATEMENT OF FACTS.................................................................................... 7

IV.    LEGAL STATUTES ........................................................................................... 9

   A.    Federal Rules of Civil Procedure Rule 11............................................. 9

         1.     In relevant parts Rule 11 addresses Defendants' conduct in its pleading (ECF 64) and Dr. Dirbas's representations to the court (ECF 63)............................................................................................ 9

   B.    28 U.S.C. § 1927  also authorizes the court to award costs and fees............. 10

V.     LEGAL ARGUMENT ....................................................................................... 11

   A.    Relator complied with the safe harbor provisions of Rule 11(c). ...................... 11

   B.    Rule 11(b)(1) authorizes the court to impose sanctions on a defendant if they file a pleading for an "improper purpose", or one intended to harass or vex. ....................... 12

   C.    Rule 11 permits the court to impose sanctions when a party re-files or attempts to re-adjudicate a previously denied argument. .................................................................. 13

   D. Rules 11(b)(1), b (3), and b (4) authorize the court to impose sanctions on defendants for filing a pleading lacking evidentiary support or otherwise making a legally  frivolous argument.......................................................................................................... 15

         2.     Dr. Dirbas's Declaration to the Court lacks evidentiary support. .... 16

         3.     Defendants' motion to dismiss for Rule 10(a) could have been raised in their first motion to dismiss, and thus was barred by Rule 12(g)(2) in their third motion. .................................................. 19

         4.     Rule 11 authorizes the court to exercise its inherent powers to impose sanctions. ................................................................................ 19

   E.    28 U.S.C. § 1927 authorizes the court to separately impose sanctions and fees. 23

         5.     Rule 11 authorizes the court to award sanctions, costs, and reasonable fees. ............................................................................... 24

VI.    CONCLUSION.................................................................................................. 25

**MOTION FOR SANCTIONS, COSTS, AND ATTORNEY'S FEES PURSUANT TO RULE 11**

UNITED STATES VS. STANFORD                                              17-CV08726-DSF

# TABLE OF AUTHORITIES

**CASES**

*Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998) ........................................................ 14

*Chambers v. NASCO, Inc.,* 501 U.S. 32, 41, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) ........................................................................................................ 23

*Ditkof v. Owens-Illinois, Inc.*, 114 F.R.D. 104 (E.D. Mich. 1987) .................................. 21

*Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000) ................ 8

*Id*. 22

*More v. Chase*, *Inc.*, 2016 WL 928671, at *7 (E.D. Cal. Mar. 10, 2016) ...................... 15

*Operating Eng'rs Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988)............ 15

*People's United Equip. Fin. Corp. v. Hartmann,* 447 F. App'x 522, 524 (5th Cir. 2011). ................................................................................................ 25

*People's United Equip. Fin. Corp. v. Hartmann*, 447 Fed. Appx. 522, 524 (5th Cir. 2011) 25

*Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 789 (9th Cir. 2001) ............................. 14

*Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 767, 100 S. Ct. 2455, 65 L. Ed. 2d 488 (1980) ...................................................................................... 23, 24

*Shepherd v. Am. Broad. Cos.*, 62 F.3d 1469, 1472, 314 U.S. App. D.C. 137 (D.C. Cir. 1995) .................................................................................. 23

*Staton v. Boeing Co.*, 327 F.3d 938, 966 (9th Cir. 2003) (citation omitted) ................... 6

*U.S. ex rel. Killingsworth v. Northrop Corp.*, 25 F.3d 715, 720 (9th Cir. 1994) ........... 12

*Woodrum v. Woodward Cty.*, 866 F.2d 1121, 1127 (9th Cir. 1989) .............................. 15

**STATUTES**

31 U.S.C. § 3279 ............................................................................................................. 6

31 U.S.C. § 3730(b)(2) ................................................................................................... 7

31 U.S.C. § 3730(b)(4)(B) .............................................................................................. 7

Cal. Gov't Code §§§ 12650-12656 ................................................................................. 7

Cal. Insurance Code Sections 1871 and 1871.4 .................................................................. 7

vi

**12**

Relator Emily Roe ( "Moving Party" or "Relator") respectfully moves the court pursuant to  Federal Rules of Civil Procedure ("Rule") Rule 11 for an award of sanctions, costs, and attorney's fees  against  Stanford Health Care (SHC) , Dr. Frederick Dirbas, Ms. Debra Zumwalt, The Leland [Stanford] Junior University, and Stanford Healthcare Advantage (SHCA) (collectively, "Stanford" or "Defendants").

# I.   INTRODUCTION

Moving Party seeks an award of sanctions and fees against Defendants pursuant to Rule 11(c), and Rules 11(b)(1), (b)(2), (b)(3), and (b)(4) because Defendants have failed to demonstrate good cause within the meaning of Rule 11 for their improper pleading conduct  before the court. Defendants *and* their counsel willfully and preemptively de-anonymized Relator in their March 30, 2020 pleading (ECF 64:3,n3) without authority or order of the court, and also submitted a contrived and misleading Declaration to the Court (ECF 63, Decl. Dirbas) which lacked evidentiary support and was presented for an improper purpose. Defense counsel have since declined to correct or withdraw their pleading. "Fee sanctions compensate a party for the costs of enforcing the rule when the party taking the challenged position has refused to withdraw or correct it." *Islamic Shura Council of S. California v. F.B.I.*, ___ F.3d ____, 12-55305, 2014 WL 1013324, at *1 (9th Cir. Mar. 18, 2014).  Pursuant to Rule 11 (c)(2), this Motion was first served on Defendants pursuant to Rule 5 on June 2, 2020, well advance of 21 day safe-harbor period. (*See* Decl. of Service) It is therefore requested that the Court *grant* the motion for sanctions as well as reasonable attorney fees as itemized herein. (Decl. Juarez ¶¶ 21-22) *Staton v. Boeing Co.*, 327 F.3d 938, 966 (9th Cir. 2003) (citation omitted)

Relator filed her Original Complaint under seal pursuant to 31 U.S.C. §3279 (False Claims Act ("FCA")) on December 4, 2017 (ECF 1),  and the First Amended Complaint ("FAC") was filed during the seal on June 22, 2018 (ECF 15).  Both were filed in the pseudonym Emily Roe.  The action was unsealed by order of the Court on July 30, 2019. (ECF  32) On August 15, 2019 the State forwarded the newly unsealed Complaint to

1

**13**

Defendants and requested Defendants contact Relator's counsel.  On September 13, 2019 Relator requested that Defendants execute Rule 4(d) waivers for the Summons and Complaint. The Court issued an Order to Show Cause as to service. Due to Defendants' declination to comply, the summonses were filed with the court on December 6, 2019 and issued on December 12, 2019. (ECF 41).  Many of the Defendants were personally served throughout December 2019.  While Relator was awaiting the return of executed Rule 4(d) waivers from Defendants, Defendants surreptitiously filed their first Motion to Dismiss "(MTD") on January 7, 2020. (ECF 42) Relator only then filed the proofs of service of summons with the court. (ECF 46, 47) The Court granted Defendants' MTD on February 2, 2020. Relator filed the SAC on March 2, 2020 in the pseudonym, maintaining the *status quo* in the case.  On March 30, 2020 Defendants filed their second and third MTD. They sought dismissal pursuant to Rule 12(b)(5) by claiming failed service *vis-a-vis* Dr. Dirbas's tacit Declaration, and dismissal relying on Rule 10(a), whereby they preemptively stripped Relator's anonymized filing in this action. (ECF 63, 64). Notably, Defendants willfully misused the court's processes to vex and harass Relator by tactically de-anonymizing her in their motion without authority or order of the court. Rule 11(b)(1) (ECF 64:3, n3). Defendant further patently refused Relator counsel's multiple meet and confer attempts to mitigate Defendants' pleading conduct. (Decl. Juarez ¶2) Defendant Dr. Dirbas also surreptitiously made his first appearance in the action *inter alia* a  heavily obscured Declaration with highly implausible claims of failed service and lack of notice of commencement of this litigation, which were untrue narratives.  Defendants and their counsel knew the narratives to be untrue when they made them. (Rule 11(b) (2, and (b)(4)) (ECF 63) Defendants' willful de-anonymizing Relator in their pleading is an overt act, and thinly veiled attempt to vex and harass Relator for bringing and maintaining an FCA claim. In doing so, the allegations of an FCA turn on the government's data and Defendants' alleged fraud and abuse of government payors, not Relator's identity or pseudonym.  The relators themselves have little to do with the real parties in interest to FCA allegations, other than to provide factual information to the government. Hence, Defendants' claims

**14**

ultimately take aim at the government's most valuable tool in deterring and reporting (healthcare) fraud, and flip 31 U.S.C §3279 on its head. This is largely because in addition to effectively vexing FCA Relators with such veiled and unveiled threats as they have done here, Defendants have also otherwise employed a self-serving affidavit which was patently contrary to the facts and lacked evidentiary support. (Rule 11(b)(3)). This is particularly true as to Defendant Dr. Dirbas as explained herein.

Accordingly, Relator's Motion based on Rule 11(c)(2) should be *granted* for the foregoing reasons.  Defendants' argument in defense as to their basis for pre-emptively de-anonymizing Relator on March 30, 2020 (ECF 64:3, n3) misapplies the law and ignores the evidence. *Defendants' claims as to their excuse for tactically de-anonymizing Relator in their pleading fails under its own weight as follows*:

First, Defendants' own Motion to Dismiss (ECF64) states they are seeking to dismiss the SAC because it is filed under a pseudonym. Hence, they cannot feign that they were unaware of the anonymized status or misconstrued that they could de-anonymize the case as they did in ECF 64 without authority of the court. Relator's counsel was also abundantly clear in correspondence on January 4, 2020 and additional dates thereafter to defense counsel that Defendants' threats to de-anonymize Relator were causing her documented physical threat and harm[1]. (Decl. Juarez ¶4, Exh. B ) The Ninth Circuit considered similar allegations and found a cognizable legal theory allowing the anonymized plaintiff [relator in this case] to proceed under a pseudonym *Does I Thru XXIII v. Advanced Textile Corp*., 214 F.3d 1058 (9th Cir. 2000)  Ultimately, the Court determined that given the nature of the claim, the plaintiffs' interest in keeping their name anonymous was more important than the public interest in knowing their identity. Here, Defendants knowingly preemptively de-anonymized Relator to vex and harass her. Then they patently refused to mitigate their pleading conduct, and declined to take even remedial steps to allow the court the opportunity to adjudicate the pseudonym matter, rather than

---

[1] Relator's counsel will make such records available upon the court's directive or request for an in-camera review.

taking the matter in their own hands in advance of the Court's ruling.

Second, Dr. Dirbas's proffered Declaration is inconsistent with the facts, and the evidentiary support controverts his testimony. (ECF 63) Dr. Dirbas denies any knowledge of this suit until March 2, 2020 when he claims Relator counsel first contacted him. (Decl. Dirbas ¶¶3-5, ECF 63). His claim of lack of knowledge about the commencement of this FCA litigation is controverted by the undisputed facts that his attorney received the Complaint on August 15, 2019 (Decl. Juarez ¶ 8), and that his employer and co-defendant was served on December 19, 2019 (Exh. L).  Other than to cause unnecessary delay and expense in this litigation, there is no plausible explanation why Defendant Dr. Dirbas has submitted his affidavit and skirted responding to his obvious representation by Mr. Sheeder. Rule 11(b)(1), (b)(3), and (b)(4). Similar to Dr. Dirbas's reasons for evading service of the summons for more than two months (Exh. G, H), his testimony here before the court is clearly in hopes of being extricated from this federal FCA. What is more, Defendants' arguments in their Motion to Dismiss and Strike (ECF 63) also rely on Dr. Dirbas's party affidavit which briskly contrasts with that of the two neutral process servers, and the evidentiary support (Decl. Juarez ¶¶13-14) (Exh. J, K) Courts have held that where dispute over the validity of service arises, the court attributes substantial and extra weight to the sworn declaration of the neutral process server or party. *Veliz v. Rimax Contractors, Inc.*, 2016 WL 1704496, at *1, n.3 (E.D. La. Apr. 28, 2016).   Notably, Dr. Dirbas's proffered testimony is not only implicit in large part as explained further herein, but also was known or should have been known by defense counsel as lacking evidentiary support.

Third, it is indisputable  that Defendants *and* their counsel were  required to comply with Rule 11 (b) which requires that   representations to the court comply with the following:  "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" and that the pleading is "not being presented for any improper purpose". (Rule 11 (b)(1) and (b)(2)) Here there was little basis for Defendants' pleading conduct in ECF 64, and Dr. Dirbas's "claims, defenses or other legal contentions" and  *un*likely for Dr. Dirbas's claims to have "evidentiary support after a reasonable opportunity for further investigation". To be clear, there was no

4

16

foundation for counsel to make "the denials of factual contentions" nor was Dr. Dirbas's narrative warranted based on the evidence and information available to defense counsel. Defendants knew that Dr. Dirbas was aware of this suit far before "March 2, 2020" because this case turns on Dr. Dirbas's alleged false claims to Medicare for his treatment of breast cancer patients at Defendant Stanford's facilities. The Complaint is also replete with more than 1000-line items of Dr. Dirbas's Medicare billing. (*See* Exh. Q to SAC) Defendants and their counsel would have had to address Dr. Dirbas and his billing in this litigation, and that is done on the front end in FCA litigation. More than that, Defendants and their counsel had the process servers' declarations reflecting service was effectuated on Defendants and that additional service costs were incurred here because of a purposely evasive Defendant, Dr. Dirbas. (*See e.g.* Decl. Juarez ¶¶11-14) (Exh. I, J, K)

Lastly, Rule 12(g)(2) makes abundantly clear that a defendant's right to raise an issue is waived if they don't do so on the earlier motion to dismiss. This was the case here because Defendants' first MTD on January 7, 2020 failed to raise either Rule 12(b)(5) or Rule 10(a), which they newly raised in their second or third motions.  (ECF 63 and 64) Defendants knew the application of this rule because they raised each of these arguments in their meet and confer correspondences before filing their MTD. (Decl. Juarez ¶3, Exh. A)  Their pleading (ECF 64) is also barred and frivolous within the meaning of Rule 11.

In any event, Defendants second-guessing the court's acceptance of the FCA filing as filed in the pseudonym is no defense appropriate for Defendants' willful refusal to comply with the same. Therefore, costs and fees should also be awarded pursuant to Rule 11, as well as any additional sanctions based on the court's inherent power to sanction abuses of the judicial process. *Shepherd v. Am. Broad. Cos., Inc*., 62 F.3d 1469, 1474–75 (D.C. Cir. 1995)  Defendants and their counsel have demonstrated a disregard of judicial process by preemptively de-anonymizing Relator in their motion without authority or order of the court to do so, and have since patently refused to correct their conduct despite Relator's  demand and ample opportunity for the same, the court should *grant* this  Rule 11(c)(2) Motion for sanctions which authorizes the court to award additional costs and

attorney fees in favor of the moving party for bringing this motion. For these reasons, as explained in greater detail below, the Court should *grant* Relator's Rule 11 Motion.

## II. BACKGROUND

This 31 U.S.C. § 3279 False Claims Action ("FCA") case has always been about Defendants' system-wide scheme to exploit healthcare reimbursement through their knowing upcoding and unbundling, and submission of inaccurate and unsupported codes to the United States, and the State. FCA statutes allow private individuals [relator] to disclose to the government "original information" and allegations of fraud by contractors improperly receiving funds from the federal or state departments, and thus bring a "*qui tam*" claim on behalf of the government. Congress specifically designed the *qui tam* provisions of the FCA to supplement the government's resources with those of private parties like Relator. In passing the 1986 amendments to the statute, Congress stressed an overarching intent to encourage "more private enforcement" and a "coordinated effort of both the Government and the citizenry." S. Rep. No. 99-345, at 2, 23–24 (1986), as reprinted in 1986 U.S.C.C.A.N. 5266, 5266–67, 5288–89.

This FCA alleges that Defendants designed an *undetected* and sustained campaign of upcoding and unbundling under Medicare to obtain payments to which they were not entitled. To do so, executives deputized division chiefs and billing managers, who pressured physician colleagues to submit the maximum level billing codes regardless of controverting medical records and necessity, for more lucrative codes than they were otherwise lawfully entitled. The campaign got results. In 2016, Stanford reported a near doubling of its Medicare revenues from 4 years prior ($460 million in 2012 to $755 million in 2016). Stanford's alleged artifice involved Stanford's complete disregard of the numerous red flags identifying these widespread coding failures and the resulting overpayments that followed. And it involved Stanford's refusal to engage in, and its decision to shut down, any attempts by doctors, billers, and third parties to correct these failures and return these overpayments to CMS. Stanford's "shut down" tactics are alleged to have included "cattle prodding" of doctors, threats, and termination of employees and

agents who "sounded the alarm". (Comp. ¶ 209) (Exh. C to SAC, Decl. Gaines, generally) According to the government, these are "serious [FCA] allegations worthy of analysis by Stanford", and they have brought Defendants including Dr. Dirbas under scrutiny by the United States[2]. (Decl. Juarez ¶9, *See* Exh. D)

### III. STATEMENT OF FACTS

This FCA was filed under seal pursuant to 31 U.S.C. § 3730(b)(2) and (3), and Cal. Insurance Code Sections 1871 and 1871.4 on December 4, 2017. (Docket ("Dkt.") No. 1) The action remained under seal pursuant to U.S. C. § 3279 *et. seq during* preliminary review by the United States and the State of California. The parties have met and conferred since case inception, and worked courteously, cooperatively, and with civility to jointly resolve the claims in dispute. Pursuant to the federal False Claims Act, 31 U.S.C. § 3730(b)(4)(B), on April 4, 2018 the United States of America ("United States" or "U.S.") notified the Court of its decision not to intervene *without prejudice* in the above-captioned action ("this action"). The First Amended Complaint ("FAC") was then filed on June 22, 2018 which demonstrated expanded fraud and abuse patterns, as well as added a cause of action pursuant to Cal. Gov't Code §§§ 12650-12656 for Medi-Cal False Claims. (Docket No. 15) Accordingly, the United States requested further enlargement of the seal pursuant to U.S.C. 3279 *et. seq.*, and additional time to evaluate the allegations in the FAC. On February 13, 2019, the Court ordered an enlargement of the sealing period to July 30, 2019, through and by a stipulation of the parties. (Dkt. No. 27) On July 16, 2019 the U.S. filed its further notice of election to decline intervention *without prejudice.* (Dkt. No. 30) Nevertheless, the United States remains a real party in interest in the federal FCA claim, entitled to joinder the Complaint at any time, participate in settlement discussions with the parties, and share in any recovery that may be obtained. 31 U.S.C. ' 3730(d); *U.S. ex rel. Killingsworth v. Northrop Corp.*, 25 F.3d 715, 720 (9th Cir. 1994). On July 30, 2019, the case was thus *unsealed* by stipulation of parties, and Order of this court as reflected in Docket Entry No. 32. On December 4, 2019 in order to narrowly tailor the claims in this

---

[2] The United States filed its "Statement of Interest" in this case on Jan. 21, 2020. (ECF. No. 50), and a second Statement of Interest on May 29, 2020. (ECF No. 70 and 71)

1   Federal District to the U.S.C. 3279 (Medicare) claims, parties stipulated thereto and
2   Relator noticed a voluntary dismissal *without prejudice* the Second Cause of Action
3   ("Violation of Cal. Insurance Code § 1871 et seq.").

4           On August 15, 2019, the State forwarded an electronic courtesy copy of the *newly*
5   *unsealed* FAC to defense counsel Mr. Sheeder, which informed Defendants that a lawsuit
6   had been initiated against them. The State requested that defense counsel contact Relator
7   counsel's office to discuss because "certain elements of the Complaint which are worthy
8   of serious analysis by Stanford". (Decl. Juarez ¶7) (*See* Exh. "D") Not having received
9   any response, on September 13, 2019 Relator's counsel first called and also emailed
10  defense counsel as to waiving service of the Complaint as to all Defendants. (Decl. Juarez
11  ¶8) (*See* Exh. "E") On December 6, 2019 Relator filed a response to the court's Order to
12  Show Cause and explained that service would timely proceed. The Summonses were filed
13  on December 6, 2019. (Dkt. No. 37) On December 12, 2019, the Clerk issued a summons
14  to each defendant (Docket No. 41). On or about December 12, 2019 Relator forwarded the
15  summonses and Complaint to local offices of OneLegal for service on the Defendants who
16  had not responded to the requested Rule 4(d) waiver requests. On January 7, 2020 certain
17  Defendants[3] made their appearance with a Motion to Dismiss. (ECF 42). Dr. Dirbas was
18  not among those Defendants. Service attempts on Dirbas continued from December 12,
19  2019 through February 20, 2020. (Decl. Juarez ¶¶10-11) (See Exh. G, H) On March 2,
20  2020, the SAC was filed and electronically served by ECF on defense counsel Mr. Sheeder
21  (Dkt. No. 55), however he declined to execute or return the Rule 4(d) waivers for
22  remaining Defendants including Dr. Dirbas.  On March 2, 2020 Relator's counsel emailed
23  a courtesy electronic copy of the SAC to defense counsel Mr. Sheeder, and carbon copied
24  Dr. Dirbas, again notifying Dr. Dirbas that a false claims action had been initiated against
25  he and his employers at Stanford.  On March 3, 2020, a second communication was also
26  sent. Neither Dr. Dirbas nor his counsel responded to any of these correspondences. On or

_____

[3]Defendants filing the Jan. 7, 2020 MTD were Stanford Health Care (SHC), Ms. Debra Zumwalt, The Leland [Stanford] Junior University, and Stanford Healthcare Advantage ("SHCA") (collectively, "Stanford" or "Defendants").

**MOTION FOR SANCTIONS, COSTS, AND ATTORNEY'S FEES PURSUANT TO RULE 11**
UNITED STATES VS. STANFORD                                    17-CV08726-DSF

about March 10, 2020 defense counsel requested redaction of Dr. Dirbas's address from the SAC. On March 13, 2020 Relator counsel wrote defense counsel and agreed to a stipulation for the requested redaction, and again inquired about Dr. Dirbas's representation. (Decl. Juarez ¶8) Mr. Sheeder never responded to that correspondence, which was by count the fifth asking the same question about his representation of Dr. Dirbas. (*See* Exh. M) On March 30th Defendants filed two motions to dismiss. (ECF 63,64). Defendants *and* their counsel de-anonymized Relator in their March 30, 2020 pleading (ECF 64:3,n3) without authority or order of the court, and also submitted a Declaration to the Court (ECF 63, Decl. Dirbas) which lacked evidentiary support and was presented for an improper purpose. Defense counsel have since declined to correct or withdraw their pleading. (Decl. Juarez ¶2)

# IV. LEGAL STATUTES

A.   **Federal Rules of Civil Procedure Rule 11**

1.   <u>In relevant parts Rule 11 addresses Defendants' conduct in its pleading (ECF 64) and Dr. Dirbas's representations to the court (ECF 63).</u>

Federal Rule of Civil P. 11 allows sanctions under the following circumstances:

"(b) Representations to the Court. By presenting the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."

Rule 11 allows a party to move for sanctions if the moving party serves the motion on the non-moving party pursuant to Rule 5. *See* Fed. R. Civ. P. 11(c)(2). A moving party must allow 21 days after service or within another time the court sets for the challenged paper, claim, defense, contention, or denial to be corrected. In the Ninth Circuit, this "safe harbor" provision is strictly enforced. *See Barber v. Miller*, 146 F.3d 707, 710 (9th Cir.

**MOTION FOR SANCTIONS, COSTS, AND ATTORNEY'S FEES PURSUANT TO RULE 11**
UNITED STATES VS. STANFORD                                          17-CV08726-DSF

1998) ("It would therefore wrench both the language and purpose of the amendment [of Rule 11] to permit an informal warning to substitute for service of a motion."); *see also Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 789 (9th Cir. 2001) (finding a violation of Rule 11's "safe harbor" provision when the defendant did not serve the plaintiff with a copy of the motion for sanctions, even though the plaintiff had informal notice that the defendant intended to move for sanctions). Hence, "[i]t is the service of the motion that gives notice to a party and its attorneys that they must retract or risk sanctions." *Radcliffe*, 254 F.3d at 789. Moreover, "the failure to comply with the mandatory procedural requirements makes Rule 11 sanctions inappropriate." *More v. Chase, Inc.*, 2016 WL 928671, at *7 (E.D. Cal. Mar. 10, 2016). "On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3). Sanctions are reserved for "where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Operating Eng'rs Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988). Courts must not construe or apply Rule 11 so as to chill an attorney's creativity or conflict with an attorney's duty to vigorously represent his or her client. *See id.* "The standard for determining the propriety of Rule 11 sanctions is one of objective reasonableness for determinations of frivolousness as well as of improper purpose." *Conn v. Borjorquez*, 967 F.2d 1416, 1421 (9th Cir. 1992) (citing *Woodrum v. Woodward Cty.*, 866 F.2d 1121, 1127 (9th Cir. 1989)).

B.   **28 U.S.C. § 1927 also authorizes the court to award costs and fees.**

A court may grant further sanctions pursuant to 28 U.S.C. § 1927, which provides:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably or vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. A district court must find bad faith or recklessness before exercising its power to sanction under § 1927. *United States v. Associated Convalescent Enters. Inc.*, 766 F.2d 1342, 1346 (9th

Cir. 1985) (citations omitted); *see also In re Keegan Mgmt. Co.*, *Securities Litigation*, 78 F.3d 431, 436 (9th Cir. 1996) ("For sanctions to apply, if a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass."). Bad faith is measured by a subjective standard. *See Estate of Blas Through Chargualaf v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986) (citations omitted) ("Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent."). Filings that are nonfrivolous but reckless may not be sanctioned under § 1927. *In re Keegan Mgmt. Co.*, 78 F.3d at 436.

# V.  LEGAL ARGUMENT

A.     **Relator complied with the safe harbor provisions of Rule 11(c).**

On May 25, 2020 while reviewing Defendants' Motion to Dismiss (ECF 64) for the first time, Relator's counsel noticed that defense counsel had as *fait accompli* de-anonymized Relator on page 3 of their motion, without authority or an order of the court allowing the same. (Decl. Juarez ¶8) Relator's counsel immediately thereafter corresponded with Defendants' counsel Mr. Sheeder and Ms. Chemerinsky and demanded that counsel redact or withdraw their pleading (ECF 64:3, n3). Exhibit C to this Motion is a copy of the correspondence to defense counsel delineating the specific page and reference and demanding that they timely mitigate their pleading conduct. Not having received a response, on the late morning of May 26, 2020, Relator's counsel also then telephoned defense counsel Mr. Sheeder to personally meet and confer as to the highly sensitive issue. Mr. Sheeder declined Relator counsel's request and represented that he would not agree to redact or withdraw his de-anonymized pleading. (Decl. Juarez ¶¶2,8) (ECF 64) A review of defense counsel's pleading intimates that their office did not intend to act in  good faith when they (1) leveled a plethora of unfounded *ad hominem* attacks against Relator, and (2) placed the footnote on page 3 of their  motion (ECF 64) willfully de-anonymizing Relator without authority of the court. More than that, there was no reasonable basis for Defendants to do so and then patently decline to redact that improper

11

**MOTION FOR SANCTIONS, COSTS, AND ATTORNEY'S FEES PURSUANT TO RULE 11**

UNITED STATES VS. STANFORD                                              17-CV08726-DSF

footnote other than to vex and harass Relator. Notwithstanding Relator's counsel's outreach and demand, Defendants disagreed and asserted their right to have blatantly de-anonymized Relator. (Decl. Juarez ¶¶2,4)

On June 2, 2020 Defendants and counsel Mr. Sheeder and Ms. Chemerinsky were served with a copy of Relator's Motion for Sanctions, as well as the letter in the attached Declaration of Service pursuant to Rule 5. (Decl. Juarez ¶2) Compliance with Rule 11(c)'s "safe harbor" provision is mandatory and strictly enforced in the Ninth Circuit. *See Radcliffe*, 254 F.3d at 789 (barring sanctions due to failure to comply with Rule 11(c)(1)(A) where defendant warned plaintiff of sanctions but did not serve a motion for sanctions); *Barber*, 146 F.3d at 710 (same). Furthermore, sanctions are appropriate only if the action is "clearly frivolous, unreasonable or without legal foundation, or brought for an improper purpose." *Operating Eng'rs Pension Tr.*, 859 F.2d at 1344. However, a court must not use Rule 11 sanctions to deter creative or novel legal arguments, such as a change in law. *Id*. Hence, the statutory 21-day safe harbor as well as the statutory threshold under "improper purpose" here have been met and exceeded.

**B.     Rule 11(b)(1) authorizes the court to impose sanctions on a defendant if they file a pleading for an "improper purpose", or one intended to harass or vex.**

An "objective standard" applies to determinations of improper purpose under Rule 11. *Woodrum v. Woodward Cty.*, 866 F.2d 1121, 1127 (9th Cir. 1989). Here, Defendants made a deliberate choice in pleading to do the following: (1) make unfounded *ad hominem* attacks against Relator in a pleading to dismiss an FCA action where the government is the real party in interest; and (2) patently placed the footnote on page 3 of their motion (ECF 64) willfully de-anonymizing Relator without even waiting for an order of this court to adjudicate the motion thrust precisely at the ability of Relator proceeding in the *status quo* under the pseudonym. There was no reasonable expectation that Defendants could argue whereby they believed it was appropriate to de-anonymize Relator in their pleading. To the contrary, Defendants knew and should have known that Relator's pseudonym was of high sensitivity in this case, and specifically the issue of Relator proceeding under a

**MOTION FOR SANCTIONS, COSTS, AND ATTORNEY'S FEES PURSUANT TO RULE 11**
UNITED STATES VS. STANFORD                                                17-CV08726-DSF

pseudonym as to specifically these same Defendants had been ruled as of "exceptional circumstance" in another matter. (Decl. Juarez ¶3) In light of the multiple communications between Relator's counsel and defense counsel, and  Defendants themselves, there was no subjectivity as to the "exceptional circumstances" and threat of physical harm to Relator should she be de-anonymized**.**  The Ninth Circuit considered similar allegations and found a cognizable legal theory allowing the anonymized plaintiff [relator in this case] to proceed under a pseudonym *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000)  Ultimately, the Court determined that given the nature of the claim, the plaintiffs' interest in keeping their name anonymous was more important than the public interest in knowing their identity. Defendants were fully aware of this prior to their filing of their pleading where the named Relator in her true identity.  (Decl. Juarez ¶¶2-4) Therefore, Defendants' scienter and pleading conduct satisfies the "objective standard" required by the *Woodrum* court.

**C.    Rule 11 permits the court to impose sanctions when a party re-files or attempts to re-adjudicate a previously denied argument.**

Here, Defendants will concede that their argument to dismiss and de-anonymize Relator is one that was previously denied on their prior motion to dismiss and de-anonymize in another matter. The court [*I]n re Flashcom, Inc.*, 647 F. App'x 689, 693 (9th Cir. 2016) awarded sanctions (noting that sanctions are appropriate when parties file "motions that duplicate one that was previously denied". Defendants *and* their counsel here knew and should have known that Relator's pseudonym was of substantial significance  and the underlying matter deemed as "highly sensitive", and explicitly the issue of Relator proceeding under a pseudonym as to specifically these same Defendants had been ruled by the court in another matter[4] as of "exceptional circumstance" and warranting anonymity. That court order as to Defendant's legal obligation to maintain Relator's anonymity remains current, and the court Protective Order which was issued as

---

[4] Relator's counsel will produce the Protective Order and court orders sanctioning Relator's anonymity as to these Defendants available in camera upon the court's directive or request.

13

25

to these Defendants is similarly in force, notwithstanding the resolution of that matter. Relator's anonymity thus was court ordered as warranted by "exceptional circumstances" in the prior matter and has never been changed. (Decl. Juarez ¶¶ 2-3) In light of the multiple communications between Relator's counsel and defense counsel, and Defendants themselves, there was no ambiguity as to the "exceptional circumstances" and threat of physical harm to Relator should she be de-anonymized. *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000)    Defense counsel Mr. Sheeder and Ms. Chereminsky were admittedly fully aware of these court orders, ruled as "exceptional circumstances". They threatened harm to Relator far in advance of filing their pleading where they willfully and with requisite scienter named Relator in her true identity. (ECF 64:3, n3) Defense counsel cannot argue mistake or misunderstanding on their part. Defendant's conduct was contrived and rooted in improper purpose to vex and harass Relator. (Decl. Juarez ¶¶2,4) More than that, the Ninth Circuit also considered similar circumstances and found cognizable legal application noting that sanctions are appropriate when parties file "motions that duplicate one that was previously denied", as was arguably done by Defendants here. *In re Flashcom, Inc.*, 647 F. App'x 689, 693 (9th Cir. 2016) If anything, here Defendants knew no later than December 31, 2019 from Relator's counsel that de-anonymizing Relator was believed to cause potential physical harm. (Decl. Juarez ¶¶ 2-3) Notwithstanding Defendants' *a priori* knowledge and advisement by Relator's counsel, Defendants were reckless and disregarded these warnings when they egregiously not only made baseless *ad hominem* attacks, they de-anonymized Relator in their pleading for clearly nefarious purposes. (ECF 64:3, n3)  "The central purpose of Rule 11 is to deter baseless filings." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 254 (9th Cir. 1992) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990)). "Under the plain language of the rule, when one party files a motion for sanctions, the court must determine whether any provisions of subdivision (b) have been violated." Id. If Rule 11(b) was violated, the court "may" impose sanctions. *Id.* at 1390. However, a court cannot simply assert that it "declines to impose sanctions." *Id.*

14

26

D.   **Rules 11(b)(1), b (3), and b (4) authorize the court to impose sanctions on a defendant for filing a pleading lacking evidentiary support or otherwise making a legally  frivolous argument.**

Here, Defendant Dr. Dirbas and his employer co-Defendant Stanford were notified of the commencement of this instant action as early as August 15, 2019.  (*See* Exh.“D” ) As a practical matter, both Dr. Dirbas *and* Stanford were also advised by Relator in 2017 that Dr. Dirbas's false Medicare claims were subject to the FCA filing, should they not rectify and refund  the false claims to the government.  (*See* Exh. "M" to SAC) Dirbas did not rectify the false claims, therefore Relator filed the FCA in 2017. (ECF 1) Accordingly, there was no element of surprise to Dirbas when he had no less than 25 distinct visits and door knocks at his Menlo Park address resulting from process servers attempting service. In other words, the manner and claims made by Dr. Dirbas in his implausible Declaration to the court (that he had "no idea" about this action *at all* until he either picked up a packet from his secretary on March 3, 2020, *or* spoke with his counsel on March 3, 2020,  or even that on March 2, 2020   he claims he "received mail dated February 20, 2020")  lack evidentiary support and make a frivolous argument in order to strike the SAC. (Decl. Dirbas ¶¶2-5, ECF 63)

First, even if assuming *arguendo* that Stanford general counsel and Defendant in this action Ms. Zumwalt would not have picked up the phone or emailed Dr. Dirbas[5] at any time from December 19, 2019 (when her office was personally served)  through March 3, 2020 (when Dirbas claims he first "learned" of an action against him) to let him know about this suit naming him, it is not plausible that Stanford counsel would not have reached out to Dr. Dirbas to discuss the FCA allegations which turn on  his Medicare billing. To be clear, Dirbas has been employed full-time at Stanford for more than 20 years, without interruption. Stanford staff also confirmed that Dirbas was present and working and at

---

[5] Healthcare providers must timely notify their malpractice carrier if a lawsuit has been filed against them. Stanford's Risk authority manages all claims for Stanford doctors including Dr. Dirbas. The practice at Stanford is the doctor would be immediately notified by the office of General Counsel if he is named in a suit.  Stanford knew on august 15, 2019 that this lawsuit named its employee Dr. Dirbas. (Exh. D)

15

27

---

**MOTION FOR SANCTIONS, COSTS, AND ATTORNEY'S FEES PURSUANT TO RULE 11**
UNITED STATES VS. STANFORD                                                     17-CV08726-DSF

1   Stanford clinics multiple times in December 2019, January 2020, and February 2020,

2   during the same time interval where he evaded no less than 28 attempts at personal service.

3       <u>Second,</u> it is highly improbable that any *reasonable person* who has 28 visits

4   through the same number of attempts of personal service, and who effectively evades each

5   of the 28 servers, realistically has "no idea" that they are being served. The neutral process

6   server affidavits in this case reflect that service was attempted between December 2019

7   and February 2020 at his Menlo Park address. (*See* Exh. G, H) Dr. Dirbas in not a litigation

8   "novice", having been a named as a Defendant and been served in several Stanford

9   lawsuits in the last 10 years. Thus, it also defies belief that he purports now he "had no

10   idea" there was a lawsuit naming him and that Stanford Risk Authority would not have

11   contacted him at a minimum on August 15, 2019 to discuss his Medicare billing case.

12       <u>Lastly,</u> the inherent authority of the court  incorporates  discretionary sanctions as

13   to bad faith conduct of parties in purposely evading service and causing exorbitant and

14   unnecessary "cat-and-mouse" (service) games as went on in this case for the better part of

15   three months.  As to Dr. Dirbas's litigation conduct, there are sanctions provisions in the

16   law as to defendants who are shown to be purposely evading service. Relief may be

17   justified, for example, if the defendant is evading service or conceals a defect in attempted

18   service. *E.g., Ditkof v. Owens-Illinois, Inc.*, 114 F.R.D. 104 (E.D. Mich. 1987).

19   2.   <u>Dr. Dirbas's Declaration to the Court lacks evidentiary support.</u>

20       On March 30, 2020 Defendant Dr. Dirbas submitted a declaration under oath to this

21   court seeking the "Motion to Dismiss and Strike" the SAC. (ECF 63) In his declaration,

22   Dirbas testified that the first time he "learned" that Relator was "attempting to contact"

23   him about this matter was March 2, 2020. (*See* Decl. Dirbas ¶3) Dirbas then claimed that

24   only sometime after March 2, 2020 he has "learned" that Relator had someone leave a

25   copy of the FAC with the receptionist at his clinic on January 28, 2020 (5 weeks prior).

26   Dirbas also claims he was never given his January 27, 2020 "package" (FAC and

27   Summons) or informed of it for 5 weeks.  Dirbas also claims that only on March 3, 2020

28   at his office, he first noticed an envelope (FAC and Summons) with "no return address"

dated "February 20, 2020". (*See* Exhibit "J")

16

28

**MOTION FOR SANCTIONS, COSTS, AND ATTORNEY'S FEES PURSUANT TO RULE 11**

To be clear, here what Dirbas *doesn't say* in his Declaration, or is unable to say appears more meaningful than what he actually does state. Dirbas's March 27, 2020 Declaration (ECF 63) executed in "*Menlo Park"* claims the following:

Dirbas asserts that he received "an email" on March 2, 2020 from Relator's counsel (Dirbas Decl. ¶2); that he learned that "Relator" was trying to "contact me" on March 2, 2020 (*Id.* ¶3); that he received another email from Relator's counsel on March 3, 2020 asking him to respond about his representation (*Id.* ¶4); that someone left a copy of the Complaint with his receptionist on January 28, 2020 [sic]; and lastly that suddenly also on March 3, 2020 he found a "large envelope" at his office dated February 20, 2020 containing the Summons and Complaint (*Id.* ¶5)

Dirbas' dissembled Declaration is easily broken into its implicit components. What Dirbas's declaration *does not say* is the following: when did Dirbas first learn of this lawsuit (not when "Relator was attempting to contact me"), when did he "learn" he was a named defendant, when did he first see the Summons or Complaint, and when was he notified by his employer or their counsel of being named in the FCA lawsuit. What else Dr. Dirbas also doesn't say is any explanation of how his receptionist "Veronica" in his closely held clinic did not give him the "Jan, 28, 2020" [sic] package for more than 5 weeks, and what is the explanation of how it was that the separate package addressed to *his home* dated "February 20, 2020" was "lost" for 2 weeks and purportedly appeared at the front desk of his clinic. Lastly, Dirbas doesn't seem to be able to explain how he serendipitously happened to learn of this lawsuit (rather than these packages) all on "March 3, 2020" when "Relator's counsel emailed him" to ask about his representation. (Dirbas Decl. ¶5) Those coincidences seem remarkable, in light of the fact that 28 attempts at personal service at Dirbas's "Menlo Park" address were made between December 12, 2019 through February 20, 2020. (Exh. G and H) "The general rule is that [a] signed return of service constitutes *prima facie* evidence of valid service, which can be overcome only by strong and convincing evidence." *Thomas*, 278 F.R.D. at 351 (quoting *People's United Equip. Fin. Corp. v. Hartmann*, 447 Fed. Appx. 522, 524 (5th Cir. 2011)) (internal quotations and citations omitted). More than that, sanctions by inherent power of the court

17

29

**MOTION FOR SANCTIONS, COSTS, AND ATTORNEY'S FEES PURSUANT TO RULE 11**

may be warranted even if deemed that no Rule 11 sanctions are awarded for "cat-and-mouse" evasion of service, and other service conduct. The court stated the following in *Ali v. Tolbert,* 636 F.3d 622 (D.C. Cir. 2011): By its terms, Rule 11 applies to "[r]epresentations to the Court" made in" presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper." Fed R. Civ. P. 11(b) (2006). In *Hilton Hotels Corp. v. Banov*, 899 F.2d 40, 283 U.S. App. D.C. 232 (D.C. Cir. 1990), we noted that six other circuits had concluded, applying the version of Rule 11 then in effect, the "emphasis on the need to perform a 'reasonable inquiry' before 'sign[ing]' a 'pleading, motion, or other paper' suggests that the rule authorizes sanctioning an attorney only for unreasonably filing such a submission." 899 F.2d at 44-45 (emphasis in original)' see also *Chambers v. NASCO, Inc.,* 501 U.S. 32, 41, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) ("Rule 11 . . . governs only papers filed with a court"). Here Dirbas and his counsel filed pleadings and affidavits with this court on March 30, 2020 which satisfy the statutory authorization for additional sanctions. (ECF 63, Decl. Dirbas) The Noble court addressed "cat-and-mouse game" Noble played to evade service. *See* 235 F.R.D. at 4. While Noble had not made a declaration to the court, the reviewing court ruled that even if Rule 11 didn't apply "because the sanctioned misconduct did not involve representations in a document presented to the court as required under Rule 11" sanctions may nonetheless be warranted under the district court's inherent authority, which "enables courts to protect their institutional integrity and to guard against abuses of the judicial process with contempt citations, fines, awards of attorneys' fees, and such other orders and sanctions as they find necessary, including even dismissals and default judgments." *Shepherd v. Am. Broad. Cos*., 62 F.3d 1469, 1472, 314 U.S. App. D.C. 137 (D.C. Cir. 1995); see generally *Chambers*, 501 U.S. at 43-46 (describing extent of inherent judicial authority)."The case was remanded to the court to exercise its inherent authority to sanction defendant. *Shepherd*, 62 F.3d at 1472, *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 767, 100 S. Ct. 2455, 65 L. Ed. 2d 488 (1980) (bad faith)."

**MOTION FOR SANCTIONS, COSTS, AND ATTORNEY'S FEES PURSUANT TO RULE 11**
UNITED STATES VS. STANFORD                                                    17-CV08726-DSF

3.     Defendants' motion to dismiss for Rule 10(a) could have been raised in their first motion to dismiss, and thus was barred by Rule 12(g)(2) in their third motion.

Accordingly, Defendants' new claims in their third motion to dismiss (ECF 64) for Rule 10(a) "name" is arguably frivolous and also barred pursuant to Rule 12(g)(2) because they failed to raise these claims in their First MTD. (Decl. Juarez ¶3, *See* Exh A) Defendants are aware of the frivolity of their new argument which was essentially waived at their previous filing. The meaning of Rule 12(g)(2) is clear. If parties seek dismissal in a pretrial motion based on any of the defenses set out in Rule 12(b), they must include in such motion any other defense then available which Rule 12 permits to be raised by motion, including "service defects" or "name" of a party. Defendants declared in correspondence their present intent to seek Rule 10(a) basis for their first dismissal on January 7, 2020 but they failed to do so.  Hence, they cannot claim they were unaware of these defenses. For these reasons, the Court should *grant* Relator's Motion for Sanctions.

4.     Rule 11 authorizes the court to exercise its inherent powers to impose sanctions.

Dr. Dirbas and his counsel failed to respond to reasonable requests as to service, and he surreptitiously made his first appearance on March 30, 2020 with filing of two motions to dismiss (ECF 63 and 64).  Dr. Dirbas is expected to present several defenses. While disregarding the effectuated proof of service filed with the court and served on his counsel (Dkt. No. 58) he argues that he was never served and, therefore, that the Complaint should against him should in fact be "stricken". (ECF 63) The Court should not accept Dr. Dirbas's defense. Dr. Dirbas may technically argue that personal service was not effectuated on January 27, 2020 because the papers were handed to his receptionist "Veronica" who accepted the Summons for him. That claim would be irrelevant because the intent of Rule 11 is to charge the defendant who submits false, or misleading, or declarations to the court.   Other than to flip Rule 4 and this litigation on its head and cause unnecessary delay and expense in this litigation (Rule 11), there is no plausible explanation why Dr. Dirbas has effectively engaged in extensive cat-and-mouse gamesmanship as to simple service. If Dr. Dirbas had signed and returned the requested waiver, much of the unnecessary delay and expenses would have been obviated. (Decl. Juarez ¶¶ 9-12) (*See*

19

**MOTION FOR SANCTIONS, COSTS, AND ATTORNEY'S FEES PURSUANT TO RULE 11**

UNITED STATES VS. STANFORD                                                                17-CV08726-DSF

Exh. H, J, K). Further, the waiver form was still not signed by Dr. Dirbas not even when he filed his March 30, 2020 Motion to Dismiss and Strike. Therefore, sanctions in addition to costs and fees should be awarded for this conduct. *Hilton Hotels Corp. v. Banov*, 899 F.2d 40, 283 U.S. App. D.C. 232 (D.C. Cir. 1990);  *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 767, 100 S. Ct. 2455, 65 L. Ed. 2d 488 (1980) (bad faith)

Despite two independent declarations under oath filed by third party process servers attesting service was effectuated on Dr. Dirbas (Docket No. 58), Dr. Dirbas claimed that service has *never* been effectuated on him. (ECF 63, Decl. Dirbas, *generally*) "The general rule is that [a] signed return of service constitutes *prima facie* evidence of valid service, which can be overcome only by strong and convincing evidence." *Thomas*, 278 F.R.D. at 351 (quoting *People's United Equip. Fin. Corp. v. Hartmann*, 447 Fed. Appx. 522, 524 (5th Cir. 2011)) (internal quotations and citations omitted). Dr. Dirbas's claims go to the credibility of the witnesses here, whereby the third-party servers' declarations (*See* Exh. I, J) contrast with Dr. Dirbas' arguments to the Court. (Decl. Dirbas ¶¶2-5) Comparing these neutral process server Declarations to Defendant Dr. Dirbas, Dr. Dirbas urges the court to place an improper reliance on his  implausible explanatory party affidavit in denying that  he ever knew about the lawsuit before March 2, 2020. (*Veliz, Infra*) According to the *Veliz* court *infra*, this type of challenge has been addressed in the courts, in favor of the neutral party process server. "On the rare occasion a defendant challenges whether service was in fact made as reflected in the return of service, the rule is that "[a] signed return of service constitutes *prima facie* evidence of valid service".  *People's United Equip. Fin. Corp. v. Hartmann,* 447 F. App'x 522, 524 (5th Cir. 2011). The presumption of valid service under *Hartmann* applies when a defendant denies that such service took place. *Moreno v. LG Elecs., U.S.A. Inc*., No. 7:13-CV-427, 2014 WL 11281383, at *3 (S.D. Tex. May 7, 2014). "Such an interpretation of *Hartmann* is logical, given that service was challenged by the plaintiffs in that case on the ground that the process server was lying when he claimed to have left copies of the summons and the complaint with a person of suitable age at the defendants' domicile. Where the dispute

**MOTION FOR SANCTIONS, COSTS, AND ATTORNEY'S FEES PURSUANT TO RULE 11**
UNITED STATES VS. STANFORD                                                          17-CV08726-DSF

over validity of service effectively becomes a swearing match, it is reasonable for a court to attribute extra weight to the sworn declaration of the neutral process server." *Veliz v. Rimax Contractors, Inc.*, 2016 WL 1704496, at *1, n.3 (E.D. La. Apr. 28, 2016) (discussing *Moreno's* interpretation of *Hartmann*).

All of the summonses and the Complaint listing the Defendant corporation (Stanford) and its Defendant employees or agents were served on "Kaboa Moua" an agent for service of process at the Office of General Counsel at Stanford on December 19, 2019. The Complaint listed all Stanford Defendants including Dr. Dirbas. (Docket No. 46) Hence, Rule 4(h)(1)(B) was satisfied. <u>On December 19, 2019</u> and thereafter additional Defendants were personally served the Summons and Complaint (FAC). (*See* Docket No. 47) Notwithstanding that all Defendants are either known employees, agents, departments, and/or alter egos of Defendants whose agent of process is Debra Zumwalt, certain Defendants have also knowingly attempted to evade service.  In fact, Relator made five highly specific written inquiries to defense counsel as to the representation of "Dr. Dirbas", all of which were inexplicably albeit patently disregarded. (*See e.g.* Decl. Juarez ¶¶ 4,11, and *Exhibits* B, F,) It was obvious to all that Dr. Dirbas was represented, or was to be represented by Stanford counsel. That was never a question. The issue that remained to be determined was why defense counsel was strategically disregarding any and all questions about Dirbas's representation, despite a number of written inquiries directly requesting defense counsel confirm their representation.  More than that, Dr. Dirbas denies he was even served after evading some 28 service attempts, and after Dr. Dirbas was finally served on January 27, 2020 through his receptionist "Veronica" at Stanford who accepted service on his behalf.  (*See* Exhibit J) On March 2, 2020 Relator's counsel also emailed an electronic copy of the SAC[6] to Dr. Dirbas and carbon copied defense counsel Mr. Sheeder. Having received neither a response nor instruction from either Dr. Dirbas or counsel Mr. Sheeder, there remained ambiguity in Defendants' strategy in either

---

[6] Mr. Sheeder has agreed on behalf of Stanford Defendants accept to electronic service in this case.

**MOTION FOR SANCTIONS, COSTS, AND ATTORNEY'S FEES PURSUANT TO RULE 11**
UNITED STATES VS. STANFORD                                                17-CV08726-DSF

dissimulating service of the Summons, or needlessly delaying and increasing the costs of litigation, or both. (Decl. Juarez ¶¶5-6) (*See* Exh. M) Defendants' and their counsel's baseless stonewalling resulted in unnecessary litigation delay. (*See* EXH. G, H, I) In fact, until defense counsel Mr. Sheeder surreptitiously filed a "motion to dismiss and strike" on behalf of Dr. Dirbas March 30, 2020, *at no time* had Dr. Dirbas's counsel Mr. Sheeder ever uttered "Dirbas" in any communication to Relator, written or otherwise. Relator was forced to serially retain two independent processors to personally serve Dirbas. (*See* Exh. I , J)  These largely gratuitous service of summons attempts and "cat-and-mouse" games as to  these Stanford corporate and employee Defendants resulted in unnecessary costs of $1275.60  for otherwise straightforward Rule 4(d) waivers (*See* Exhibits I, J, K, L)   *See Hilton* In summary, from December 13, 2019 to January 23, 2020 personal service of the Summons was attempted on Dr. Dirbas in Menlo Park no less than eleven (11) times. (*See* Exhibits G, I, J) From December 24, 2019 to February 23, 2020 further personal service of the Summons and was attempted by a second vendor on Dr. Dirbas no less than seventeen (17) times. (Decl. Juarez ¶¶12) (*See* Exhibit H) Thus, service costs thus far are $703.10 for Defendant Dr. Dirbas. Notably, there was no doubt that Dr. Dirbas occupied the Menlo Park address because the mailbox was labeled "Frederick Dirbas" and neighbors confirmed the same. (Decl. Juarez ¶10) (*See* Exh. G)  Moreover, Dr. Dirbas *never denied* that the Menlo Park address was his address. (*See* Decl. Dirbas ¶2-5, ECF 63) He also did not state that he was in any way unaware of this action through his counsel and Stanford, because that would be untrue. (*Id.*)  There's little to no basis to have created such litigation delay and expense. After all, Dr. Dirbas is a  "20+ year" long term employee of corporate Defendant Stanford, and it is highly implausible that he would not have been notified that he was named in this suit *before* March 2, 2020, as he claims. (Decl. Dirbas ¶2-5, ECF 63) What is more is that Defendants and counsel were well aware of this suit and Dr. Dirbas's involvement as far back as August 15, 2019 when the State sent Mr. Sheeder a copy of the FAC. (Decl. Juarez ¶7)  Service was ultimately  effectuated on Dr. Dirbas on January 27, 2020 (*See* Exhibit "J") and mail service was effectuated on February

22

34

20, 2020. (*See* Exhibit "K")  It would also defy belief that *Dr. Dirbas whose name appears in the Complaint no less than seventy seven (77) times*, had no knowledge of being named in this false claims suit until "March 2, 2020" because this case was founded largely from his Medicare payment ledgers and alleged fraudulent schemes.  Dr. Dirbas's Declaration to this court appears implicit and contrary to the facts known to both Dr. Dirbas and defense counsel at the time they filed the pleading in court. (Decl. Dirbas ¶2-5, ECF 63)

E.    **28 U.S.C. § 1927 authorizes the court to separately impose sanctions and fees.**
Defense counsel preemptively de-anonymized Relator without authority of the court (ECF 64:3, n3). Defense counsel's conduct in then patently refusing Relator's demand to redact or withdraw the same in an otherwise anonymized Complaint satisfies and exceeds this bar of "bad faith and reckless".  *United States v. Associated Convalescent Enters. Inc.*, 766 F.2d 1342, 1346 (9th Cir. 1985) (citations omitted); *see also In re Keegan Mgmt. Co., Securities Litigation*, 78 F.3d 431, 436 (9th Cir. 1996) ("For sanctions to apply, if a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass."). Defense counsel's conduct was in bad faith because they knew unequivocally the status of Relater's pseudonym and "exceptional circumstances", especially in light on several prior court orders in another matter affirming the pseudonym status as to the same Defendants. Bad faith is measured by a subjective standard. *See Estate of Blas Through Chargualaf v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986) (citations omitted) ("Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent."). Defense counsel also knew of the bad faith interpretation of their conduct because Relator's counsel put them on clear notice multiple times. (Decl. Juarez ¶¶2,4) Defendants not only failed to comply with the judicial process in allowing the court the opportunity  to adjudicate their Rule 10(a) motion on July 13, 2020 as calendared,   they preemptively de-anonymized Relator in advance of the Court's ruling. Counsel's choice was not only reckless and not in conformity with the law, but even worse was deliberate and made with a conscious intent to harass and vex Relator. (Decl. Juarez ¶2)

**MOTION FOR SANCTIONS, COSTS, AND ATTORNEY'S FEES PURSUANT TO RULE 11**
UNITED STATES VS. STANFORD                                              17-CV08726-DSF

5.   <u>Rule 11 authorizes the court to award sanctions, costs, and reasonable fees.</u>

The remaining question is determination of the attorney fees for the time Relator's counsel was required to expend in preparing and filing the Motion for Sanctions pursuant to Rule 11(c).(Decl. Juarez ¶¶ 21-22) "Fee sanctions compensate a party for the costs of enforcing the rule when the party taking the challenged position has refused to withdraw or correct it." *Islamic Shura Council of S. California v. F.B.I.*, ___ F.3d ____, 12-55305, 2014 WL 1013324, at *1 (9th Cir. Mar. 18, 2014). Relator's counsel claims attorney fees of $9707.50 for preparation and drafting of this motion. (Decl. Juarez ¶¶21-22) Ms. Juarez has been a California licensed attorney in good standing since 1983. She has more than 35 years of experience in law. A fair hourly fee for an attorney of her experience and training in this type of complex litigation is $550/hour. Under a fee shifting statute, courts must calculate awards for attorney fees using the lodestar method. *See*, *e.g.*, *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (citations omitted). The lodestar method involves "multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *See*, *e.g.*, *Staton v. Boeing Co.*, 327 F.3d 938, 966 (9th Cir. 2003) (citation omitted)

The amount of Sanctions Rule 11 provides that the court may "impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation." It further provides that: A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by *others similarly situated*. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation. Fed. R. Civ. P. 11(c)(2). Here, Relator respectfully seeks Rule 11 sanctions in the amount of $5.000 per Defendant, and attorney fees. (Decl. Juarez ¶¶21-22) Because sanctions must "be limited to what is sufficient to deter repetition of such conduct," the

24

36

Court should sanction Defendants in a further and greater amount to adequately deter these Defendants from their demonstrable repeat conduct. Defendants here are deep-pocketed and must be adequately warned that further and future abuse of the Court system, by pre-emptively filing pleadings without an arguable basis in fact or law, may result in additional and more severe sanctions. Accordingly, lesser sanctions are unlikely to deter future conduct by these high net worth defendants.

### Lastly, even if either of Defendants' Motions to Dismiss are granted, Rule 11 authorizes the court to impose Rule 11 sanctions.

In addition, because Rule 11 sanctions are considered a collateral matter over which the Court retains jurisdiction even after the principal suit has been terminated, it follows that this Court has jurisdiction to hear this motion at any time. *See*, e.g., *Montgomery v. Jimmy's Tire & Auto Ctr., Inc.*, 566 A.2d 1025, 1031 (D.C. 1989) (explaining that "the timing of [Rule 11] sanctions is left to the discretion of the court").*See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990); see also *Didie v. Howes*, 988 F.2d 1097, 1103 (11th Cir. 1993) (explaining that a "district court has the authority to consider and rule upon the collateral issue of [Rule 11] sanctions, although the case from which allegedly sanctionable conduct arose is no longer pending."). *Cf. Orange Production Credit Ass'n v. Frontline Ventures, Ltd.*, 792 F.2d 797, 801 (9th Cir. 1986) ("The fact that the district court lacked [subject matter] jurisdiction to consider the merits of the case did not preclude it from imposing [Rule 11] sanctions."). Similarly, the Supreme Court has noted that "in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation" and that there should not be a "lengthy delay prior" to the imposition of Rule 11 sanctions. *Cooter & Gell*, 496 U.S. at 398. Hence, any denial of this motion should be *without prejudice*.

## VI. CONCLUSION

In accordance with the foregoing, moving party respectfully requests that the Court *grant* this Motion for Sanctions  because Relator has adequately pleaded its basis pursuant to  Rule 11;  and grant such other and further relief including costs and

25

37

1   attorney's fees for which Relator may be entitled.

2

3         Respectfully Submitted on this 2nd day of June 2020.

4

5                 GLORIA M. JUAREZ

6

7                     s/ Gloria Juarez

8                 GLORIA MORIN JUAREZ
                  **LAW OFFICE OF GLORIA JUAREZ**

9                 Attorneys for Relator

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MOTION FOR SANCTIONS, COSTS, AND ATTORNEY'S FEES PURSUANT TO RULE 11**

UNITED STATES VS. STANFORD                                    17-CV08726-DSF

# Exhibit B

| From: | GLORIA JUAREZ, ESQ. <gloria@thegjlaw.com> |
|---|---|
| Sent: | Tuesday, June 2, 2020 8:32 PM |
| To: | Sheeder, Frank; Chemerinsky, Kim |
| Cc: | Kortum, Frank (USACAC) |
| Subject: | Re: Notice of Rule 11 Motion |
| Attachments: | 20-7-1~1.PDF; 20-7-13   3.100 Decl Juarez.pdf |

**EXTERNAL SENDER – Proceed with caution**

Counsel,
Please find attached hereto the further pleadings to the Notice and Motion.
Thank you

On Tue, Jun 2, 2020 at 5:56 PM GLORIA JUAREZ, ESQ. <gloria@thegjlaw.com> wrote:

Dear Mr. Sheeder and Ms. Chemerinsky,

In follow up to our telephonic meeting on May 26, 2020, and the prior written correspondence dated May 25, 2020, please find the following for your review and time sensitive response. Pursuant to Fed. R. Civ. P. 11(c) (2), attached is a service copy of the Fed. R. Civ. P. 11 Motion for Sanctions ("Motion for Sanctions") which we are providing to you. We demand that you withdraw and seal the de-anonymized portions of your Motion (ECF 64) within 21 days of the date of this letter. If you refuse to comply with this demand to mitigate your pleading conduct in ECF 64 (having publicly de-anonymized Relator without order of the court) then we will be forced to file the attached Motion for Sanctions with the Court.

Very Truly Yours,
Gloria



**Gloria Juarez**

LAW OFFICES OF GLORIA JUAREZ

**ORANGE COUNTY OFFICE**
**26081 Merit Circle , Suite 112**
**Laguna Hills, CA 92653**
**Tel. 213-598-4439**
Facsimile 714-919-0254

--

# GJ

**Gloria Juarez**
**LAW OFFICES OF GLORIA JUAREZ**

**ORANGE COUNTY OFFICE**
**26081 Merit Circle , Suite 112**
**Laguna Hills, CA 92653**
**Tel. 213-598-4439**
Facsimile 714-919-0254

1  Gloria Juarez, California State Bar No. 109115
2  **LAW OFFICES OF GLORIA JUAREZ**
3  26081 Merit Circle, Suite 112
   Laguna Hills, CA 92653
4  Tel: 213-598-4439
   Email: gloria@thegjlaw.com
5          tootsieglo@sbcglobal.net
6  ATTORNEYS FOR RELATOR EMILY ROE

7
8          IN THE UNITED STATES DISTRICT COURT
           FOR THE CENTRAL DISTRICT OF CALIFORNIA
9                    WESTERN DIVISION

| | |
|---|---|
| 10  THE UNITED STATES OF AMERICA;<br>11  *ex. Relator* Emily Roe., an individual;<br>        Plaintiff,<br>12<br>13                    vs.<br>14  STANFORD  HEALTHCARE  BILLING<br>15  DEPARTMENT, STANFORD HEALTH<br>    CARE  (FORMERLY  KNOWN  AS<br>16  STANFORD      HOSPITALS      AND<br>    CLINICS), DR. FREDERICK DIRBAS,<br>17  DEBRA ZUMWALT, THE BOARD OF<br>18  DIRECTORS  OF  THE  STANFORD<br>    HEALTH  CARE,  THE  BOARD  OF<br>19  DIRECTORS OF THE LUCILE SALTER<br>20  PACKARD  CHILDREN'S  HOSPITAL<br>    AT STANFORD, THE LELAND JUNIOR<br>21  UNIVERSITY,    THE    BOARD    OF<br>22  TRUSTEES     OF      STANFORD<br>    UNIVERSITY,   STANFORD  HEALTH<br>23  CARE ADVANTAGE,  and DOES 1-10,<br>24  inclusive,<br>                    Defendants. | **Case No.: CV17-08726-DSF(AFMx)**<br>JUDGE:  The Hon. Dale S. Fischer<br><br><br>**DECLARATION OF SERVICE<br>RULE 11(c)(2) CERTIFICATE**<br><br><br>HEARING DATE: July 13, 2020<br>TIME:                1:30 p.m.<br>CTRM:      7D (First Street Courthouse)<br>              350 West 1st Street<br>              Los Angeles, CA 90012<br><br><br><br><br>Complaint Filed:           Dec. 4, 2017<br>First Amended Complaint  June 22, 2018<br>Complaint *Unsealed*      July 30, 2019<br>Second Amend Complaint  March 2, 2020 |

25
26
27
28

---

                                    1
**DECLARATION OF SERVICE IN SUPPORT OF MOTION FOR SANCTIONS**
**CV17-08726-DSF(AFMx)**                    **United States vs. Stanford et al.**

41

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>RULE 11(c)(2) CERTIFICATE</u>

Pursuant to Rule 11(c)(2), I hereby certify under the penalty of perjury of the United States that on the <u>2nd day of June 2020</u>, I served by electronic mail  upon Defendants, a copy of the foregoing Relator Emily Roe's  Notice of Motion and Motion for Sanctions Pursuant to Fed. R. Civ. P. 11, together with a letter stating as follows:

"In follow up to our telephonic meeting on May 26, 2020,  and the prior written correspondence dated May 25, 2020, please find the following for your review and time sensitive response. Pursuant to Fed. R. Civ. P. 11(c) (2), attached is a service copy of the Fed. R. Civ. P. 11 Motion for Sanctions ("Motion for Sanctions") which we are providing to you. We demand that you withdraw and seal the de-anonymized portions of your Motion (ECF 64) within 21 days of the date of this letter. If you refuse to comply with this demand to mitigate your pleading conduct in ECF 64 (having pre-emptively publicly de-anonymized Relator without authority or order of the court) then we will be forced to file the attached Motion for Sanctions with the Court."

### LAW OFFICES OF GLORIA JUAREZ

s/ Gloria Juarez
_____
GLORIA M. JUAREZ

Gloria Juarez, California State Bar No. 109115
Counsel for Relator, Emily Roe

42

1

### CERTIFICATE OF SERVICE

I, the undersigned, declare under penalty of perjury of the United States that I am a citizen of the United States over 18 years of age and I am not a party to the above-entitled action. I have caused service of the following document(s), described as **RELATOR'S NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO RULE 11,** which was electronically served on all parties or persons requiring notice, addressed as stated below:

FRANK E. SHEEDER III (Admitted Pro Hac Vice)
SEAN R. CRAIN (State Bar No. 291515)
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
Telephone: 214-922-3400/ Facsimile:214-922-3899
E-mail:       frank.sheeder@alston.com

KIMBERLY K. CHEMERINSKY (State Bar No. 277637)
333 S. Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone:   213-576-1000
Facsimile:   213-576-1100
Email:       kim.chemerinsky@alston.com
**COUNSEL FOR DEFENDANTS**

FRANK D. KORTUM
Assistant United States Attorney
Room 7516, Federal Building
300 N. Los Angeles St.
Los Angeles, CA 90012
Email: Frank.Kortum@usdoj.gov
**COUNSEL FOR PLAINTIFF THE UNITED STATES OF AMERICA**

Executed in Orange County, California on this 2nd day of June, 2020

By    */s/ Arthur Long*

Arthur Long
Assistant to Ms. Juarez,
Counsel for Relator

43

2

1  Gloria M. Juarez, California State Bar No. 109115
2  **LAW OFFICES OF GLORIA JUAREZ**
   26081 Merit Circle, Suite 112
3  Laguna Hills, CA 92653
4  Tel: 213-598-4439
   Fax: 714-919-0254
5  Email: gloria@thegjlaw.com
6         tootsieglo@sbcglobal.net
7  ATTORNEYS FOR RELATOR EMILY ROE

8
           IN THE UNITED STATES DISTRICT COURT
9          FOR THE CENTRAL DISTRICT OF CALIFORNIA
10                    WESTERN DIVISION

11 | THE UNITED STATES OF AMERICA; | **Case No.: CV17-08726-DSF(AFMx)** |
12 | *ex. Relator* Emily Roe., an individual; | JUDGE:  The Hon. Dale S. Fischer |
   |              Plaintiff, | |
13 | | |
14 |              vs. | |
15 | | **DECLARATION OF GLORIA** |
16 | STANFORD HEALTHCARE BILLING | **JUAREZ, AND EXHIBITS IN** |
   | DEPARTMENT, STANFORD HEALTH | **SUPPORT THEREOF TO** |
17 | CARE  (FORMERLY  KNOWN  AS | **RELATOR'S MOTION FOR** |
   | STANFORD    HOSPITALS    AND | **SANCTIONS PURSUANT TO RULE** |
18 | CLINICS), DR. FREDERICK DIRBAS, | **11(c)(2)** |
19 | DEBRA ZUMWALT, THE BOARD OF | |
   | DIRECTORS  OF  THE  STANFORD | |
20 | HEALTH  CARE,  THE  BOARD  OF | |
21 | DIRECTORS OF THE LUCILE SALTER | HEARING DATE: July 13, 2020 |
   | PACKARD CHILDREN'S HOSPITAL | TIME:              1:30 p.m. |
22 | AT STANFORD, THE LELAND JUNIOR | CTRM:     7D (First Street Courthouse) |
23 | UNIVERSITY,   THE   BOARD   OF | 350 West 1st Street |
   | TRUSTEES    OF    STANFORD | Los Angeles, CA 90012 |
24 | UNIVERSITY,   STANFORD  HEALTH | |
25 | CARE ADVANTAGE,  and DOES 1-10, | Complaint Filed:         Dec. 4, 2017 |
26 | inclusive, | |
   |              Defendants. | |
27
28

---

                                    1

## DECLARATION OF GLORIA JUAREZ IN SUPPORT

1. I am an attorney duly admitted to practice law before all courts in the State of California, and the Federal Courts. I have personal knowledge of the facts set forth in this Declaration and if necessary, could competently testify thereto under oath.

2. On June 2, 2020, my office served Defendants and counsel Mr. Sheeder and Ms. Chemerinsky with a copy of Relator's Motion for Sanctions pursuant to Rule 11(c), as well as the letter in the attached Declaration of Service pursuant to Rule 5 stating the following:

   *"In follow up to our telephonic meeting on May 26, 2020,  and the prior written correspondence dated May 25, 2020, please find the following for your review and time sensitive response. Pursuant to Fed. R. Civ. P. 11(c) (2), attached is a service copy of the Fed. R. Civ. P. 11 Motion for Sanctions ("Motion for Sanctions") which we are providing to you. We demand that you withdraw and seal the de-anonymized portions of your Motion (ECF 64) within 21 days of the date of this letter. If you refuse to comply with this demand to mitigate your pleading conduct in ECF 64  (having  preemptively  publicly  de-anonymized  Relator  without authority or order of the court) then we will be forced to file the attached Motion for Sanctions with the Court."*

3. On December 30, 2019 I received an email from lead defense counsel Mr. Sheeder representing that he was asserting in his Motion to Dismiss (MTD) basis including Rule10(a), and Rules 12(b)(5) and 12(b)(6)). On January 3, 2020 I received a second letter from Mr. Sheeder reiterating his same basis for filing the MTD. However, his MTD which he then filed on or about Jan. 7, 2020 failed to raise Rule 10(a) or 12(b)(5), thereby I assumed those claims waived from any subsequent MTD.

2

Attached hereto as Exhibit "A" are the true and correct copies of Mr. Sheeder's communications representing that he would raise in his MTD all arguments cited including Rule 10(a).

4.  On December 31, 2019 I responded to defense counsel Mr. Sheeder[1], also requesting that he reply as to representation status of Dr. Dirbas as well as executing a Rule 4(d) waiver for service. Having received no reply, then on January 2, 2020 I emailed a second request for defense's response as to Rule 4(d) waiving service for Defendants including Dr. Dirbas. On January 4, 2020 I again electronically transmitted a response letter to Mr. Sheeder as to waiving service for Defendants (including Dr. Dirbas) and *objecting to his office's urge to de-anonymize Relator and explained the exceptional circumstance basis.* Attached hereto as Exhibit "B" are the true and correct copies of my correspondences. I did not receive any response.

5. I reasonably believed that the pseudonym issue had been resolved because Defendants' Motion to Dismiss which defense counsel Mr. Sheeder filed on January 7, 2020 did not raise "name" or Rule 10(a) or for that matter Rule 12(b)(5) (service) at all despite Mr. Sheeder's  earlier representation stating otherwise.  Therefore, I believed him to have waived both of those issues on his MTD, and thus conceded on those issues.

6. On March 2, 2020 my office filed and served the Second Amended Complaint (SAC). On or about March 10, 2020 I received a communication from defense counsel Mr. Sheeder that the addresses for two Defendants (one being Dr. Dirbas) were in the SAC. He asked that they be redacted, and I agreed to do so, and

---

[1] It was obvious to all that Mr. Sheeder was representing *all* Stanford Defendants in this case because of his communications with Relator's counsel in this FCA, as well as his prior representation of Stanford  Defendants in the last Stanford Children's Hospital false anesthesia claims and upcoding FCA which Stanford settled with the State.

DECLARATION OF GLORIA JUAREZ  AND EXHIBITS IN SUPPORT THEREOF TO RELATOR'S RULE 11 MOTION FOR SANCTIONS

UNITED STATES vs. STANFORD                                    17-CV08726-DSF

requested his office prepare a stipulation that we would sign to that effect. Mr. Sheeder never responded to my offer.  Attached hereto as Exhibit "M" is a true and correct copy of my correspondence with defense counsel offering to enter into stipulation to redact the addresses. I also sent an additional communication thereafter offering in good faith to execute a stipulation for the requested redactions.

7. Defendants filed their second and third Motions to Dismiss (ECF 63 and 64) on March 30, 2020. Due to the national COVID-19 crisis and lockdown, on or about March 23, 2020 I notified defense counsel by phone and email that due to a personal and family emergency I would be precluded from performing work in this case. As a result of the COVID-19 lockdown, all parties agreed to Mr. Sheeder's  stipulation to calendar the MTD (ECF 63 and 64) for July 13, 2020 and agreed on briefing to set for May 29, 2020 to allow everyone time to recover from the crisis. The Court endorsed that stipulation into Order.

8. On May 25, 2020 while reviewing Defendants' Motion to Dismiss (ECF 64) for the first time, I learned  that defense counsel had preemptively  de-anonymized Relator on page 3 of their motion, without an order from the court allowing the same. I immediately thereafter corresponded with Defendants' counsel and demanded that he rectify his filing conduct and withdraw his pleading. This notice gave defense more than 21 days before the hearing date of July 13, 2020 to mitigate their pleading conduct. Attached hereto as Exhibit "C" is a true and correct copy of my communication.

On the morning of May 26, 2020, I also then *called* defense counsel Mr. Sheeder and telephonically met and conferred as to this sensitive issue. Mr. Sheeder declined my request and represented that he would not agree to redact or withdraw his de-anonymized pleading. (ECF 64) I do not believe that Mr. Sheeder's office intended to act in  good faith when they placed the footnote on page 3 of his motion (ECF

4

DECLARATION OF GLORIA JUAREZ  AND EXHIBITS IN SUPPORT THEREOF
TO RELATOR'S RULE 11 MOTION FOR SANCTIONS

47

64) *de-anonymizing Relator* without authority of the court, and there was no reasonable basis for him to do so and then patently decline to redact that improper footnote other than to vex, harass, and threaten Relator.

9.  In relevant history, on August 15, 2019, 2 weeks after this case was unsealed on July 30, 2019, Stanford counsel was sent a courtesy electronic and conformed copy of the First Amended Complaint (FAC) and requested to contact my office. I did not receive a response to that request. Attached hereto as Exhibit "D" is a true and correct copy of that email from the State (California Department of Insurance) to defense counsel Mr. Sheeder explaining that the State believed that the Complaint contained "serious allegations worthy of analysis by Stanford". Accordingly, I am aware that Relator's allegations and filed FCA has brought Defendants under undesired and extensive scrutiny by the government including the United States and the State. (EFC 50, 70, and 71) Hence, without otherwise violating attorney-client privilege, I am personally informed and believe that Defendants have ample reason for their actualized threats to my client which have been made both personally and professionally as a result of litigation with Defendants.

10. On September 13, 2019 I had written to defense counsel Mr. Sheeder and requested that his office agree to a Rule 4(d) waiver for service of the Summons and Complaint. I did not receive a response to my request. Attached hereto as Exhibit "E" is a true and correct copy of my correspondence.

11. On December 31, 2019 I had again written to Stanford counsel and requested that they execute a Rule 4(d) waiver for service of the Summons and Complaint. I did not receive a response to my request. Attached hereto as Exhibit "F" is a true and correct copy of my letter.

12. As a result of Defendants' intransigence in either admitting to representation of Dr. Dirbas or agreeing to Rule 4(d) for him alone, Relator incurred out-of-pocket costs

DECLARATION OF GLORIA JUAREZ  AND EXHIBITS IN SUPPORT THEREOF
TO RELATOR'S RULE 11 MOTION FOR SANCTIONS

48

UNITED STATES vs. STANFORD                                                17-CV08726-DSF

of $291.50 to OneLegal for process service at his Menlo Park address. These third-party service costs spanned a total of 28 attempts at personal service and were significantly higher because Dr. Dirbas was reported to me to be evading service. Attached hereto as Exhibit "G" is a true and correct copy of that paid remittance.

13. Relator further incurred out-of-pocket costs of $121.10 to CPS to another vendor for personal process service to Dr. Dirbas at the Menlo Park address. Attached hereto as Exhibit "H" is a true and correct copy of that paid remittance.

14. Relator incurred additional out-of-pocket costs of $291.50 to OneLegal for substitute mail process service to Dr. Dirbas at his Stanford address. Attached hereto as Exhibit "I" is a true and correct copy of that paid remittance.

15. Attached hereto as Exhibit "J" is a true and correct copy of the date of substitute personal service of the Summons and Complaint on Dr. Dirbas's receptionist Veronica at his Stanford clinic on Jan. 27, 2020, of which he denies receipt.

16. Attached hereto as Exhibit "K" is a true and correct copy of the date of mail service of the Summons and Complaint on Dr. Dirbas's Stanford address on February 20, 2020, of which he also denies timely receipt until "March 3, 2020".

17. Relator incurred further out-of-pocket costs due to Defendants' declination to execute a simple Rule 4(d) waiver, which otherwise was very appropriate in this case and would have avoided unnecessary litigation costs and delay in particular for personal service on Dr. Dirbas. Had a number of these closely related Defendants also not evaded service, process service costs to the remaining Stanford Defendants were largely unnecessary. Attached hereto as Exhibit "L" are true and correct copies of those paid remittances including amounts of $131.25, $115.00, $115.00, $80.00, $131.25, and $131.25. In any event, in my opinion Defendants' tactics have resulted in largely avoidable and unnecessary case costs and fees.

18. On no less than four dates I wrote to defense counsel Mr. Sheeder and his associates and inquired as to Dr. Dirbas's representation including on Dec 31, 2019, January 2, 2020, January 14, 2020, and again on March 13, 2020. On at least three separate dates I also offered Mr. Sheeder in writing to execute Rule 4(d) service waivers with Defendants. At no time did defense counsel respond to me or confirm that they represented Dr. Dirbas. The first time I learned that defense counsel was admitting to representing Dr. Dirbas was their March 30, 2020 motions (ECF 63 and 64).

19. On or about mid December 2019, Mr. Sheeder counsel for *Defendants* had agreed by email to accept electronic service as to this entire action, and the SAC and Exhibits thereto was electronically served on Mr. Sheeder per counsel agreement.

20. Attached hereto as Exhibit "N" is a true and correct copy of the online yellow pages directory for Dr. Frederick Dirbas at "Software for Surgeons" which my office downloaded from https://business-open.com/directory/software-for-surgeons-los-altos/. Dr. Dirbas's company profile confirms his publicly published business address for "Software for Surgeons" at the Menlo Park address.

21. I spent 10.4 hours researching, preparing, and drafting this pleading. I anticipate expending an additional 7.25 hours reviewing Defendant's opposition, drafting a response, and appearing at hearing, if one is permitted on this matter.

22. I have been a California licensed attorney in good standing since 1983. I have more than 35 years of experience in law. A fair hourly fee for an attorney of my experience and training in this type of complex litigation is $550/hour. Accordingly, I respectfully request a court award of fees of $9707.50 for this motion plus costs, or an amount deemed appropriate and awarded by the court.

I declare under the penalty of perjury of the State of California that the foregoing is true and correct. EXECUTED in Los Angeles, California on this 1st Day of June 2020.

7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

s/ Gloria Juarez
GLORIA M. JUAREZ

# Exhibit  A

### United States of America, et al. vs. Stanford

Sheeder, Frank <Frank.Sheeder@alston.com>

Mon 12/30/2019 4:26 PM

**To:** gloria <gloria@thegjlaw.com>
**Cc:** Gloria Juarez <tootsieglo@sbcglobal.net>; Smyer, Brad <Brad.Smyer@alston.com>; jd 121212 <jd121212@hotmail.com>

Gloria,

I am following up on my attempts to reach you today by telephone.

We have already conferred at length about the various reasons for dismissal of this matter under Rules 8(a), 9(b), and 12(b)(6), including by telephone on December 11 and 16, 2019, and you were not able to agree to our dismissal requests. However, you have not yet responded to my December 26th request for a call to confer about dismissal for insufficient service of process under Rule 12(b)(5).  We also need to discuss the grounds for dismissal for failure to comply with Ninth Circuit standards governing litigation of cases under a pseudonym, including Rule 10(a).

We are both obligated by L.R. 7-3 to confer about these matters today or tomorrow.  Please let me know when you can make yourself available.

Thanks,

Frank

_____

NOTICE: This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you are hereby notified that you may not read, copy, distribute or otherwise use this message or its attachments. If you have received this message in error, please notify the sender by email and delete all copies of the message immediately.

**53**

# ALSTON & BIRD

Chase Tower
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
214-922-3400 | Fax: 214-922-3899

January 3, 2020

Ms. Gloria Juarez, Esq.
Law Offices of Gloria Juarez
*VIA email to tootsieglo@sbcglobal.net and gloria@thegjlaw.com*

Re:     *U.S. ex rel. Roe, et al. v. Stanford Healthcare Billing Department, et al.*, 2:17-cv-08726-DSF-AFM

Dear Ms. Juarez,

As you know from our previous communications, we represent Stanford Health Care, Stanford Health Care Advantage, The Leland Stanford Junior University, and Ms. Debra Zumwalt (collectively, the "Moving Defendants").

We request to meet and confer with you about a motion we intend to file on behalf of the Moving Defendants. The basis for the motion is that the case should be dismissed under Rule 10(a) because the Relator is not identified and is attempting instead to proceed improperly under a pseudonym.

We have availability for a telephonic conference on Monday, January 6, 2020, from 9:00 a.m. to noon, and from 1:30 p.m. to 4:00 p.m., PST.  Please let us know a time that works best for you and we will give you a call.

We will look forward to hearing from you as to when you are available on Monday and to conferring on this motion.

Sincerely,

Frank E. Sheeder

Alston & Bird LLP                                                                                     www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

54

Exhibit  B

# GJ

**Gloria Juarez, Esq.**
**LAW OFFICES OF GLORIA JUAREZ**
**26081 Merit Circle, Suite 112**
**Laguna Hills, CA 92653**
**Telephone (213) 598-4439**
**Fax 714-919-0254**
**Gloria@theGJLaw.com**


Mr. Frank Sheeder
Counsel for Defendants


RE: UNITED STATES et. al *ex. relator* Roe  vs. STANFORD *et. al.*      CV 17-08726-DSF


December 31, 2019

**Delivery by Email**

Dear Counsel,

We are following up on my office's telephonic outreach attempt to you last evening.

We respectfully request your review of our prior meet and confer correspondence dated December 16, 2019. It is our belief that we have yet to receive responses to substantial portions of our communication, which were requested.

As you stated, Defendants were personally served on December 17, 2019, other than several of your defendant clients who appeared to be evading service not in good faith. A copy of the First Amended Complaint was sent to you on August 15, 2019 by the California Department of Insurance. In response to your representation that your office represents the Defendants, our office also subsequently transmitted courtesy electronic copies of the FAC *and* Exhibits. Nonetheless, we contend  that the FAC has been properly served.

Any perceived deficiency your office contends in naming defendant "The Leland [*Stanford]* Junior University" is at best a simple procedural amendment "erroneously named", and not a reasonable basis for evading service. There is no ambiguity as to the named Defendants. Thus, we assert that all Defendants have been served compliant with local rules.

Notwithstanding the foregoing, we have no objection to Defendants' proposed request for Waivers of Service of Summons pursuant to Rule 12 (for 60 days), conditioned on straightforward agreement for a stipulation of parties to file a Second Amended Complaint on or

_____

Page | 1
UNITED STATES et. al *ex. relator* Roe  vs. STANFORD *et. al.*      CV 17-08726-DSF

56

about our conference the week of January 6th, 2020.  ((Rule 12(b), (e) or (f), whichever is earlier. Fed. R. Civ. P. 15(a))  While we are amenable to all discussions prior to the commencement of litigation, the basis for a possible SAC are  two-fold, one to more narrowly tailor the U.S.C. 3279 claims (as the 1871 State Claims were dismissed *without prejudice*), and two,  to better streamline the allegations.

Please forward the proposed request for waivers to us for review, and indicate your agreement to the stipulation. Thank you in advance for your anticipated cooperation and assistance.

Happy holidays to you both, and happy New Year's.

Very Truly Yours,

GJ



GLORIA JUAREZ, ESQ. <gloria@thegjlaw.com>

---

## [ Action Requested] Stanford M&C UNITED STATES et. al ex. relator Roe vs. STANFORD et. al. CV 17-08726-DSF

1 message

**GLORIA JUAREZ, ESQ.** <gloria@thegjlaw.com>                          Thu, Jan 2, 2020 at 11:49 AM
To: Frank.Sheeder@alston.com, Brad.Smyer@alston.com
Cc: Gloria Juarez <tootsieglo@sbcglobal.net>, jd 121212 <jd121212@hotmail.com>

*2nd Request*

Counsel,
Please find attached hereto for your review and response.
Also kindly notify as to representation of Dr. Fred Dirbas as
he appears to have been left out of your earlier email.
Thank you

---------- Forwarded message ---------
From: **GLORIA JUAREZ, ESQ.** <gloria@thegjlaw.com>
Date: Tue, Dec 31, 2019 at 12:23 PM
Subject: Stanford M&C UNITED STATES et. al ex. relator Roe vs. STANFORD et. al. CV 17-08726-DSF
To: <Frank.Sheeder@alston.com>, <Brad.Smyer@alston.com>
Cc: jd 121212 <jd121212@hotmail.com>, Gloria Juarez <tootsieglo@sbcglobal.net>


Counsel,
Please see correspondence attached hereto.
Thank you
--
GJ
Gloria Juarez
LAW OFFICES OF GLORIA JUAREZ
ORANGE COUNTY OFFICE
26081 Merit Circle , Suite 112
Laguna Hills, CA 92653
Tel. 213-598-4439
Facsimile 714-919-0254


--



**GJ**

**Gloria Juarez**
**LAW OFFICES OF GLORIA JUAREZ**
**ORANGE COUNTY OFFICE**
26081 Merit Circle , Suite 112
Laguna Hills, CA 92653
Tel. 213-598-4439
Facsimile 714 919 0254

---

📄 **19-12-31 lttr to Stanford Waiver Summons.pdf**
185K

**58**

# GJ

**Gloria Juarez, Esq.**
**LAW OFFICES OF GLORIA JUAREZ**
**26081 Merit Circle, Suite 112**
**Laguna Hills, CA 92653**
**Telephone (213) 598-4439**
**Fax 714-919-0254**

Mr. Frank Sheeder
Mr. Brad Smyer
Alston & Bird
Counsel for Defendants
Email: Frank.Sheeder@alston.com
Email: Brad.Smyer@alston.com

RE: UNITED STATES et. al *ex. relator* Roe vs. STANFORD *et. al.*  CV 17-08726-DSF

January 4, 2020

**Expedited Delivery by Email**

Dear Mr. Sheeder,

We are following up on my office's telephonic outreach attempts and multiple written communications[1], which are incorporated by reference herein. Our prior correspondence dated 12/31/2019 requested a *timely* response, however we did not receive any communication from you until 4 days subsequent.

Counsel, your *two* correspondences dated January 3, 2020 contain voluminous misstatements and misguided representations, a few of which we have timely addressed herein.

Regrettably, your December 12, 2019 email also substantially misconstrued our telephonic conversation through a "follow-up" surreptitious email which blatantly misrepresented that Relator had agreed to dismiss all Defendants *except* Stanford Healthcare, which was *untrue*.

Moreover, as you are aware we have requested your review of our prior meet and confer correspondence dated December 16, 2019. It is our belief that we have yet to receive substantive responses to large portions of our communications which have been requested. (*See* Dirbas below). In light of the circumstances, we must respectfully request that all substantive communications be

---

[1] Relator counsel written correspondences to defendants include and are not limited to December 31, 2019, December 16, 2019, email on or about August 15, 2019, and multiple telephone calls including September 13, 2019, December 11, 2019. All correspondences have been addressed to Frank.Sheeder@alston.com, and 214-922-3420 or 214-208-9900.

Page | 1

UNITED STATES et. al *ex. relator* Roe  vs. STANFORD *et. al.*        CV 17-08726-DSF

60

LAW OFFICES OF GLORIA JUAREZ

in writing in order to facilitate transparency and memorialize mutual understanding of certain matters.

### Service of Summons and First Amended Complaint

In relevant history, please allow me to delineate the statement of facts.  On August 15, 2019 California Department of Insurance ("CDI") emailed you the First Amended Complaint ("FAC"), with our office's contact information for pre-litigation mediation. You neither responded to CDI, nor contacted us. On or about September 17, 2019 we again initiated both telephonic and email communication with your office as to waiver of service of the FAC and discussions thereto.

In early December 2019,  Relator acting under court order (Docket Entry No. 33), timely ordered  FRCP Rule 4 personal service of the Summons and Complaint to all Defendants (Relator Statement to OSC 4:3-4). As you are aware, several Defendants then evaded personal service, requiring expanded and significantly more costly service efforts by third party process servers to comply with the order reflected by Docket No. 33.

In response to your mid December 2019 representation that your office represents "Defendants", Relator counsel's office also subsequently transmitted courtesy electronic copies of the FAC *and* Exhibits, while engaging in further discussion as to service of process.

In mid-late December 2019, Relator also transparently emailed Defendants the service of process dated notifications from the third-party processor.  The proof of service showed effectuated personal service on December 17, 2019, other than several of the defendants who appeared to be tactically evading service *not* in good faith.

Through at least December 31, 2019, Relator in writing accepted a proposed party stipulation to *proceed in an alternate Rule 4 "Notice of Waivers" and withheld filing the effectuated proofs of service with the court,* conditioned on a straightforward request. You did not respond to our time sensitive request to confirm the same. Your assertion of  "non-cooperation" and proceeding with service despite your consideration of a "waiver" appears rather misleading, especially in light of the court's order, Docket No. 33.

Similar to your January 3, 2020 correspondence, you have in prior email (on or about December 17, 2019) fully acknowledged your awareness of when and the manner in which your Defendant clients were served. The former intimates that your office is apparently highly offended that the service of process by the 3rd party server as to all Defendants had not immediately ceased, despite the fact that your office stated it does not represent all Defendants. It is thus further *unintelligible* why you now dispute your office's prior acknowledgements of service of summons and complaint having been effectuated on December 17, 2019 as to *some* Defendants.

Notwithstanding the foregoing, we will re-state that we had no objection to Defendants' proposed request for Waivers of Service of Summons pursuant to Rule 4 conditioned on straightforward agreement for a stipulation of parties to file a SAC.

### Defendant Dr. Fred Dirbas

There is certain ambiguity in your firm's inferred election to exclude this one defendant, Dr. Dirbas. Your communications never address this named party ,and have  failed to address our

Page | 2

UNITED STATES et. al *ex. relator* Roe  vs. STANFORD *et. al.*      CV 17-08726-DSF

61

LAW OFFICES OF GLORIA JUAREZ

question.   Therefore, please clarify if your firm contends it is *not* representing Defendant (Stanford employed doctor) Dr. Dirbas, then your knowledge of his current representation. As you know, if Dr. Dirbas was served, and you maintain your assertion that you don't represent this Stanford employee, then the 21-day answer deadline was triggered and litigation has commenced.

### All Stanford Defendants

As we stated, we believe that any perceived deficiency your office contends in naming defendant "The Leland [*Stanford*] Junior University" is at best a simple procedural amendment "erroneously named", and not a reasonable basis for evading service or calling these "non-legal entities". There is no ambiguity as to the named Defendants or their "legal standing" and no basis for your assertion that "they do not exist". As you know, the FAC pleads that several named Defendants are  "alter egos", as there is substantial co-mingling of their assets, revenues,  and funds.[2]

### Defendants' Threat to File a Meritless "Motion to Dismiss"

Defendants' January 3, 2020 letter states "*The basis for the motion is that the case should be dismissed under Rule 10(a) because the Relator is not identified and is attempting to proceed improperly under a pseudonym."*  We believe that your reliance on Rule 10(a) as to an anonymized Relator is not supported by statute. Furthermore, this new "basis" for a dismissal appears at best frivolous within the meaning of Rule 11(b)(1) and Rule 11(b)(3).

Moreover, upon your initiated request for an in person "mediation" this coming week of January 6th, 2020 in Los Angeles, we had made preparations for such a  meeting in good faith, only to learn at the 11th hour that you have unilaterally canceled the same without justification or reason.

### Rule 11 Sanctions

In light of Defendants' bad faith conduct and attempt to mislead the court with patently false allegations of Rule 10(a) issues, Relator intends to seek sanctions (and if required file a separate motion) pursuant to Rule 11 for Defendants' frivolous and fabricated basis for a motion to dismiss. (Rule 11(b)(1)).

Based on the fact that Defendants have threatened to file a knowingly frivolous  motion to dismiss for Rule 10(a) an anonymized Plaintiff, it should not  take substantial detective work for the court to see that Defendants are intending to misuse the court's processes simply as delay tactics in this litigation.

Relator has filed this action anonymously, under the pseudonym "Emily Roe," for at least three separate and legally sufficient reasons. Importantly, Relator has a constitutional right to protect her and her minor children's medical privacy, which are neither the thrust of this U.S. 3279 case or directly raised therein.  Next, Relator has proceeded anonymously under good cause court

---

[2] Arturo Devesa vs Stanford et al.

Page | 3

UNITED STATES et. al *ex. relator* Roe  vs. STANFORD *et. al.*      CV 17-08726-DSF

62

LAW OFFICES OF GLORIA JUAREZ

orders which are well known to Defendants.   Moreover, as a practicing physician and expert consultant for the Department of Consumer Affairs, Relator relies on referrals from other medical professionals and expert case review referrals from the State. Stanford healthcare and Stanford University have become a dominant force in healthcare and medical academics in California. Accordingly, if Relator's identity were to become publicly known, Relator's assistance in a  false claims action against Stanford and an entire cadre of its referring physicians and consultants could substantially adversely impact both Relator's health (physical harm) and medical care at Stanford, and her career and family's finances.

**First,** defense counsel Mr. Sheeder conceded telephonically with Ms. Juarez on or about December 16,  2019 that "*I know all about the [underlying Doe] malpractice action*". Therefore, it is reasonable to infer that Mr. Sheeder knew of the multiple court orders in effect as to and ordering the Plaintiff's anonymity, as well as knew Plaintiff's true name.

**Second**, the *Doe* court flat rejected Stanford's argument in their motion to dismiss that parties could not proceed in litigation given Plaintiff was among some million Stanford patients. That court in rejecting Stanford's motion to dismiss cited in fact that the anonymity was justified and would remain based on just cause and good showing.[3]

Here, this action is brough by two Plaintiffs the United States and the State of California, the real parties in interest. Fed. Rule 10 states that *"the title of the complaint must name all the parties*", which this Complaint as a written instrument in  fact conforms. There is no stated preclusion in Rule 10 for an anonymized party who is named accordingly, and this rule does not support Defendant's contention.   Even assuming *arguendo* that Defendant's alternate interpretation of the statute was well founded, Defendants are aware of Relator's true name, thereby there is no prejudice or ambiguity in the proceeding. (We intend to reflect the same with the Declarations of Gloria Juarez and Relator.)

 **Third,** as Defendants know or should know, Relator and her minor children are  *active Stanford patients* with *current accounts*, hence publicly disclosing Relator's name would potentially place Relator  and her family at substantial risk for prejudice and physical  harm through likely loss of access to their Stanford doctors. Moreover, Defendants are well aware that Relator has had substantial apprehension about Stanford publicly disseminating her name and private medical history, and has of late required medical treatment from physical effects of this threatened harm.

**Fourth,** even though Relator has asserted her claims anonymously, there is nothing ambiguous or uncertain about the Complaint. Moreover, the 31 U.S.C.  3279 Complaint filed for Plaintiff the United States is thrust at allegations of institutional and widespread Medicare billing upcoding and unbundling (healthcare fraud) by Defendants, and arguably has no bearing on Relator's anonymity.   Relator is neither a direct plaintiff nor defendant here.

Defendants are also fully aware of the identity of Relator as documented, and provided by Relator in the underlying malpractice case and California Code of Civil Procedure §364 notice.

---

[3] Sept, 9, 2014 Court Order denied Stanford's demurrer and granted that Plaintiff could proceed anonymously.

Page | 4

UNITED STATES et. al *ex. relator* Roe  vs. STANFORD *et. al.*     CV 17-08726-DSF

63

LAW OFFICES OF GLORIA JUAREZ

Therefore, should Defendants assume such a blatantly frivolous position in litigation, as to seek a Federal Rule 12 and Rule 10(a) based "dismissal" alleging anonymity, then Relator will seek Rule 11 sanctions against Defendants and their counsel.

**In closing**, if your office  decides to proceed with the frivolous "motion to dismiss" (and one arguably where you are well aware there is no legally sufficient basis to do so) based on "Rule 10(a)" "anonymized Relator",  please (1) inform the Court that Relator  opposes your motion; (2) inform the Court that the Relator has stated intent to seek sanctions against you pursuant to Rule 11 ; and (3) attach a copy of this correspondence (under seal if required by Rule 5.2), and the prior to your motion.

In the interests of providing a prompt response to your demand for a personal meet and confer, we have not addressed every issue raised therein, but will do so at another time to the extent it becomes necessary to do so.  Nor have we cited all of the applicable authorities and case law that support Relator's position.  Again, we will cite additional authorities to the Court should that become necessary.

Unless we receive written communication  from you before the close of business on Monday January 6, 2020 stating otherwise, it will be assumed that you are filing the Rule 10(a) based motion to dismiss, and we will begin preparing our Rule 11 motion for sanctions.

Very Truly Yours,

/S/ GJuarez
Gloria Juarez, Esq.

LAW OFFICES OF GLORIA JUAREZ
ATTORNEYS FOR RELATOR

Page | 5

UNITED STATES et. al *ex. relator* Roe  vs. STANFORD *et. al.*       CV 17-08726-DSF

64

LAW OFFICES OF GLORIA JUAREZ

# Exhibit  C

![Gmail logo] GLORIA JUAREZ, ESQ. <gloria@thegjlaw.com>

## ECF 64 United States vs. Stanford et al.

**GLORIA JUAREZ, ESQ.** <gloria@thegjlaw.com>                                         Tue, May 26, 2020 at 12:10 AM
To: "Sheeder, Frank" <Frank.Sheeder@alston.com>, "Chemerinsky, Kim" <kim.chemerinsky@alston.com>
Cc: "GLORIA JUAREZ, ESQ." <gloria@thegjlaw.com>
Bcc: Gloria Juarez <tootsieglo@sbcglobal.net>

Frank and Kimberly,

I am uncertain if there is any more tactful way to state this.

There is no  justification for the  manner in  which you and your office  apparently filed, and willfully de-anonymized Relator in your Motion (ECF 64,  Mot. 3, n3 inset below) *without authority of the court*. It appears that your conduct was not only purposeful and  unequivocally intended to materially prejudice Relator and this FCA case, but also to harass and vex Relator.



Defendants are well aware that this action has been accepted by this court, and maintained in an anonymized manner since case inception. There has been no order of this court controverting that, or permitting you to proceed with de-anonymizing Relator in your pleading.   You are also aware that your threats and conduct of de-anonmyzing this case have placed Relator under undue physical strain and harm.

Further, as likely relevant to this issue, you were and remain  fully aware that Relator's anonymity as to her medical and surgical records and condition are subject to prior protective court order, and that it was court ordered as warranted because of "exceptional circumstance" by the medical matter court. You have already represented to me personally that you are in possession of the medical matter case documents and presumably had the Court <u>Protective Order</u>, as well as the further basis for the anonymized proceedings.

Hence, there was reasonable basis for your office to *not* have de-anonymized Relator  in your current pleading <u>without an order of this court</u>, as you did on March 30th, *no less* during the COVID national crisis and lockdown knowing we would be precluded from reviewing these.

Therefore, in the interim should it be perceived (as we humbly expect it to be) and reasonable inferences be drawn that you and your office are conducting litigation unintelligibly in a vexatious and harassing manner (1) adverse to the court's acceptance of this anonymized filing,     and further (2) no court order allowing you to de-anonymize Relator as you have done in your motion ( Mot. 3, n3), you will force  our hand to bring your and your office's "unorthodox" conduct before the court in a Rule 11 Motion for Sanctions.

In the interests of providing a timely response to your motion and conduct, and  for a personal meet and confer, we have not addressed every issue raised therein, but will do so at another time to the extent it becomes necessary to do so. Nor have we cited all of the applicable authorities and case law that support Relator's position. Again, we will cite additional authorities to the Court should that become necessary.

In closing, if your office decides to not immediately withdraw its ECF 64 filing, a pleading  where you are well aware there is no legally sufficient basis to do so based on "Rule 10(a)" "anonymized Relator", we will  inform the Court that Relator notified you of this issue today, and  represent in our Rule 11 motion to the Court that  Relator has stated the intent to seek sanctions against you for this conduct by you and your firm ; and  attach a copy of this correspondence (under seal or redacted as to page 3 of your motion as required by Rule 5.2), and our prior January 5, 2020 letter on this issue, to our motion.

Unless we receive written confirmation from you by the close of business on Tuesday May 26, 2020 stating otherwise, we will assume that you decline to redact and/or withdraw your pleading and take further corrective steps.

# Exhibit  D

**From:** Campins, Nicholas
**Sent:** Thursday, August 15, 2019 11:41 AM
**To:** Sheeder, Frank <Frank.Sheeder@alston.com>
**Cc:** Neumeister, Mitch <Mitch.Neumeister@insurance.ca.gov>
**Subject:** Roe v. Stanford Case No. 2:17-cv-08726 (CD Cal)

Hi Frank:

I hope you are doing well.  A Complaint filed against Stanford in the Central District of California was recently unsealed.  The case number is 2:17-cv-08726.   Attached is a copy of the Complaint (which is also available publicly on PACER and which I just downloaded from that site).

As Docket entry 30 reflects, the State of California, by and through, the Insurance Commissioner has previously declined intervention in this matter without prejudice in 2018.   The United States has also declined intervention as that entry notes.
Nevertheless, in my opinion, there are certain elements of the Complaint which are worthy of serious analysis by Stanford.

In that vein, I humbly suggest that you reach out to Relator's counsel and discuss this matter with her before the litigation becomes active.  Here is her information:

Gloria Juarez
LAW OFFICES OF GLORIA JUAREZ
26081 Merit Circle , Suite 112
Laguna Hills, CA 92653
Telephone (213)598-4439
Gloria Juarez tootsieglo@sbcglobal.net; and gloria@thegjlaw.com

I broached this issue with her only moments ago and she said she would welcome such a dialogue.  I am also more than happy to participate in some of the calls if it would facilitate the dialogue.

Thank you.

Nick Campins
Senior False Claims Trial Attorney
California Department of Insurance
Fraud Liaison Bureau
45 Fremont Street, 21st Floor
San Francisco, CA  94105

68

# Exhibit  E

**GLORIA JUAREZ, ESQ. <gloria@thegjlaw.com>**

---

# U.S. ex. rel. Roe v. Stanford Healthcare et. al Case No. 2:17-cv-08726 (CD Cal)

**GLORIA JUAREZ, ESQ.** <gloria@thegjlaw.com>                                        Fri, Sep 13, 2019 at 1:09 PM
To: Frank.Sheeder@alston.com
Cc: "GLORIA JUAREZ, ESQ." <gloria@thegjlaw.com>

---

**Dear Mr. Sheeder,**

    In light of Mr. Campin's earlier outreach as to the referenced Stanford matter, we had calendared to circle back with you this week.
    Should the earlier invitation to a telephonic meeting with our office *and* CDI as to the Complaint be of interest (prior to service of the suit) please let us know.

**Also if possible, kindly advise if your office will be accepting service of the Complaint for defendants.**

**Very Truly Yours,**
**JD**
**Apprentice to Ms. Juarez**

# GJ
**Gloria Juarez, Esq.**
**LAW OFFICES OF GLORIA JUAREZ**
**26081 Merit Circle , Suite 112**
**Laguna Hills, CA 92653**
**Telephone (213) 598-4439**
**Gloria@theGJLaw.com**

# Exhibit  F

# GJ

**Gloria Juarez**
**LAW OFFICES OF GLORIA JUAREZ**

**ORANGE COUNTY OFFICE**
**26081 Merit Circle , Suite 112**
**Laguna Hills, California 92653**
**Tel. 213-598-4439**
**Fax 714-919-0254**

**LOS ANGELES OFFICE**
**P.O. Box 4591**
**Montebello, California**
**90640-9997**
**Tel. 213-598-4439**
**Fax 714-919-0254**

December 16, 2019

Mr. Frank Sheeder, Partner
Alston & Bird
2200 Ross Ave., Suite 2300
Dallas, TX 75201
Tel.  (214) 922-3420/ Cell.  (214) 208-9900
Email: Frank.Sheeder@Alston.com
Email: Brad.Smyer@alston.com
FOR DEFENDANTS STANFORD ET AL.

**RE: 2:17-cv-08726-DSF-AFM United States of America et al v. Stanford Healthcare et al.**

Dear Mr. Sheeder,

    We are in receipt of your email correspondence dated December 12, 2019. This communication follows my December 13, 2019 email.

    We discussed last week that my office represents the Relator in this action which was brought on behalf of the real parties in interest who are the United States, the State of California, and the California Insurance Commissioner.

1

# GJ

As you are aware from your prior work with Stanford defendants and the earlier IFPA false claims[1] settlement with CDI, the Department's consent is required prior to any dismissal. We believe that similar to the IFPA statues[2], Federal U.S.C. 3279 codes have a strong provision for consent as to dismissal of parties. Pursuant to 31 U.S.C. 3230 (b)(1) my office even if authorized by the relator arguably lacks standing to dismiss parties as you have requested without consent of the "real party(ies) in interest"[3].   Accordingly, any request would need to be run through the proper parties for stipulation. If your interpretation of the statute is different as to consent, please let us know your thoughts.

With all due respect to your office, our preference is that we proceed in discussions of certain allegations in the Complaint in advance of the *proposed* dismissal of the 5 defendants.

As I noted previously, my office has not entered into any agreement with your office as to any party dismissals and has no authority to do so without relator's express consent. In the interim, please do not make any representations to others or the Court regarding the status of any agreement or "memorializing" any agreement. Although the Department of Justice has expressly entered a declination to intervene *without prejudice* (See Docket No. 30), Relator also lacks standing to stipulate to unilateral dismissal decisions without coordination with their office.

Thus, we're not convinced that we even have standing to stipulate to your request for the party dismissals considering applicable statute. Should you believe that our understanding of the procedural standing is incorrect in anyway, please notify.

### Early Communications

As to CDI and Mr. Nick Campin's August 2019 outreach to your office, and my office's earlier email and telephonic correspondences to you in September 2019, we had anticipated meaningful preliminary discussions as to the allegations in the Complaint.

*Sans* a timely response from your office to those communications, we ultimately proceeded under the understanding that that either your office did not represent the Stanford defendants, or in the alternative you had not received the email correspondences since moving to your firm. We remained under that *impression*, until your office's outreach last week. I thus must apologize that in hindsight, your apparent September 19, 2019 email had gone entirely unnoticed during a period of counsel unavailability. Had I been aware of your email, I would have timely responded.

---

[1] California IFPA- Insurance Frauds Prevention Act, Insurance Code Section 1871 et. Seq.

[2] California Insurance Code 1871 (e)(1) "Any interested persons, including an insurer, may bring a civil action for a violation of this section for the person and for the State of California.   The action shall be brought in the name of the state.   The action may be dismissed only if the court and the district attorney or the commissioner, whichever is participating, give written consent to the dismissal and their reasons for consenting."

[3] Your office contends that Stanford HealthCare is the only "real party" and 5 of the 6 defendants are not parties.

2

### GJ

**LAW OFFICES OF GLORIA JUAREZ**

**Service of Summons and Complaint**

Please disregard our early September 13, 2019 correspondence and subsequent telephonic contact with your office as to preliminary discussion of acceptance of service and as to possible Rule 4(d)(1) waiver.

As you know, our office proceeded under mistaken assumption that you no longer represented defendants, and thus had ordered personal process service to Defendants *prior* to receiving your December 12, 2019 communication.

Accordingly, we anticipate the process server effectuating service no later than the end of this month. Should service fail, or your office otherwise provide alternate direction we would be amendable.

**Docket No. 36**

On Dec. 6, 2019 docket number 36 reflects Relator's Statement. A *courtesy* electronic copy of the conformed filing is attached hereto.

In relevant part, the last paragraph summarizes my office's intention as to seeking leave to seal the action, pending informal mediation and mutually favorable resolution of disputes in this FCA. We are informed and believe that the DOJ would not oppose such a procedural request.

> *"Defendant(s) have not filed an appearance, an answer, or a motion for summary judgment. In the interest of expeditious resolution of all of the claims by Defendants in this action, Relator respectfully seeks leave of court herein that should a resolution of the claims in this action be reached by all parties prior to the litigation commencing or substantially proceeding, that upon signed stipulation of all parties, the court grant in its order leave to seal this action, the Complaint, and First Amended Complaint. 31 U.S.C. § 3730(c)(3) Therefore, it would also be requested that the Court at the court's calendar preference, may consider a case management conference set for all parties on or about mid-March 2020 to allow Defendants to make their first appearance, and parties time to meet and confer on the pending two causes of action."*

**Docket No. 38**

On Dec. 9, 2019 docket number 38 reflects the Court's Order *adopting* Relator's aforementioned pleading for a status conference calendared for March 16, 2020.

3

**GJ**

**LAW OFFICES OF GLORIA JUAREZ**

<u>**Week of January 6, 2020 Meeting**</u>

We are fully agreeable to your proposed collaborative meeting in the first full week of January 2020.   In light of Mr. Campin's offer to mediate discussions in this matter, would it be acceptable that we request coordination with his office to join our telephonic conference?

We sincerely look forward to working with you, and your response. Please note the preferred email addresses for all further communications are Gloria@theGjLaw.com *and* toosieglo@sbcglobal.net.   Thank you in advance for your anticipated courtesy and cooperation.

Very Truly Yours,

/S/ GJ

Gloria Juarez

4

# Exhibit  G

 (/Dashboard) ☰



# Order #14166163: Process Serve

Submitted: 12/13/2019 3:02 PM PT | Attorney: none |

 **Served: Individual Substitute Service**
1/23/2020 8:43 AM

**Service Level: Three Day**
Last day to serve: 12/24/2019

**MESSAGE FROM ONE LEGAL:** Your documents have been successfully served.

## Documents

### Returned (1)

Confirmation Report

### Your Files (3)

| Document Title | Document Type | Pages | Status |
|---|---|---|---|
| First Amended Complaint | Amended Complaint | 124 | Uploaded |
| Summons in a Civil Action | Summons | 10 | Uploaded |
| | | 0 | Uploaded |

## Service Attempts

Attempt #11 | 1/23/2020 8:43 AM | 900 Blake Wilbur Drive (Business)
**Not Available - Unavailable per Cancer Center Staff**

Attempt #10 | 1/20/2020 11:45 AM | 900 Blake Wilbur Drive (Business)
**Closed - no access / building 900 closed for MLK holiday**

Attempt #9 | 1/17/2020 4:50 PM | 900 Blake Wilbur Drive (Business)
**Not In** - Defendant not in per Stanford Cancer Center Staff / he is located at 900 Blake Wilbur Drive (right next door to address # 2) in the Breast Oncology Department

77

Attempt #8 | 1/7/2020 8:45 PM | 1285 Middle Avenue (Home)

**No Answer** - No answer. Exterior light on.

---

Attempt #7 | 1/7/2020 8:45 PM | 1285 Middle Avenue (Home)

**No Answer** - Garage and window blinds closed on all attempts, never any vehicles in driveway

---

Attempt #6 | 1/4/2020 8:22 PM | 1285 Middle Avenue (Home)

**No Answer** - No answer. Can see light coming through closed blinds. Exterior light on. Mail from 12/31 has been collected

---

Attempt #5 | 12/31/2019 5:30 PM | 1285 Middle Avenue (Home)

**No Answer** - No answer, no activity. Address confirmed per neighbors at 1275 Middle Ave.

---

Attempt #4 | 12/28/2019 10:45 AM | 1285 Middle Avenue (Home)

**No Answer** - No answer, no activity.

---

Attempt #3 | 12/24/2019 2:45 PM | 1285 Middle Avenue (Home)

**No Answer** - No answer. Exterior light still on.

---

Attempt #2 | 12/23/2019 6:45 PM | 1285 Middle Avenue (Home)

**No Answer** - 1285 Middle Ave. is a residence w/ no access issues. House dark except exterior light next to front door. No answer.

---

Attempt #1 | 12/23/2019 6:35 PM | 285 Middle Ave. (Home)

**Not Found** - Bad address. No such street number. There is no 200 block on Middle Ave. in Menlo Park, CA. Searched internet & shows the servee at 1285 Middle Ave.

## Case Information

**Court**
United States District Court, Central District of California (Central District of California - District - Los Angeles - 312 N. Spring St)

**Number**
CV-17-08726

**Plaintiff**
United States et al.

**Client Billing Code**
STANFORD qui tam

78

# Party to Serve

**Name**
Dr. Fred Dirbas

**Address 1 (Home)**
1285 Middle Avenue
Menlo Park, CA 94025

Source: Customer

**Address 2 ()**
Stanfor Cancer Center
875 Blake Wilbur Drive
RM CC2236
Stanford, CA 94305

Source: Customer

**Address 3 (Home)**
285 Middle Ave. Menlo
Park, CA 94025

**Address 4 (Business)**
Stanford Cancer Center
900 Blake Wilbur Drive
1st Floor
Stanford, CA 94304

# Your Instructions

Please serve papers on or before 12/24/2019. Thank you.

Confirmation Receipt #23391216

© One Legal LLC
Version: 7.0.16968.8-1370

Accessibility statement (https://www.onelegal.com/accessibility/)   |   Privacy policy

(https://www.onelegal.com/privacy/)   |   Terms of service (https://www.onelegal.com/terms/)

79

# Exhibit  H

## RETURN OF NON-SERVICE

### UNITED STATES DISTRICT COURT
Central District of California

Case Number: CV 17 08726 DSF AFX

Plaintiff:
**The United States of America, et. al.**

vs.

Defendant:
**Stanford Healthcare Billing Department, et. al.**

Received by County Process Service, Inc. on the 24th day of December, 2019 at 9:44 am to be served on **Dr. Frederick Dirbas,** **1285 Middle Ave, Menlo Park, CA 94025.**

I, Kenny Alfaro, do hereby affirm that on the **23rd day of February, 2020** at **9:11 am,** I:

**NON-SERVED** the **Summons in a Civil Action as to the First Amended Complaint; First Amended Complaint.** After due search, careful inquiry and diligent attempts was unable to serve on **Dr. Frederick Dirbas** for the reasons detailed in the comments below.

**Additional Information pertaining to this Service:**
12/24/2019  8:05 pm  Attempted Service. No answer.
12/26/2019  6:05 pm  Attempted Service. No answer.
12/28/2019  4:05 pm  Attempted Service. No answer. no cars
1/3/2020  2:55 pm  Attempted Service. No answer.no cars,,quiets
1/7/2020  7:40 pm  Attempted Service. No answer. porch light on
1/9/2020  1:43 pm  Attempted Service. No answer.
1/20/2020  12:35 pm  Attempted Service. No answer.
1/22/2020  2:35 pm  Attempted Service. No answer.
1/28/2020  6:01 pm  Attempted Service. No answer. lights on
1/30/2020  5:32 pm  Attempted Service. No answer.
2/4/2020  12:10 pm  Attempted Service. No answer. no cars
2/7/2020  10:32 am  Attempted Service. No answer. no cars no movement
2/11/2020  4:32 pm  Attempted Service. No answer.
2/12/2020  7:30 pm  Attempted Service. No answer.
2/16/2020  2:20 pm  Attempted Service. No answer.
2/20/2020  4:20 pm  Attempted Service. No answer.
2/23/2020  9:11 am  Attempted Service. No answer. mail box in front is for defendant

81

## RETURN OF NON-SERVICE For CV 17 08726 DSF AFX

Under penalty of perjury I certify that I am over the age of 18, have no interest in the above action, and am a Registered Process Server, in good standing, in the State of California, County of Santa Clara.

**Kenny Alfaro**
PS1675

**County Process Service, Inc.**
**31 E. Julian Street**
**San Jose, CA 95112**
**(408) 297-6070**

Our Job Serial Number: COP-2019014664

Copyright © 1992 2020 Database Services  Inc  . Process Server's Toolbox V7 2g

82

County Process Service, Inc.
31 E. Julian Street
San Jose, CA 95112
Phone: (408) 297-6070
Fax: (408) 516-9890
Tax Id 72-1593294

## INVOICE

Invoice #COP-2019014664
3/17/2020

**Case Number: Central CV 17 08726 DSF AFX**

Plaintiff:
**The United States of America, et. al.**

Defendant:
**Stanford Healthcare Billing Department, et. al.**

Received: 12/24/2019   Non-Served: 2/23/2020  NON-SERVE - DILIGENT
To be served on: Dr. Frederick Dirbas

### ITEMIZED LISTING

| Line Item | Quantity | Price | Amount |
|---|---|---|---|
| Rush Attempts | 1.00 | 100.00 | 100.00 |
| Copies @ $.15/page | 134.00 | 0.15 | 20.10 |
| TOTAL CHARGED: | | | $120.10 |

**BALANCE DUE:**                                                                            **$120.10**

County Process Service, Inc., -  Serving You Since 1980, Thank You for Your Business
Please Pay from This Invoice

83

Copyright © 1992-2020 Database Services, Inc - Process Server's Toolbox V7.2g

# Exhibit I

1   ,

2

3

4   Representing: Emily Roe                    File No. STANFORD qui tam

5

6

7

8          United States District Court, Central District of California

9        Central District of California - District - Los Angeles - 312 N. Spring St

10

11

12   United States et al.                      Case No. CV-17-08726

13                                      )
                                        )
14        Plaintiff/Petitioner          )     Proof of Service of:
                                        )         First Amended Complaint, Summons in a Civil
15            vs.                        )         Action
                                        )
16   Stanford et al.                     )
                                        )
17        Defendant/Respondent          )
                                        )
18   _____)
                                              Service on:
19                                                Dr. Frederick Dirbas, M.D.

20

21

22                                                Hearing Date:

23                                                Hearing Time:

24                                                Div/Dept:

25

26

27

28

                        PROOF OF SERVICE

OL#14166163

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| | | |

ATTORNEY FOR (Name): In Pro Per

Ref. No. or File No.
STANFORD qui tam

Insert name of court, judicial district or branch court, if any:

United States District Court, Central District of California
312 N. Spring St. #G-8
Los Angeles, CA 90012

PLAINTIFF

United States et al.

DEFENDANT:

Stanford et al.

| **PROOF OF SERVICE** | DATE: | TIME: | DEPT/DIV: | CASE NUMBER: CV-17 08726 |
|---|---|---|---|---|

**BY FAX**

1. At the time of service I was a citizen of the United States, over 18 years of age and not a party to this action, and I served copies of:

First Amended Complaint, Summons in a Civil Action

2. Party Served:  FREDERICK DIRBAS, M.D.

3. Person Served:  party in item 2

   a. Left with:  VERONICA ROCHA - RECEPTIONIST   Person in Charge of Office

4. Date & Time of Delivery:  01/27/2020   4:32PM

5. Address, City and State:  900 Blake Wilbur Drive, 1st Floor
   Stanford, CA 94304

6. Manner of Service:  By leaving the copies with or in the presence of Veronica Rocha - Receptionist , (business) a person at least 18 years of age apparently in charge of the office or usual place of business of the person served. I informed him/her of the general nature of the papers. I caused the copies to be mailed (if applicable). A declaration of mailing is attached.

Fee for Service: $ 291.50

Registered California process server.
County:  San Francisco
Registration No.: 2016-0001247
Todd Christian Brenneck
One Legal - 194-Marin
1400 North McDowell Blvd. Ste 300
Petaluma, CA 94954
415-491-0606

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on 02/20/2020 at Petaluma, California.

Signature:   *Todd Christian Brenneck*

Todd Christian Brenneck

86

OL#: 14166163

Exhibit J

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| | | |

ATTORNEY FOR (Name): In Pro Per

Ref. No. or File No.
STANFORD qui tam

Insert name of court, judicial district or branch court, if any:

United States District Court, Central District of California

312 N. Spring St. #G-8

Los Angeles, CA 90012

PLAINTIFF:

United States et al.

DEFENDANT:

Stanford et al.

| PROOF OF SERVICE BY MAIL | DATE: | TIME: | DEPT/DIV: | CASE NUMBER: CV-17-08726 |
|---|---|---|---|---|

**BY FAX**

I am a citizen of the United States, over the age of 18 and not a party to the within action. My business address is 1400 N. McDowell Blvd, Petaluma, CA 94954.

On 02/20/2020, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made (if applicable), I mailed copies of the:

First Amended Complaint, Summons in a Civil Action

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Petaluma, California, addressed as follows:

DR. FREDERICK DIRBAS, M.D.

900 Blake Wilbur Drive. 1st Floor

Stanford, CA 94304

I am readily familiar with the firm's practice for collection and processing of documents for mailing. Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

Fee for Service: $ 291.50

Jason Arnette

One Legal - 194-Marin

1400 North McDowell Blvd. Ste 300

Petaluma, CA 94954

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on 02/20/2020 at Petaluma, California.

Jason Arnette

88

OL#: 14166163

Dr. Frederick Dirbas

# Exhibit  K

,

Representing: Emily Roe                          File No. STANFORD qui tam

United States District Court, Central District of California

Central District of California - District - Los Angeles - 312 N. Spring St

United States et al.

           Plaintiff/Petitioner

              vs.

Stanford et al.

          Defendant/Respondent

Case No. CV-17-08726

Proof of Service of:
   First Amended Complaint, Summons in a Civil
   Action

Service on:
   Ms. Debra Zumwalt, J.D.

Hearing Date:
Hearing Time:
Div/Dept:

PROOF OF SERVICE

90

## RETURN OF SERVICE

UNITED STATES DISTRICT COURT
Central District of California

Case Number: CV 17 08726 DSF
AFX

Plaintiff:
**The United States of America, et. al.**

vs.

Defendant:
**Stanford Healthcare Billing Department, et. al.**

Received by County Process Service, Inc. on the 24th day of December, 2019 at 9:44 am to be served on
**Debra Zumwalt, 1751 Valparaiso Ave, Menlo Park, CA 94025.**

I, Kenny Alfaro, do hereby affirm that on the **20th day of January, 2020** at **12:27 pm, I:**

I served the following documents **Summons in a Civil Action as to the First Amended Complaint;
First Amended Complaint**

I personally served the following person at the address, date and time stated: **Debra Zumwalt,  1751
Valparaiso Ave, Menlo Park, CA 94025,**

Under penalty of perjury I certify that I am over the age of 18, have no interest in the above action, and am a
Registered Process Server, in good standing, in the State of California, County of Santa Clara.

**Kenny Alfaro**
PS1675

**County Process Service, Inc.**
**31 E. Julian Street**
**San Jose, CA 95112**
**(408) 297-6070**

Our Job Serial Number: COP-2019014665

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V7.2g

91

# Exhibit  L

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Emily Roe | |
| TELEPHONE NO.: | |
| ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

United States District Court, Central District of California

312 N. Spring St. #G-8

Los Angeles, CA 90012

| PLAINTIFF/PETITIONER: The United States of America, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Stanford Healthcare Billing Department, et al. | CV-17-08726 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: STANFORD qui tam |
|---|---|

**BY FAX**

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: First Amended Complaint, Summons in a Civil Action

3. a. Party served: The Board of Directors of the Stanford Health Care

   b. Person Served: Debra Zumwalt - Person Authorized to Accept Service of Process

4. Address where the party was served: Bldg. 170, 3rd Floor, Main Quad
   Stanford, CA 94305

5. I served the party
   b. **by substituted service.** On (date): 01/06/2020       at (time): 12:42PM    I left the documents listed in item 2 with or in the presence of: Kabao Moua - Person In Charge Of Office
   (1) (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (4) A declaration of mailing is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   d. on behalf of:
   The Board of Directors of the Stanford Health Care

   under:

7. **Person who served papers**
   a. Name:        Thomas J. Bowman, Jr
   b. Address:     One Legal - 194-Marin
                   1400 North McDowell Blvd, Ste 300
                   Petaluma, CA 94954
   c. Telephone number: 415-491-0606
   d. The fee for service was: $   131.25
   e. I am:
      (3) registered California process server.
          (i)  Employee or independent contractor.
          (ii) Registration No. 25
          (iii) County SANTA CLARA

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 01/09/2020

Thomas J. Bowman, Jr
_____         _____
(NAME OF PERSON WHO SERVED PAPERS)                    (SIGNATURE)

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

93

OL# 14171388

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):* | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Emily Roe | | |

ATTORNEY FOR *(Name):*

Ref. No. or File No.
STANFORD qui tam

Insert name of court, judicial district or branch court, if any:

Central District of California - District - Los Angeles - 312 N. Spring St
312 N. Spring St. #G-8
Los Angeles, CA 90012

PLAINTIFF:
The United States of America, et al.

DEFENDANT:
Stanford Healthcare Billing Department, et al.

| **PROOF OF SERVICE BY MAIL** | | | | CASE NUMBER: |
|---|---|---|---|---|
| | | | | CV-17-08726 |

## BY FAX

I am a citizen of the United States, over the age of 18 and not a party to the within action. My business address is 1400 N. McDowell Blvd, Petaluma, CA 94954.

On 01/09/2020, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made (if applicable), I mailed copies of the:

First Amended Complaint, Summons in a Civil Action

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Petaluma, California, addressed as follows:

The Board of Directors of the Stanford Health Care

Debra Zumwalt

Bldg. 170, 3rd Floor, Main Quad

Stanford, CA 94305

I am readily familiar with the firm's practice for collection and processing of documents for mailing. Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

Fee for Service: $ 131.25

| | I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on 01/09/2020 at Petaluma, California. |
|---|---|
| One Legal - 194-Marin
1400 North McDowell Blvd, Ste 300
Petaluma, CA 94954 | |
| | Travis Carpenter |

94

OL# 14171388

1

2

3   Emily Roe

4   Representing: In Pro Per                                    File No.

5

6

7

8               United States District Court, Central District of California

9          Central District of California - District - Los Angeles - 312 N. Spring St

10

11

12  United States et al.

13                                          )        Case No. CV-17-08726
                                            )
14          Plaintiff/Petitioner            )        Proof of Service of:
                                            )
15              vs.                         )          First Amended Complaint, Summons in a Civil
                                            )          Action
16  Stanford et al.                         )
                                            )
17                                          )
            Defendant/Respondent            )
18  _____)

19                                                   Service on:
                                                       Stanford Health Care
20

21

22                                                   Hearing Date:

23                                                   Hearing Time:

24                                                   Div/Dept:

25

26

27

28


                              PROOF OF SERVICE                              95
QL#14171360

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Emily Roe<br><br>TELEPHONE NO.:<br>ATTORNEY FOR (Name): In Pro Per | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
United States District Court, Central District of California
312 N. Spring St. #G-8
Los Angeles, CA 90012

| PLAINTIFF/PETITIONER: United States et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Stanford et al. | CV-17-08726 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |
|---|---|

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.   **BY FAX**
2. I served copies of:

First Amended Complaint, Summons in a Civil Action -

3. a. Party served:  Stanford Health Care
   b. Person Served: Kabao Moua - Person Authorized to Accept Service of Process

4. Address where the party was served: Bldg. 170, 3rd Floor, Main Quad
   Stanford, CA 94305
5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 12/17/2019    (2) at  (time): 12:14PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   Stanford Health Care
   under:
7. **Person who served papers**
   a. Name:     Thomas J. Bowman, Jr
   b. Address:   One Legal - 194-Marin
               1400 North McDowell Blvd, Ste 300
               Petaluma, CA 94954

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 115.00
   e I am:
      (3) registered California process server.
         (i)  Employee or independent contractor.
         (ii) Registration No.:25
         (iii) County: SANTA CLARA

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 12/19/2019

Thomas J. Bowman, Jr
(NAME OF PERSON WHO SERVED PAPERS)                    ($IGNATURE)

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Emily Roe<br><br>TELEPHONE NO..<br>ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
United States District Court, Central District of California
312 N. Spring St. #G-8
Los Angeles, CA 90012

| PLAINTIFF/PETITIONER: United States et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Stanford et al. | CV-17-08726 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action. **BY FAX**
2. I served copies of:

First Amended Complaint, Summons in a Civil Action

3. a. Party served:  Stanford Healthcare Advantage

   b. Person Served: Kabao Moua – Office of the General Counsel – Person Authorized to Accept Service of Process

4. Address where the party was served:  170 Building 3rd Floor
5. I served the party                          Stanford, CA 94305
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 12/17/2019          (2) at  (time): 12:14PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   Stanford Healthcare Advantage
   under:

7. **Person who served papers**
   a. Name:        Thomas J. Bowman, Jr
   b. Address:     One Legal - 194-Marin
                   1400 North McDowell Blvd, Ste 300
                   Petaluma, CA 94954

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 115.00
   e I am:
        (3) registered California process server.
             (i)  Employee or independent contractor.
             (ii) Registration No.: 25
             (iii) County:  SANTA CLARA

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
Date:  12/20/2019

Thomas J. Bowman, Jr
(NAME OF PERSON WHO SERVED PAPERS)                           (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]                    **PROOF OF SERVICE OF SUMMONS**              Code of Civil Procedure, § 417.10

OL# 14166162

97

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Emily Roe<br><br>TELEPHONE NO.:<br>ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
United States District Court, Central District of California
312 N. Spring St. #G-8
Los Angeles, CA 90012

| PLAINTIFF/PETITIONER: The United States of America, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Stanford Healthcare Billing Department, et al. | CV-17-08726 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action. **BY FAX**
2. I served copies of:

First Amended Complaint, Summons in a Civil Action

3. a. Party served: The Leland Junior University

   b. Person Served: Kabao Moua - Person Authorized to Accept Service of Process

4. Address where the party was served: Bldg. 170, 3rd Floor, Main Quad
   Stanford, CA 94305
5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 12/17/2019       (2) at (time): 12:14PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   The Leland Junior University
   under:
7. **Person who served papers**
   a. Name:        Thomas J. Bowman, Jr
   b. Address:     One Legal - 194-Marin
                   1400 North McDowell Blvd, Ste 300
                   Petaluma, CA 94954

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 80.00
   e I am:
        (3) registered California process server.
             (i)   Employee or independent contractor.
             (ii)  Registration No.: 25
             (iii) County: SANTA CLARA
8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
Date: 12/19/2019

Thomas J. Bowman, Jr
(NAME OF PERSON WHO SERVED PAPERS)                    (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]                    **PROOF OF SERVICE OF SUMMONS**        Code of Civil Procedure, § 417.10

OL# 14171432                    98

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| Emily Roe<br><br>TELEPHONE NO.:<br>ATTORNEY FOR *(Name):* | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF |
|---|
| United States District Court, Central District of California<br>312 N. Spring St. #G-8<br>Los Angeles, CA 90012 |

| PLAINTIFF/PETITIONER: The United States of America, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Stanford Healthcare Billing Department, et al. | CV-17-08726 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>STANFORD qui tam |
|---|---|

**BY FAX**

1.  At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2.  I served copies of: First Amended Complaint, Summons in a Civil Action

3.  a. Party served: The Board of Directors of the Stanford Health Care

    b. Person Served: Debra Zumwalt - Person Authorized to Accept Service of Process

4.  Address where the party was served: Bldg. 170, 3rd Floor, Main Quad
    Stanford, CA 94305

5.  I served the party
    b. **by substituted service.** On (date): 01/06/2020      at (time): 12:42PM   I left the documents listed in item 2 with or
    in the presence of:  Kabao Moua - Person In Charge Of Office
       (1) (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the
       person to be served. I informed him or her of the general nature of the papers.
       (4) A declaration of mailing is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
    d. on behalf of:
    The Board of Directors of the Stanford Health Care

    under:

7.  **Person who served papers**
    a. Name:      Thomas J. Bowman, Jr
    b. Address:    One Legal - 194-Marin
                   1400 North McDowell Blvd, Ste 300
                   Petaluma, CA 94954
    c. Telephone number: 415-491-0606
    d. The fee for service was: $   131.25
    e. I am:
       (3) registered California process server.
          (i) Employee or independent contractor.
          (ii) Registration No. 25
          (iii) County SANTA CLARA

8.  I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 01/09/2020

Thomas J. Bowman, Jr
_____
(NAME OF PERSON WHO SERVED PAPERS)                                    (SIGNATURE)

**PROOF OF SERVICE OF SUMMONS**           Code of Civil Procedure, § 417.10   99

OL# 14171388

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: | | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|---|
| Emily Roe | | | |
| **ATTORNEY FOR** *(Name)*: | Ref. No. or File No. STANFORD qui tam | | |

Insert name of court, judicial district or branch court, if any:

Central District of California - District - Los Angeles - 312 N. Spring St
312 N. Spring St. #G-8
Los Angeles, CA 90012

PLAINTIFF:
The United States of America, et al.

DEFENDANT:
Stanford Healthcare Billing Department, et al.

| **PROOF OF SERVICE BY MAIL** | | | | CASE NUMBER: CV-17-08726 |
|---|---|---|---|---|

# BY FAX

I am a citizen of the United States, over the age of 18 and not a party to the within action. My business address is 1400 N. McDowell Blvd, Petaluma, CA 94954.

On 01/09/2020, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made (if applicable), I mailed copies of the:

First Amended Complaint, Summons in a Civil Action

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Petaluma, California, addressed as follows:

The Board of Directors of the Stanford Health Care

Debra Zumwalt

Bldg. 170, 3rd Floor, Main Quad

Stanford, CA 94305

I am readily familiar with the firm's practice for collection and processing of documents for mailing. Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

Fee for Service: $ 131.25

One Legal - 194-Marin
1400 North McDowell Blvd, Ste 300
Petaluma, CA 94954

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on 01/09/2020 at Petaluma, California.

Travis Carpenter

OL# 14171388

100

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Emily Roe | |

TELEPHONE NO.:
ATTORNEY FOR *(Name):* In Pro Per

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

United States District Court, Central District of California
312 N. Spring St. #G-8
Los Angeles, CA 90012

PLAINTIFF/PETITIONER: The United States of America, et al.

DEFENDANT/RESPONDENT: Stanford Healthcare Billing Department, et al.

CASE NUMBER:
CV-17-08726

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:
STANFORD qui tam |
|---|---|

**BY FAX**

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: First Amended Complaint, Summons in a Civil Action

3. a. Party served: The Board of Directors of the Lucile Salter Packard Children's Hospital at Stanford

   b. Person Served: Debra Zumwalt - Person Authorized to Accept Service of Process

4. Address where the party was served: Bldg. 170, 3rd Floor, Main Quad
   Stanford, CA 94305

5. I served the party
   b. **by substituted service.** On (date): 01/06/2020      at (time): 12:42PM   I left the documents listed in item 2 with or in the presence of:   Kabao Moua - Person In Charge Of Office
      (1) (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (4) A declaration of mailing is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   d. on behalf of:
   The Board of Directors of the Lucile Salter Packard Children's Hospital at Stanford

   under:

7. **Person who served papers**
   a. Name:         Thomas J. Bowman, Jr
   b. Address:      One Legal - 194-Marin
                    1400 North McDowell Blvd, Ste 300
                    Petaluma, CA 94954
   c. Telephone number: 415-491-0606
   d. The fee for service was: $   131.25
   e. I am:
      (3) registered California process server.
         (i)  Employee or independent contractor.
         (ii)  Registration No. 25
         (iii) County SANTA CLARA

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date:  01/09/2020

Thomas J. Bowman, Jr
_____
(NAME OF PERSON WHO SERVED PAPERS)

_____
(SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.

101

OL# 14171417

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Emily Roe<br><br>TELEPHONE NO.:<br>ATTORNEY FOR *(Name):* In Pro Per | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

United States District Court, Central District of California

312 N. Spring St. #G-8

Los Angeles, CA 90012

| PLAINTIFF/PETITIONER: The United States of America, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Stanford Healthcare Billing Department, et al. | CV-17-08726 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>STANFORD qui tam |

**BY FAX**

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: First Amended Complaint, Summons in a Civil Action

3. a. Party served: The Board of Directors of the Lucile Salter Packard Children's Hospital at Stanford

    b. Person Served: Debra Zumwalt - Person Authorized to Accept Service of Process

4. Address where the party was served: Bldg. 170, 3rd Floor, Main Quad
    Stanford, CA 94305

5. I served the party
    b. **by substituted service**. On (date): 01/06/2020        at (time): 12:42PM    I left the documents listed in item 2 with or
    in the presence of:   Kabao Moua - Person In Charge Of Office
        (1) (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the
        person to be served. I informed him or her of the general nature of the papers.
        (4) A declaration of mailing is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
    d. on behalf of:
    The Board of Directors of the Lucile Salter Packard Children's Hospital at Stanford

    under:

7. **Person who served papers**
    a. Name:        Thomas J. Bowman, Jr
    b. Address:     One Legal - 194-Marin
                    1400 North McDowell Blvd, Ste 300
                    Petaluma, CA 94954
    c. Telephone number: 415-491-0606
    d. The fee for service was: $   131.25
    e. I am:
        (3) registered California process server.
            (i)   Employee or independent contractor.
            (ii)  Registration No. 25
            (iii) County SANTA CLARA

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date:  01/09/2020

Thomas J. Bowman, Jr
_____
(NAME OF PERSON WHO SERVED PAPERS)                                                    (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.1

102

OL# 14171417

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: | | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|---|
| Emily Roe | | | |
| ATTORNEY FOR *(Name)*: In Pro Per | Ref. No. or File No.<br>STANFORD qui tam | | |

Insert name of court, judicial district or branch court, if any:

Central District of California - District - Los Angeles - 312 N. Spring St
312 N. Spring St. #G-8
Los Angeles, CA 90012

PLAINTIFF:

The United States of America, et al.

DEFENDANT:

Stanford Healthcare Billing Department, et al.

| PROOF OF SERVICE BY MAIL | | | | CASE NUMBER:<br>CV-17-08726 |
|---|---|---|---|---|

**BY FAX**

I am a citizen of the United States, over the age of 18 and not a party to the within action. My business address is 1400 N. McDowell Blvd, Petaluma, CA 94954.

On 01/09/2020, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made (if applicable), I mailed copies of the:

First Amended Complaint, Summons in a Civil Action

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Petaluma, California, addressed as follows:

The Board of Directors of the Lucile Salter Packard Children's Hospital at Stanford

Debra Zumwalt

Bldg. 170, 3rd Floor, Main Quad

Stanford, CA 94305

I am readily familiar with the firm's practice for collection and processing of documents for mailing. Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

Fee for Service: $ 131.25

One Legal - 194-Marin

1400 North McDowell Blvd, Ste 300

Petaluma, CA 94954

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on 01/09/2020 at Petaluma, California.

Travis Carpenter

OL# 14171417

103

# Service/Waivers of Summons and Complaints :

2:17-cv-08726-DSF-AFM United States of America et al v. Stanford Healthcare Billing Office et al

ACCO,(AFMx),DISCOVERY,MANADR

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**

The following transaction was entered by Juarez, Gloria on 3/11/2020 at 5:39 PM PDT and filed on 3/11/2020

| | |
|---|---|
| **Case Name:** | United States of America et al v. Stanford Healthcare Billing Office et al |
| **Case Number:** | 2:17-cv-08726-DSF-AFM |
| **Filer:** | Emily Roe |
| **Document Number:** | 58 |

**Docket Text:**
**PROOF OF SERVICE Executed by Plaintiff Emily Roe, upon Defendant Dirbas Frederick served on 1/27/2020, answer due 2/18/2020. Service of the Summons and Complaint were executed upon Veronica Rocha- Receptionist to Dr. Dirbas in compliance with Federal Rules of Civil Procedure by personal service.Original Summons returned. (Juarez, Gloria)**

**2:17-cv-08726-DSF-AFM Notice has been electronically mailed to:**

Frank D Kortum     frank.kortum@usdoj.gov, CaseView.ECF@usdoj.gov

Frank E Sheeder , III     frank.sheeder@alston.com

Gloria M Juarez     gloria@thegjlaw.com, tootsieglo@sbcglobal.net

Kimberly Kisabeth Chemerinsky     kim.chemerinsky@alston.com, heather.thai@alston.com

**2:17-cv-08726-DSF-AFM Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\fakepath\3.0 POS DIRBAS ONELEGAL 1 27 20.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=3/11/2020] [FileNumber=29447514-0
] [c1263887b9827c8033ffc43b9695417144f4fc054516aca930db26f1dc47bb77036
b028fd334a838b2ada84fd8440fd87ea6a38ae8302963d5124cee7ea13ceb]]

104

# Service/Waivers of Summons and Complaints :

2:17-cv-08726-DSF-AFM United States of America et al v. Stanford Healthcare Billing Office et al

ACCO,(AFMx),DISCOVERY,MANADR

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**

The following transaction was entered by Juarez, Gloria on 3/11/2020 at 5:33 PM PDT and filed on 3/11/2020

| | |
|---|---|
| **Case Name:** | United States of America et al v. Stanford Healthcare Billing Office et al |
| **Case Number:** | 2:17-cv-08726-DSF-AFM |
| **Filer:** | Emily Roe |
| **Document Number:** | 57 |

**Docket Text:**
**PROOF OF SERVICE Executed by Plaintiff Emily Roe, upon Defendant Debra Zumwalt served on 1/20/2020, answer due 2/10/2020. Service of the Summons and Complaint were executed upon Debra Zumwalt in compliance with Federal Rules of Civil Procedure by personal service.Original Summons returned. (Juarez, Gloria)**

**2:17-cv-08726-DSF-AFM Notice has been electronically mailed to:**

Frank D Kortum      frank.kortum@usdoj.gov, CaseView.ECF@usdoj.gov

Frank E Sheeder , III      frank.sheeder@alston.com

Gloria M Juarez      gloria@thegjlaw.com, tootsieglo@sbcglobal.net

Kimberly Kisabeth Chemerinsky      kim.chemerinsky@alston.com, heather.thai@alston.com

**2:17-cv-08726-DSF-AFM Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\fakepath\4.0 ZUMWALT final POS 20-1-20 County Process Service.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=3/11/2020] [FileNumber=29447489-0
] [9f44136512ae9ad3a328642430e9927d8ac4269bdba4673c308408a6bcd59b6aa96
8bd8190baf06ea418e25f0e02e4ff420d135f7d44a3358c13df2fabe804bd]]

105

# Exhibit  M

# GJ

**Gloria Juarez, Esq.**
**LAW OFFICES OF GLORIA JUAREZ**
**26081 Merit Circle, Suite 112**
**Laguna Hills, CA 92653**
**Telephone (213) 598-4439**
**Fax 714-919-0254**

Mr. Frank Sheeder
Mr. Brad Smyer
Alston & Bird
Counsel for Defendants
Email: Frank.Sheeder@alston.com

RE: UNITED STATES et. al *ex. relator* Roe vs. STANFORD *et. al.* CV 17-08726-DSF

March 13, 2020

**Expedited Delivery by Email**

Dear Frank,

It is my understanding and belief that the home address rule seems to apply to criminal cases only.  I believe that the DA and DOJ classify the FCA case in a civil department, according to our sources.

But as I already offered, in a spirit of good faith compromise, we are willing to redaction of the address(es). That's not a problem.   I've asked you to simply prepare the stipulation and redacted document *you* wish to have timely filed, and we will timely review and get back to you.

That seems reasonable given that you specified the redaction expedited. Therefore, we agreed to let your firm prepare the documents.  If my

_____

Page | 1

UNITED STATES et. al *ex. relator* Roe  vs. STANFORD *et. al.*        CV 17-08726-DSF

107

LAW OFFICES OF GLORIA JUAREZ

understanding of your representation of your "large firm" and "hundreds of
attorneys and support staff" is incorrect, please let me know.

As a matter of housekeeping, we are deeply troubled by your apparent
refusal to answer a simple question about your client, and to be candid if you
are representing Dr. Dirbas.  However, you are apparently taking a position
on his behalf that his address be redacted from the SAC. Your and your
client's conduct here could be construed by the court as gamesmanship.

As you know, we have written you no less than 4-5 emails with a
simple question as to "Dr. Dirbas" and you have yet to reply in any manner,
either confirming or denying his representation.

Moreover, I explained to you yesterday by phone that it cost our office
more than $500 just to serve one of your clients because of bad faith
service evasion, and you have not replied. I also remain troubled by the
prejudicial treatment whereby you deny my office to have my staff on our
joint call, and you only allow your staff. I don't believe such conduct appears
in good faith, or shows me that you are being earnest in our communications.

With the COVID crisis and closures that unfolded yesterday, our
office is impacted and we request your cooperation in that regard.

Sincerely,

/S/  Gloria
Gloria Juarez, Esq.

Page | 2

UNITED STATES et. al *ex. relator* Roe  vs. STANFORD *et. al.*      CV 17-08726-DSF

108

LAW OFFICES OF GLORIA JUAREZ

# Exhibit  N

business-open.com
Yellow-Pages

# Software For Surgeons | Los Altos

/ Software For Surgeons | Los Altos

## COMPANY INFORMATION

**Company:**      Software for Surgeons

**Description:**   SOCIAL SERVICES

**SIC-Code:**     8300-00

**Address:**      94024

                  LOS ALTOS

                  1285 Middle Ave. - Menlo Park

## CONTACT INFORMATION

**Name:**         Frederick Dirbas

**Position:**      President

Pinterest          Facebook          Twitter          LinkedIn

# Exhibit C

**From:** Sheeder, Frank
**Sent:** Friday, June 12, 2020 5:12 PM
**To:** Gloria Juarez; GLORIA JUAREZ, ESQ.
**Subject:** US ex Rel Roe
**Attachments:** 20200612 Letter to G. Juarez.pdf

Gloria,

Please see the attached correspondence.

Best regards,
Frank

Frank Sheeder, Partner
**ALSTON & BIRD**
2200 Ross Ave., Suite 2300
Dallas, TX 75201

O (214) 922-3420
C (214) 208-9900

Frank.Sheeder@Alston.com

111

# ALSTON & BIRD

Chase Tower
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
214-922-3400 | Fax: 214-922-3899

June 12, 2020

Ms. Gloria Juarez, Esq.
Law Offices of Gloria Juarez
*VIA email to tootsieglo@sbcglobal.net* and *gloria@thegjlaw.com*

Re:     *U.S. ex rel. Roe, et al. v. Stanford Healthcare Billing Department, et al.*, 2:17-cv-08726-DSF-
        AFM

Dear Ms. Juarez,

As you know, we represent Stanford Health Care ("SHC"), Stanford Health Care Advantage ("SHCA"), The Leland Stanford Junior University (the "University"), Ms. Zumwalt, and, beginning after your filing of the Second Amended Complaint ("SAC"), Dr. Dirbas, in the above-referenced matter ("Moving Defendants").

On May 29, 2020, you filed an objectively frivolous "Motion for Costs of Service Pursuant to Fed. R. Civ. P. Rule [sic] 4(d)(2)" against Moving Defendants, ECF Nos. 69, 69-1, and 69-2 ("Motion for Costs").  On June 2, 2020, you emailed a copy of a draft motion for sanctions ("Motion for Sanctions") that you threatened to file if Moving Defendants did not "withdraw and seal the de-anonymized portions of [their] Motion (ECF 64) within 21 days of the date of this letter."

I write to caution you that these improper Motions are based on frivolous legal arguments and unfounded factual contentions that will establish grounds for sanctions against you and your client, as explained below, and to exhaust my clients' good faith efforts to resolve these issues before resorting to Court intervention.

## Motion for Costs

Your client's Motion for Costs violates the Local Rules and the Court's applicable Standing Order, contains objectively false misrepresentations of fact, and ignores the plain language of Rule 4(d). Among other things:

- You have falsely certified compliance with Local Rule 7-3 despite knowing that you and I have never communicated about your intent to file such a motion.  This alone "will be grounds for sanctions" and will allow the Court to disregard your Motion under Local Rule 7-3 and paragraph 7.b. of the Court's applicable Standing Order.

- Had you conferred with me before filing the Motion for Costs, I would have reminded you that your client has no basis to make a claim for costs under Rule 4(d)(2).  As you know, Rule 4(d)(2) allows a Court to award costs that a plaintiff incurs *after* a defendant refuses to

Alston & Bird LLP                                                                                        www.alston.com      **112**

Atlanta | Beijing | Brussels | Charlotte | Dallas | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

Ms. Gloria Juarez
June 12, 2020
Page 2

execute a waiver of service of summons that was requested in compliance with Rule 4(d)(1). Your client has no good faith claim for costs under Rule 4(d) for many reasons, including:

- *First*, as you know and as the communications attached to Motion for Costs confirm, you never "requested" that any defendant waive service of summons under Rule 4(d). Instead, you rejected my many inquiries about a possible 4(d) waiver for SHC, Stanford Health Care Advantage, the University, and Ms. Zumwalt; initiated service of the First Amended Complaint; and then, only after you were convinced that "all Defendants have been served compliant with local rules," stated that you had "no objection" to *my* earlier inquiries about waiver of service of summons for the requested defendants. *See* ECF No. 69-2, Ex. B, at 13 and 17. You cannot truthfully characterize your post-service statement that you had "no objection" to my previous and then moot inquiries about waiver for these specific defendants as a request for waiver or as involving any other defendant, such as Dr. Dirbas. You and your client's continued characterization of your communications as Rule 4(d)(1) requests to all defendants simply has no basis in fact and, as shown below, is demonstrably false based on your own filings.

- *Second*, even if your communications could be considered a "request" to waive service of summons, none of them complied with the very specific requirements you "must" follow to invoke Rule 4(d). Among other things, your communications were not addressed to any specific defendant; were not accompanied by a copy of the complaint, 2 copies of the waiver form appended to Rule 4, and a prepaid means for returning the form; did not include the required language appended to Rule 4; did not give the defendant at least 30 days to respond before initiating service; and were not sent by U.S. mail or other reliable means. There is no question that you never complied with Rule 4(d)(1), and the documents attached to your declaration confirm this fact. Your client has absolutely no good faith basis for filing a motion for costs based on Rule 4(d)(2) when your own filings show that you never even attempted to comply with the plain and prerequisite language of Rule 4(d)(1). This alone is fatal to the entire Motion for Costs and leads to the inescapable conclusion that it is simply an improper and pretextual attempt to harass my clients, cause unnecessary delay, and needlessly increase the cost of litigation.

- *Third*, not only does your client lack any arguable basis to seek costs under Rule 4(d)(2), your own declaration shows that none of the costs she seeks are even covered by that Rule. Your client could never seek costs related to SHC, SHCA, the University, or Ms. Zumwalt because you claim to have served these defendants *before* you supposedly "requested" waiver through your "no objection" communication and because they entered appearances in this matter less than 30 days after your communication. *See* Fed. R. Civ. P. 4(d)(1)(F) (requiring a plaintiff to wait to initiate service until at least 30 days after properly requesting waiver). Your client also seeks cost related to service of Dr. Dirbas but, again, you initiated service before your "no objection" communications and you have yet to produce a single document showing that you ever requested that he waive service of summons, let alone a request that complies with Rule 4(d)(1). Finally, your client is apparently

Alston & Bird LLP                                                                 www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

113

Ms. Gloria Juarez
June 12, 2020
Page 3

attempting to have Moving Defendants pay for service costs related to *other* defendants who are not even parties to the Motion for Costs, which is obviously improper and extends far beyond the reach of Rule 4(d)(2), which is defendant-specific.

- In addition to the complete lack of legal support for the Motion for Costs, it and the declaration you made in an effort to support it are based on other objective misrepresentations that will subject you and your client to sanctions if pursued.  For example, in paragraph 8 of your declaration you swear under oath that you wrote to me on September 13, 2019, about "a Rule 4(d) waiver for service of the Summons and Complaint." None of that is true.  Even a cursory review of the email you attach in support shows that the email is not from you, it is from someone named "JD" who purports to be your "apprentice," and the email is about "accepting service," and never mentions waiver or Rule 4(d).  You undoubtedly know that accepting service is not the same as waiving service under the specific requirements of Rule 4(d).  Even worse, the Motion for Costs and your declaration are based on the objective misrepresentation that you requested on multiple occasions that "Defendants" waive service under Rule 4(d), but, as discussed above, your own filings show otherwise.  All of your recent declarations contain numerous misstatements for which you have no good faith legal or factual basis, some of which are further elaborated below, and all of which would be the basis for sanctions against you.

**Motion for Sanctions**

Just as with your client's Motion for Costs, her proposed Motion for Sanctions does not comply with the Local Rules or the Court's applicable Standing Order, contains even more objective misrepresentations, and ignores the plain language of Rule 11.  Among other things:

- You have yet to serve your client's Motion for Sanctions as required by Rule 11(c)(2).  Rule 11(c)(2) prohibits you from *filing* a motion for sanctions until "21 days after service" of the draft motion upon the other parties in compliance with Rule 5.  I have never consented in writing to email service of non-ECF filed documents in this matter.  Thus, an email copy of your unfiled Motion for Costs does not comply with Rule 5, and the sworn statements to the contrary by you and "Arthur Long" are unquestionably false.  You cannot file your Motion for Sanctions until 21 days *after* service, which you have yet to accomplish.

- Your proposed hearing date disregards the Rules and the Court's Standing Order.  For example, in paragraph 8 of your declaration you state that your May 25, 2020, letter "gave defense more than 21 days before the hearing date of July 13, 2020 to mitigate their pleading conduct."  But Rule 11(c)(2) requires a movant to wait at least 21 days between serving and filing the draft motion; it has nothing to do with the proposed hearing date.  Furthermore, your proposed hearing date violates Local Rule 6-1 and paragraph 7.a of the Court's Standing Order, both of which require parties to file motions at least 28 days *before* the hearing date.  This means that the earliest you could set the Motion for Sanctions for hearing is 28 days after you file it, which, as explained above, is still at least 21 days out.

Alston & Bird LLP                                                                                    www.alston.com

114

Atlanta | Beijing | Brussels | Charlotte | Dallas | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

Ms. Gloria Juarez
June 12, 2020
Page 4

- The Motion for Sanctions and your declaration are also based upon objective misrepresentations.  For example, in addition to the items outlined above:

    o  There is no basis for your client's claim that Moving Defendants' wrongfully "de-anonymatized" her or anyone else.  First, Footnote 3 to the Rule 10 Motion included a partial name that appeared on your website and which is associated with various press releases about this matter.  This is nothing more than what you have disseminated publicly and does not supply any "de-anonymatizing" information.  Even if it did (which it does not), courts have rejected the argument that disclosure of partial names or potentially identifying information about the plaintiff eviscerates her ability to proceed anonymously.  Second, and importantly, that partial name you posted to your website does not match the name on the medical records attached to the SAC, nor do any of the names included in your client's SAC, associated with earlier correspondence we received from yet another person purporting to be your "apprentice," or listed on public FOIA records from the period in question.  I am frankly surprised that your client would attempt to ascribe wrongful intent to Moving Defendants for referencing non-privileged, non-identifying information that you have already disseminated publicly on your website and otherwise.

    o  The Rule 10 motion is proper because your client has put her own identity at issue in this matter.  Your client cannot assert that she is an "original source," an expert, a fact witness, and, according to you, an advocate in this matter while simultaneously pretending that her identity is not central to her claims and credibility.

    o  Your client cannot contend that her anonymity has already been determined in this matter.  The ability to proceed anonymously in federal court rests squarely within the discretion of the Court against the backdrop of Ninth Circuit authorities, not spectral references to a state court matter involving different allegations.  *See Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042-45 (9th Cir. 2010).

    o  There is also absolutely no basis for your client's contention that the Rule 10 motion is barred by Rule 12(g)(2).  Rule 12(g)(2) plainly states that a "party that makes a motion *under this rule* must not make another motion *under this rule* raising a defense or objection that was available to the party but omitted from its earlier motion."  Moving Defendants' Rule 10 motion is not based on Rule 12, nor does it address issues covered by Rule 12.  Notably, the Motion for Sanctions does not cite *any* support for your client's position, nor can it.  The sole case your client cites in the context of anonymity was before the court on a motion to dismiss that was filed *after* discovery had commenced and that fact was apparently of no concern to the district court or court of appeals.  *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1064 (9th Cir. 2000); *see also, e.g.*, *Doe v. John F Kennedy Univ.*, No. C-13-01137, 2013 WL 4565061, at *1 (N.D. Cal. Aug. 27, 2013) (granting defendants' Rule 10(a) motion to dismiss that

Alston & Bird LLP                                                                                          www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

115

Ms. Gloria Juarez
June 12, 2020
Page 5

was filed in a separate document from their motion to dismiss under Rule 12(b)(6)).  Furthermore, the overwhelming weight of authorities cited in the Rule 10 motion—authorities which your client conveniently ignores in her Motion for Sanctions—establish that whether anonymity is challenged by a Rule 10 motion, a request for an order to show cause, or *sua sponte* by the court, it is a plaintiff's responsibility to satisfy the burden to proceed anonymously, not a defense or objection governed by Rule 12.  *See Kamehameha*, 596 F.3d at 1040; *Perez v. ECFC Holdings, Inc.*, No. 16-4000 DSF, 2016 WL 10988574, *1 & n.1 (C.D. Cal. Aug. 2, 2016); *Doe v. Coder*, No. C-10-4756, 2010 WL 4938282, at *1 (C.D. Cal. Nov. 30, 2010); *4 Exotic Dancers v. Spearmint Rhino*, No. CV-08-4038, 2009 WL 250054, at *1 (C.D. Cal. Jan. 29, 2009); *see also Doe ex rel. Doe v. Harris*, No. 14–cv–00802, 2014 WL 4207599, at *1 (W.D. La. Aug. 25, 2014); *Doe v. Penzato*, No. CV10-5154 MEJ, 2011 WL 1833007, at *1 (N.D. Cal. May 13, 2011); *Doe v. Texaco, Inc.*, No. C06-02820, 2006 WL 2850035, at *1-2 (N.D. Cal. Oct. 5, 2006); *Doe v. Rostker*, 89 F.R.D. 158, 163 (N.D. Cal. 1981).  Nor can your client feign surprise that Moving Defendants challenged her anonymity in response to her SAC, the first "pleading" in which she admitted that she was attempting to proceed anonymously.

o  Although not appropriate for a Motion for Sanctions, your client repeatedly asserts that Dr. Dirbas has been properly served in this matter, but the attachments to your declaration confirm just the opposite.  Exhibit H shows that Relator failed to complete personal service on Dr. Dirbas, and Exhibits I and J show exactly what is alleged in Moving Defendants' Motion to Dismiss—Relator attempted to accomplish service of the FAC through alternate means under California Code of Civil Procedure § 415.20(b) but did not complete such "service" by mail until after the FAC had already been dismissed.  This also proves that your client has no good faith basis to argue that Dr. Dirbas was ever timely served with the FAC or that he waived his arguments under Rule 12(b)(5).  No doubt recognizing that you had yet to serve Dr. Dirbas with a live pleading, you reached out to him by email with a copy of the SAC to seek an "agreement to electronic service for service in this case," which was nevertheless insufficient to effectuate service of process or comply with the Court's previous order.  *See* ECF No. 63-3, ¶¶ 2, 4, Exs. A and B.

o  The Motion for Sanctions is based, in part, on your client's assertion that Dr. Dirbas "denies any knowledge of this suit until March 2, 2020 when he claims Relator first contacted him."  Your client's statement purposefully misrepresents Dr. Dirbas's actual statement that the communication was the "first time I learned that Relator was trying to contact me about this matter."  If you have documentation that proves otherwise, please produce it immediately to clarify that your client's misrepresentation was not intentional.

• Your client's attempt to throw stones at Dr. Dirbas based upon her own misreading of his declaration is particularly striking because almost every paragraph of your sworn declaration in support of the Motion for Costs (which is almost identical to the other

Ms. Gloria Juarez
June 12, 2020
Page 6

three you have recently filed) contains blatant and verifiable misrepresentations of fact.
For example, just to name a few:

- o   In paragraph 2, you swear that you served a copy of the Motion for Sanctions in
  accordance with Rule 5 through electronic means, but, as explained above, this
  is impossible because we have never agreed to accept service of non-ECF filed
  documents.

- o   In paragraph 3 and on page 5 of the Motion for Sanctions, you and your client
  falsely suggest that I had tried to confer with you about dismissal of the FAC as
  to Dr. Dirbas under Rule 12(b)(5), but my January 3, 2020, letter to you about
  the issue made clear that I was attempting to confer on behalf of the clients I
  represented at the time, SHC, SHCA, the University, and Ms. Zumwalt.  You have
  absolutely no basis for your sworn misrepresentation.

- o   In paragraph 4, you misrepresent that we communicated about a waiver of
  service for Dr. Dirbas, but as referenced above, my inquiries about waiver never
  included Dr. Dirbas.  The very communications you attached to your declaration
  confirm this and reiterate your understanding that my "office stated it does not
  represent all Defendants" and acknowledge that I had never communicated
  with you about Dr. Dirbas.

- o   In paragraph 8, you misrepresent the requirements of Rule 11 and wrongfully
  claim that your client has been "de-anonymatized," as outlined above.

- o   In paragraph 10, you swear under oath that you wrote to me on September 13,
  2019, and requested that my office "agree to a Rule 4(d) waiver for service of
  the Summons and Complaint," and claim that you never received a response.
  None of that is true.  Even a cursory review of the email you attach in support
  shows that the email is not from you, it is from someone named "JD" who
  purports to be your "apprentice," and the email asks if my office would be
  "accepting service;" it never mentions waiver, Rule 4(d), or complies with the
  requirements of Rule 4(d)(1).  Furthermore, documents already on file with the
  Court show that I emailed you about the communication less than a week later
  and raised the question of possible waiver for SHC, but you never responded to
  me.  *See* ECF No. 52-1, Ex. A.

- o   In paragraphs 11 and 18, you repeat the same misstatements from your client's
  Motion for Costs by suggesting that you requested a waiver from even a single
  defendant in compliance with Rule 4(d).  Your own communications show this
  to be false.

- o   In paragraph 19 and footnote 1, you misconstrue our previous communications
  about service of ECF filed documents and wrongfully suggest that my office does
  and always has represented all "Defendants."  You have no good faith basis for

Alston & Bird LLP                                                                                      www.alston.com     117

Atlanta | Beijing | Brussels | Charlotte | Dallas | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

Ms. Gloria Juarez
June 12, 2020
Page 7

this claim, and the communications attached to your own declaration and the other filings in this matter conclusively show the opposite.

**Proposed Resolution and Demand**

As outlined above, you and your client simply do not have any legitimate good faith legal or factual basis to pursue the Motion for Costs or Motion for Sanctions.  However, in an attempt to resolve these issues before seeking Court intervention, Moving Defendants propose the following resolution, which is more than reasonable under the circumstances:

- Moving Defendants will: (1) draft and file an agreed stipulation that the Court replace ECF No. 64 with a copy that redacts footnote 3; (2) withdraw its objections to service of the SAC upon Dr. Dirbas and its motion to strike the SAC under Local Rule 5.2-1; and (3) agree not to seek sanctions or other relief based on the Motion for Costs, Motion for Sanctions, or your accompanying declarations.

- Relator will: (1) withdraw her Motion for Costs and agree not to refile it or any other document containing those arguments; (2) agree not to file the Motion for Sanctions or any future filing on the bases outlined therein; and (3) draft and file an agreed stipulation that the Court replace ECF No. 55 with a copy that redacts the Menlo Park addresses listed in paragraphs 18 and 19 and in the Certificate of Service.

If this is agreeable, please confirm your consent in writing by June 16, 2020.  Otherwise, you have been advised that your client has no legitimate legal or factual basis to pursue the Motions, your continued pursuit of them could only be for improper purposes, and Moving Defendants will have no choice but to pursue all rights and remedies against you and your client.

Sincerely,

Frank E. Sheeder

Alston & Bird LLP                                                                                      www.alston.com

118

Atlanta | Beijing | Brussels | Charlotte | Dallas | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

# Exhibit D

| | |
|---|---|
| **From:** | GLORIA JUAREZ, ESQ. LAW <gloria@thegjlaw.com> |
| **Sent:** | Tuesday, June 16, 2020 7:03 PM |
| **To:** | Sheeder, Frank |
| **Cc:** | Chemerinsky, Kim |
| **Subject:** | Stanford: U.S. ex. rel. Roe vs. STANFORD et. al. CV 17-08726-DSF |
| **Attachments:** | 20-6-16 lttr to Sheeder re Motions cpy.pdf |

**EXTERNAL SENDER – Proceed with caution**

Frank,
Please find the attached for your review and response.
Thank you

# GJ

**Gloria Juarez**
**LAW OFFICES OF GLORIA JUAREZ**

**ORANGE COUNTY OFFICE**
**26081 Merit Circle , Suite 112**
**Laguna Hills, CA 92653**
**Tel. 213-598-4439**

On Tue, Jun 16, 2020 at 4:13 PM GLORIA JUAREZ, ESQ. LAW <gloria@thegjlaw.com> wrote:
Frank,
I had a heavily impacted calendar yesterday, and will respond to your letter later this afternoon, or at latest tomorrow.
Thanks

On Fri, Jun 12, 2020 at 3:11 PM Sheeder, Frank <Frank.Sheeder@alston.com> wrote:

> Gloria,
>
>
> Please see the attached correspondence.
>
>
> Best regards,
>
> Frank

119

1

Frank Sheeder, Partner

**ALSTON & BIRD**

2200 Ross Ave., Suite 2300

Dallas, TX 75201

O (214) 922-3420

C (214) 208-9900

Frank.Sheeder@Alston.com

---

NOTICE: This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you are hereby notified that you may not read, copy, distribute or otherwise use this message or its attachments. If you have received this message in error, please notify the sender by email and delete all copies of the message immediately.

--

# GJ

**Gloria Juarez**
**LAW OFFICES OF GLORIA JUAREZ**

**ORANGE COUNTY OFFICE**
**26081 Merit Circle , Suite 112**
**Laguna Hills, CA 92653**
**Tel. 213-598-4439**

120

# GJ

Gloria Juarez, Esq.
**LAW OFFICES OF GLORIA JUAREZ**
26081 Merit Circle, Suite 112
Laguna Hills, CA 92653
Telephone (213) 598-4439
Gloria@theGJLaw.com

Mr. Frank Sheeder
Ms. Kim Chemerinsky
Email: Frank.Sheeder@alston.com
      Kim.Chemerinsky@alston.com
Counsel for Defendants Dirbas, Stanford, Zumwalt, *et al.*

### RE: UNITED STATES *ex. rel.* Roe vs. STANFORD *et. al.*
### CV 17-08726-DSF

June 16, 2020                                    **EXPEDITED DELIVERY VIA EMAIL**

Dear Frank,

    As you know from our previous correspondence, my office represents Relator in this above referenced False Claims Action "FCA".  Please find the following meet and confer response to your June 12, 2020 7-page letter (the "Letter").

    Regrettably, your Letter substantially misconstrues the pleadings and contains objective falsehoods, only a few of which that we will address here. In light of necessity to expedite our response, we reserve comment on the remaining portions of the Letter.

    First, it is important that we concede that there was never any ambiguity in the FCA being filed in a pseudonym because it was filed as "*Emily Roe*" since case inception (ECF 1). Hence the Letter asserting that the SAC newly "uncovered" a pseudonym appears misguided. That simply is not true.

    Second, we earnestly understood your representations in January 2020 that you on behalf of appearing Defendants agreed to accept electronic service in this case. Full stop.  You never placed any explicit restrictions on not accepting certain electronic service while accepting others. Accordingly, since January 2020 my office has been proceeding in good faith and has served *everything* electronically without any objection from you.  Notwithstanding your January 2020 agreement to accept electronic service, if I recall correctly I further understood that you intended and preferred electronic service, especially given the COVID-19 crisis and social distancing which began on or about March 17, 2020.   In fact, I recall that during a few of our telephonic conversations since mid-March 2020 you mentioned specifically about the COVID pandemic that you were self-quarantining, working remotely, and did everything electronically for safety. If you are now retracting that understanding or placing new conditions on your electronic service agreement, that is new and we would request that you please explain so we better understand your position. However, when you and Ms. Chemerinsky were both electronically served the June 2,

---

UNITED STATES et. al *ex. relator* Roe  vs. STANFORD *et. al.*     CV 17-08726-DSF          Page | 1
**LAW OFFICES OF GLORIA JUAREZ**

2020 Notice of Rule 11 Motion, neither of you objected nor timely notified my office that electronic service was in any manner unacceptable. Thus, my office honestly believed that the agreement for electronic service was clear. Accordingly, your very late noticed June 12, 2020 correspondence appears likely tactical and/or in gamesmanship to simply delay the filing date of the Rule 11 Motion, a position which my office will vehemently dispute before the court.

Moreover, because of your declination to accept the simple and reasonable proposal which I extended on May 25th by correspondence , *and* again telephonically on May 26th to simply redact footnote 3 and not de-anonymize Relator, my office has been forced to devote an inordinate number of research and pleading hours, substantial expense, and efforts in preparing these 2 motions, as well as the itemized costs for serving Defendants, which arguably were really unnecessary. Finally, I remain confused why in December you urged me to dismiss certain Defendants and misrepresented that named Defendants are "non-existent" such as Dr. Dirbas and the Board of Directors of SHC, when it is clear that is untrue.

However, in the spirit of good faith and resolution of parties' disputes without court intervention, I am agreeable to your "proposed resolution and demand", clarified and amended as follows. The reason I propose an amended resolution is because Defendants' draft appeared ambiguous to me as to 2 areas. I was unclear how you would envision a waiver which affects all future or potential acts in light of these circumstances, and the plan to withdraw Defendants' motion to strike when it is amalgamated within the Motion to Dismiss (ECF 63). Consequently, I would appreciate your direction on that procedural question.

- Moving Defendants will: (1) draft and file an agreed stipulation that the Court replace ECF No. 64 with a copy that redacts footnote 3; (2) withdraw ECF 64 and agree to not refile it or any document containing the Rule 10(a) argument as to Relator; (3) withdraw its motion to strike the SAC (portion of ECF 63) and withdraw its objections to service of the SAC upon Dr. Dirbas; and (4) agree not to seek sanctions or other relief based on the Motion for Costs, Motion for Sanctions, or accompanying declarations.

- Relator will: (1) withdraw her Motion for Rule 4(d) Costs (ECF 69) and agree not to refile it or any other document containing Rule 4(d) arguments based on appearing Defendants' service evasion conduct to date; (2) agree not to file the June 2, 2020 served Notice and Motion for Rule 11 Sanctions or a future filing on the same bases outlined therein based on appearing Defendants' known and described conduct to date[1]; and (3) draft and file an agreed stipulation that the Court replace ECF No. 55 with a copy that redacts the Menlo Park addresses listed in ¶¶18 and 19.

In the interests of providing a prompt response to your demand for a time sensitive meet and confer, we have not addressed every issue raised therein, but will do so at another time to the extent it becomes required to do so. Nor have we cited all of the applicable authorities and case law that support Relator's position. Again, we will cite additional authorities to the Court should that become necessary.

Sincerely,
/S/ Gloria Juarez
Gloria Juarez, Esq.

---

[1] To be clear, potential future conduct by Defendants, repeated conduct after this agreement, or acts undisclosed by Defendants / or unknown to Relator at time of entering into this agreement are not incorporated in, or barred by this proposed waiver.

122

# Exhibit E

| | |
|---|---|
| **From:** | Sheeder, Frank |
| **Sent:** | Thursday, June 18, 2020 4:28 PM |
| **To:** | GLORIA JUAREZ, ESQ.; Gloria Juarez |
| **Subject:** | US ex rel. Roe |
| **Attachments:** | 20200618 Letter to G. Juarez.pdf |

Gloria, please see the attached correspondence.

Best regards,
Frank

123

# ALSTON & BIRD

Chase Tower
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
214-922-3400 | Fax: 214-922-3899

June 18, 2020

Ms. Gloria Juarez, Esq.
Law Offices of Gloria Juarez
*VIA email to tootsieglo@sbcglobal.net and gloria@thegjlaw.com*

Re:     *U.S. ex rel. Roe, et al. v. Stanford Healthcare Billing Department, et al.*, 2:17-cv-08726-DSF-AFM

Dear Ms. Juarez,

As you know, we represent Stanford Health Care, Stanford Health Care Advantage, The Leland Stanford Junior University, Ms. Zumwalt, and (beginning after your last failed attempt to serve him with process) Dr. Dirbas in the above-referenced matter ("Moving Defendants").

My June 12, 2020, correspondence addressed in detail your Motion for Costs, your proposed Motion for Sanctions, the objectively inaccurate declaration to which you swore in support of them, and the incomplete materials you submitted with them.  You originally threatened to file the Motion for Sanctions if Moving Defendants did not withdraw and seal footnote 3 to their Motion to Dismiss under Rule 10(a).  We endeavored to resolve the issue with you in good faith.  In your June 16, 2020, letter, however, you added a new demand that we withdraw the Motion entirely.  Please be advised as follows.

1. We will be taking steps to redact footnote 3 of our Motion to Dismiss under Rule 10(a). This is what you requested, and it resolves your unfounded threat to seek sanctions.  Even though we disagree completely with your contentions on this point, we will do this in order to avoid continued distraction from the real issues in this case.

2. We again urge you to take the steps necessary to redact the individual addresses in your Second Amended Complaint.  We remind you that it is the filer's responsibility to comply with L.R. 5.2-1.  You have refused to do this despite our numerous requests.  If you persist in your refusal, the Moving Defendants reserve all appropriate remedies against you and your client.

3. You have absolutely no good faith basis for your Motion for Costs, your sworn declaration in support contains many objective misstatements, and you have not properly accomplished service of process on Dr. Dirbas.  We request that you withdraw this Motion.  Your continued pursuit of the Motion could only be for improper purposes and if you do not withdraw it, Moving Defendants will have no choice but to oppose it and pursue all appropriate remedies against you and your client.

4. We will not be withdrawing our Motion to Dismiss under Rule 10(a).

Alston & Bird LLP                                                                                          www.alston.com

**124**

Atlanta | Beijing | Brussels | Charlotte | Dallas | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

Ms. Gloria Juarez
June 18, 2020
Page 2

Please let me know if you need us to review any draft filings so you can represent to the Court that we do not oppose your redaction of the SAC and your withdrawal of the Motion for Costs.

Sincerely,

Frank E. Sheeder

Alston & Bird LLP                                                    www.alston.com          125

Atlanta | Beijing | Brussels | Charlotte | Dallas | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2020, I caused a copy of the **DECLARATION OF FRANK E. SHEEDER III IN SUPPORT OF MOVING DEFENDANTS' OPPOSITION TO RELATOR'S AMENDED MOTION FOR SANCTIONS, COSTS, AND ATTORNEY'S FEES PURSUANT TO FED. R. CIV. P. RULE 11** to be served upon the following counsel and parties in interest via the Court's CM/ECF system:

Gloria Juarez, Esq.
Law Offices of Gloria Juarez
26081 Merit Circle, Suite 112
Laguna Hills, California 92653

**Counsel for Relator**

Frank D. Kortum
Assistant United States Attorney
Room 7516, Federal Building
300 N. Los Angeles St.
Los Angeles, CA 90012

**Counsel for the United States of America**

 /s/    *Frank E. Sheeder III*
Counsel for Moving Defendants