# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES ex rel, EMILY ROE, et al.<br>    Plaintiffs,<br><br>              v.<br><br>STANFORD HEALTHCARE BILLING DEPARTMENT, et al.,<br>    Defendants. | CV 17-8726 DSF (AFMx)<br><br>Order GRANTING Motion to Dismiss (Dkt. No. 63) |

   On behalf of the United States and the State of California, Relator Emily Roe has brought this action under the federal False Claims Act and the California False Claims Act against Stanford Health Care and a variety of other Stanford-related entities and individuals. The Court previously dismissed Relator's first amended complaint because she had not adequately pleaded that she qualified as an "original source" of the fraud allegations. Relator filed a second amended complaint, and Defendants again move to dismiss. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

   This matter can be dealt with succinctly because Relator has done essentially nothing to address the issue that caused the first amended complaint to be dismissed. As noted in the Court's prior order, the fraud allegations are supported by Relator's personal experience with Stanford Health Care when she underwent surgery at Stanford Hospital, evidence received via a Freedom of Information Act request, and information from prior lawsuits against Defendants. Information produced by the government in response to a FOIA request is a public

disclosure, Schindler Elevator Corp. v. U.S. ex rel. Kirk, 563 U.S. 401 (2011), and information from prior lawsuits is obviously from public disclosures. Relator's own experience was not publicly disclosed, but her experience was with private insurance and did not involve any government claim.

Because the relevant FCA allegations are based on public disclosures, Relator must show that she is an "original source." An original source is:

> an individual who either (1) prior to a public disclosure under subsection (e)(4)(a), has voluntarily disclosed to the Government the information on which allegations or transactions in a claim are based, or (2) who has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions, and who has voluntarily provided the information to the Government before filing an action under this section.

31 U.S.C.A. § 3730(e)(4)(B).

Only the second original source definition could apply to Relator because she did not disclose any of the Medicare information at issue to the government. The Court previously found that Relator has independent information relevant to the allegations because she has personal experience with Stanford that gives her the context for understanding the (alleged) falsity of the various claims made to the government. If anything, the Court was too generous in its legal interpretation of independent information. See U.S. ex rel. Aflatooni v. Kitsap Physicians Servs., 163 F.3d 516, 525-26 (9th Cir. 1999) (physician who concluded Medicare fraud was occurring based on conversations with patients and review of their records was not original source where physician could not provide information about specific *Medicare* patient).

But even if her personal experience with private insurance claims could count as independent information under the FCA, Relator still has not addressed the problem previously noted by the Court – that her

2

personal experience does not appear to "materially add" to the public information. Relator has a single experience with incorrect billing that did not even involve a government claim. Relator's failure to address, either in the second amended complaint or her opposition to the motion to dismiss, exactly how this single claim could materially add to the huge amount of public information Relator has relied on confirms the Court's prior conclusion that "little can be inferred from a single instance of incorrect billing."

The motion to dismiss is GRANTED. The Court declines to grant further leave to amend. The Court provided direct guidance on why the first amended complaint was dismissed and what would need to be shown in any second amended complaint. Essentially nothing was added to bolster Relator's claim to be an original source under the meaning of the FCA. Nor do Relator's arguments in her opposition provide any indication of a potential ability to overcome what appears to be the obvious conclusion – the only independent information Relator brings to the case is her single experience with private insurance that does not materially add to the public information she bases her case on.

IT IS SO ORDERED.

Date: July 13, 2020

Dale S. Fischer
United States District Judge