# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES ex rel, EMILY ROE, et al.<br>　　　　Plaintiffs,<br><br>　　　　　　　v.<br><br>STANFORD HEALTHCARE BILLING DEPARTMENT, et al.,<br>　　　　Defendants. | CV 17-8726 DSF (AFMx)<br><br>Order re Motion to Dismiss for Failure to Proceed Under True Name (Dkt. No. 64) |

Defendants have moved to dismiss the case due to Relator's failure to prosecute the case under her true name as required by Federal Rule of Civil Procedure 10(a). The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

The Court has dismissed the case on other grounds in a separate order. However, this does not moot the issue raised by the motion because the public has a separate and independent interest in the openness of judicial proceedings, and it is Relator's burden to show that anonymity is warranted. "The normal presumption in litigation is that parties must use their real names." Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate, 596 F.3d 1036, 1042 (9th Cir. 2010).

> To determine whether to allow a party to proceed anonymously when the opposing party has objected, a district court must balance five factors: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, (3) the anonymous party's

> vulnerability to such retaliation, (4) the prejudice to the
> opposing party, and (5) the public interest.

Id. (internal quotation marks and ellipsis omitted).

Relator has not met her burden because she has not shown that she has any reasonable fear of severe harm.  The harm that she claims – the potential for retaliatory discrimination within the medical field and possible discrimination in any future care at Stanford – is essentially the same kind of fear that any plaintiff faces in any case.[1]  Relator has not provided any evidence of a concrete threat of any kind of retaliation that she is actually likely to face.

Plaintiffs in litigation regularly file their complaints under their own names even though there could be some theoretical possibility of reprisals by third parties.  In almost every case involving an individual plaintiff – and even in some involving business entity plaintiffs – there will be some argument that being known to have litigated an issue could set the plaintiff up for retaliation in the future.  The law, both through the Federal Rules and through interpretation of the Rules, has made the policy choice that public knowledge about the use – and potential abuse – of the litigation system outweighs the purely theoretical possibility of retaliation that is present in any case.  In addition, virtually every case involving physical injury or medical treatment requires some disclosure of otherwise private health information.  The typical response to this is appropriate sealing, not anonymity.

The public interest and Defendants' interests also favors disclosure of Relator's name, especially in the context of claims of fraud against the government.  The public will be much less well-equipped to evaluate the serious allegations brought by the Relator if it has no way means of judging Relator's competence and credibility.  If Relator might

---

[1] To the degree Relator is concerned that Stanford-affiliated entities or people would refuse to treat her in the future, remaining anonymous in this case does not solve that problem because Stanford – i.e., the Defendants – already know Relator's true name.

be viewed as somehow not very competent or credible, Defendants have an interest in having the public view her allegations in that light.

Relator has made no showing that her situation is any different from a typical litigant pursuing a case that might make someone, somewhere upset.  Relator's disclosure of her personal medical information can be addressed through targeted redaction and sealing.[2]

Relator is to file a statement disclosing her true name no later than July 20, 2020.  The Clerk is ordered to correct the caption to reflect Relator's true name.

IT IS SO ORDERED.

Date: July 13, 2020

Dale S. Fischer
United States District Judge

---

[2] The basic outline of Relator's medical experience at Stanford – *i.e.*, that she had surgery there and the basic timeline and process of that treatment – likely should remain public because it appears essential to evaluating her substantive claims and her ability to bring a qui tam False Claims Act case. However, the precise nature of Relator's condition and surgery does not appear particularly relevant.  If Relator would like those details to be sealed, she should file an application to seal that complies *completely* with the procedures set out in the Local Rules.  The Court will not grant applications to seal that do not follow the designated procedures or do not make the showing of good cause or compelling reasons necessary for the material to be sealed.