Gloria M. Juarez, California State Bar No. 109115
**LAW OFFICES OF GLORIA JUAREZ**
26081 Merit Circle, Suite 112
Laguna Hills, CA 92653
Tel: 213-598-4439
Fax: 714-919-0254
Email: gloria@thegjlaw.com
        tootsieglo@sbcglobal.net
ATTORNEYS FOR RELATOR EMILY ROE

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA. *ex. Relator* Emily Roe., an individual. Plaintiff, | **Case No.: CV17-08726-DSF(AFMx)** Judge:  The Hon. Dale S. Fischer |
| vs. | **RELATOR'S STATEMENT AND REQUEST TO AMEND ORDER DKT. NO.  82** |
| STANFORD HEALTHCARE BILLING DEPARTMENT, STANFORD HEALTH CARE (FORMERLY KNOWN AS STANFORD HOSPITALS AND CLINICS), DR. FREDERICK DIRBAS, DEBRA ZUMWALT, THE BOARD OF DIRECTORS OF THE STANFORD HEALTH CARE, THE BOARD OF DIRECTORS OF THE LUCILE SALTER PACKARD CHILDREN'S HOSPITAL AT STANFORD, THE LELAND JUNIOR UNIVERSITY, THE BOARD OF TRUSTEES OF STANFORD UNIVERSITY, STANFORD HEALTH CARE ADVANTAGE,  and DOES 1-10, inclusive, Defendants. | [Filed herewith Declaration of Juarez, and [Redacted] Exhibits] |

# I.   INTRODUCTION

The COVID-19 state of emergency has essentially proscribed in-court personal appearances by counsel at civil hearings at all relevant times to the referenced matter and Order (Dkt. No. 82).

Fed. R. Civ. P. 78 and Local Rule 7-15 authorize the court to deem matters appropriate for decision without oral argument. The Court therefore took Defendants' Motion to Dismiss (Dkt. Nos. 63 and 64) under submission, in lieu of the hearing calendared for July 13, 2020.

On July 13, 2020, in Dkt. No. 81 the Court granted Dkt. No. 63 and ordered dismissal *with prejudice* of the case as to Relator thereby terminating subject matter jurisdiction over Relater in this 31 U.S.C. 3279 False Claims Action ("FCA"). In its subsequent Order in Dkt. No. 82 the Court deemed that the Motion (Dkt. No. 64) was moot, however the Court entered an order to Relator to file a statement de-anoymizing her name, and for the case caption to then reflect Relator's given name.

Because Relater has a substantial and reasonable fear of severe harm, Relator's counsel advocated in Dkt. No. 69 (the Opposition to Dkt No. 64) that there were certain sensitive and confidential documents and evidence which would need to be submitted "in camera" for the Court, and which buttressed Relator's pseudonym filing and demonstrated the potential for physical harm should Relater's identity be de-anonymized.

Accordingly, with apologies for not bringing this to the Court's attention earlier, the Relator respectfully points the Court to the attached Exhibits, notably Exhibit "A", Exhibit "B", the physician Declaration, Exhibit "D" the Superior Court Order, and Exhibit "G" the government correspondence.

For a number of reasons, the most direct way to present the evidentiary documents which would have been otherwise produced at the time of oral argument or discussed at the hearing, is to do so with Relator's herewith Statement and Request to Amend Order. The court should find that there exists an overriding interest supporting the *status quo* of the pseudonym in this record, an overriding interest exists that overcomes the right of public

RELATOR'S STATEMENT AND REQUEST TO AMEND ORDER
UNITED STATES VS. STANFORD                                    17-CV08726-DSF

access to the record, a substantial probability exists that the overriding interest will be prejudiced if the docket is de-anonymized, the proposed pseudonym *status quo* is narrowly tailored, and there is no less restrictive means exist to achieve the overriding interest.

Thus, since this Court has ordered this action dismissed as to Relator (Dkt. No. 81) and based on the foregoing Exhibits, Relator respectfully suggests that a reasonable course of action would be if the Court would modify its Order Dkt. No. 82 to simply maintain the *status quo* with the FCA action in the pseudonym which it was filed, or otherwise for Relator within 10 days of the amended order to file a redacted or *under-seal* document with the court with her given name and the case caption would remain *status quo*. *(See Exhibits A and B) (See Does I thru XXIII v. Advanced Textile Corp.* (9th Cir. 2000)) In *Does I Thru XXIII v. Advanced Textile Corp*., 214 F.3d 1058 (9th Cir. 2000) where there was threat of physical harm, the court held that there was basis to not de-anonymize plaintiffs.

## II.   FACTS

In her Opposition to Defendants' Rule 10(a) Motion to Dismiss in Dkt. No.  64, Relator pleaded "[u]pon the court's directives or request, Relator's counsel can present these court orders to this Court in camera, or under seal." (Dkt. No. 69: 22:22-23) Relator also presented the basis of "exceptional circumstances" reflecting the pseudonym filing. (Dkt. No. 69: 23:1-2)

In light of the relevant  multiple prior State court orders binding Defendants (*See e.g.* Exhibits D, E, and F) which  deemed certain aspects of  Relator's matter with Defendants Stanford *and* Dirbas of "exceptional  circumstances" warranting the pseudonym, as well as the Court Protective Order (Exhibit "H"),  Relator also respectfully requests that this Court draw reasonable inferences that Defendants could now intend to misuse this Court's Orders to vitiate the prior pseudonym Orders, as well as to potentially cause physical harm to Relator. Since the prior matter never went to trial, Defendants are aware that they remain bound by the pseudonym orders. Such if now permitted would be a  manifest  miscarriage  of  justice  to  allow  Defendants  to  use  this  Court's  Order  to

2

contradict a standing Superior Court Order which prohibited Defendants from disclosing or otherwise revealing Relator's name.    If the current action is de-anonymized on the docket and case caption, it would not take prodigious detective work for the public to connect Relator's name here to the protected action. This would cause substantial embarrassment and unjust exposure of Relator, hence a reasonable fear of severe harm.

In Defendants' own recognizance of the "exceptional circumstance" assertion as to Relator, and known negative impact on Relator of de-anonymizing her , on June 22, 2020 (which was a full three months after they filed their  ECF 64 pleading), Defendants even self-prepared and filed their Stipulation requesting to *redact* Relator's name from Dkt. No. 64. (*See* Dkt. No 72*)*

There is absolutely no prejudice to Defendants to maintain the *status quo of* Relator's pseudonym on this docket. Defendants other than bearing an obvious *axe to grind* against Relator, have neither shown any prejudice by Relator's pseudonym, nor even made any claim as to even potential prejudice. All parties concede that they know Relator's given name, thereby there is no prejudice to any of the parties, or Defendants. Since there is no prejudice to any parties including the Defendants, and there is demonstrable prejudice and a potential threat of physical harm to Relator, there is an overwhelming basis to amend the Order in Dkt. No. 82 to maintain the *status quo* of the pseudonym in this case docket.

Exhibit "G" is the government correspondence, in which the government, the real party in interest in this FCA, has  specifically sanctioned the Relator's use of a pseudonym in this case because of demonstrable potential for physical harm.  (Decl. Juarez ¶6) (*See* Exhibit G) The United States has declined to intervene *without prejudice* in this False Claims Act (FCA) qui tam case. Nevertheless, the United States remains the real party in interest in the federal FCA claim, entitled to share in any recovery that may be obtained. 31 U.S.C. ' 3730(d); *U.S. ex rel. Killingsworth v. Northrop Corp.*, 25 F.3d 715, 720 (9th Cir. 1994).  In addition, because the FCA is the United States' primary civil tool for prosecuting fraud against the government, the United States has a substantial interest in

the development of the law in this area. The United States has filed multiple Statements of Interest in this case and thus remains active in this FCA litigation. As the Court docket reflects, at no time, has the government moved the court or intimated any inclination to have Relator's pseudonym stripped. The government consented to Relator's continued use of a pseudonym in this FCA. (*Id.*)

Accordingly, courts have held that a party may preserve his or her anonymity in "exceptional circumstances" when the party's need for anonymity outweighs both the public's interest in knowing the party's identity and any prejudice to the opposing party that would result from the anonymity. *Id.; see also Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 189 (2d Cir. 2008); *Pub. Citizen,* 749 F.3d at 273-74; *Doe v. Frank,* 951 F.2d 320,324 (11th Cir. 1992) ("A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiffs identity."). The FCA affords no exception to the general principle that the identities of the parties to a lawsuit may be pseudonymized given the "exceptional circumstance" as shown in this case.

## III.   EVIDENCE

### A.   Relator has demonstrated both a reasonable fear and potential for physical harm which satisfies *Kamehameha.*

The physician Declaration in Exhibit "B" reflects a reasonable basis for Court to infer the potential for physical harm should this case be de-anonymized.  The physician order in Exhibit "A" further reflects that the potential for physical harm to Relator is current.

### B.   The United States Department of Justice conceded to Relator's use of the pseudonym in this action.

As reflected in Exhibit G, on November 1, 2019 the government and Department of Justice communicated their acceptance of Relator's pseudonym filing in this action. (Decl. Juarez ¶¶ 5,6) Of note, the government was aware of the action being filed in the

pseudonym on December 4, 2017, and after review of the applicable physician declaration and evidence (*See* Exh. A, B) was satisfied that the case could remain in the pseudonym. To be clear, the government concurred that "exceptional circumstances" justified the relator's use of a pseudonym in this case, and conceded that the government did not need the relator to amend her complaint to identify herself using her real name. On July 15, 2020 after posting of Dkt. No. 82, Relator's counsel further confirmed with the Department of Justice that the government's position as to Relator's pseudonym had not changed whereby the government remains fully agreeable with maintaining the action in the pseudonym, as filed. (Decl. Juarez ¶6)

**C.   The State Court deemed Relator's matter with these Defendants as of an "exceptional circumstance". Defendants here sought to essentially relitigate and vitiate the State orders, allowing them to now carte blanche de-anonymize Relator.**

In essence, this Federal District Court's Order de-anonymizing this action would be upending the State Court's Ruling without jurisdiction to do so. Should this Court's Order to de-anonymize Relator not be amended, that Order would vitiate the State Court's Orders which has prohibited Defendants from previously releasing or disclosing Relator's identity. The troubling issue is that here Defendants have admittedly taken liberties to surreptitiously de-anonymize Relator. (*See* ECF 64, fn3) (*See* ECF 72) The Court's Order in Dkt. No. 82 as worded could further obfuscate Defendants and result in their failure to comply with the State Court's anonymity Order.

Additionally, there were two anonymized plaintiffs in the State case. (Exhibit "F"). By de-anomyzing Relator in this FCA case, the 2nd anonymized party in the other matter would necessarily also be revealed without this Court having subject matter jurisdiction over the state court, or the other party. Finally, as shown in Exhibit "H" the Court Protective Order in the State Court while not necessarily binding in this federal court, is binding on Defendants in the underlying case and by its language otherwise has remained enforceable and survives the termination of that case.

**D.     Relator's reasonable fear of severe harm also stems from the fact that Relator and her minor children are recipients of Stanford patient services.**

Any assertion that Defendants Stanford HealthCare and Dr. Dirbas already know Relator's identity, thereby there is no potential for harm if she is de-anonymized would be misguided. That is for the reason that just because one Stanford attorney and one doctor know Relator's true identity, there is no reasonable inference to be drawn that *all* of Stanford's thousands of doctors and nurses and administrative staff know. There would accordingly be a detrimental reliance on that former assertion.

**E.     The Court should note that Relator's "exceptional circumstance" and pseudonym is further authorized by California Civil Code § 1708.85.**

California statutory law  codified at Civil Code § 1708.85[1] specifically allows a party to bring a private cause of action using a *pseudonym* against any person who, without consent, intentionally distributes intimate or sexual imagery of a person where there was a reasonable expectation that the material would remain private and there is some harm (including, for example, loss of reputation, shame, hurt feelings and damage to profession or occupation). This was the case with Defendants Stanford and Dirbas. (*See* Exhibit "F") It was  alleged in that Complaint that Defendants took and/or disseminated such unlawful and improper photos. Worse than that, one Defendant fully admitted that he took the photos on his personal (vs. work) cell phone. If the current action is de-anonymized, it would not take prodigious detective work for the public to connect Relator's name here to the protected action. This would cause substantial embarrassment and unjust exposure of Relator, hence a reasonable fear of severe harm.

# IV.   ARGUMENT

The Court Order as stated in Dkt. No.  82 directs that the Relator may file respective Motions and redacted copies of the referenced sensitive medical records and pleadings.

---

[1] At this time, there does not appear to be a comparable federal statute which is the equivalent of Cal. Civ. Code. §1780.85 although there are certain codes which prohibit the described conduct.

This would require voluminous and time and  labor intensive redactions of the Complaint, FAC, and SAC as well as the accompanying Exhibits which would need to be done before the case caption was annotated with Relator's given name, which is *today*.

In the alternative, an amended Order as requested allowing Relator to file a Statement under seal or with redaction (thereby the Court has Relator's given name) or simply maintaining the action in the pseudonym as it has been done since case filing in 2017 would obviate such a herculean task for both the Court Clerk and the Movant.

In closing, since the court dismissed the case with prejudice as to Relator in Dkt. No. 81, it could be foreseeable that the court therefore may lack subject matter jurisdiction in the subsequent Order in ECF 82.

## V.   CONCLUSION

Moving Party respectfully requests that the Court amend its Order (Dkt. No. 82) to maintain the *status quo* of Relator's pseudonym in this docket, or otherwise allow Relator to file the Statement with Relator's given name under seal, and that the case caption remain in Relator's pseudonym as filed.

Should the Court decline to amend the Order as reflected in Dkt. No. 82, Moving Party requests that the Court stay the Order, pending filing of the Notice of Appeal.


RESPECTFULLY SUBMITTED on this 20th day of July 2020.

**LAW OFFICES OF GLORIA JUAREZ**


s/ Gloria Juarez
GLORIA MORIN JUAREZ
**LAW OFFICES OF GLORIA JUAREZ**
Attorneys for Relator

## DECLARATION OF GLORIA JUAREZ

1. I am an attorney duly admitted to practice law before all courts in the State of California, and the Federal Courts. I have personal knowledge of the facts set forth in this Declaration and if necessary, could competently testify thereto under oath.

2. Attached hereto as Exhibit "A" is the correct and true copy of Relator's physician prescription, with minor redaction of her name.

3. Attached hereto as Exhibit "B" is the correct and true copy of Relator's physician prescription, with minor redaction of Relator's name.

4. Attached hereto as Exhibits "C", "D", and "E" are the correct and true copies of the State Court Orders ordering Defendants Stanford and Dirbas to maintain Relator's anonymity. As that case never went to trial, it is my understanding that the anonymity orders on Defendants stand even after the case terminated.

5. On November 1, 2019 the government and Department of Justice communicated their acceptance of Relator's pseudonym filing in this action. Of note, the government was aware of the action being filed in the pseudonym and after review of the applicable physician declaration and evidence, was satisfied that the case could remain in the pseudonym. The government concurred that "exceptional circumstances" justified the relator's use of a pseudonym in this case, and conceded that the government did not need the relator to amend her complaint to identify herself using her real name. Attached hereto as Exhibit "G" is a true and correct copy of the email communication with the DOJ.

6. On July 15, 2020 I confirmed with the Department of Justice that the government's position as to Relator's pseudonym had not changed whereby the government remains agreeable with preserving the action in the pseudonym as originally filed.

I declare under the penalty of perjury of the State of California that the foregoing is true and correct. EXECUTED in Orange County, California on this 20th day of July 2020.

s/ Gloria Juarez
_____
GLORIA M. JUAREZ

8

# Exhibit  A

EXHIBIT REDACTED

# Exhibit  B

EXHIBIT REDACTED

# Exhibit C

EXHIBIT REDACTED

# Exhibit  D

EXHIBIT REDACTED

Exhibit   E

EXHIBIT REDACTED

Exhibit  F

EXHIBIT REDACTED

EXHIBIT REDACTED

Exhibit  G

EXHIBIT REDACTED

Exhibit  H

EXHIBIT REDACTED