1  KIMBERLY K. CHEMERINSKY (State Bar No. 277637)
   **ALSTON & BIRD LLP**
2  333 S. Hope Street, 16th Floor
   Los Angeles, CA  90071
3  Telephone:  213-576-1000
   Facsimile:   213-576-1100
4  Email:        kim.chemerinsky@alston.com

5  FRANK E. SHEEDER III (Admitted *Pro Hac Vice*)
   **ALSTON & BIRD LLP**
6  2200 Ross Avenue, Suite 2300
   Dallas, TX 75201
7  Telephone:  214-922-3400
   Facsimile:   214-922-3899
8  E-mail:       frank.sheeder@alston.com

9  Attorneys for Moving Defendants
   **STANFORD HEALTH CARE, STANFORD**
10 **HEALTH CARE ADVANTAGE, THE LELAND**
   **STANFORD JUNIOR UNIVERSITY (A/K/A THE**
11 **BOARD OF TRUSTEES OF THE LELAND**
   **STANFORD JUNIOR UNIVERSITY), DEBRA**
12 **ZUMWALT, and FREDERICK DIRBAS**

13              **UNITED STATES DISTRICT COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**

14
15 UNITED STATES OF AMERICA             Case No. 2:17-cv-08726-DSF-AFM
   *Ex. Relator* Emily Roe., an individual;   Assigned to the Honorable Dale S.
                                        Fischer, [Courtroom 7D]
16
               Plaintiffs,             **MOVING DEFENDANTS'**
17                                     **OPPOSITION TO RELATOR'S**
         v.                            **MOTION TO AMEND ORDER**
18                                     **DKT. NO. 82**
   STANFORD HEALTHCARE BILLING
19 DEPARTMENT, STANFORD HEALTH         [Filed concurrently with Declaration of
   CARE (FORMERLY KNOWN AS             Frank E. Sheeder III in Support of
20 STANFORD HOSPITALS AND              Moving Defendants' Opposition to
   CLINICS), DR. FREDERICK DIRBAS,     Relator's Motion to Amend Order Dkt.
21 DEBRA ZUMWALT, THE BOARD OF         No. 82]
   DIRECTORS OF THE STANFORD
22 HEALTH CARE, THE BOARD OF           Hearing
   DIRECTORS OF THE LUCILE SALTER
23 PACKARD CHILDREN'S HOSPITAL         Date:  August 31, 2020
   AT STANFORD, THE LELAND            Time:  1:30 p.m.
24 JUNIOR UNIVERSITY, THE BOARD       Ctrm:  First Street Courthouse
   OF TRUSTEES OF STANFORD                   Courtroom 7D
25 UNIVERSITY, STANFORD HEALTH                350 West 1st Street
   CARE ADVANTAGE and DOES 1-10,              Los Angeles, CA 90012
26 inclusive.

27             Defendants.

28

# **TABLE OF CONTENTS**

**Page(s)**

I.   INTRODUCTION ........................................................................................ 1

II.   BACKGROUND ........................................................................................ 2

A.   Relator presented her flawed anonymity arguments in opposition to Moving Defendants' Rule 10(a) Motion. ........................................ 2

B.   Over a month after filing her opposition to the Rule 10(a) Motion, Relator repeated the same unsustainable anonymity arguments in her Rule 11 Motion. ......................................................... 3

C.   Relator and Ms. Juarez referenced Relator's desired anonymity in at least 8 filings after the Rule 10(a) Motion had been filed but never produced anything but Ms. Juarez's conflicted statements in support ................................................................................................ 4

D.   Relator took no action when the Court removed the Rule 10(a) Motion from the hearing docket. ............................................................ 4

E.   The Court correctly ordered Relator to "file a statement disclosing her true name no later than July 20, 2020." ........................ 5

F.   Relator has not complied with the Court's order. ................................. 5

G.   Relator and Ms. Juarez ignored this Court's warning to comply with Local Rule 7-3 prior to filing the Motion. ..................................... 6

H.   Relator's Motion is based on "Exhibits" that she purposefully excluded from her previous filings, did not file with the Motion, and has yet to serve on Moving Defendants. ......................................... 7

III.   THE   MOTION   MUST   BE   DENIED   BECAUSE RELATOR HAS AGAIN REFUSED TO COMPLY WITH LOCAL RULE 7-3 .................................................................................. 7

IV.   THE   MOTION   MUST   BE   DENIED   BECAUSE RELATOR HAS NOT FILED, SERVED, OR PROVIDED MOVING   DEFENDANTS   WITH   A   SINGLE PURPORTED   "EXHIBIT"   TO   MS.   JUAREZ'S DECLARATION ........................................................................................ 8

i

V.    THE   MOTION   MUST   BE   DENIED   BECAUSE
       RELATOR CANNOT SHOW SHE IS ENTITLED TO
       RECONSIDERATION ................................................................. 10

       A.    Reconsideration is an "extraordinary remedy." ................................. 10

       B.    Relator cannot show any legitimate basis for reconsideration. .......... 11

       1.    Relator impermissibly repeats the same arguments from her
              previous filings................................................................. 11

       2.    Relator cannot show that any of the unfiled and unserved
              "Exhibits" to Ms. Juarez's Declaration reveal "a material
              difference in fact or law from" what she previously presented to
              the Court and "could not have been known" to her through
              "reasonable diligence" before the Court's order................................. 14

       3.    Relator does not show "the emergence of new material facts or a
              change of law occurring after" the Court's order. .............................. 16

       4.    Relator makes no showing, let alone "a manifest showing," that
              the Court failed "to consider material facts" she presented to it
              before being ordered to disclose her name. ......................................... 17

VI.   THE   COURT   SHOULD   CONSIDER   APPROPRIATE
       ACTION AGAINST RELATOR AND MS. JUAREZ ................................ 17

VII.  CONCLUSION ............................................................................. 20

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Abbywho, Inc. v. Interscope Records*,
   No. CV 06-06724 MMM, 2008 WL 11406034 (C.D. Cal. Jan. 7,
   2008) ............................................................................................................ 15

*Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*,
   248 F.3d 892 (9th Cir. 2001) ....................................................................... 10

*Aventis Pharms SA v. Amphstar Pharm., Inc.*,
   No. ED CV 03-887 RT SGLX, 2005 WL 5957795 (C.D. Cal. Mar.
   25, 2005) ...................................................................................................... 17

*Carroll v. Nakatani*,
   342 F.3d 934 (9th Cir. 2003) ................................................................. 10, 12

*Colonies Partners LP v. Cnty. of San Bernardino*,
   No. EDCV18420JGBSHKX, 2020 WL 710157 (C.D. Cal. Jan. 9,
   2020) ............................................................................................................ 11

*Collins v. U.S. Citizenship & Naturalization Serv.*, No. CV 11-9909-
   JFW SSX, 2013 WL 776244 (C.D. Cal. Feb. 6, 2013) ................................ 10

*Doe v. Frank*,
   951 F.2d 320 (11th Cir. 1992) ..................................................................... 17

*Doe v. Kamehameha Sch.*,
   596 F.3d 1036 (9th Cir. 2010) ..................................................................... 15

*Doe v. Pub. Citizen*,
   749 F.3d 246 (4th Cir. 2014) ....................................................................... 17

*Estate of Goldberg v. Goss-Jewett Co., Inc.*,
   No. EDCV141872DSFAFMX, 2019 WL 6448948 (C.D. Cal. Aug.
   13, 2019) ...................................................................................................... 14

*Fink v. Gomez*,
   239 F.3d 989 (9th Cir. 2001) ....................................................................... 18

*GoE3, LLC v. Eaton Corp.*,
   798 F. App'x 998 (9th Cir. 2020) ................................................................ 11

iii

*Herzfeld v. Teva Pharm. USA, Inc.*,
    No. 218CV09784ODWSSX,   2020 WL 1864852 (C.D. Cal. Apr.
    14, 2020) ................................................................................................. 11

*Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*,
    5 F.3d 1255 (9th Cir. 1993) .......................................................... 10, 14

*Scottsdale Ins. Co. v. Dickstein Shapiro LLP*,
    389 F. Supp. 3d 794, 835–36 (C.D. Cal. 2019)............................ 10, 11

*Thorne v. Steubenville Police Officer*,
    463 F. Supp. 2d 760, 770 (S.D. Ohio 2006), *rev'd in part on other
    grounds in*, 243 F. App'x 157 (6th Cir. 2007) ...................................... 9

*We 3 Kings, Inc. v. Steve Harvey Show*,
    No. CV 14-8816 DSF (ASX), 2017 WL 10440164 (C.D. Cal. July
    24, 2017)................................................................................................. 14

*Ybarra v. McDaniel*,
    656 F.3d 984 (9th Cir. 2011) ............................................................... 14

**FEDERAL STATUTES**

28 U.S.C. § 1927................................................................................................ 18

**RULES**

Fed. R. Civ. P. 11.............................................................................................. 19

Fed. R. Civ. P. 59...................................................................................... 10, 11

Fed. R. Civ. P. 60...................................................................................... 10, 11

L.R. 5-4.5 ............................................................................................................ 9

L.R. 7-3 ..................................................................................... 1,  6, 7, 8, 19

L.R. 7-5 ........................................................................................................... 8, 9

L.R. 7-6 ............................................................................................................... 9

L.R. 7-18 .........................................................................11, 13, 14, 15, 16, 17

L.R. 7-19.1 ......................................................................................................... 9

L.R. 79-5.2.2 ............................................................................................3

L.R. 79-6.2 ...........................................................................................3, 9

L.R. 83-7 ......................................................................................8, 9, 18

OPPOSITION TO RELATOR'S MOTION TO AMEND ORDER DKT. NO. 82

Stanford Health Care ("SHC"), Stanford Health Care Advantage ("SHCA"), The Leland Stanford Junior University (a/k/a The Board of Trustees of the Leland Stanford Junior University) (the "University"), Debra Zumwalt ("Ms. Zumwalt"), and Frederick Dirbas ("Dr. Dirbas") (collectively, "Moving Defendants") file this Opposition to Relator's Motion to Amend Order Dkt. No. 82 (the "Motion") and, for the reasons discussed below, respectfully request that the Court deny the Motion, or strike it as with Relator's previous filing, and take other appropriate action against Relator and her counsel, Ms. Juarez.

## I.   **INTRODUCTION**

It has been four weeks since the Court ordered Relator to "file a statement disclosing her true name," and she has not done anything to comply.  Relator has also ignored the Court's counsel that she seek to seal the details of her personal medical history, brushing it off like someone without any legitimate concern simply because she says it would be too much work for her.

Instead of obeying the Court's order to disclose her name, Relator waited until the afternoon of the last day for compliance and filed a mislabeled request for reconsideration without attempting to confer with counsel.  The Court struck that filing almost immediately and instructed Relator to comply with Local Rule 7-3.

Relator promptly disregarded yet another order of this Court, renamed her stricken filing as the present Motion, and refiled it just hours later, again without complying with Local Rule 7-3.  This was the second time that day, and the third time in less than two months, that Relator and Ms. Juarez filed a motion in violation of Local Rule 7-3, this time less than four hours after the Court informed her that she needed to comply with this Local Rule.

Relator did not simply file her Motion in defiance of the Court's Local Rules and previous orders;  it is also baseless.  In her Motion, Relator impermissibly repeats the same unavailing anonymity arguments from her previous filings.  She also references new "Exhibits" to Ms. Juarez's Declaration—documents Relator admits

she has had for months but omitted from previous filings so she could ambush Moving Defendants by unveiling them for the first time *at the hearing* on the Rule 10(a) Motion.

Even worse than admitting her plan to sandbag Moving Defendants and the Court with "Exhibits" she had been sitting on for months, Relator has repeated these same schemes in the current Motion, violating a host of other Rules in the process. Relator bases her Motion on "Exhibits" to Ms. Juarez's accompanying Declaration, but she has not filed or served any of them, instead replacing each with a single-page slip sheet that simply says, "Exhibit Redacted." Although Relator may have provided the Court with *ex parte* copies of these entirely missing "Exhibits," she has never provided Moving Defendants with anything other than her blank public filing. No matter how she tries to justify it, Relator's motives are clear: circumvent the Court's rules for filing documents under seal; again keep Moving Defendants in the dark about the "Exhibits" she intends to spring on them at the last minute; and generate even more unnecessary litigation costs in this matter.

Relator and Ms. Juarez should not be permitted to continue their abusive tactics. In the short time this case has been unsealed, Relator and Ms. Juarez have abused the judicial process, disregarded the Rules and Local Rules, made frivolous legal arguments in multiple filings, and repeatedly presented objectively false factual contentions to the Court. The Motion is just the latest of their many attempts to harass Moving Defendants and purposefully drive up their litigation costs. Moving Defendants request that the Court deny the Motion, or strike it just like the last one, and take other appropriate corrective and preventive actions against Relator and Ms. Juarez.

## II.   **BACKGROUND**

### A.   **Relator presented her flawed anonymity arguments in opposition to Moving Defendants' Rule 10(a) Motion.**

On March 2, 2020, Relator confirmed in her Second Amended Complaint

("SAC") that she had been pursuing this case under a fictitious name for over two years.  *See* SAC ¶ 39, ECF No. 55.  Less than 30 days later, on March 30, 2020, Moving Defendants moved to dismiss the SAC on a number of grounds, including under Federal Rule of Civil Procedure ("Rule") 10(a) due to Relator's failure to seek leave to proceed under a pseudonym or to introduce any evidence that could support her continued anonymity.  *See* Mot. to Dismiss SAC Pursuant to Rule 10(a) ("Rule 10(a) Motion"), ECF No. 64.

Although Moving Defendants agreed to Relator's request for an expanded briefing schedule and gave her *over six additional weeks* to oppose the Rule 10(a) Motion, she still could not distinguish any of the nearly 40 cases cited in it or cite to a single case that supported her specious arguments for concealing her identity.  *See, e.g.*, Reply in Supp. of Rule 10(a) Mot. ("Rule 10(a) Reply") 3:18-4:14, ECF No. 77. In her opposition, Relator mentioned orders from the state court matter and a physician's declaration about unspecified medical conditions or "physical harm," but the only "evidence" she offered was a declaration from Ms. Juarez that is virtually identical to three others Ms. Juarez has filed in this case and that is based on many of the same objective misstatements.  *See* Opp'n to Rule 10(a) Mot. ("Rule 10(a) Opposition") 13:4-10, 21:18-22:16; Rule 10(a) Reply 6:21-28.

In their reply, Moving Defendants addressed the many deficiencies in Relator's quest for anonymity, including her failure to proffer any evidence that could support her futile positions.  *See, e.g.*, Rule 10(a) Reply 7:1-24.  Nonetheless, Relator never filed additional documents in support of her opposition, nor did she move for leave to present anything to the Court under seal or *in camera* as required by the Local Rules.  *See* L.R. 79-5.2.2; L.R. 79-6.2.

**B.    Over a month after filing her opposition to the Rule 10(a) Motion, Relator repeated the same unsustainable anonymity arguments in her Rule 11 Motion.**

Relator repeated her anonymity arguments a month later in her Amended

Motion for Sanctions, Costs, and Attorney's Fees Pursuant to Fed. R. Civ. P. Rule 11, ECF No. 75-1 ("Rule 11 Motion").  She once again referenced state court orders and purportedly "documented" medical conditions, but still relied exclusively on the deficient declaration of Ms. Juarez.  *See* Rule 11 Mot. 3:16-19, 13:20-14.  In their opposition to the Rule 11 Motion, Moving Defendants were again compelled to address these arguments and supposed "evidence" in support.  *See, e.g.*, Opp'n to Rule 11 Mot. 13:6-17:14.  No doubt recognizing the futility of her positions, Relator did not bother to file a reply in support of her Rule 11 Motion, and the Court denied it after describing it as lacking any procedural or substantive basis.  *See* ECF No. 83, at 2.

C.     **Relator and Ms. Juarez referenced Relator's desired anonymity in at least 8 filings after the Rule 10(a) Motion had been filed but never produced anything but Ms. Juarez's conflicted statements in support.**

Relator and Ms. Juarez referenced Relator's desired anonymity in the SAC and at least 8 subsequent filings before the Court ordered Relator to disclose her name.[1] Although Relator mentioned that she could provide additional evidence or argument *if requested by the Court*, she never filed or moved to file anything but Ms. Juarez's conflicted statements.  *See* Rule 10(a) Opp. 13:4-10, 21:18-22:16; Rule 11 Mot. 3:16-19, 13:20-14.

D.     **Relator took no action when the Court removed the Rule 10(a) Motion from the hearing docket.**

On July 8, 2020, the Court removed the Rule 10(a) Motion from its hearing

---

[1] Relator and Ms. Juarez referenced Relator's desired anonymity in at least the following filings during the five months preceding the Court's order: (1) SAC ¶ 39; (2) Juarez Decl. in Supp. of Opp'n to Mot. to Dismiss and Strike SAC ¶ 2-4, 7, Exs. B & C, ECF No. 67-1; (3) Rule 10(a) Opp'n; (4) Juarez Decl. in Supp. of Rule 10(a) Opp'n ¶ 2-4; (5) Juarez Decl. in Supp. of Mot. for Costs, Exs. B & C, ECF No. 69-2; (6) Notice of Rule 11 Mot., ECF No. 75; (7) Rule 11 Mot.; (8) Juarez Decl. in Supp. of Rule 11 Mot. 2-3, 5, 8, Exs. B & C; (9) Rule 11 Certificate, ECF No. 75-4.

docket and indicated that it would issue a written order at a later date.  *See* ECF No. 80.  Relator did nothing in response.  She did not file any additional evidence, seek leave to present additional documents to the Court under seal or *in camera*, or notify the Court that she intended to do so.

**E.    The Court correctly ordered Relator to "file a statement disclosing her true name no later than July 20, 2020."**

On July 13, 2020, the Court dismissed Relator's SAC with prejudice, recognized that dismissal did not moot the issue raised in the Rule 10(a) Motion, and ordered Relator to "file a statement disclosing her true name no later than July 20, 2020."  *See* ECF Nos. 81 and 82.  The Court recognized that Relator failed to show any "reasonable fear of severe harm" or "evidence of a concrete threat of any kind of retaliation" that could justify anonymity, the "public interest and Defendants' interest favors disclosure of Relator's name, especially in the context of claims of fraud against the government," and Relator's privacy concerns could be addressed through "targeted redaction and sealing."  ECF No. 82, at 2-3.  The Court also advised Relator that if she desired to have any portion of her "personal medical history" sealed, "she should file an application to seal that complies *completely* with the procedures set out in the Local Rules."  *See* ECF No. 82, at 3 n.2 (emphasis in original).

**F.    Relator has not complied with the Court's order.**

Relator has not complied with the Court's order to "file a statement disclosing her true name no later than July 20, 2020," or its suggestion that she could file an application to seal her "personal medical history."  Instead, as discussed below, she waited until the last minute and filed two procedurally deficient requests to challenge the Court's order, including the present Motion, neither of which complied with the Court's order, Standing Order, or the Local Rules.  *See* ECF No. 85-87.  Even though it has been three weeks since Relator's deadline to comply with the Court's order, she has yet to disclose "her true name" or file a motion to seal even a single line of text.

### G. Relator and Ms. Juarez ignored this Court's warning to comply with Local Rule 7-3 prior to filing the Motion.

The Motion itself shows that Relator's first and only *attempt* to confer with counsel occurred on July 20, 2020, and that she filed the Motion later *that same day* even though she had yet to hear back from counsel. *See* Mot. ii:14-19. But the details are actually much worse.

Here is the timeline of events surrounding Relator's filing of the Motion on July 20, 2020:

• **3:06 p.m. PDT** – Relator filed a "Statement," which was a misnamed request for reconsideration about which she never conferred with counsel. *See* ECF No. 85; Decl. of Frank E. Sheeder III in Supp. of Moving Defendants' Opp'n to Relator's Mot. to Am. Order Dkt. No. 82 ("Sheeder Decl.") ¶¶ 2-3.

• **4:06 p.m. PDT** – The Court struck Relator's "Statement" and warned her that she had to comply with "the requirements of Local Rule 7-3." *See* ECF No. 86; Sheeder Decl. ¶ 4.

• **4:54 p.m. PDT** – Ms. Juarez sent an email telling counsel for the first time that Relator was considering filing a motion for reconsideration and requested that they "let me know as soon as possible if your office would be agreeable to non-opposition of our motion." Sheeder Decl. ¶¶ 5, 7.

• **7:54 p.m. PDT** – Relator refiled her "Statement," this time after renaming it as the present Motion and adding some language about reconsideration, but still without ever discussing her "Statement" or the Motion with counsel or even awaiting a response to her first attempt to confer by email just three hours before. *Compare* ECF No. 85, *with* ECF No. 87; Sheeder Decl. ¶¶ 6-7.

This was the second time that day, and the third time in less than two months, that Relator and Ms. Juarez filed a motion without complying with Local Rule 7-3 or this Court's Standing Order, this time just hours after the Court warned her that she had to do so. *See* ECF No. 86; *see also* Opp'n to Rule 4 Mot. 11:12-13:11 (failing to

OPPOSITION TO RELATOR'S MOTION TO AMEND ORDER DKT. NO. 82

confer on Rule 4 Motion).

**H.   Relator's Motion is based on "Exhibits" that she purposefully excluded from her previous filings, did not file with the Motion, and has yet to serve on Moving Defendants.**

Although the Motion references eight "Exhibits" to Ms. Juarez's Declaration—documents which Relator now admits she purposefully excluded from her previous filings so she could discuss them for the first time at the hearing, Relator did not include any of them with the Motion. *See* ECF No. 87, Exs, A-H; *see also* Sheeder Decl. ¶ 8. Instead, ignoring the Court's requirements for seeking leave to file documents under seal, Relator replaced each "Exhibit" to Ms. Juarez's filed Declaration with a single-page document that inexplicably states, "Exhibit Redacted." *See* ECF No. 87, Exs. A-H; *see also* Sheeder Decl. ¶ 8.

Relator did not simply fail to file copies of the "redacted" Exhibits with her Motion, she has also not served Moving Defendants with any of these documents, redacted or otherwise.[2] Sheeder Decl. ¶ 8. The conspicuous absence of a certificate of service further confirms that Relator never had any intention of providing these missing "Exhibits" to Moving Defendants. *See generally* ECF No. 87.

**III.   THE MOTION IS IMPROPER BECAUSE RELATOR HAS AGAIN REFUSED TO COMPLY WITH LOCAL RULE 7-3**

Local Rule 7-3 requires counsel for a party who contemplates filing a motion "to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution" with opposing counsel "*at least seven (7) days* prior to the filing of the motion." L.R. 7-3 (emphasis added). The Court's Standing Order in this case reaffirms the importance of this pre-filing requirement and emphasizes that "**Failure to comply with this Rule will be grounds for sanctions**" and may also be grounds for declining to hear the motion. Standing Order 7:7-19,

---

[2] Although Moving Defendants can generally access court documents from state court cases, they have not been able to verify the accuracy of whatever documents upon which Relator is purportedly basing her Motion.

ECF No. 5 (emphasis in original).  Moving Defendants respectfully suggest that the Court should do both here.

There is no question that Relator did not comply with Local Rule 7-3.  As shown above, she filed the Motion less than three hours after informing counsel by email for the first time that she intended to file such a request.  Sheeder Decl. ¶¶ 5-7.  She did not provide a copy of the proposed motion or its exhibits, explain the basis for it, or even await a reply to her email.  *Id.*  Ms. Juarez simply did not comply with the purpose or plain language of Local Rule 7-3.

Relator and Ms. Juarez have no excuse for their repeated choices to ignore Local Rule 7-3 and the Court's Standing Order.  Moving Defendants were compelled to brief this very issue just the month before.  *See* Opp'n to Rule 4 Mot. 11:12-13:11.  The Court had also warned Relator that a motion must satisfy "the requirements of Local Rule 7-3" *less than four hours* before she filed the Motion.  ECF No. 86.  Even then, Relator and Ms. Juarez did not heed the Court's instruction, comply with Local Rule 7-3, or obey the Court's Standing Order.  Sheeder Decl. ¶¶ 4-7.  The Court should strike or deny the Motion on this basis alone.  *See* Standing Order 7:7-19.  The Court should also consider appropriate sanctions and preventive measures, such as awarding Moving Defendants their attorneys' fees in opposing the Motion or other appropriate action, based on Relator's and Ms. Juarez's serial disregard of Local Rule 7-3 and the Court's orders.  *See id.*; L.R. 83-7 (authorizing sanctions against a party or counsel who violates the Local Rules).

## IV.   THE MOTION IS ALSO IMPROPER BECAUSE RELATOR HAS NOT FILED, SERVED, OR PROVIDED MOVING DEFENDANTS WITH A SINGLE PURPORTED "EXHIBIT" TO MS. JUAREZ'S DECLARATION

It is axiomatic that a moving party must timely serve a copy of its written motion on all other parties.  *See* Rule 5(a)(1).  Additionally, the Local Rules specifically require a moving party to serve "[t]he evidence upon which the moving

party will rely in support of the motion" at the time it files its notice of motion. L.R. 7-5; *see also* L.R. 7-6 (recognizing the general presumption that "[f]actual contentions involved in any motion and opposition to motions shall be presented, heard, and determined upon declarations and other written evidence").

Defying these well-established standards, Relator instead attempts to base her Motion on "Exhibits" that she has neither filed nor served on Moving Defendants. Indeed, to circumvent the Court's specific requirements for seeking leave to file documents under seal, each "Exhibit" to Ms. Juarez's Declaration consists of a single "Exhibit Redacted" page, and Relator has never provided Moving Defendants with anything more. Sheeder Decl. ¶ 8.

Relator's decision not to file the "Exhibits" or serve them on Moving Defendants as required by the Rules supplies additional, independent bases to disregard her unfiled "Exhibits," strike or deny the Motion, and require Relator and Ms. Juarez to answer for their ongoing disregard of the Rules.[3] *See, e.g.*, L.R. 83-7; *Thorne v. Steubenville Police Officer*, 463 F. Supp. 2d 760, 770 (S.D. Ohio 2006) ("Because Plaintiffs failed to serve such exhibits on Defendants, they cannot rely on any information therein in support of their Opposition to Defendants' Motion for Summary Judgment"), *rev'd in part on other grounds in*, 243 F. App'x 157 (6th Cir. 2007); *cf.* Fed. R. App. P. 10(a) (excluding unfiled documents from district court's record).

_____

[3] If Relator delivers or has delivered a copy of the Motion or "Exhibits" to the Court that differs from what she has filed, she will have violated the requirement that Chambers Copies must be "an exact duplicate of an electronically filed document." *See* L.R. 5-4.5. Furthermore, if she delivers or has delivered "Exhibits" to the Court but not Moving Defendants, she will have also made a prohibited *ex parte* communication. Relator could not attempt to excuse such behavior as submitting documents for *in camera* review because Moving Defendants have not been notified of any request for, or authorization of, *in camera* review. *See* L.R. 79-6.2 (prohibiting submission of documents *in camera* "without prior approval of the Court"); *see also* Standing Order 16:2-20, ECF No. 5 (warning that *ex parte* applications that do not comply with the notice requirements of Local Rule 7-19.1 "will not be considered" and may also be the basis for sanctions).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# V.   THE MOTION MUST BE DENIED BECAUSE RELATOR CANNOT SHOW SHE IS ENTITLED TO RECONSIDERATION

### A.   Reconsideration is an "extraordinary remedy."

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citations and internal quotation marks omitted); *see also Collins v. U.S. Citizenship & Naturalization Serv.*, No. CV 11-9909-JFW SSX, 2013 WL 776244, at *1 (C.D. Cal. Feb. 6, 2013) ("Motions for reconsideration are disfavored and are rarely granted.") (citation and internal quotation marks omitted).

A motion for reconsideration under Rule 59(e) "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.* at 945.   Absent "highly unusual" circumstances, reconsideration under Rule 59(e) is appropriate only where: (1) the court "is presented with newly discovered evidence"; (2) the court "committed clear error or the initial decision was manifestly unjust"; or (3) there is "an intervening change in controlling law."[4]   *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Furthermore, in the Central District of California, a party may move for reconsideration based "only" on the following grounds:

(a) a material difference in fact or law from that presented to the Court

before such decision that in the exercise of reasonable diligence could

---

[4] Although courts may also consider motions under Rule 60(b), Relator has expressly moved for reconsideration under Rule 59(e) and has further acknowledged that motions filed shortly after the contested order should be construed under Rule 59(e) rather than Rule 60(b).   *See* Mot. ii:6-7, 4:26-5:16; *see also Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). Furthermore, except for merely citing the Rules generally, she has failed to present argument under any specific subsection or theory.   *Scottsdale Ins. Co. v. Dickstein Shapiro LLP*, 389 F. Supp. 3d 794, 835 (C.D. Cal. 2019) (declining to consider arguments not raised in the motion for reconsideration).   In any event, as shown below, the Motion does not demonstrate a permissible basis for reconsideration under any Rule.

1  not have been known to the party moving for reconsideration at the time

2  of such decision, or (b) the emergence of new material facts or a change

3  of law occurring after the time of such decision, or (c) a manifest

4  showing of a failure to consider material facts presented to the Court

5  before such decision.

6  L.R. 7-18.  "No motion for reconsideration shall in any manner repeat any oral or

7  written argument made in support of or in opposition to the original motion."  *Id.*

8      "Courts in this district have interpreted Local Rule 7-18 to be coextensive with

9  Rules 59(e) and 60(b)."  *Colonies Partners LP v. Cnty. of San Bernardino*, No.

10  EDCV18420JGBSHKX, 2020 WL 710157, at *2 (C.D. Cal. Jan. 9, 2020) (citation

11  omitted).  Thus, the grounds "specified in Local Rule 7-18 are the exclusive grounds

12  for reconsideration in the Central District of California."  *Scottsdale Ins. Co.*, 389 F.

13  Supp. 3d at 835–36 (collecting cases).  Unless the moving party shows that one of

14  the three listed grounds in Local Rule 7-18 exists, the court will not grant

15  reconsideration under any Rule.  *See Herzfeld v. Teva Pharm. USA, Inc.*, No.

16  218CV09784ODWSSX, 2020 WL 1864852, at *2 (C.D. Cal. Apr. 14, 2020).

17      **B.    Relator cannot show any legitimate basis for reconsideration.**

18          1.  <u>Relator impermissibly repeats the same arguments from her</u>

19              <u>previous filings</u>.

20      A motion for reconsideration cannot be used "to ask the court to rethink matters

21  already decided."  *Scottsdale Ins. Co.*, 389 F. Supp. 3d at 834 (citation omitted); *see,*

22  *also, e.g.*, *GoE3, LLC v. Eaton Corp.*, 798 F. App'x 998, 999 (9th Cir. 2020) ("Parties

23  cannot use a Rule 59(e) motion to get a 'second bite at the apple.'").  "[A] party may

24  not merely urge the court to reconsider past arguments or present new arguments it

25  failed to make prior to the issue of an order."  *Scottsdale Ins. Co.*, 389 F. Supp. 3d at

26  836 (citation and internal quotation marks omitted).

27      Despite a mountain of case law that prohibits her from doing so, Relator uses

28  her Motion to reassert the same arguments from her previous briefing.  Relator raised,

Moving Defendants refuted, and the Court rejected, every argument she now attempts to make again in support of her desired anonymity. For example, Relator repeats her:

- Incorrect argument that Moving Defendants cannot be prejudiced by her use of a pseudonym because they already know her name. *Compare* Mot. 3:18-27, *with* Rule 10(a) Opp'n 17:10-15, *and* Rule 10(a) Reply 9:3-11:18, *and* ECF No. 82, at 2 n.1.

- Irrelevant claim that the U.S. Department of Justice never objected to her use of a pseudonym. *Compare* Mot. 3:27-4:12, 5:24-6:7, *with* Rule 10(a) Opp'n 2:24-3:4, 6:5-11, 13:9-16, 18:2-14, 20:22-21:17, *and* Rule 10(a) Reply 6:12-19.

- Baseless and contradictory argument that Moving Defendants "de-anonymized" her in the Rule 10(a) Motion.[5] *Compare* Mot. 3:12-17, *with* Rule 10(a) Opp'n 3:18-22, 3:26-4:2, 5:16-21, 11:22-28, 12:26-28, 17:8-13, 21:11-17, *and* Rule 10(a) Reply 4:15-5:28; *see also* Rule 11 Mot. 2:15-18, 3:8-4:1, 5:19-22, 12:1-3, 12:18-13:14; Opp'n to Rule 11 Mot. 15:25-17:14.

- Assertion that this Court lacks "jurisdiction" to require her to disclose her true name, or that Moving Defendants would somehow be in violation of a protective order if it does, because she was allowed to proceed anonymously in an unrelated and long-since dismissed medical malpractice case in state court.[6] *Compare* Mot. 2:27-

---

[5] Relator's choice to reassert this argument is particularly troubling. *First*, her attempt to recharacterize the parties' stipulation as a concession that Moving Defendants knew they had "de-anonymized" her contradicts the language of the stipulation and every communication about it. *Compare, e.g.*, Mot. 3:12-17, *with* Stipulation 1:14-19, ECF No. 72, *and* Rule 10(a) Mot. 5:16-28. *Second*, if Relator genuinely believed that she had already been "de-anonymized," she would have no reason to disobey the Court's order to disclose "her true name," as she has done. Relator's irreconcilably inconsistent positions about the status of her anonymity raise serious questions about the credibility of her filings and the sincerity of her current refusal to comply with this Court's orders.

[6] Relator also claims for the first time that an admittedly inapplicable state cause of action can somehow justify her anonymity in this case. *See* Mot. 7:5-20. However, Relator's new argument neither justifies anonymity nor constitutes a valid basis for reconsideration. *See Carroll*, 342 F.3d at 945. Furthermore, to the extent she is trying to justify her anonymity in this case based on allegations from her dismissed state court case, her reliance is equally misplaced—(1) her purposefully vague reference to "one Defendant" taking photos of her does not refer to any Defendant in

3:12, 6:8-26, *with* Rule 10(a) Opp'n 11:6-14, 11:28-12:12, 21:18-22:1, *and* Rule 10(a) Reply 6:1-11; *see also* Rule 11 Mot. 5:20-22, 13:16-14:3; Opp'n to Rule 11 Mot. 14:4-18.

- Speculation that disclosing her true name could somehow impact her or her family's ability to seek future medical care from SHC or its affiliates. *Compare* Mot. 6:26-7:4, *with* Rule 10(a) Opp'n 10:28-11:6, 13:24-14:2, *and* Rule 10(a) Reply 7:13-8:9, *and* ECF No. 82, at 2-3.

- Contention that she could experience some "physical" reaction in response to her displeasure with the thought of having to comply with Rule 10(a).[7] *Compare* Mot. 6:26-7:4, *with* Rule 10(a) Opp'n 22:2-16, *and* Rule 10(a) Reply 7:1-9:2, *and* ECF No. 82, at 2-3; *see also* Rule 11 Mot. 3:12-24, 14:3-14; Opp'n to Rule 11 Mot. 14:19-15:24,

Relator's attempt to repeat the arguments from her previous filings is expressly prohibited by the Local Rules, contradicts this Circuit's case law, and confirms that the Court was correct the first time. *See, e.g.*, L.R. 7-18 ("No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion."); *Estate of Goldberg v. Goss-*

---

this case or anybody employed by them; and (2) it was Relator, not Moving Defendants, who filed this case and included unnecessary details about her medical history (including revealing pictures) in the pleadings. Ironically, if anyone has violated a previous state court order regarding disclosure of medical records or dissemination of photographs obtained through discovery, it is Relator.

[7] Relator's claim that requiring her to comply with this Court's order "would cause substantial embarrassment and unjust exposure of Relator, hence a reasonable fear of severe harm," is not credible. Mot. 3:10-12. Relator cannot claim any "reasonable" fear based on public disclosure of her personal medical records when she: (1) included unnecessary and graphic details about her personal medical history in her pleadings in this matter (including pictures); (2) took no action to have those details sealed even after the Court suggested she could do so; and (3) seeks to include even more of her litigation and medical history in the present Motion. A reasonable person who feared "substantial embarrassment" from disclosure of personal medical information would have at least heeded the Court's suggestion that she could request sealing pending resolution of her Motion, but Relator refused and claimed it would be too much work. *See* Mot. 7:22-8:6. It has been weeks, and Relator has not asked to seal anything. Relator's behavior is much more consistent with someone who wishes to remain anonymous for other reasons, like those discussed in the Rule 10(a) Motion.

---

13

*Jewett Co., Inc.*, No. EDCV141872DSFAFMX, 2019 WL 6448948, at *1 (C.D. Cal. Aug. 13, 2019) (recognizing that arguments previously presented to the court "do not form a basis for reconsideration").

> 2. <u>Relator cannot show that any of the unfiled and unserved "Exhibits" to Ms. Juarez's Declaration reveal "a material difference in fact or law from" what she previously presented to the Court and "could not have been known" to her through "reasonable diligence" before the Court's order</u>.

"A motion for reconsideration is not the place to 'do-over' things that should have been done better in the original briefing." *We 3 Kings, Inc. v. Steve Harvey Show*, No. CV 14-8816 DSF (ASX), 2017 WL 10440164, at *2 (C.D. Cal. July 24, 2017). "The overwhelming weight of authority is that the failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence.'" *ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (affirming denial of reconsideration based on evidence that was available prior to the court's ruling). Thus, to justify reconsideration based on newly filed documents, a party must show that the "new" documents (1) reveal "a material difference in fact or law from" what she previously presented to the Court and (2) "could not have been known" to her through "reasonable diligence" before the Court's order. L.R. 7-18.

Departing from any standard, Relator attempts to justify reconsideration based on "Exhibits" that she did not file with her Motion, has not served on Moving Defendants, and has admittedly known about for many months. For example:

- Relator describes "Exhibits" A and B as a physician's declaration and order that she supposedly showed to the government on or before November 1, 2019, over eight months before the Court ordered Relator to disclose "her true name."[8] *See* Mot.

---

[8] Relator's description of these mystery documents also confirms her chronic misunderstanding of the applicable anonymity standard—a litigant's fears must be

5:18-23, 5:24-6:7.

- Relator describes "Exhibits" C, D, E, F, and H as filings and orders from a long-since dismissed medical malpractice case where she was allowed to proceed anonymously against various health care providers, including two of the Moving Defendants.

- Relator describes "Exhibit" G as an email from November 1, 2019, purporting to show that the U.S. Department of Justice did not object to her use of a pseudonym.

Because Relator readily admits that she knew about each "Exhibit" for many months before the Court ordered her to reveal her name, it is impossible for her to show that they "could not have been known" to her through "reasonable diligence" before the Court's order.  L.R. 7-18.  Indeed, courts regularly deny motions for reconsideration based on a declaration or other evidence that was either available before the court issued the challenged order or could have been known through the exercise of reasonable diligence.  *See, e.g.*, *Abbywho, Inc. v. Interscope Records*, No. CV 06-06724 MMM (JTLx), 2008 WL 11406034, at *4–6 (denying motion for reconsideration where movant failed to show that declarations could not have been filed earlier).

The Motion does not just prove that Relator has known about each of these "Exhibits" for months, it also confirms she had absolutely no good faith basis for not introducing them earlier.  Relator outright admits she purposefully excluded the "Exhibits" from her previous filings, and had no plan to file them before the hearing on the Rule 10(a) Motion unless specifically requested by the Court, because she had always planned to either produce or discuss them for the first time *at the hearing* on that motion.[9]  *See* Mot. 1:17-21 (admitting that she withheld "documents and

---

reasonable, and the "threat" cannot be self-imposed.  *See Doe v. Kamehameha Sch.*, 596 F.3d 1036, 1043-45 (9th Cir. 2010).

[9] Relator's recharacterization of her previous representations as a request for *in camera* review is also revealing.  In the Motion, Relator claims that her counsel "advocated . . . that there were certain sensitive and confidential documents and evidence which would *need* to be submitted 'in camera.'"  Mot. 1:17-20 (emphasis

evidence" from her previous filings); 1:26-28 (admitting that these unfiled "Exhibits" would "have been otherwise produced at the time of oral argument or discussed at the hearing"). Even though Relator planned to sandbag the Court and Moving Defendants by revealing "Exhibits" she had been hiding for many months for the first time at the hearing, she *still* took no action when the Court removed the Rule 10(a) Motion from its hearing docket.

Even worse, Relator repeated her same abusive tactics by not filing her "Exhibits" with the Motion or serving them on Moving Defendants. Sheeder Decl. ¶ 8. Her unfiled "Exhibits" are not part of the Court's record and so could not justify reconsideration at this point even if she had not knowingly hidden them for many months. Relator's scheme is clear—ignore this Court's orders, circumvent its rules for filing documents under seal, and hide the "evidence" she intends to spring on Moving Defendants at the last minute. Her gamesmanship with these "Exhibits" was inexcusable the first time, and it is plainly vexatious now. Either way, Relator cannot show she is entitled to reconsideration based on the missing "Exhibits" to Ms. Juarez's Declaration.

### 3. Relator does not show "the emergence of new material facts or a change of law occurring after" the Court's order.

Relator does not show "the emergence of new material facts" or "change of law" since the Court ordered her to disclose "her true name." L.R. 7-18. The only "new" post-order fact Relator cites is Ms. Juarez's statement that the government still does not object to Relator's use of a pseudonym, but, even if true, this is not "material" nor does it differ from Relator's previous representations. *See* Mot. 5:24-6:7; Rule 10(a) Reply 6:12-19. Likewise, far from demonstrating any "change of

---

added). In reality, Relator told the Court she had additional "records and physician affidavit" that Ms. Juarez would provide "*[s]hould the court request or otherwise direct an in-camera exam . . . .*" Rule 10(a) Opp'n 13:7-10 (emphasis added). Relator did not move to file these documents under seal or request an *in camera* review as outlined by the Local Rules; she laid a trap that she intended to spring on Moving Defendants at the hearing on the Rule 10(a) Motion.

law," Relator cites only two anonymity cases that did not appear in her previous briefing, both were decided years ago, and neither allowed the plaintiffs to proceed anonymously.  *See* Mot. 4:12-25; *Doe v. Pub. Citizen*, 749 F.3d 246, 275 (4th Cir. 2014) ("we hold that the district court's sealing order violated the public's right of access under the First Amendment and that the court abused its discretion in allowing Company Doe to proceed under a pseudonym"); *Doe v. Frank*, 951 F.2d 320, 322, 324 (11th Cir. 1992) (recognizing that "[l]awsuits are public events" and concluding that "the district court did not abuse its discretion in denying" the plaintiff's "motion to proceed under a fictitious name").

        4.   <u>Relator makes no showing, let alone "a manifest showing," that the Court failed "to consider material facts" she presented to it before being ordered to disclose her name</u>.

Relator does not make "a manifest showing" that the Court failed "to consider material facts" she presented before the Court ordered her to disclose her true name. L.R. 7-18.  Relator not only fails to highlight a single material fact from her previous filings that the Court did not consider, but she argues outright that her previous filings are supported by facts from "Exhibits" she *never* presented to the Court.  This cannot support "a manifest showing" of Court error that can support reconsideration, nor is a party's mere disagreement with the Court's application of law to facts a "manifest showing of a failure to consider material facts."[10]  *Aventis Pharms SA v. Amphstar Pharm., Inc.*, No. ED CV 03-887 RT SGLX, 2005 WL 5957795, at *2 (C.D. Cal. Mar. 25, 2005).

## VI.   <u>THE COURT SHOULD CONSIDER ADDITIONAL APPROPRIATE ACTIONS AGAINST RELATOR AND MS. JUAREZ</u>

Federal courts have broad power to award fees and costs against a party or

---

[10] Relator also makes the incorrect and completely unsupported argument that the Court's dismissal of her claims with prejudice either mooted the issue of her anonymity or somehow deprived the Court of "subject matter jurisdiction" to enforce its orders, but not to reconsider them.

counsel who ignores the Rules, disobeys court orders, files frivolous documents, or otherwise abuses the judicial process.  For example, the Court may impose sanctions against a party or attorney who violates Rule 11(b).  *See* Rule 11(c)(1), (3).  The Local Rules further authorize the Court to impose monetary sanctions, award costs and attorneys' fees, and take any other appropriate action against parties or their counsel who deliberately violate any of the Local Rules.  L.R. 83-7.  The Court may use its inherent power to levy sanctions for "willful disobedience of a court order" or when a party or counsel has acted in "bad faith," *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001), or use its statutory authority to impose sanctions against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously," 28 U.S.C. § 1927.

In the short time this case has been unsealed, Relator and Ms. Juarez have disregarded this Court's orders, abused the judicial process, ignored the Rules and Local Rules, made plainly frivolous legal arguments in multiple filings, and repeatedly presented objectively false factual contentions to the Court.  Relator and Ms. Juarez have, just by way of example:

- Refused to comply with the Rules and Local Rules.
- Made numerous objectively false representations to the Court.
- Abused the judicial process to harass Moving Defendants.

Moving Defendants outlined these and many other troubling examples in their Opposition to Relator's Rule 11 Motion.  *See* Opp'n to Rule 11 2:3-6:2, 6:24-9:4. The Court has since recognized that two of Relator's other recent motions did not comply with applicable Rules and that Relator had "no evidence" or "substantive basis" for them.  *See* ECF No. 83.  Relator's and Ms. Juarez's actions are not simply innocent errors or isolated occurrences.

Relator's Motion, and her other recent actions, are just the last in a long line of abusive tactics and baseless filings that justify Court action against Relator and Ms. Juarez.  Relator filed the Motion in a desperate attempt to avoid complying with

the Court's order to disclose "her true name"—an order with which she has yet to comply—despite her repeated insistence that she has already been "de-anonymized." Relator and Ms. Juarez also ignored the Court's instruction to comply with Local Rule 7-3, instead choosing to file the Motion just hours later without conferring with counsel about its contents or basis or waiting "at least seven (7) days prior to filing," both of which are required by Local Rule 7-3 and the Court's Standing Order. Sheeder Decl. ¶¶ 5-7.  Since filing the Motion, Relator still has not complied with the Court's orders and Local Rules, withdrawn her baseless filing, or filed or served copies of the entirely "redacted" Exhibits to Ms. Juarez's Declaration in support. *Id.* ¶ 8.

The Court should not permit Relator and Ms. Juarez to continue to abuse the judicial process; disregard the Rules, the Local Rules, and this Court's orders; and force Moving Defendants to incur even more unnecessary costs and attorneys' fees to defend against their unjustifiable tactics.  Moving Defendants respectfully request that the Court consider appropriate sanctions against Relator and Ms. Juarez, such as striking the Motion, awarding Moving Defendants their fees and costs incurred in opposing the Motion, or other remedial and preventive measures.  Relator and Ms. Juarez have no legitimate explanation for their behavior.

1
2
**VII.   <u>CONCLUSION</u>**
3
  For these reasons, the Court should deny Relator's Motion, or strike it as with
4
her previous filing, and take other appropriate remedial and preventive actions
5
against Relator and Ms. Juarez.
6
7
Dated:  August 10, 2020   **ALSTON & BIRD LLP**
8
9
     By:  /s/ Frank E. Sheeder III
10
     Attorneys for Moving Defendants
     **STANFORD HEALTH CARE, STANFORD**
     **HEALTH CARE ADVANTAGE, THE**
11
     **LELAND STANFORD JUNIOR UNIVERSITY**
     **(A/K/A/ THE BOARD OF TRUSTEES OF**
12
     **THE LELAND STANFORD JUNIOR**
     **UNIVERSITY), DEBRA ZUMWALT, and**
13
     **FREDERICK DIRBAS**
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2020, I caused a copy of **MOVING DEFENDANTS' OPPOSITION TO RELATOR'S OPPOSITION TO RELATOR'S MOTION TO AMEND ORDER DKT. NO. 82** to be served upon the following counsel and parties in interest via the Court's CM/ECF system:

| | |
|---|---|
| Gloria Juarez, Esq.<br>Law Offices of Gloria Juarez<br>26081 Merit Circle, Suite 112<br>Laguna Hills, CA 92653 | Frank D. Kortum<br>Assistant United States Attorney<br>Room 7516, Federal Building<br>300 N. Los Angeles St.<br>Los Angeles, CA 90012 |
| **Counsel for Relator** | **Counsel for the United States of America** |

/s/   *Frank E. Sheeder III*
Counsel for Moving Defendants