# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex. rel. EMILY ROE,<br>   Plaintiff,<br><br>    v.<br><br>STANFORD HEALTHCARE BILLING DEPARTMENT, et al.,<br>   Defendants. | CV 17-8726 DSF (AFMx)<br><br>Order DENYING Motion to Amend Order (Dkt. No. 87) and Order Imposing Sanctions |

  Relator has filed a "Motion to Amend Order," which is better categorized as a motion for reconsideration. The Court deems this matter appropriate for decision without oral argument. <u>See</u> Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for August 31, 2020, is removed from the Court's calendar.

  The motion is easily denied on the merits. Relator meets none of the criteria for reconsideration. The present motion is an attempted do-over of the previous motion regarding Relator's continued anonymity in this case. The motion is explicitly premised on the consideration of several exhibits that were admittedly intentionally withheld from Relator's opposition to the earlier motion. Strangely, Relator has not actually filed those exhibits with the present motion either, instead only filing pages printed with "Exhibit Redacted." The exhibits have apparently never been served on Defendants, and the Court has never received any request for the documents to be submitted in camera, let alone granted one.

CC: FISCAL

Relator and her counsel have violated this Court's rules and orders in a variety of ways. Most obviously, they are in contempt of the Court's July 13, 2020 order requiring Relator to disclose her true name no later than July 20. In addition, after Relator filed a clearly improper ex parte application to have the July 13 order reconsidered, the Court directly and explicitly ordered her counsel to comply with the requirements of Local Rule 7-3 prior to filing a regularly noticed motion. Relator's counsel did not comply with this mandate and instead filed the noticed motion only three hours after the ex parte application was stricken. And, as mentioned before, Relator's counsel filed a motion that purported to rely on certain exhibits that were neither filed nor served on Defendants.

Given Relator's counsel's flagrant disregard of the Court's direct order to comply with Local Rule 7-3, Relator's counsel is sanctioned $300 to be paid to the Clerk of Court no later than August 26, 2020. Relator and her counsel are further ordered to purge their contempt of the Court's July 13 order by filing a statement of Relator's true name no later than August 26, 2020. Failure to purge contempt by that date will result in a contempt sanction of $100 per day after August 26 and until the contempt is purged.

While the Court recognizes that the recent filings have been bothersome to Defendants, the Court declines to award sanctions to Defendants at this time. However, Relator and her counsel are on notice that future behavior along the lines of what has been described in this order could result in an award of sanctions to compensate Defendants for unnecessary fees and costs incurred in response to the vexatious actions.

IT IS SO ORDERED.

Date: August 21, 2020

Dale S. Fischer
United States District Judge