**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 15 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EMILY ROE, Relator; et al., | No. 20-55874 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-08726-DSF-AFM |
| and | |
| UNITED STATES OF AMERICA; STATE OF CALIFORNIA, | MEMORANDUM[*] |
| Plaintiffs, | |
| v. | |
| STANFORD HEALTH CARE, FKA Stanford Hospitals and Clinics; et al., | |
| Defendants-Appellees, | |
| and | |
| LOS ANGELES COUNTY DISTRICT ATTORNEY'S OFFICE, Interested Party, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted March 9, 2022[**]
Pasadena, California

Before: WARDLAW and HURWITZ, Circuit Judges, and MOLLOY,[***] District Judge.

Emily Roe brought this False Claims Act ("FCA") action, alleging that Stanford Health Care and others engaged in fraudulent Medicare billing. The district court dismissed Roe's seconded amended complaint with prejudice, relying on the FCA's public disclosure bar, and also ordered Roe to disclose her identity. After Roe failed to do so, the district court held Roe and her counsel in contempt and ordered that per diem sanctions would be imposed if they did not purge their contempt by a stated date. We affirm in part and reverse in part.

1. A FCA suit by a private party will not lie "if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed . . . unless the action is brought by the Attorney General or the person bringing the action is an original source of the information." 31 U.S.C. § 3730(e)(4)(A). The second amended complaint is almost entirely premised on publicly disclosed Medicare data Roe obtained through Freedom of Information Act requests. *See*

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

*Schindler Elevator Corp. v. U.S. ex rel. Kirk*, 563 U.S. 401, 404 (2011). The other information Roe identifies in arguing that her action does not rest on the Medicare data is either irrelevant or already revealed in the data.

2. Roe's operative complaint is not saved by the FCA's original source exception, which allows private suits by someone with "knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions." 31 U.S.C. § 3730(e)(4)(B). Neither Roe's specialized expertise, *see A-1 Ambulance Serv., Inc. v. California*, 202 F.3d 1238, 1245 (9th Cir. 2000), the allegedly fraudulent billing to a private insurer she personally observed, *see United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1002–03 (9th Cir. 2002), nor the other information she points to materially adds to the Medicare data.

3. On the same day, after it entered its order dismissing Roe's second amended complaint with prejudice, the district court entered a second order requiring disclosure of her identity. In determining whether to allow anonymity, a court "must balance five factors: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, (3) the anonymous party's vulnerability to such retaliation, (4) the prejudice to the opposing party, and (5) the public interest." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010) (cleaned up). Although discounting the severity of the first three factors, the district court did not hold that they carried no weight; rather, it found them

outweighed by the fourth and fifth factors. However, Stanford already knew Roe's identity and the public interest in litigation already dismissed at the Rule 12(b)(6) stage is not as strong as that for ongoing litigation. We therefore reverse the disclosure order and vacate the corresponding sanctions.

**AFFIRMED in part, REVERSED in part.** The parties shall bear their own costs.[1]

---

[1] Roe's motion to take judicial notice, **Dkt. 33**, is granted as to the complaint in *United States ex rel. Gaines v. University Health Care Alliance* and otherwise denied. All remaining motions by both parties, **Dkts. 40, 41, 66**, are denied, including the requests for sanctions on appeal and the motions to seal previously granted subject to reconsideration by this panel, **Dkts. 34, 41**.